Mary Kenney
Bar No. 2011  (West Virginia)
Lynn Coyle
Bar No. 06204053  (Illinois)
Lawyers' Committee for Civil Rights
under Law of Texas
Immigrant and Refugee Rights Project
2311 N. Flores
San Antonio, TX  78212
ph. (210) 736-1503
fax (210) 736-3958

Lisa Brodyaga (Attorney-in-Charge)
Bar No. 03052800  (Texas)
402 E. Harrison, 2nd floor
Harlingen, TX  78550
ph. (210) 421-3226
fax (210) 421-3423

United States District Court
Southern District of Texas
FILED

JUL 1 8 1996

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ANTELMA DOMINGUEZ-PEREZ,<br>MARIO GUADALUPE SALINAS-GRIMALDO,<br>PATRICIA BOONE-GOMEZ,<br>ARMANDO BOONE-GOMEZ,<br>individually and on behalf of all<br>others similarly situated;<br><br>    Plaintiffs,<br><br>vs.<br><br>JANET RENO, in her official<br>capacity as Attorney General of<br>the United States,<br>DORIS MEISSNER, in her official<br>capacity as Commissioner of the<br>Immigration and Naturalization<br>Service (INS),<br>E. M. TROMINSKI, in his official<br>capacity as District Director of<br>the Immigration and<br>Naturalization Service District<br>Office in Harlingen, TX, and<br>SHIRLEY S. CHATER in her official<br>capacity as Commissioner of<br>Social Security<br><br>    Defendants. | C.A. No. B-96-116••<br><br>PETITION FOR WRIT OF<br>HABEAS CORPUS, AND<br>COMPLAINT<br>FOR<br>DECLARATORY<br>AND<br>INJUNCTIVE<br>RELIEF |

1038

## INTRODUCTORY STATEMENT

1.    This is a petition for writ of Habeas Corpus, and action for declaratory and injunctive relief to protect the liberty rights of United States citizens guaranteed by the Constitution and the laws of the United States.    Plaintiffs, foreign born United States citizens who have a pending Application for Certificate of Citizenship ("N-600 application") at the Immigration and Naturalization Service ("I.N.S.") in Harlingen, Texas, bring this action on behalf of themselves and others similarly situated who reside within the jurisdiction of the Harlingen I.N.S. district office as described in 8 C.F.R. 100.4(b).

Plaintiffs have been deprived of their rights under the equal protection and due process clauses of the U.S. Constitution by the failure and/or refusal of defendant Shirley Chater to issue plaintiffs social security cards, and by the failure and/or refusal of defendants Janet Reno and Doris Meissner to grant plaintiffs a document evidencing their right to work in the United States pending adjudication of their N-600 applications.  As a result of the failure and/or refusal of defendants to grant plaintiffs a document evidencing their right to work, plaintiffs have suffered severe restrictions on their liberty, not shared by the population at large, including being prevented from exercising their constitutionally protected right to work in the United States.

2

1039

## JURISDICTION & VENUE

2.    With respect to defendant Shirley Chater, jurisdiction is conferred upon this court by 28 U.S.C. § 2241, 42 U.S.C. § 405(c)(8) and 405(g), 28 U.S.C. §§ 1331, 1361, 2201, and 2202.  With respect to defendants Janet Reno, Doris Meissner, and E. M. Trominski, jurisdiction is laid under 5 U.S.C. 702 et seq, 8 U.S.C. § 1329, 28 U.S.C. §§ 1331, 1361, 2201, 2202, and 2241.

3.    Venue is proper in this judicial district because plaintiff Antelma Dominguez Perez resides in San Benito, Texas, and plaintiffs Particia and Armando Boone-Gomez reside in Harlingen, Texas, all within this judicial district.  Ms. Dominguez Perez has also applied for a Certificate of Citizenship and social security card in Harlingen, Texas.

## PARTIES

4.    Plaintiff ANTELMA DOMINGUEZ PEREZ, is a 34 year old U.S. citizen who filed an N-600 application with the I.N.S. district office in Harlingen, Texas on July 21, 1994, which application is still pending.  Ms. Perez also applied for, and was denied, a social security card, on the basis that she failed to submit one of the limited number of documents considered by the social security office to constitute evidence of U.S. citizenship.  Ironically, Ms. Perez' Mexican national husband has applied for U.S. residency, on

3

1040

the basis of her claim to U.S. citizenship, and has been issued
employment authorization and Social Security number by defendants.

