IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ANTELMA DOMINGUEZ-PEREZ,       )
MARIO GUADALUPE SALINAS        )
     GRIMALDO,                 )
PATRICIA BOONE-GOMEZ, and      )
ARMANDO BOONE-GOMEZ,           )
                               )
          Plaintiffs,          )
                               )          No. B-96-116
     v.                        )
                               )
JANET RENO, in her official    )
capacity as Attorney General   )
of the United States,          )
DORIS MEISSNER, in her         )
official capacity as           )
Commissioner of the            )
Immigration and                )
Naturalization Service,        )
E. M. TROMINSKI, in his        )
official capacity as           )
District Director of the       )
Immigration and                )
Naturalization Service         )
District Office in             )
Harlingen, Texas, and          )
SHIRLEY S. CHATER, in her      )
official capacity as           )
Commissioner of Social         )
Security,                      )
                               )
          Defendants.          )
_____)

United States District Court
Southern District of Texas
FILED

OCT 18 1996

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS FOR MOOTNESS AND FOR LACK OF STANDING**

Defendants Janet Reno, Doris Meissner, E. M. Trominski, and

Shirley S. Chater ("Defendants") hereby move the Court to dismiss

the complaint for lack of subject matter jurisdiction pursuant to

Federal Rule of Civil Procedure Rule 12(b)(1). As a prefatory

note, it is important to clarify plaintiffs' status at the outset

of the argument. The plaintiffs claim to be citizens. Complaint

¶¶ 24, 26, 28. Yet each of them also claims to have been born

987

2

abroad.  Whether they actually are citizens is the issue to be determined by the Immigration and Naturalization Service in adjudicating their applications for certificates of citizenship. Section 342 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1452(a); 8 C.F.R. § 341.  The INS has had the opportunity to adjudicate three of the four pending applications, resulting in an issuance of certificates of citizenship to all three.  Appendix A.  Since the INS has not had the opportunity to adjudicate the remaining application, whether the sole remaining plaintiff, Mario Guadalupe Salinas Grimaldo, is, in fact, a citizen is not yet properly before the court.  Section 360 of the INA, 8 U.S.C. § 1503.  As a person born abroad, he is presumed to be an alien until he proves to the INS that he is a citizen. Hauenstein v. Lynham, 100 U.S. 483 (1879); Corona-Palomera v. INS, 661 F.2d 814 (9th Cir. 1981).  The court must decide this motion on the basis of that presumption.

## BACKGROUND

Plaintiffs are four people who claim to be United States citizens who were born abroad to a parent who was a citizen of the United States.  Petition for Writ of Habeas Corpus, and Complaint for Declaratory and Injunctive Relief ¶¶ 4, 5, 6 (hereinafter "Complaint").  Plaintiffs claim to have filed applications for certificates of citizenship before the Immigration and Naturalization Service ("INS").  Complaint ¶¶ 24, 26, 28.  Two of the plaintiffs also claim that they have applied

*988*

3

for social security cards with the Social Security Administration ("SSA") and were not issued cards. Complaint ¶ 25, 27.

Plaintiff Antelma Dominguez-Perez ("Dominguez") claims to have been born in Mexico. Complaint ¶ 26. She alleges that her mother was a citizen of the United States at the time of Dominguez' birth. Complaint ¶ 26. The complaint indicates that Dominguez filed an N-600 application before the INS on July 21, 1994. Complaint ¶ 26. She further asserts that she filed an application for a social security card, using her N-600 application as proof of citizenship. Complaint ¶ 27. She indicates that she was not issued a social security card. Complaint ¶ 27. After a hearing on October 10, 1996, she was issued a certificate of citizenship. Appendix A.

Plaintiff Mario Guadalupe Salinas Grimaldo ("Salinas") alleges he was born in Mexico. Complaint ¶ 24. Salinas indicates that his father was a citizen at the time of his birth. Complaint ¶ 24. He alleges that he filed an N-600 application for a certificate of citizenship on June 22, 1995. Complaint ¶ 24. He states that at one point he held a social security card but has since lost it. Complaint ¶ 25. He asserts that he filed an application for a new social security card, using his brother's certificate of citizenship to establish proof of his own citizenship. Complaint ¶ 25. He indicates that he was not issued a social security card. Complaint ¶ 25. Presently, Salinas is incarcerated after being convicted of possession of marijuana in an amount of more than four (4) ounces, but less



4

than five (5) pounds, for which he was sentenced to five years imprisonment.  Appendix B.  He did not appear at a hearing on his application scheduled for October 10, 1996.

