IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 07 1996

Michael N. Milby, Clerk

| | |
|---|---|
| ANTELMA DOMINGUEZ-PEREZ, )<br>MARIO GUADALUPE SALINAS-GRIMALDO, )<br>GRACIELA ALVAREZ de ZUNIGA, )<br>DIANA MARIA GONZALEZ de SANTOS, )<br>CECILIA DE LA CRUZ PEREZ, )<br>JOSE GUADALUPE DE LA CRUZ PEREZ, )<br>ABEL DE LA CRUZ PEREZ, )<br>FRANCISCA DE LA CRUZ PEREZ, )<br>LUIS ALBERTO DE LA CRUZ PEREZ, and )<br>MARIA DEL ROSARIO GUTIERREZ )<br>     de LIMAS, )<br>individually and on behalf of all )<br>others similarly situated; )<br><br>        Plaintiffs, )<br><br>vs. )<br><br>JANET RENO, in her official )<br>capacity as Attorney General of )<br>the United States, )<br>DORIS MEISSNER, in her official )<br>capacity as Commissioner of the )<br>Immigration and Naturalization )<br>Service (INS), )<br>E. M. TROMINSKI, in his official )<br>capacity as District Director of )<br>the Immigration and )<br>Naturalization Service District )<br>Office in Harlingen, TX, and )<br>SHIRLEY S. CHATER in her official )<br>capacity as Commissioner of )<br>Social Security )<br><br>        Defendants. )<br> | C.A. B-96-116<br><br><br><br><br><br><br><br><br><br>PLAINTIFFS' FIRST AMENDED<br>PETITION FOR WRIT OF<br>HABEAS CORPUS, AND<br>COMPLAINT<br>FOR<br>DECLARATORY<br>AND<br>INJUNCTIVE<br>RELIEF |

INTRODUCTORY STATEMENT

1.   This is a petition for writ of Habeas Corpus, and action for
declaratory and injunctive relief to protect the liberty rights of
United States citizens guaranteed by the Constitution and the laws
of the United States.  The named Plaintiffs, foreign born United

963

States citizens, who have filed applications for Certificate of Citizenship ("N-600 applications") with the Immigration and Naturalization Service ("I.N.S.") in Harlingen, Texas, bring this action on behalf of themselves and others similarly situated who reside within the jurisdiction of the Harlingen I.N.S. district office as described in 8 C.F.R. 100.4(b).

Plaintiffs have been deprived of their rights under the equal protection and due process clauses of the U.S. Constitution by the failure and/or refusal of defendant Shirley Chater to issue plaintiffs social security cards, and by the failure and/or refusal of defendants Janet Reno and Doris Meissner to grant plaintiffs a document evidencing their right to work in the United States pending adjudication of their claims to United States citizenship. As a result of the failure and/or refusal of defendants to grant plaintiffs a document evidencing their right to work, plaintiffs have suffered severe restrictions on their liberty, not shared by the population at large, including restrictions on their ability to be employed in the United States, during the time that their claims to United States citizenship are being adjudicated.

In the cases of three of the initial named Plaintiffs, to wit, Antelma Dominguez Perez, Patricia Boone-Gomez and Armando Boone-Gomez, INS adjudicated the N-600 applications, subsequent to, and as a result of, the instant litigation.  All three applications were granted, and Plaintiffs have now obtained social security cards.  One of these individuals, to wit, Antelma Dominguez Perez, desires to remain a Plaintiff. She asserts that this is appropriate in that the injuries she suffered were not completely erased by the fact that she has now received her Certificate of Citizenship, and social security card.  Other named Plaintiffs, to wit, Graciela Alvarez de Zuniga, Diana Maria Gonzalez de Santos, Cecilia de la Cruz-Perez, her siblings, Jose Guadalupe, Abel, Francisca, and Luis Alberto de la Cruz-Perez, and Maria del Rosario Gutierrez de Limas, are just now joining the instant action.

