IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 07 1996

Michael N. Milby, Clerk

ANTELMA DOMINGUEZ-PEREZ, et. al.   )
                                   )
    Plaintiffs,                    )
                                   )   CIVIL ACTION NO. B-96-116
JANET RENO, et. al.                )
                                   )
    Defendants,                    )

SUPPLEMENTAL POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

I.   **NATURE AND STAGE OF PROCEEDINGS**

This action, filed July 18, 1996, seeks declaratory and injunctive relief. Plaintiffs all claim to have acquired United States citizenship at birth, and have all filed applications for Certificate of Citizenship ("N-600 applications"). They challenge Defendants' practices and policies which severely restrict their ability to engage in lawful employment in the United States, by denying them the ability to obtain provisional employment authorization and social security cards while their claims to U.S. citizenship are being adjudicated, in violation of the Fifth Amendment of the United States Constitution, the Social Security Act, the Immigration and Nationality Act, and the Administrative Procedure Act. Plaintiffs filed a Motion for Class Certification on October 18, 1996, which is currently pending before this court. Defendants have moved to dismiss this action. A hearing is scheduled for November 15, 1996.

## II. ISSUES PRESENTED

A. Whether the case should be certified as a class action pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, and if so, how the class should be defined.

B. Whether the named Plaintiffs should be certified as representatives of the class.

## III. ARGUMENT

Plaintiffs move this Court to certify them as representatives of a class consisting of all people who have filed or will file an N-600 application for a Certificate of U.S. citizenship, with the I.N.S. District Office in Harlingen, Texas, and who have been unable or will be unable to obtain provisional employment authorization, and original or duplicate social security cards, during the period of time that their claims to U.S. citizenship are being adjudicated.

Class certification is appropriate because Plaintiffs meet all requirements of Rule 23(a) and (b)(2).

1.   Joinder is impracticable.

Joinder of a class which includes all people who have filed or will file N-600 applications for a Certificate of U.S. citizenship, with the I.N.S. District Office in Harlingen, TX, and who have been unable or will be unable to obtain provisional employment authorization, and original or duplicate social security cards, during the period of time that their claims to United States citizenship are being adjudicated, is impracticable.

There are actually many more class members than the individuals identified to date, and new ones will be added almost on a daily

2



basis.[1] The Plaintiffs named to date represent some, but not all, of the clients who have filed N-600 applications of only two attorneys in the Rio Grande Valley, to wit, Lisa Brodyaga, and Robert Crane. There are a number of other local attorneys with pending cases of this nature, plus an indeterminate number of *pro se* applications, the identification of which would be difficult, if not impossible. Given the policies of the Defendants, it is clear that none of the members of the putative class have obtained provisional employment authorization on the basis of having filed N-600 applications, and that in the absence of such a document, the Social Security Administration will not issue social security cards. *Orantes-Hernandez v. Smith*, 541 F. Supp. 351, 370 (C.D. Cal. 1982) (Where class sizes are unknown but general knowledge and common sense indicate that it is large, numerosity is satisfied.).

Moreover, numbers alone are not sufficient to determine whether joinder of class members is practicable. "The proper focus is not on numbers alone, but on whether joinder of all members is practicable in view of the numerosity and all other relevant factors." *Phillips v. Joint Legislative Com., Etc.*, 637 F. 2d 1014, 1022 (5th Cir. 1981). *See also, Garcia v. Gloor*, 618 F.2d 264, 267 (5th Cir. 1980) ("The basic question is practicability of joinder, not number of interested persons per se.").

In addition, since the class includes future N-600 applicants who will be unable to obtain provisional employment authorization and original or duplicate social security cards, it necessarily includes individuals who are unidentifiable. Under such circumstances, the requirement of Rule 23(a)(1) is easily met, since "joinder of unknown individuals is certainly impracticable."

---

[1] Plaintiffs cannot accurately identify the exact number of class members. Since this information is within the knowledge and control of Defendants, Plaintiffs have filed their First Set of Request for Admission seeking this information. However, Defendants have not yet responded to such request.

3

950

*Phillips*, 637 F. 2d at 1022, quoting *Jack v. American Linen Supply Company*, 498 F.2d 122 (5th Cir. 1974) (per curiam). Future N-600 applicants, will be uable to obtain provisional work authorization and social security cards, and are members of the class. Not only is the inclusion of such unidentified future members permissible, smaller classes are, in fact, less objectionable where they seek injunctive relief on behalf of future class members as is the case here. *Jones v. Diamond*, 519 F. 2d 1090, 1100 (5th Cir. 1975), citing *Jack v. American Linen Supply Company*, 498 F.2d at 122.