5.    Plaintiffs Patricia and Armando Boone are United States
citizens.   They are sister and brother, ages 13 and 16,
respectively, and reside with their mother in Harlingen, Texas.
Both children filed N-600 applications, through their U.S. citizen
father, on or about October 15, 1990.  Because the citizenship of
their father was in dispute at that time, the applications were not
adjudicated promptly.  However, no later than December 16, 1994,
INS determined that their father is, indeed, a United States
citizen.  As a result, on or about February 20, 1995, it was
requested that their N-600 applications be adjudicated, and updated
information was provided.  No reply to this request has ever been
received, and no appointment has been scheduled.  To date, they
have been unable to obtain social security numbers, because they do
not have any of the documents accepted by the social security
office for that purpose.

6.    Plaintiff MARIO GUADALUPE SALINAS GRIMALDO, is a 29 year old
U.S. citizen has had an N-600 application pending at Harlingen,
Texas, since July 1994.  Mr. Salinas previously had a valid social
security card, which he lost.  He applied for and was denied a
duplicate social security card because he was unable to submit one
of the limited number of documents considered by the social
security office to constitute evidence of U.S. citizenship.

4

1041

7.    Defendant JANET RENO is Attorney General of the United States and, as such, is responsible for the administration of the Immigration and Naturalization Service, the promulgation of regulations under the INA and is responsible for issuing certificates of citizenship and documents evidencing employment authorization.  She is sued in her official capacity.

8.    Defendant DORIS MEISSNER is the Commissioner of the Immigration and Naturalization Service and is responsible for the operations of that agency and the authority to administer and enforce the Immigration and Nationality Act.  She is sued in her official capacity.

9.    Defendant SHIRLEY CHATER is the Commissioner of Social Security and is responsible for the operations of the Social Security Administration, the promulgation of regulations under the Social Security Act, and the administration of the Social Security Act, including the issuance of social security cards.  She is sued in her official capacity.

10.    Defendant E. M. TROMINSKI is the District Director of the Harlingen, Texas, Immigration and Naturalization Service Office. He is responsible for the adjudication of the N-600 applications filed by Plaintiffs.  He is sued in his official capacity.

1042

## CLASS ACTION ALLEGATIONS

11.  Plaintiffs bring this action individually and pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of all people who have pending  or will have pending an N-600 application with the I.N.S. district office in Harlingen, and who have been unable to obtain social security cards because of lack of any of the specified documents evidencing their U.S. citizenship, which are acceptable to the Social Security office.

12.  The class is so numerous that joinder of all of its members is impracticable; there are questions of law and fact common to the members of the plaintiff class; the claims of the named plaintiffs are typical of the claims of the class; and the named plaintiffs will fairly and adequately protect the interests of the class. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making final injunctive and declaratory relief for the class as a whole appropriate.

## STATUTORY AND REGULATORY FRAMEWORK

13.  The Immigration and Nationality Act, pursuant to 8 U.S.C. §§1401 and 1409, provides that children born outside the United States to certain U.S. citizens shall acquire U.S. citizenship <u>at birth</u> if they meet the requirements set out in the statute.

6

1043

14. A United States citizen is eligible for a social security card if satisfactory evidence of U.S. citizenship is presented. 42 U.S.C. §405(c)(2)(B)(i), 20 C.F.R. § 422.104. For U.S. citizens born abroad, the regulations specify such evidence as follows:

> Any of the following is generally acceptable evidence of U.S. citizenship for a foreign-born applicant:
>
> (1) Certificate of naturalization;
>
> (2) Certificate of citizenship;
>
> (3) U.S. passport;
>
> (4) U.S. citizen identification card issued by the Immigration and Naturalization Service;
>
> (5) Consular report of birth (State Department form FS-240 or FS-545); or
>
> (6) Other verification from the Immigration and Naturalization Service, U.S. Department of State, or Federal court records confirming citizenship.

20 C.F.R. § 422.107(f).

15. The Social Security Administration has considered the documents described above as an exclusive list of evidence of U.S. citizenship, precluding foreign-born United States citizens from presenting other evidence of U.S. citizenship, such as a completed N-600 application with supporting documents.

16. To obtain a Certificate of Citizenship from INS, a U.S. citizen must file an Application for Certificate of Citizenship ("N-600 application") with supporting evidence at the I.N.S. office having jurisdiction over the applicant's residence. 8 C.F.R. §§

7

1044

341.1 and   341.2.   Supporting documents establishing acquired citizenship ordinarily include the applicant's birth certificate, the applicant's United States citizen parent's birth certificate, and documents evidencing compliance with any requirements that the United States citizen's parent have resided in the United States. An applicant for a Certificate of Citizenship can wait extended periods of time before the I.N.S. finally adjudicates an N-600 application and issues a Certificate of Citizenship. Other means of acquiring evidence of U.S. citizenship acceptable to the Social Security Administration, such as obtaining a U.S. passport, require the presentation of the same or equivalent evidence, and also frequently entail lengthy delays.   During the time that an N-600 application is pending, INS will not issue any document authorizing the applicant to be employed in the United States, such as are provided to aliens who have applied for certain immigration benefits, during the pendency of such applications.