Plaintiffs Patricia Boone-Gomez ("P. Boone") and Armando Boone-Gomez ("A. Boone") claim to have been born in Mexico. Complaint ¶ 28.  They allege that their father was a citizen of the United States at the time of their birth.  Complaint ¶ 28. It is their assertion that they filed N-600 applications before the INS.  Complaint ¶ 28.  Both P. Boone and A. Boone were attended a hearing on their application on October 10, 1996. They have since been issued their certificates of citizenship. Appendix A.

## ARGUMENT

**I.    THE ACTION SHOULD BE DISMISSED AS TO PLAINTIFFS DOMINGUEZ, A. BOONE, AND P. BOONE FOR MOOTNESS.**

The action brought by plaintiffs Dominguez, A. Boone, and P. Boone should be dismissed as moot.  Under Article III of the Constitution, federal courts may only adjudicate "actual, ongoing cases or controversies."  Deakins v.Monaghan, 484 U.S. 193, 199 (1988).  A litigant must have suffered, or be threatened with, an actual injury traceable to the defendants and likely to be redressed by a favorable judicial decision.  Lewis, 494 U.S. at 477.  the courts may not "decide questions that cannot affect the rights of litigants in the case before them."  Lewis v. Continental Bank, 494 U.S. 472, 477 (1990).  A federal court may only decide "real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character, as



5

distinguished from an opinion advising what the law would be upon a hypothetical state of facts."  Id.  While a suit may have been considered alive at the inception of the suit, "[t]he parties must continue to have 'personal stake in the outcome' of the lawsuit."  Id. at 478, citing Los Angeles v. Lyons, 461 U.S. 95, 101 (1990).

In the instant case, three of the plaintiffs -- Dominguez, A. Boone, and P. Boone -- have received their certificates of U.S. citizenship.  Appendix A.  With these certificates, they may obtain social security numbers and cards from the SSA.  Now having the right to seek employment and to obtain their social security cards, the court can afford no additional relief, and the case should be considered "classically moot."  Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983).  Accordingly, their claims should be dismissed.

## II. THE ACTION SHOULD BE DISMISSED AS TO PLAINTIFF SALINAS FOR LACK OF STANDING.

Plaintiff Salinas has failed to establish that they have standing.  The Supreme Court has determined that there are three major components of standing.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992).  First, "the plaintiff must have suffered an 'injury in fact' -- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not "conjectural" or "hypothetical."'"  Id. at 560 (citations omitted).  Second, "there must be a causal connection between the injury and the conduct complained of -- the injury has to be 'fairly trace[able] to the challenged action

991

6

of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'" Id. at 560 (citations omitted) (ellipsis in original). Finally, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" Id. at 560-61 (citations omitted). "A defendant's violation of a statutory duty is not enough -- the judiciary lacks power to correct the executive branch on the petition of one who is without an injury in fact that is fairly traceable to the executive action and likely to be redressed by the requested relief." Snake River Farmers' Association v. Department of Labor, 9 F.3d 792, 795 (9th Cir. 1993). The foregoing are not mere pleading requirements; rather, they are "an indispensable part of the plaintiff's case. Lujan, 504 U.S. at 561. The party invoking federal jurisdiction bears the burden of establishing each of the foregoing elements, id. at 561; Salinas fails to show even one.

> **A.  Salinas lacks standing to bring the causes of action alleged in his complaint because he has suffered no injury in fact.**

In meeting the constitutional minimum for standing, a plaintiff must have suffered an injury in fact. Lujan, 504 U.S. at 560. This injury must be "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not "conjectural" or "hypothetical."'" Id. at 560. "It is the role of courts to provide relief to claimants, in individual or class actions, who have suffered, or will imminently suffer, actual harm; it is not the role of

992

7

courts, but that of the political branches, to shape the
institutions of government in such fashion as to comply with the
laws and the Constitution." Lewis v. Casey, 116 S.Ct. 2174, 2179
(1996). Simple allegations of intentions to seek employment
"some day" are insufficient to constitute an actual or imminent
injury. Snake River, 9 F.3d at 796. Salinas does not
demonstrate any injury to himself. The potential injuries
plaintiff claims are of three types: (1) that he has been denied
adjudication of his N-600 applications, Complaint ¶ 11 ; (2)
that he has been injured because of a failure by the INS to issue
regulations granting temporary work permits to those who have N-
600 applications, Complaint ¶ 31; and (3) that he has not been
issued a social security card, resulting in his inability to get
work, Complaint ¶ 32. In actuality, none of these injuries has
been suffered in a "concrete" way.