2

## JURISDICTION & VENUE

2. With respect to defendant Shirley Chater, jurisdiction is conferred upon this court by 28 U.S.C. § 2241, 42 U.S.C. § 405(c)(8) and 405(g), 28 U.S.C. §§ 1331, 1361, 2201, and 2202. With respect to defendants Janet Reno, Doris Meissner, and E. M. Trominski, jurisdiction is laid under 5 U.S.C. 702 et seq, in combination with 28 U.S.C. §§ 1331, 1361, 2201, 2202, and 2241.

3. Venue is proper in this judicial district because Plaintiff Antelma Dominguez Perez resides in San Benito, Texas, and Defendant E.M. Trominski maintains his office in Harlingen, Texas, where the events underlying the action occurred.

## THE PARTIES

4. Plaintiff ANTELMA DOMINGUEZ PEREZ, is a U.S. citizen, who filed an N-600 application with the I.N.S. district office in Harlingen, Texas on July 21, 1994, which application was finally granted on October 10, 1996. While her application was pending, Ms. Perez applied for, and was denied, a social security card, on the basis that she failed to submit one of the limited number of documents considered by the social security office to constitute evidence of U.S. citizenship. As a result of the lack of any document demonstrating provisional employment authorization, and of a social security card, Ms. Perez was unable to obtain employment until after her N-600 application was granted.

5. Plaintiff MARIO GUADALUPE SALINAS GRIMALDO, has had an N-600 application pending at Harlingen, Texas, since June of 1995. Mr. Salinas previously had a valid social security card, which he lost. He applied for and was denied a duplicate social security card because he was unable to submit one of the limited number of documents considered by the social security office to constitute

3



evidence of U.S. citizenship.

6. Plaintiff GRACIELA ALVAREZ de ZUNIGA is a U.S. citizen, whose N-600 application has been pending with the INS district office in Harlingen, Texas, since 1993.

7. Plaintiff Diana Maria Gonzalez de Santos is a U.S. citizen who filed an N-600 with the INS district office in Harlingen, Texas, in February, 1995, and whose claim to United States citizenship has not been finally adjudicated.

8. Plaintiffs CECILIA, JOSE GUADALUPE, ABEL, FRANCISCA, and LUIS ALBERTO DE LA CRUZ-PEREZ are U.S. citizens, whose N-600 applications have been pending with the INS district office in Harlingen, Texas, since 1992.

9. Plaintiff MARIA DEL ROSARIO GUTIERREZ de LIMAS is a U.S. citizen, who filed an N-600 application in 1990. Said application was denied by INS on September 1, 1993. Ms. Gutierrez de Limas filed a timely administrative appeal, which is still pending.

10. Defendant JANET RENO is Attorney General of the United States and, as such, is responsible for the administration of the Immigration and Naturalization Service, the promulgation of regulations under the INA and is responsible for issuing certificates of citizenship and documents evidencing employment authorization. She is sued in her official capacity.

11. Defendant DORIS MEISSNER is the Commissioner of the Immigration and Naturalization Service and is responsible for the operations of that agency and the authority to administer and enforce the Immigration and Nationality Act. She is sued in her official capacity.

12. Defendant SHIRLEY CHATER is the Commissioner of Social

4

966

Security and is responsible for the operations of the Social Security Administration, the promulgation of regulations under the Social Security Act, and the administration of the Social Security Act, including the issuance of social security cards. She is sued in her official capacity.

13. Defendant E. M. TROMINSKI is the District Director of the Harlingen, Texas, Immigration and Naturalization Service Office. He is responsible for the adjudication of the N-600 applications filed by Plaintiffs. He is sued in his official capacity.

## CLASS ACTION ALLEGATIONS

14. Plaintiffs bring this action individually and pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of others similarly situated. They seek to represent all people who have filed or will file N-600 applications with the I.N.S. district office in Harlingen, whose claims to United States citizenship have not been finally adjudicated, and who, during the time that their claims to U.S. citizenship are being adjudicated, have been or will be unable to obtain social security cards because of lack of any of the specified documents evidencing their U.S. citizenship, which are acceptable to the Social Security office, and lack of any document from INS evidencing their right to be employed in the United States as *prima facie* U.S. citizens.