2. Common questions of law and fact abound and the named Plaintiffs' claims are typical of both classes.

The Supreme Court has recognized that the commonality and typicality requirement of Rule 23(a) tend to merge because "[b]oth serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named Plaintiffs' claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Telephone Company of the Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1982). Class members in this case are in the same factual situation and are linked by common questions of law.

The following common facts are shared by all class members:

1. All class members have filed or will file an N-600 application for a Certificate of Citizenship;

2. The claim of all class members to be United States citizens has not yet been finally adjudicated.

3. All class members have been or will be unable to obtain provisional employment authorization on the basis that they have filed N-600 applications, and that their claims to United States citizenship have not been finally adjudicated;

4

951

4. All class members have been or will be unable to obtain original or duplicate social security cards on this basis;

5. All class members have been denied or will be denied the right to obtain provisional employment authorization and original or duplicate social security cards as a result of Defendants' policies and practices.

6. The ability of all class members to engage in lawful employment in the United States while their claim to U.S. citizenship is being adjudicated has been severely curtailed as a direct and proximate result of Defendants' policies and practices.

The common question of law for all class members is whether the challenged policies and practices of the Defendants which deny N-600 applicants the right to obtain provisional employment authorization and social security cards, violate the Fifth Amendment of the U.S. Constitution, the Immigration and Nationality Act, the Social Security Act and the Administrative Procedure Act.

The named Plaintiffs who seek certification as class representatives are "part of the class and `possess the same interest and suffer the same injury' as the class members." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. at 156, quoting *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403, 97 S.Ct. 1891, 1896 (1976); *Murillo v. Musegades*, 809 F. Supp. 487 (W.D. TX. 1992) Both the named plaintiffs and the class members seek provisional employment authorization and social security cards. All have been denied this right. The situation of the named Plaintiffs is typical of the class.

3. The named Plaintiffs will adequately represent the class.

Rule 23(a)(4) has a dual focus: 1) whether the class representatives have a common interest with the members of the

5

952

class, and 2) whether the class representatives will vigorously prosecute the suit through qualified counsel. *Paxton v. Union National Band*, 688 F. 2d 552, 562-63 (8th Cir. 1982).

The named Plaintiffs satisfy the first requirement as they join with the class members in seeking to overturn administrative policies and practices that have caused both the named Plaintiffs and the class members injury. The second element of Rule 23(a)(4) addresses the qualification of Plaintiffs' counsel. The undersigned attorneys have experience as lead or co-counsel in class actions and in other civil rights cases. Counsel have access to ample resources necessary to successfully prosecute this action.

4. Defendants have acted or refused to act on grounds generally applicable to the class.

The final requirement of Rule 23 is that the Defendants must have acted or refused to act on grounds generally applicable to the proposed class, thereby making appropriate final injunctive and declaratory relief with respect to the class as a whole. Here, Defendants' policies and practices have been adversely applied to all members of the class. Final injunctive or declaratory relief regarding the legality of these policies and practices will resolve the claims of all class members in both classes. The relief the Plaintiffs seek is precisely the type for which subdivision (b)(2) was designed. *See Penson v. Terminal Transport Company*, 634 F. 2d 989, 993 (5th Cir. 1981).

## IV. CONCLUSION

WHEREFORE, Plaintiffs respectfully request that they be certified as representatives of the following class:

> All people who have filed or will file an N-600 application for a Certificate of U.S. citizenship, with the I.N.S. District Office in Harlingen, Texas, and who

have been unable or will be unable to obtain provisional employment authorization, and original or duplicate social security cards, during the period of time that their claims to U.S. citizenship are being adjudicated.

Plaintiffs further request that the instant action proceed as a class action, under Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

                        Respectfully submitted,

                        LISA BRODYAGA
                        402 E. Harrison, 2nd floor
                        Harlingen, TX  78550
                        (21) 421-3226

                        MARY KENNEY
                        LYNN COYLE
                        Lawyers' Committee for Civil Rights
                        Under Law of Texas
                        Immigrant and Refugee Rights Project
                        2311 N. Flores
                        San Antonio, TX  78212
                        (210) 736-1503

                        THELMA GARCIA
                        301 E. Madison
                        Harlingen, Texas 78550
                        (210) 421-3226

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was mailed, first-class postage prepaid, to Ernesto Molina, Jr., Attorney, OIL, Box 878, Ben Franklin Station, Washington, D.C. 20044, on Nov. 6, 1996.



954