17.   To obtain employment in the United States, an individual must present evidence which demonstrates that he or she is authorized to be employed in the United States.   An employer may not legally hire even a person who is in fact a United States citizen unless that person provides appropriate documents; 8 U.S.C. § 1324a(a).

18.   Failure to comply with the verification requirements could result in the imposition civil and criminal penalties against the employer.  8 U.S.C. 1324a.  As a result, it is extremely difficult,

8

1045

if not impossible, for foreign-born U.S. citizens who have pending
N-600 applications to obtain employment, until INS has adjudicated
the application, and issued a Certificate of Citizenship.  This
process sometimes extends over a period of several years.

19.  The INA lists certain documents as evidence of employment
authorization, which list includes any documentation evidencing
authorization of employment which the Attorney General finds, by
regulation, to be acceptable for these purposes, 8 U.S.C.
1324a(b)(1)(C)(iii).

20.  There are currently no regulations under the I.N.A. providing
for the issuance of work authorization to United States citizens
with pending N-600 applications.  By contrast, the I.N.S. has
promulgated regulations allowing for the issuance of work
authorization to certain classes of aliens seeking discretionary
immigration benefits.  Some categories of aliens, including those
lawfully admitted for permanent residence, are authorized by the
Act, as a condition of their status, to be employed in the United
States.  8 USC 1324a(h)(3)(A).  Aliens who have applications
pending with INS for lawful permanent resident status, under 8 USC
Sections 1254(a), 1255, and 1259, are entitled to be employed in
the United States.  8 CFR Sec. 274a.12(c)(10), (c)(9) and (c)(16).

21.  A large variety of other categories of aliens, including those
who have been granted asylum, or voluntary departure, those who

1046

have been admitted or paroled into the United States as refugees, or paroled in for emergent or humanitarian reasons, and even aliens who are under final orders of deportation, and have been released under an order of supervision, or have been placed under deferred action, as a matter of administrative convenience, may also be granted employment authorization. 8 CFR Sec. 274a.12(a)(5), c(12), (a)(3), (a)(4), (c)(11), (c)(18) and (c)(14).

22. A number of classes of non-immigrant aliens may be granted employment authorization, and social security numbers, including foreign students, dependents of exchange visitors, vocational foreign students, and even visitors for business who are the domestic or personal servants of employers who are temporarily in the United States, or of foreign airlines. 8 CFR Sec. 274a.12(c)(3)(i) and (ii), (c)(5), (c)(6), and (c)(17)(i) and (ii).

23. While defendants Janet Reno and Doris Meissner have granted employment authorization to aliens seeking discretionary immigration benefits, defendants have failed to issue to United States citizens interim documentation of their right to work in the United States while their N-600 applications are pending.

## STATEMENT OF FACTS

24. Plaintiff Salinas-Grimaldo was born in Mexico, but nevertheless acquired U.S. citizenship at birth through his U.S.

1047

citizen father, Raul Salinas Garcia, who was born in Rio Grande, Texas, on February 3, 1928. Plaintiff's United States citizen father has resided in the U.S. since birth. Plaintiff first applied for a Certificate of Citizenship in 1977. That application was denied, as INS at that time disputed the U.S. citizenship of his father, through whom he acquired U.S. citizenship. However, on or about July 14, 1994, INS recognized that his father is, indeed, a United States citizen. On November 1, 1994, his older brother, Raul Salinas-Grimaldo, filed a renewed N-600 application, and on January 30, 1995, a certificate of citizenship was issued to his older brother. On June 22, 1995, a renewed N-600 application was filed on Plaintiff Salinas' behalf with the I.N.S. district office in Harlingen, Texas. To date, no interview has even been scheduled on his renewed application, which is still pending.

25. Plaintiff Salinas-Grimaldo previously had a valid Social Security Card, Number 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, which he lost. As a United States citizen, he applied for a duplicate social security card on June 27, 1995, at the Social Security Administration office in Harlingen, Texas, and was denied a card on June 28, 1995. The Harlingen social security office refused to issue him a duplicate social security card, even though he presented virtually conclusive proof of U.S. citizenship, including evidence that a Certificate of Citizenship had already been issued to his older brother, because he was unable to present any of the documents enumerated in 20 C.F.R. 422.107(f).