     **1.    There is no injury because Salinas has not been
denied a certificate of citizenship.**

First of all, Salinas has not been denied a certificate of
citizenship, as alleged in the Complaint. Complaint ¶ 24. Each
person has been permitted to submit an application and has done
so. Id. All of the named plaintiffs were scheduled for a
hearing before an examination officer to be held on September 17,
1996. Report of Rene Moreno, Appendix C. Such hearing was
rescheduled to October 7, 1996, at the request of plaintiffs'
counsel. Report of Rene Moreno, Appendix C. Eventually, the
hearings were reset for October 10, 1996. Appendix A. Salinas,
however, did not show up at his hearing. Presently, he is

8

incarcerated pursuant to his conviction for possession of
marijuana.  Appendix B.  Thus, it is clear that his application
is being processed and has not been denied.  Accordingly, there
is no injury to Salinas.

Salinas claims that he is harmed because he cannot work
without work authorization.  Complaint ¶ 32.  Simple allegations
of intentions to seek employment "some day" are insufficient to
constitute an actual or imminent injury.  Snake River, 9 F.3d at
796.  Salinas does not allege that he has been denied work
because of his failure to produce sufficient work authorization.
Because he is in prison, it is certain that he does not have the
"imminent expectation" of obtaining work.  Snake River, 9 F.3d at
797.  A plaintiff who experiences no concrete harm as the result
of even an inadequate system can claim no harm.  Lewis, 116 S.
Ct. at 2179.  Because he has not suffered a "concrete" harm, he
lacks standing to bring the instant action.  Lujan, 504 U.S. at
560.

> **2.  There is no injury to Salinas because the
>       defendants are not required by statute to provide
>       temporary work authorization.**

Moreover, the allegation that Salinas is harmed by the fact
that INS has not promulgated regulations to give him temporary
work authorization is erroneous.  A claimant may only challenge a
failure to promulgate regulations where there is a specific
statutory requirement to do so.  Fernandez v. Brock, 840 F.2d
622, 628 (9th Cir. 1988).  Here, Salinas points to no such

994

9

statutory requirement -- nor could he, for no such requirement exists.

The only statutory requirement imposed on the INS is that it issue certificates of citizenship to those people who have been found "to the satisfaction of the Attorney General" to be citizens. Section 341(a) of the INA, 8 U.S.C. § 1452(a). The Attorney General has defined the acceptable forms of establishing citizenship. 8 C.F.R. § 341.1, et seq. Salinas has not been found to be a citizen, nor has his application been denied. Complaint ¶ 24. The statute does not require that the Attorney General provide work authorization to applicants. 8 U.S.C. § 1452(a).

The only statutory duty imposed on the SSA is to issue social security numbers and cards to those who produce adequate proof of age, U.S. citizenship or authorized alien status, and true identity, as determined by regulations. 42 U.S.C. § 405(c)(2)(ii). The SSA has published regulations delineating acceptable forms of proof of citizenship. 20 C.F.R. § 422.107. Salinas offered no such documentation. Complaint ¶ 24. In fact, whether with fraudulent intent or otherwise, Salinas submitted his brother's certificate of citizenship to the SSA for his own application. Complaint ¶ 24. It is clear that his brother's certificate is not his own, and no social security card was required to be issued.

Neither of the statutory duties of the INS or the SSA imposes the affirmative obligation on the defendants to issue

10

temporary work authorizations.  Absent such statutory duties, the plaintiff lacks standing to challenge the failure to promulgate regulations.  Fernandez, 840 F.2d at 628.