15. Scores of United States citizens and citizenship claimants file N-600 applications for certificates of citizenship with the Harlingen Office of the INS each year. At any given point in time, dozens of such applications are pending. The membership in the class Plaintiffs seek to represent is fluid, changing from day to day, but the harm suffered by each putative class member is irreparable, as there is no means of providing *nunc pro tunc* Social Security cards, to allow them to retroactively enjoy the rights and

5



privileges which were denied to them while their N-600 applications were pending, but they were unable to obtain Social Security cards.

16. The class is so numerous that joinder of all of its members is impracticable; there are questions of law and fact common to the members of the plaintiff class; the claims of the named plaintiffs are typical of the claims of the class; and the named plaintiffs will fairly and adequately protect the interests of the class. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making final injunctive and declaratory relief for the class as a whole appropriate.

## STATUTORY AND REGULATORY FRAMEWORK

17. The Immigration and Nationality Act, pursuant to 8 U.S.C. §§1401 and 1409, provides that children born outside the United States to certain U.S. citizens shall acquire U.S. citizenship <u>at birth</u> if they meet the requirements set out in the statute.

18. A United States citizen is eligible for a social security card if satisfactory evidence of U.S. citizenship is presented. 42 U.S.C. §405(c)(2)(B)(i), 20 C.F.R. § 422.104. For U.S. citizens born abroad, the regulations specify such evidence as follows:

> Any of the following is generally acceptable evidence of U.S. citizenship for a foreign-born applicant:
>
> (1) Certificate of naturalization;
>
> (2) Certificate of citizenship;
>
> (3) U.S. passport;
>
> (4) U.S. citizen identification card issued by the Immigration and Naturalization Service;
>
> (5) Consular report of birth (State Department form FS-240 or FS-545); or



(6) Other verification from the Immigration and Naturalization Service, U.S. Department of State, or Federal court records confirming citizenship.

20 C.F.R. § 422.107(f).

19. The Social Security Administration has considered the documents described above as an exclusive list of evidence of U.S. citizenship, precluding foreign-born United States citizens from presenting other evidence of U.S. citizenship, such as a completed N-600 application with supporting documents.

20. To obtain a Certificate of Citizenship from INS, a U.S. citizen must file an Application for Certificate of Citizenship ("N-600 application") with supporting evidence at the I.N.S. office having jurisdiction over the applicant's residence. 8 C.F.R. §§ 341.1 and 341.2. Supporting documents establishing acquired citizenship ordinarily include the applicant's birth certificate, the applicant's United States citizen parent's birth certificate, and documents evidencing compliance with any requirements that the United States citizen's parent have resided in the United States. An applicant for a Certificate of Citizenship can wait extended periods of time before the I.N.S. finally adjudicates an N-600 application and issues a Certificate of Citizenship. Other means of acquiring evidence of U.S. citizenship acceptable to the Social Security Administration, such as obtaining a U.S. passport, require the presentation of the same or equivalent evidence, and also frequently entail lengthy delays. During the time that an N-600 application, (or application for a U.S. passport), is pending, Defendants will not issue any document authorizing the applicant to be employed in the United States, such as are provided to aliens who have applied for certain immigration benefits, during the pendency of such applications.

21. To obtain employment in the United States, an individual must present evidence which demonstrates that he or she is authorized to

969

be employed in the United States.  An employer may not legally hire even a person who is in fact a United States citizen unless that person provides appropriate documents; 8 U.S.C. § 1324a(a).

22.  Failure to comply with the verification requirements could result in the imposition civil and criminal penalties against the employer.  8 U.S.C. 1324a.  As a result, it is extremely difficult, if not impossible, for foreign-born U.S. citizens who have pending N-600 applications to obtain employment, until INS has adjudicated the application, and issued a Certificate of Citizenship.  This process sometimes extends over a period of several years.

23.  The INA lists certain documents as evidence of employment authorization, which list includes any documentation evidencing authorization of employment which the Attorney General finds, by regulation, to be acceptable for these purposes, 8 U.S.C. 1324a(b)(1)(C)(iii).