11

1048

26. Plaintiff Perez was born in Mexico, but acquired U.S. citizenship at birth through her U.S. citizen mother, Josefina Alcaraz, who was born in Galveston Ranch, Cameron County, Texas, on November 5, 1942. Plaintiff Perez filed an N-600 application with I.N.S. district office in Harlingen, Texas, on July 21, 1994. Her N-600 application is still pending. Plaintiff's United States citizen mother was not married at the time of her birth. She had resided in the U.S. for many years prior to her birth. Plaintiff Perez and her U.S. citizen mother were interviewed once, and were advised that additional documentation was required. Plaintiff Perez did not receive the notice of the second interview, but on July 25, 1995, she wrote to INS, requesting that it be rescheduled, and providing her current address. She never received a reply to this correspondence, and no new appointment has been scheduled.

27. Plaintiff Perez applied for a social security card at the Social Security Administration office in Harlingen, Texas, which application was denied. The Harlingen social security office refused to issue a social security card to Plaintiff Perez because while she presented evidence of U.S. citizenship, including a completed N-600 application with supporting evidence, she did not present one of the documents enumerated in 20 C.F.R. 422.107(f).

Plaintiff Perez is married to a Mexican national, Jose Luis Perez, who filed an application for adjustment of status on July 25, 1995, based on his marriage to Plaintiff Perez, and an I-130 petition

12

1049

filed by her on his behalf.  As a result, he applied, and obtained, employment authorization, and a Social Security Card.

Plaintiff Perez and her husband have two young children who were born in Mexico, who have also applied for adjustment of status at the Harlingen INS Office.  Because she has no employment authorization, and no Social Security Card, she has been unable to obtain employment.  As a result, there is a grave danger that her children's applications for adjustment of status will be denied, on the grounds that they are likely to become public charges.  8 U.S.C. 1182(a)(4).

28.  Plaintiffs Patricia and Armando Boone Gomez were born in Mexico, but acquired United States citizenship through their United States citizen father, Armando Boone Dominguez, who was born in Mercedes, Texas, on February 8, 1953.  Both filed N-600s in 1990, at a time when their father's citizenship was in doubt.  As a result, it was recommended that the applications be denied, although the requisite denial letters were never in fact issued. Subsequently, it was established that their father was, in fact, a United States citizen.  On December 16, 1994, an I-130 petition filed by their father on behalf of their stepmother, Dora Boone, was approved. She was granted lawful permanent residency through him on December 21, 1994.  On February 22, 1995, "updated" N-600 applications were filed with INS, with a letter, noting that according to the information received under the Freedom of

13

Information Act, the prior applications had never been adjudicated, and requesting that the applications be adjudicated, or, if they had in fact been denied, (and the denial letters improperly withheld), that they be so advised.  No response was ever received to this request.

29.  It is the policy and practice of defendant Shirley Chater to restrict the type of evidence allowed to establish proof of U.S. citizenship in a way that discriminates among United States citizens.  As a result of such restrictions, defendant Shirley Chater denies social security cards to United States citizen born outside the United States who are awaiting issuance of a Certificate of Citizenship from the I.N.S..  Such denials constitute invidious discrimination.

30.  Defendant Shirley Chater has a duty to issue social security cards to an applicant who can establish that she acquired United States citizenship at birth.

31.  It is the policy and practice of defendants Janet Reno, Doris Meissner, and E.M. Trominski to refuse to issue evidence of authorization to work to United States citizens and claimants to U.S. citizenship, while their N-600 applications are being adjudicated.  In contrast, it is the policy and practice of defendants to grant work authorization to aliens seeking a wide variety of immigration benefits, even before there has been a

14

1051

determination of their eligibility for these benefits, and, in some cases, even following a final order of deportation.  Such practices constitute invidious discrimination under the U.S. Constitution against U.S. citizens, and against those whose bona fide claims to U.S. citizenship are pending.

32.  As a result of defendants' policies and practices, plaintiffs have been prevented from working in the United States, having their earnings reported, and obtaining other benefits under the Social Security Act.   They are also unable to obtain unemployment insurance, and cannot participate in a wide variety of state and federal programs.  Such policies have resulted in a denial of their constitutional and statutory rights.

33.  Over the past year, a number of requests have been made of defendants Reno, Trominski, and the Social Security Administration, on behalf of Plaintiffs, and the class they represent, that a procedure be implemented, such that documents may be issued, evidencing their right to be employed in the United States, and that they be issued Social Security numbers.  No reply has ever been received to any of these requests. As of the filing of the instant action, Plaintiffs are still unable to obtain (original or duplicate) social security numbers, and the injuries suffered by them, and their dependants, continues unabated.