Even if the statutes did impose an affirmative obligation, the mere failure to comply with a statutory duty is not enough to constitute an injury in fact; there must be a concrete injury. Lujan, 504 U.S. at 560.  Salinas must show that he has the imminent expectation of a job or something similar thereto. Snake River, 9 F.3d at 797.  He has not done so due to his imprisonment.  Accordingly, plaintiffs have suffered no injury. Lujan, 504 U.S. at 560.

> 3.  There has been no injury to Salinas because he has expressed only "some day intentions" of having a job.

Finally, Salinas claims that he has not been issued asocial security card.  Complaint ¶ 25.  Even taking into consideration the nonissuance of a social security cards, he cannot be said to have suffered an injury in fact.  Salinas must show that he has been denied jobs for lack of work authorization, or he must show the imminent expectation of employment.  Snake River, 9 F.3d at 796-97.  He does not allege that he has been denied jobs because of his lack of a social security card or work authorization.  Nor has he even alleged that he would seek employment if he had a card or work authorization.  Nor could he make such a showing, for he is in prison.  Appendix B.  Without such consideration, Salinas' injury is merely speculative and falls into the "some day intentions" which Lujan proscribes.  Lujan, 504 U.S. at 564;

996

11

Snake River, 9 F.3d at 796.  "Such 'some day' intentions --
without any description of concrete plans, or indeed even any
specification of when some day will be -- do not support a
finding of the 'actual or imminent' injury that our cases
require."  Lujan, 504 U.S. at 564.  This requirement is no less
appropriate when the allegation is one for a wish to have
employment "some day."  Snake River, 9 F.3d at 796.  Because he
has not shown that he would have employment or that he has been
denied employment, Salinas has not shown injury in fact, and
lacks standing.  Id.  Moreover, Salinas attempted to use the
certificate of citizenship issued to his brother as proof of his
own citizenship.  Complaint ¶ 25.  It is clear that his brother's
certificate of citizenship is not proof of his own citizenship.
Accordingly, Salinas has demonstrated no injury.

   **B.   Salinas lacks standing because he fails to show the
        requisite causality element.**

    Even assuming he is able to show some injury in fact,
Salinas cannot fulfill the second requirement of standing.  The
second requirement for standing is that a plaintiff must show "a
causal connection between the injury and the conduct complained
of -- the injury has to be 'fairly . . . trace[able] to the
challenged action of the defendant . . . ."  Lujan, 504 U.S. at
560, citing Simon v. Eastern Kentucky Welfare Rights
Organization, 426 U.S. 26, 41-42 (1976).  Assuming, arguendo,
that the alleged injury in fact is either the alleged failure to
adjudicate his N-600 application, the alleged failure to
promulgate regulations, or the nonissuance of a social security

997

12

card so that Salinas may obtain work, none of these alleged injuries is "fairly traceable" to the conduct of the defendants. Lujan, 504 U.S. at 560.

Any harm incurred by Salinas is not fairly traceable to an alleged failure to adjudicate the N-600 application or an alleged failure to promulgate regulations. Here, the harms (such as not being able to obtain work) may be the result of normal administrative delay. Normal administrative delays are sufficient to break the chain of causation between the experienced harm and the alleged administrative conduct. Snake River, 9 F.2d at 796. Yet, there are even more potential causes: the employers may simply not be hiring; the plaintiffs may be unqualified for the types of work they have been seeking; or more importantly, the plaintiffs may have never attempted to obtain employment whatsoever. Snake River, 9 F.2d at 796. Either of these reasons is sufficient to render plaintiffs' causation insufficient to exercise the Court's jurisdiction. Id. at 796. What is perhaps the most decisive reason for Salinas' inability to obtain work is his conviction for possession of marijuana, for which he is presently in prison. Appendix B. Such is sufficient to break any causation traceable to the defendants' conduct.

Similarly, the nonissuance of social security cards is not "fairly traceable" to the conduct of the defendants. Lujan, 504 U.S. at 560. Remarkably, Salinas decided to submit his brother's certificate of citizenship to establish his citizenship. Complaint ¶ 25. This is not proof of his citizenship. Thus, the

*998*

13

nonissuance of a social security card was appropriate and was due to his defective application.