24.  The Attorney General has the power, under 8 USC Section 1324a(h)(3), to issue employment authorization, with or without the promulgation of specific regulations.  There are currently no regulations under the I.N.A. providing for the issuance of work authorization to United States citizens who have filed N-600 applications, and whose claims to United States citizenship have not been finally adjudicated.  Nor has the Attorney General otherwise exercised her power to grant employment authorization to N-600 applicants.  By contrast, regulations have been promulgated allowing for the issuance of work authorization to certain classes of aliens seeking discretionary immigration benefits.  Some categories of aliens, including those lawfully admitted for permanent residence, are authorized by the Act, as a condition of their status, to be employed in the United States.  8 USC 1324a(h)(3)(A).  Aliens who have applications pending with INS for lawful permanent resident status, under 8 USC Sections 1254(a), 1255, and 1259, are entitled to be employed in the United States.

970

8 CFR Sec. 274a.12(c)(10), (c)(9) and (c)(16).  This entitlement persists whether the underlying application is pending before the Immigration and Naturalization Service, an Immigration Judge, the Board of Immigration Appeals, or even during judicial review.

25.  A large variety of other categories of aliens, including those who have been granted asylum, or voluntary departure, those who have been admitted or paroled into the United States as refugees, or paroled in for emergent or humanitarian reasons, and even aliens who are under final orders of deportation, and have been released under an order of supervision, or have been placed under deferred action, as a matter of administrative convenience, may also be granted employment authorization.  8 CFR Sec. 274a.12(a)(5), c(12), (a)(3), (a)(4), (c)(11), (c)(18) and (c)(14).

26.  A number of classes of non-immigrant aliens may be granted employment authorization, and social security numbers, including foreign students, dependents of exchange visitors, vocational foreign students, and even visitors for business who are the domestic or personal servants of employers who are temporarily the United States, or of foreign airlines.  8 CFR Sec. 274a.12(c)(3)(i) and (ii), (c)(5), (c)(6), and (c)(17)(i) and (ii).

27.  While defendants Janet Reno and Doris Meissner have granted employment authorization to aliens seeking discretionary immigration benefits, defendants have failed to issue to United States citizens interim documentation of their right to work in the United States while their N-600 applications are pending.

## STATEMENT OF FACTS

28.  Plaintiff Salinas-Grimaldo was born in Mexico, but nevertheless acquired U.S. citizenship at birth through his U.S. citizen father, Raul Salinas Garcia, who was born in Rio Grande, Texas, on February 3, 1928.  Plaintiff's United States citizen

971

father has resided in the U.S. since birth. Plaintiff first applied for a Certificate of Citizenship in 1977. That application was denied, as INS at that time disputed the U.S. citizenship of his father, through whom he acquired U.S. citizenship. However, on or about July 14, 1994, INS recognized that his father is, indeed, a United States citizen. On November 1, 1994, his older brother, Raul Salinas-Grimaldo, filed a renewed N-600 application, and on January 30, 1995, a certificate of citizenship was issued to him. On June 22, 1995, a renewed N-600 application was filed on Plaintiff Salinas' behalf with the I.N.S. district office in Harlingen, Texas, which application is still pending.

29. Plaintiff Salinas-Grimaldo previously had a valid Social Security Card, Number 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, which he lost. As a United States citizen, he applied for a duplicate social security card on June 27, 1995, at the Social Security Administration office in Harlingen, Texas, and was denied a card on June 28, 1995. The Harlingen social security office refused to issue him a duplicate social security card, even though he presented conclusive proof of U.S. citizenship, including proof that a Certificate of Citizenship had already been issued to his older brother, because he was unable to present any of the documents enumerated in 20 C.F.R. 422.107(f).

30. Notwithstanding his good faith efforts to obtain employment, Mr. Salinas was thereafter unemployed for significant periods of time. He applied for various jobs, and was denied employment for no other reason than that he did not have either a social security card, or a document from INS, demonstrating that he was entitled to be employed during the pendency of his N-600 application.

31. As a result of the instant action, INS finally scheduled an appointment on his N-600 application, which appointment he was unable to attend, because he was at that time incarcerated. Since the only actions which remain to be taken on his application are administrative, his counsel requested that they be accomplished

972

either through her, or that INS send an agent to perform them.  So far, INS has not agreed to either course of action.  Once he is released from detention, Mr. Salinas faces the likelihood of another lengthy delay in obtaining an appointment on his N-600, and will continue to suffer the injuries of which he complains herein.