15

1052

## FIRST CAUSE OF ACTION

34. Defendants' refusal to provide Plaintiffs with the documentation necessary to legally obtain employment violates their rights under the Fifth Amendment of the United States Constitution, and constitutes an unlawful restraint on their liberty, not shared by the population at large.

## SECOND CAUSE OF ACTION

35. The Social Security Act provides that the Secretary must take affirmative measures to assure that members of all appropriate groups, including United States citizens, are assigned social security cards. 42 U.S.C. 405(c)(2)(B). Defendant's policy and practice of denying plaintiffs social security cards based on their refusal to accept evidence of U.S. citizenship from foreign-born United States citizens other than the specific documents enumerated in 20 C.F.R. 422.107(f) violates the Social Security Act, and the Fifth Amendment of the U.S. Constitution.

## THIRD CAUSE OF ACTION

36. Defendant Shirley Chater's failure to provide the right to an administrative appeal from her denial of plaintiffs' applications for social security cards or an opportunity for a hearing after such decision violates the Fifth Amendment of the Constitution.

16

1053

## FOURTH CAUSE OF ACTION

37.  Under 8 U.S.C. § 1401, certain persons born outside of the United States are United States citizens at birth.  8 U.S.C. § 1324a requires employers to verify an individual's right to work in the United States.  These provisions read together impose a duty on defendants Janet Reno, Doris Meissner, and  E.M. Trominski to provide all N-600 applicants evidence of their right to work in the United States.  Defendants' policy and practice of denying plaintiffs evidence of their right to work in the United States violates the Immigration and Nationality Act, the Administrative Procedure Act, and the Fifth Amendment.

## IRREPARABLE HARM

38.  The injury to all plaintiffs from the foregoing refusals to provide evidence of their right to work in the United States and social security cards is irreparable and plaintiffs have no adequate remedy at law.  Defendants' refusal to provide documentation enabling Plaintiffs to be employed in the United States has resulted in continuing, present, and serious, adverse effects, which are likely to be redressed by the requested relief.

39.  Plaintiffs have exhausted any and all administrative remedies provided by defendants.

17

1054

PRAYER FOR RELIEF

WHEREFORE, plaintiffs, on behalf of themselves and the class they represent, pray that this Court:

(a)  Certify this action as a class action pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure;

(b)  Issue a declaratory judgment that the current policies of defendants in refusing to provide those with pending N-600 applications with evidence of their right to work in the United States and social security cards violates the Social Security Act, the Immigration and Nationality Act, the Administrative Procedure Act, and the 5th Amendment of the United States Constitution;

(c)  Enjoin defendants Janet Reno, Doris Meissner and E.M. Trominski from continuing to deny N-600 applicants a document evidencing their right to work in the United States and enjoin defendant Shirley Chater from continuing to deny social security cards to those applicants who have pending N-600 applications;

(d)  Issue an order restraining defendants Janet Reno, Doris Meissner and E.M. Trominski from not issuing a document evidencing employment authorization in the United States during the pendency of an N-600 application;

(e)  Issue an order restraining defendant Shirley Chater from not issuing social security cards to all applicants with pending N-600 applications;

(f)  Issue an order restraining defendant Shirley Chater from not conducting administrative review of denials of social security

18

1055

cards;

(g)  Require defendants to notify all members of plaintiffs'
class of the relief granted in this action;

(h)  Award plaintiffs costs and attorney fees of this actions
pursuant to 28 U.S.C. §§ 2412(d)(1)(A);

(i)  Award such other relief as this Court deems just and
proper at law or in equity.

Dated: July 18, 1996


Respectfully Submitted,


Lisa Brodyaga (Attorney-In-Charge)
402 E. Harrison, 2nd floor
Harlingen, TX  78550
ph. (210) 421-3226
fax (210) 421-3423
Federal ID:  1178

Mary Kenney
Lynn Coyle
Lawyers' Committee for Civil Rights
under Law of Texas
Immigrant and Refugee Rights Project
2311 N. Flores
San Antonio, TX  78212
ph. (210) 736-1503
fax (210) 736-3958
Thelma O. Garcia
301 E. Madison
Harlingen, TX 78550
ph. (210) 425-3701
fax  (210) 428-3731
Federal ID:  3449

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was personally served on the Office of the United States Attorney, 1036 E. Levee, Brownsville, Texas, this 18th day of July, 1996.

1057