The SSA has carefully set out a variety of materials that will suffice to establish citizenship. 20 C.F.R. § 422.107. Salinas elected to pursue only the certificate of citizenship process. He has refused to try to obtain a U.S. passport. Complaint ¶ 16. He has not attempted to obtain a consular report of birth. It was his decision, and his decision alone, to submit a certificate of citizenship which was not his in order to obtain a social security card. This would be akin to his submitting his complaint to the SSA and expecting the SSA to issue a social security card on that basis. His decision not to initiate any of the alternative mechanisms of establishing citizenship -- such as a U.S. passport or consular report of birth -- caused the nonissuance of his cards. It was his decision to file a faulty application before the SSA which has caused the alleged injuries. Because the alleged injuries are not fairly traceable to the conduct of the defendants, Salinas lacks the requisite standing. Lujan, 504 U.S. at 560.

///

///

///

///

///

///

///

14

## CONCLUSION

For the foregoing reasons, the complaint should be dismissed for mootness and lack of standing.

Respectfully submitted,

FRANK HUNGER
Assistant Attorney General
Civil Division

DAVID V. BERNAL
Senior Litigation Counsel
Office of Immigration Litigation

ERNESTO H. MOLINA, JR.
Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
Post Office Box 878
Ben Franklin Station
Washington, D.C. 20044
(202) 616-9344

ATTORNEYS FOR DEFENDANTS

DATED: October 17, 1996

APPENDIX A



A90 396 216                                    **SEPTEMBER 11, 1996**

**SALINAS-GRIMALDO, MARIO GUADALUPE**
**D.O.B.: MAY 31, 1966**
**RE:     PENDING N-600**

**ATTORNEY ADVISES THAT SHE HAD MAILED LETTER REQUESTING MR.**
**SALINAS BE RESCHEDULED DUE TO HER WORK SCHEDULED. STATES THAT**
**SHE HAS SOME ASYLUM HEARINGS AND WOULD NOT BE ABLE TO BE PRESENT**
**FOR THE INTERVIEW.**


**RECOMMEND RESCHEDULE.**


**RENE MORENO**
**DISTRICT ADJUDICATIONS OFFICER**

Atty. Request Reschedule for
October 07, 1996 @ 8:00 A.M.

1002

A27 651 144                                    SEPTEMBER 11, 1996
A27 651 143

**ATTORNEY REQUESTS ANOTHER APPOINTMENT FOR HER CLIENTS DUE TO
THE CONFLICT WITH OTHER HEARINGS PENDING WITH THE COURT.**

**RECOMMEND RESCHEDULE**

**RENE MORENO**
**DISTRICT ADJUDICATIONS OFFICER**

REQUESTS Reschedule
for 10-07-96 @ 8:00 A.M.
10

1003

A73 221 302                          SEPTEMBER 11, 1996

ANTELMA PEREZ ALCARAZ
D.O.B.: 06 26 61
RE:     PENDING N-600


ATTORNEY STATES THAT SHE SUBMITTED LETTER REQUESTING THE
APPLICANT BE PROVIDED ANOTHER APPOINTMENT DATE DUE TO THE FACT
THAT SHE HAD ASYLUM CASES PENDING WITH THE COURT.  SHE WOULD LIKE
TO HAVE THE CASE RESCHEDULED.


RECOMMEND APPLICANT BE RESCHEDULED.


RENE MORENO
DISTRICT ADJUDICATIONS OFFICER

*REQUESTS Reschedule for
OCTOBER 7, ~~~~~~ 1996 @
8:00 A.M.*

1004

APPENDIX B

THE STATE OF TEXAS                                      IN THE 332ND DISTRICT COURT
VS.                                                     OF
MARIO GUADALUPE SALINAS aka                             HIDALGO COUNTY, TEXAS
Jose Reyes Mansano        NO. CR-1063-93-F
          JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE BEFORE COURT
                       WAIVER OF JURY TRIAL-TDC

Visiting Judge Presiding: ROMEO FLORES          Date of Judgment: JULY 28, 1993

Attorney(s)  RENE GUERRA, DIST. ATTY., and   Attorney(s)
for State :  CHERYL D. HOLE, ASSISTANT        for Defendant: XAVIER ORNELAS