32.  Plaintiff Perez was born in Mexico, but acquired U.S. citizenship at birth through her U.S. citizen mother, Josefina Alcaraz, who was born in Galveston Ranch, Cameron County, Texas, on November 5, 1942.  Plaintiff Perez filed an N-600 application with I.N.S. district office in Harlingen, Texas, on July 21, 1994.  Plaintiff Perez and her U.S. citizen mother were interviewed once, and were advised that additional documentation was required.  Plaintiff Perez did not receive the notice of the second interview, but on July 25, 1995, she wrote to INS, requesting that it be rescheduled, and providing her current address.  She never received a reply to this correspondence, and no new appointment was scheduled until after the instant action was commenced.

33.  While her N-600 application was pending, Plaintiff Perez applied for a social security card at the Social Security Administration office in Harlingen, Texas, which application was denied.  The Harlingen social security office refused to issue a social security card to Plaintiff Perez because while she presented evidence of U.S. citizenship, including a completed N-600 application with supporting evidence, until said application was granted, on October 10, 1996, she was unable to present any of the documents enumerated in 20 C.F.R. 422.107(f).  She also looked for, and was unable to find, employment during this period, for no other reason than the lack of an employment authorization document, and/or a social security card.

34.  Plaintiff Perez is married to a Mexican national, Jose Luis Perez, who filed an application for adjustment of status on July 25, 1995, based on his marriage to Plaintiff Perez, and an I-130

973

petition filed by her on his behalf.  As a result, he applied, and obtained, employment authorization, and a Social Security Card, and is currently employed.

35.  Plaintiff Perez and her husband have two young children who were born in Mexico, who have also applied for adjustment of status at the Harlingen INS Office.  By the time her N-600 was finally approved, and she was able to obtain a social security card, Ms. Perez was almost nine months pregnant, and was not able to be employed.   As a result of the two years during which she was physically capable of being employed, but prevented from obtaining employment as a result of the actions complained of herein, there is a grave danger that her children's applications for adjustment of status will be denied, on the grounds that they are likely to become public charges.  8 U.S.C. 1182(a)(4).

36.  Plaintiff Graciela Alvarez de Zuniga is a U.S. citizen, who filed an N-600 application with INS in 1993.  Plaintiff Alvarez de Zuniga was born in Mexico, but acquired U.S. citizenship at birth, through her U.S. citizen mother, Rosa Hernandez Camarillo, who was born in Coachella, California, on September 27, 1928.  Plaintiff first applied for a certificate of citizenship in 1978.  Her application was denied, because INS believed that a marriage had existed between Plaintiff's mother and father at the time she was born, thereby triggering the heightened residency requirement of her U.S. citizen mother, and concluded that she had not established that she met this heightened requirement.

37.  In 1993, Plaintiff Zuniga filed a new N-600 application with the INS office in Harlingen, Texas.  She was initially interviewed on March 22, 1993, and was asked to submit the birth certificate of her half-sister. [1]   She complied.  She also submitted a detailed

---

[1]  It is not entirely clear how the birth certificate of her half-sister could be of aid in reaching a finding that her parents

974

letter, with affidavits, showing that no marriage existed between her parents at the time of her birth. For the next three years, Ms. Zuniga has attempted to prod INS into making a determination on her application. To date, no decision has been made. In the interim, there is no procedure which would enable Ms. Zuniga, as a *prima facie* United States citizen, to obtain any of the documents required by 8 USC Section 1324a before she can be lawfully granted employment in the United States, and she has consequently been greatly hampered in her ability to find gainful employment.

38. In 1992, Ms. Zuniga married a United States citizen. As the spouse of a U.S. citizen, Ms. Zuniga could have applied for status as a lawful permanent resident, and could have long since obtained employment authorization and a social security card. However, this would have entailed a substantial expenditure, and could have subjected her to the charge that she had abandoned her claim to United States citizenship.