Offense Convicted of: POSSESSION OF MARIHUANA IN AN AMOUNT OF MORE THAN FOUR (4) OUNCES BUT
                      LESS THAN FIVE (5) POUNDS
       Degree        : THIRD              Date Offense Committed: MAY 30, 1993

Charging Instrument: INDICTMENT                  Plea: GUILTY

Plea Bargain Terms (In Details): FIVE (5) YEARS IN THE INSTITUTIONAL DIVISION OF THE TEXAS
                                 DEPARTMENT OF CRIMINAL JUSTICE

Plea to Enhancement Paragraph(s):  N/A        Findings on Enhancement:  N/A

Findings on Use of Deadly Weapon :   N/A

Date Sentence Imposed:  JULY 28, 1993         Costs:

                                              Date to Commence:  JULY 28, 1993

Punishment and Place of Confinement:  FIVE (5) YEARS IN THE INSTITUTIONAL DIVISION OF THE
                                      TEXAS DEPARTMENT OF CRIMINAL JUSTICE

                                        Total Amount of Restitution/
Time Credited  :  60 DAYS               Reparation: N/A

Concurrent Unless Otherwise Specified.

     The Defendant having been indicted in the above entitled and numbered cause for the
felony offense(s) of POSSESSION OF MARIHUANA IN AN AMOUNT OF MORE THAN FOUR (4) OUNCES BUT
LESS THAN FIVE (5) POUNDS, and this cause being this day called for trial, the State
appeared by RENE GUERRA, Criminal District Attorney, and Assistant Criminal District
Attorney, CHERYL D. HOLE, and the Defendant, MARIO GUADALUPE SALINAS, appeared in person
and by Counsel, XAVIER ORNELAS, and both parties announced ready for trial. The Defendant
was arraigned, then in person, in writing, and in open court, waived the right of trial
by jury with the consent and approval of the District Attorney and the Court. The Defendant
pled GUILTY to the charge contained in the indictment. Thereupon the Defendant was
admonished by the Court of the consequences of said plea, including the range of
punishment, and that no punishment recommendation by the prosecuting attorney is binding
on the Court, and that if the punishment assessed does not exceed the punishment
recommended by the State and agreed to by the Defendant and by Counsel, the Defendant may
not prosecute an appeal without permission of the Court except for any pre-trial matters
raised by written motion. The Defendant persisted in entering the plea and it
appearing to the Court that the Defendant was mentally competent and that the plea was free

12/178   1004

and voluntary, accepted the plea. The Defendant, having in open court and in writing, waived the appearance, confrontation, and cross examination of witnesses, consented to the stipulation of evidence and to the introduction of testimony by affidavits, written statements of witnesses, and other documentary evidence; such waiver and consent, having been approved by the Court in writing, were filed in the papers of the cause. The plea of the Defendant was received and entered of record upon the minutes. The Court, having heard the indictment read, the Defendant's plea thereto, the evidence submitted, and the argument of counsel thereon, found the Defendant guilty of the offense of **POSSESSION OF MARIHUANA IN AN AMOUNT OF MORE THAN FOUR (4) OUNCES BUT LESS THAN FIVE (5) POUNDS**, committed on **MAY 30, 1993**.

The Court, after hearing evidence on punishment, inquired into the existence of any plea bargaining. Thereupon the Court, accepting the agreement of the parties, assessed the punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for **FIVE (5)** years.

IT IS THEREFORE CONSIDERED, ORDERED, AND ADJUDGED by the Court that the Defendant is guilty of the offense of **POSSESSION OF MARIHUANA IN AN AMOUNT OF MORE THAN FOUR (4) OUNCES BUT LESS THAN FIVE (5) POUNDS**, a THIRD degree felony, and that the Defendant be punished by confinement in the Institutional Division of the Texas Department of Criminal Justice for **FIVE (5)** years, and that the State of Texas do have and recover of the Defendant all costs of prosecution, for which execution will issue.