39. Plaintiff Diana Maria Gonzalez de Santos is a U.S. citizen, who filed an N-600 application with the Harlingen district office of INS in February, 1995. She appeared for two interviews on her application, in November 1995, and February, 1996. When no decision was made on her application in a timely fashion, she affirmatively placed herself under deportation proceedings, in order to have her claim to citizenship adjudicated by an Immigration Judge.

40. On July 26, 1996, Immigration Judge Howard Achtsam conducted a hearing on Ms. Gonzalez de Santos' claim to U.S. citizenship. He found that she had established her claim by a preponderance of the evidence, and terminated deportation proceedings. INS appealed this decision to the Board of Immigration Appeals, simultaneously presenting, for the first time, a letter denying her N-600

---

had or had not been married at the time of her birth.

13

975

application.  Ms. Gonzalez de Santos appealed this denial. Both
appeals are still pending.  In the interim, Ms. Gonzalez de Santos
has been unable to obtain provisional employment authorization, or
a social security card, and has been greatly hampered in her
ability to obtain lawful employment while her claim to U.S.
citizenship is being adjudicated.

41.  Cecilia, Jose Guadalupe, Abel, Francisca, and Luis Alberto  De
La Cruz-Perez are U.S. citizens, brothers and sisters, who filed N-
600 applications with the INS district office in Harlingen, Texas
in 1992.  The De La Cruz siblings were all born in Mexico, but
acquired U.S. citizenship through their U.S. citizen mother, Elvia
Perez-Estrada, who was born in Brownsville, Texas on July 9, 1954.
Because Ms. Perez-Estrada was registered by her father as having
been born in Mexico, INS has requested additional proof of her U.S.
citizenship.  The De La Cruz siblings have given INS the name and
address of a witness in Brownsville, Texas, who has personal
knowledge of the birth of their mother.  They requested that INS
send an investigator to interview her, since she is elderly and
infirm, and cannot travel to Harlingen to be interviewed.  INS
refused, and stated that they would make a determination on their
claims solely on the basis of the information in the file.  To
date, however, no decision has been made.  As a result, the De La
Cruz siblings have no means of obtaining any of the documents which
are required by 8 USC Section 1324a before they may be lawfully
employed in the United States, and have been greatly hampered in
their ability to engage in lawful employment while their claims to
U.S. citizenship are being adjudicated.

42.  Maria del Rosario Gutierrez de Limas is a U.S. citizen who
filed an N-600 application with the INS district office in
Harlingen, Texas, in 1990.  Ms. Gutierrez de Limas was born in
Mexico, but acquired U.S. citizenship through her U.S. citizen
father, Carlos Arias Gutierrez, who was born in Guadalupe County,
Texas, on April 11, 1906.  Her application was denied on September

14

976

1, 1993, because INS disputed the fact that he father was a U.S. citizen at the time of her birth, and that he had resided in the U.S. for sufficient time prior to her birth to transmit his (claimed) citizenship to her. Ms. Gutierrez de Limas appealed the denial on September 15, 1993, which appeal is still pending. On information and belief, Ms. Gutierrez de Limas asserts that the Harlingen office of INS has never forwarded her appeal to the proper authorities to be adjudicated. As a result, Ms. Gutierrez de Limas has been unable to obtain any of the documents which are required by 8 USC Section 1324a, before she may be lawfully granted employment in the United States, and has been greatly hampered in her ability to engage in lawful employment while her claim to U.S. citizenship is being adjudicated.

43. It is the policy and practice of defendant Shirley Chater to restrict the type of evidence allowed to establish proof of U.S. citizenship in a way that discriminates among United States citizens. As a result of such restrictions, defendant Shirley Chater denies social security cards to United States citizens born outside the United States who are awaiting issuance of a Certificate of Citizenship from the I.N.S.. The lack of such a card greatly inhibits the ability of a United States citizen to obtain lawful employment, and constitutes invidious discrimination.

44. Defendant Shirley Chater has a duty to issue social security cards to an applicant who can establish that she acquired United States citizenship at birth.