The Court then proceeded to pronounce the sentence of law according to the judgment rendered and the Defendant was asked by the Court whether the Defendant had anything to say why sentence should not be pronounced, and the Defendant answered nothing in bar thereof. Whereupon the Court proceeded, in the presence of said Defendant, to pronounce the sentence as follows, to-wit: "It is the order of the Court that the Defendant **MARIO GUADALUPE SALINAS** who has been adjudged to be guilty of the offense of **POSSESSION OF MARIHUANA IN AN AMOUNT OF MORE THAN FOUR (4) OUNCES BUT LESS THAN FIVE (5) POUNDS**, and whose punishment has been assessed at confinement in the Institutional Division of the Texas Department of Criminal Justice for **FIVE (5)** years, be delivered by the Sheriff of Hidalgo County, Texas immediately to the Director of the Institutional Division of the Texas Department of Criminal Justice or other person legally authorized to receive such convicts, and the Defendant shall be confined in said institutional facility for a term of not less than **TWO (2)** years nor more than **FIVE (5)** years in accordance with the provisions of the law governing the Institutional Division of the Texas Department of Criminal Justice."

The Court then ordered a pre-sentence investigation be conducted by the Community Supervision and Corrections Department as required by law.

The Defendant is given jail credit for **60** days through the sentencing date and is remanded to jail in the custody of the Sheriff to await further orders of this Court.

Fingerprint from

R+. Index

finger of Defendant

(LS)

DATE AUG 26 1993

A TRUE COPY I CERTIFY
PAULINE G. GONZALEZ
DISTRICT CLERK HIDALGO COUNTY, TEXAS
BY _____ DEPUTY

ROMEO FLORES
VISITING JUDGE PRESIDING

Signed on the _____ day of
JULY, 1993.

Notice of Appeal: _____

12/179
/007

APPENDIX C



UNITED STATES OF AMERICA

DEPARTMENT OF JUSTICE

No. AA656277

·DUPLICATE·

CERTIFICATE OF CITIZENSHIP



_Antelma Ruiz_

Petition No. ............ Alien Registration No. A73 221 302

FEMALE ............ Date of birth JUNE 26, 1961

MARRIED ............ NONE

ANTELMA PEREZ

LA FERIA, TEXAS

_Antelma Perez_
(Complete and true signature of holder)

IT IS PUNISHABLE BY U. S. LAW TO COPY, PRINT OR PHOTOGRAPH THIS CERTIFICATE, WITHOUT LAWFUL AUTHORITY.

_Seal_

JUNE 26, 1961

OCTOBER

NINETY-SIX

COMMISSIONER OF IMMIGRATION AND NATURALIZATION

1009

# 𝔒𝔞𝔱𝔥 𝔬𝔣 𝔄𝔩𝔩𝔢𝔤𝔦𝔞𝔫𝔠𝔢

I hereby declare, on oath, (affirm) that I absolutely and entirely renounce and abjure all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty of whom or which I have heretofore been a subject or citizen; that I will support and defend the Constitution and the laws of the United States of America against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same;

that I will bear arms on behalf of the United States when required by the law;

that I will perform noncombatant service in the Armed Forces of the United States when required by the law;

that I will perform work of national importance under civilian direction when required by the law;

and that I take this obligation freely without any mental reservation or purpose of evasion: SO HELP ME GOD. In acknowledgment whereof I have hereunto affixed my signature.

_Artelma Ping_

Subscribed and sworn (affirmed) to before me, a designated representative of the Immigration and Naturalization Service, this ............................................. day of ............................................., 19........,

at ...................................................................... .

.......................................................................................................

( Title ) ..........................................................................................

19........

I hereby certify that I have this day received original certificate of citizenship of which this is a duplicate.

_Artelma Ping_

**UNITED STATES OF AMERICA**

**CERTIFICATE OF CITIZENSHIP**

No. AA656274

·DUPLICATE·

No. Registration No. A27 651 143

NAME

sex MALE · date of birth FEBRUARY 1, 1980

complexion ***** color of eyes *****

color of hair ***** height 5 feet 10 inches

weight ***** visible distinctive marks NONE

Marital status SINGLE

country of birth MEXICO

Armando Berea Gomez

(Complete and true signature of holder)

ARMANDO LEONNE GOMEZ
HARLINGEN, TEXAS

Be it known that ...

... FEBRUARY 1, 1980

Given under my hand ... TENTH ... day of OCTOBER ... NINETY-SIX

Seal

IT IS PUNISHABLE BY U. S. LAW TO COPY, PRINT OR PHOTOGRAPH THIS CERTIFICATE, WITHOUT LAWFUL AUTHORITY.