45. It is the policy and practice of defendants Janet Reno, Doris Meissner, and E.M. Trominski to refuse to issue evidence of authorization to work to United States citizens and claimants to U.S. citizenship, while their claims are being adjudicated. By contrast, it is the policy and practice of defendants to grant work authorization to aliens seeking a variety of immigration benefits, even before there has been a determination of their eligibility for

977

these benefits, and, in some cases, even following a final order of deportation.  Such practices constitute invidious discrimination under the U.S. Constitution against U.S. citizens, and against those whose bona fide claims to U.S. citizenship are pending.

46.  As a result of defendants' policies and practices, Plaintiffs have been prevented from working in the United States, having their earnings reported, and obtaining other benefits under the Social Security Act.   They are also unable to obtain unemployment insurance, and cannot participate in a wide variety of state and federal programs.  Such policies have resulted in a denial of their constitutional and statutory rights.

47.  Over the past year, a number of requests have been made of defendants Reno, Trominski, and the Social Security Administration, on behalf of Plaintiffs, and the class they represent, that a procedure be implemented, such that documents may be issued, evidencing their right to be employed in the United States, and that they be issued Social Security numbers.  No written reply has ever been received to any of these requests.  As of the filing of the instant action, all Plaintiffs except Antelma Dominguez Perez are still unable to obtain (original or duplicate) social security numbers, and the injuries suffered by them, and their dependants, continue unabated.   Although Ms. Perez has been granted a Certificate of Citizenship, and social security card, the injury suffered by her during the time her N-600 was pending has not been rectified thereby, and her two minor Mexican national children continue to be threatened with injury at the hands of Defendants, as a result of the time during which she was unable to work.

48.  Once Plaintiff Salinas is released from detention, he will face the same difficulties as before, as there is no certainty that he will be able to obtain prompt adjudication of his pending N-600, even though his claim to have acquired U.S. citizenship at birth is beyond  dispute,  and  the  Defendants  will  continue  to  deny

16

978

provisional employment authorization, and a duplicate social security card, while his citizenship is being adjudicated.

## FIRST CAUSE OF ACTION

49. Defendants' refusal to provide Plaintiffs and the class they represent with the documentation necessary to legally obtain employment during the time that their N-600 applications are pending with INS violates their rights under the Fifth Amendment of the United States Constitution, and constitutes an unlawful restraint on their liberty, not shared by the population at large.

## SECOND CAUSE OF ACTION

50. The Social Security Act provides that the Secretary must take affirmative measures to assure that members of all appropriate groups, including United States citizens, are assigned social security cards. 42 U.S.C. 405(c)(2)(B). Defendant Chater's policy and practice of denying plaintiffs social security cards based on their refusal to accept evidence of U.S. citizenship from foreign-born United States citizens other than the specific documents enumerated in 20 C.F.R. 422.107(f) violates the Social Security Act, and the Fifth Amendment of the U.S. Constitution.

## THIRD CAUSE OF ACTION

51. Defendant Chater's failure to provide the right to an administrative appeal from her denial of plaintiffs' applications for social security cards or an opportunity for a hearing after such decision violates the Fifth Amendment of the Constitution.

## FOURTH CAUSE OF ACTION

52. Under 8 U.S.C. § 1401, certain persons born outside of the United States acquire United States citizenship at birth. 8 U.S.C.

17

979

§ 1324a requires employers to verify a prospective employee's right to work in the United States.   Said section has also been interpreted as imposing a concomitant requirement on individuals seeking employment in the United States to present documents to a potential employer which demonstrate their entitlement to be employed.   These provisions read together impose a duty on defendants Janet Reno, Doris Meissner, and E.M. Trominski to provide all N-600 applicants evidence of their right to work in the United States during the time that their claims to United States citizenship are being adjudicated.   Defendants' policy and practice of denying plaintiffs evidence of their right to work in the United States violates the Immigration and Nationality Act, the Administrative Procedure Act, and the Fifth Amendment.

### FIFTH CAUSE OF ACTION

53.   The refusal of Defendants to provide provisional employment authorization and social security cards to N-600 applicants during the time that their claims to citizenship are being adjudicated causes injuries which are not always fully redressed by the subsequent issuance of the requested Certificates of Citizenship. As in the case of Plaintiff Dominguez de Perez, the two years that she was deprived of the documents necessary for her to be lawfully employed in the United States places at risk her ability to obtain lawful status for her minor children.   Under such circumstances, application by Defendants of the standard guidelines for determining whether or not the dependents of Plaintiffs will become public charges, when adjudicating their applications for lawful permanent residency, violates Plaintiffs' rights to equal protection under the laws in their ability to obtain lawful permanent resident status for their loved ones.