COMMISSIONER OF IMMIGRATION AND NATURALIZATION

1011

# Oath of Allegiance

I hereby declare, on oath, (affirm) that I absolutely and entirely renounce and abjure all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty of whom or which I have heretofore been a subject or citizen; that I will support and defend the Constitution and the laws of the United States of America against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same;

that I will bear arms on behalf of the United States when required by the law;

that I will perform noncombatant service in the Armed Forces of the United States when required by the law;

that I will perform work of national importance under civilian direction when required by the law;

and that I take this obligation freely without any mental reservation or purpose of evasion: SO HELP ME GOD. In acknowledgment whereof I have hereunto affixed my signature.

*Armando Boone Gomez*

Subscribed and sworn (affirmed) to before me, a designated representative of the Immigration and Naturalization Service, this _____ 10th _____ day of _____ OCTOBER _____, 19 96 at _____ Harlingen, Texas _____

*Rene Moore*

(Title) *District Adjudications Officer*

_____ 10/10 _____, 19 96

I hereby certify that I have this day received original certificate of citizenship of which this is a duplicate.

*Armando Boone Gomez*

1012



# UNITED STATES OF AMERICA

## CERTIFICATE OF CITIZENSHIP

No. AA656275

Personal description of holder as of date of naturalization: Date of Registration No. A27 651 144

Sex FEMALE ___ complexion ___ color of eyes ___ color of hair ___ height ___ weight ___ visible distinctive marks ___

Marital status ___ former nationality MEXICO

I certify that the description above given is true, and that the photograph affixed hereto is a likeness of me.

Patricia Boone Gonzalez
*(Complete and true signature of holder)*

**• DUPLICATE •**

PATRICIA BOONE GOMEZ
HARLINGEN, TEXAS

Be it known that, ___ then residing at ___ having applied to the Commissioner of Immigration and Naturalization for a certificate of citizenship pursuant to Section 341 of the Immigration and Nationality Act, and the Commissioner having found that ___ is now a citizen of the United States of America, ___ became a citizen thereof on NOVEMBER 6, 1982 and is now in the United States.

Now therefore, in pursuance of the authority contained in Section 341 of the Immigration and Nationality Act, this certificate of citizenship is issued.

In testimony whereof the seal of the Department of Justice is affixed this OCTOBER ___ day of ___ NINETY-SIX in the year of our Lord nineteen hundred and ___

[Signature]
COMMISSIONER OF IMMIGRATION AND NATURALIZATION

IT IS PUNISHABLE BY U.S. LAW TO COPY, PRINT OR PHOTOGRAPH THIS CERTIFICATE, WITHOUT LAWFUL AUTHORITY.

1013

# Oath of Allegiance

I hereby declare. on oath, (affirm) that I absolutely and entirely renounce and abjure all allegiance and fidelity to any foreign prince. potentate. state, or sovereignty of whom or which I have heretofore been a subject or citizen; that I will support and defend the Constitution and the laws of the United States of America against all enemies. foreign and domestic; that I will bear true faith and allegiance to the same;

that I will bear arms on behalf of the United States when required by the law;

that I will perform noncombatant service in the Armed Forces of the United States when required by the law;

that I will perform work of national importance under civilian direction when required by the law;

and that I take this obligation freely without any mental reservation or purpose of evasion: SO HELP ME GOD. In acknowledgment whereof I have hereunto affixed my signature.

*Patricia Boone Gomez*

Subscribed and sworn (affirmed) to before me, a designated representative of the Immigration and Naturalization Service, this *10th* day of *OCTOBER* 19 *96* at *Harlingen, Texas*

*Rene Maxim*

(Title) *District Adjudication Officer*

*10/10* 19 *96*

I hereby certify that I have this day received original certificate of citizenship of which this is a duplicate.

*Patricia Boone Gomez*

1014

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 1996, two (2) copies of the Defendant's Motion to Dismiss for Mootness and for Lack of Standing were served on plaintiff by placing them in a Department of Justice mail room for same day mailing addressed to:

```
Lisa Brodyaga
402 East Harrison, 2nd Floor
Harlingen, Texas 78550
```

ERNESTO H. MOLINA, JR.
Attorney
Office of Immigration Litigation
Civil Division
Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044
(202) 616-9344

1015