### IRREPARABLE HARM

54.   The foregoing refusals to provide evidence of Plaintiffs'

18



right to work in the United States and social security cards renders it impossible for them to (lawfully) obtain many jobs for which they would be otherwise qualified, and makes it difficult, if not impossible, for them to obtain any type of lawful employment. This injury is irreparable and plaintiffs have no adequate remedy at law.  Defendants' refusal to provide documentation enabling Plaintiffs to be lawfully employed in the United States while their claims to U.S. citizenship are being adjudicated has resulted in continuing, present, and serious, adverse effects, which are likely to be redressed by the requested relief.

55.  Plaintiffs have exhausted any and all administrative remedies provided by defendants.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs, on behalf of themselves and the class they represent, pray that this Court:

(a)  Certify this action as a class action pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure;

(b)  Issue a declaratory judgment that the current policies of defendants in refusing to provide individuals who have filed N-600 applications with evidence of their right to work in the United States and social security cards during the time that their claims to United States citizenship are being adjudicated violates the Social Security Act, the Immigration and Nationality Act, the Administrative Procedure Act, and the 5th Amendment of the United States Constitution;

(c)  Enjoin defendants Janet Reno, Doris Meissner and E.M. Trominski from continuing to deny individuals who have filed N-600 applications a document evidencing their right to work in the United States during the time that their claims to U.S. citizenship are being adjudicated, and to enjoin defendant Shirley Chater from continuing to deny social security cards to said individuals;

(d)  Issue an order restraining defendants Janet Reno, Doris

19

981

Meissner and E.M. Trominski from not issuing a document evidencing employment authorization in the United States to individuals who have filed an N-600 application during the time that their claims to U.S. citizenship are being adjudicated;

(e)  Enjoin defendants Janet Reno, Doris Meissner and E.M. Trominski from denying, solely on the ground that they may become public charges, the applications for permanent residency of the dependents of those Plaintiffs who were unable to obtain provision employment authorization and social security cards while their claims to United States citizenship were being adjudicated;

(f)  Issue an order restraining defendants Janet Reno, Doris Meissner and E.M. Trominski from denying, solely on the ground that they may become public charges, the applications for permanent residency of the dependents of those Plaintiffs who were unable to obtain provision employment authorization and social security cards while their claims to U.S. citizenship were being adjudicated;

(g)  Issue an order restraining defendant Shirley Chater from not issuing social security cards to all persons who have filed N-600 applications and whose claims to U.S. citizenship have not been finally adjudicated;

(h)  Issue an order restraining defendant Shirley Chater from not conducting administrative review of denials of social security cards;

(i)  Require defendants to notify all members of plaintiffs' class of the relief granted in this action;

(j)  Award plaintiffs costs and attorney fees of this actions pursuant to 28 U.S.C. §§ 2412(d)(1)(A);

(k)  Award such other relief as this Court deems just and proper at law or in equity.

Dated: November 6, 1996

Respectfully Submitted,

20



Lisa Brodyaga (Attorney-in-Charge)
402 E. Harrison, 2nd floor
Harlingen, TX  78550
ph. (210) 421-3226
fax (210) 421-3423
Federal ID:  1178

Mary Kenney
Lynn Coyle
Lawyers' Committee for Civil Rights
under Law of Texas
Immigrant and Refugee Rights Project
2311 N. Flores
San Antonio, TX  78212
ph. (210) 736-1503
fax (210) 736-3958

Thelma O. Garcia
301 E. Madison
Harlingen, TX 78550
ph. (210) 425-3701
fax  (210) 428-3731
Federal ID:  3449


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, first-class postage prepaid, to Ernesto H. Molina, Jr., Attorney, OIL, Box 878, Ben Franklin Station, Washington, D.C. 20044, this 6th day of November, 1996.



_____

21

983