14

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHER DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

ANTELMA DOMINGUEZ-PEREZ,              )
MARIO GUADALUPE SALINAS               )
    GRIMALDO,                         )
PATRICIA BOONE-GOMEZ, and             )
ARMANDO BOONE-GOMEZ,                  )
                                      )
        Petitioners,                  )
                                      )        No. B-96-116
    v.                                )
                                      )
JANET RENO, in her official           )
capacity as Attorney General          )
of the United States,                 )
DORIS MEISSNER, in her                )
official capacity as                  )
Commissioner of the                   )
Immigration and                       )
Naturalization Service,               )
E. M. TROMINSKI, in his               )
official capacity as                  )
District Director of the              )
Immigration and                       )
Naturalization Service                )
District Office in                    )
Harlingen, Texas, and                 )
SHIRLEY S. CHATER, in her             )
official capacity as                  )
Commissioner of Social                )
Security,                             )
                                      )
        Defendants.                   )
                                      )

United States District Court
Southern District of Texas
FILED

NOV  7 1996

Michael N. Milby
Clerk of Court

### DEFENDANTS' (OPPOSED) MOTION TO HOLD
### IN ABEYANCE THE COURT'S DETERMINATION
### OF PLAINTIFFS' MOTION FOR
### CLASS CERTIFICATION PENDING DETERMINATION
### OF DEFENDANTS' MOTION TO DISMISS AND
### MOTION TO HOLD DISCOVERY IN ABEYANCE

Defendants, through their undersigned counsel, respectfully
move the Court to hold in abeyance the Court's determination of
Plaintiffs' Motion for Class Certification pending the
determination of Defendants' Motion to dismiss and to hold
discovery in abeyance.

940

1.   On October 18, 1996, Defendants filed Defendants' Motion to Dismiss for Mootness and for Lack of Standing.  In that motion, Defendants move for dismissal of all the named plaintiffs to the instant action.

2.   Contemporaneous to the filing in paragraph 1, plaintiffs filed a motion for certification of class.  They request the Court to certify the class defined as "all people who have pending or will have pending an N-600 application for a Certificate of U.S. Citizenship, with the I.N.S. District Office in Harlingen, Texas, and who have been unable or will be unable to obtain provisional employment authorization, and original or duplicate social security cards, during the period of time that their N-600 applications are pending."  Plaintiffs' (Opposed) Motion for Class Certification with incorporated points and authorities 1.

3.   To date, the Court has not decided the Defendants' motion to dismiss.  Thus, whether a class certification should issue is much in doubt, as there is significant reason to believe that no class representatives exist.

The Defendants' motion to dismiss has merit and will prove dispositive of all issues.  The motion to dismiss demostrates the the Court lacks jurisdiction over the instant case on grounds of mootness and absence of injury in fact.  Lewis v. Continental Bank, 494 U.S. 472, 477 (1990).  While a suit may have been considered alive at the inception of the suit, "[t]he parties must continue to have 'personal stake in the outcome' of the lawsuit."  Lewis v. Continental Bank, 494 U.S. 472, 478 (1990).

941

citing <u>Los Angeles v. Lyons,</u> 461 U.S. 95, 101 (1990). Three of
the four named plaintiffs -- Antelma Dominguez-Perez, Patricia
Boone-Gomez, and Armando Boone-Gomez -- no longer have claims,
based on their receipt of certificates of citizenship. Thus,
they have obtained the relief they seek and no longer have live
claims. Accordingly, they must be dismissed as litigants.

The sole remaining plaintiff, Mario Guadalupe Salinas
Grimaldo, is presently in prison. The motion to dismiss
demonstrates that because of his incarceration, he lacks any
cognizable, concrete injury in fact, as required by <u>Lujan v.</u>
<u>Defenders of Wildlife</u>, 504 U.S. 555, 559 (1992). Salinas has not
been denied a certificate of citizenship and he has not sought
any employment.

Moreover, he is unable to establish that the failure to
provide him work authorization has caused him any injury, as it
is his incarceration which prevents him from obtaining
employment. <u>Lujan</u>, 504 U.S. at 560, <u>citing</u> <u>Simon v. Eastern</u>
<u>Kentucky Welfare Rights Organization</u>, 426 U.S. 26, 41-42 (1976).
Additionally, he elected to file for a social security card by
trying to use his brother's certificate of citizenship as proof
of his own citizenship. He is, therefore, the cause of the
nonissuance of a social security card to himself. Thus, he lacks
any cognizable injury in fact.

Because the motion to dismiss demonstrates that there is no
plaintiff who can bring this cause of action, it is dispositive
of the Plaintiffs' Motion for Class Certification. Moreover, the

942

court will not need to determine class certification if the motion to dismiss is granted.

4.    Furthermore, requiring the Defendants' to respond to the Motion for Class Certification while its Motion to Dismiss is pending would be highly burdensome.

5.    On October 15, 1996, Defendants were served with Plaintiffs' First Set of Requests for Admissions.  This request was improper under Fed. R. Civ. P. 26(d), which states:  "[A] party may not seek discovery from any sources before the parties have met and conferred as required by subdivision (f)."  There has been no discovery conference for this case under Fed. R. Civ. P. 26(f).  Thus, the Defendants' should not be required to respond and any such requirement is highly burdensome.

6.    Counsel for the Plaintiffs, Lisa Brodyaga, was contacted and informed of the intention to file this motion.  The parties could not reach an agreement on this motion.  On behalf of her clients, Ms. Brodyaga expressed opposition to the motion.

///

///

///

///

///

///

///

///

///

9/3

## CONCLUSION

For the reasons stated above, the Court should hold its decision on Plaintiffs' Motion for Class Certification in Abeyance pending the determination of Defendants' motion to dismiss and should order discovery held in abeyance.

Respectfully submitted,

FRANK W. HUNGER
Assistant Attorney General
Civil Division

BRENDA E. ELLISON
Senior Litigation Counsel

_____
Ernesto H. Molina, Jr.
Attorney
Civil Division
Office of Immigration Litigation
United States Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, D.C.   20044
(202) 616-9344

Dated:  November 6, 1996        Attorneys for Defendants

944

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 1996, one copy of Defendants' (Opposed) Motion to Hold in Abeyance the Court's Determination of Plaintiffs' Motion for Class Certification Pending Determination of Defendants' Motion to Dismiss and Motion to Hold Discovery in Abeyance was served on plaintiffs by placing it in a Department of Justice mail room for same day mailing, addressed as follows:

        Lisa S. Brodyaga, Esquire
        402 E. Harrison, 2nd Floor
        Harlingen, TX  78550

        ERNESTO H. MOLINA, JR.
        Attorney
        Civil Division
        Office of Immigration Litigation
        United States Department of Justice
        P.O. Box 878
        Ben Franklin Station
        Washington, D.C.   20044
        (202) 616-4860

945

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHER DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| ANTELMA DOMINGUEZ-PEREZ,<br>MARIO GUADALUPE SALINAS<br>   GRIMALDO,<br>PATRICIA BOONE-GOMEZ, and<br>ARMANDO BOONE-GOMEZ,<br><br>          Petitioners,<br><br>     v.<br><br>JANET RENO, in her official<br>capacity as Attorney General<br>of the United States,<br>DORIS MEISSNER, in her<br>official capacity as<br>Commissioner of the<br>Immigration and<br>Naturalization Service,<br>E. M. TROMINSKI, in his<br>official capacity as<br>District Director of the<br>Immigration and<br>Naturalization Service<br>District Office in<br>Harlingen, Texas, and<br>SHIRLEY S. CHATER, in her<br>official capacity as<br>Commissioner of Social<br>Security,<br><br>          Defendants. | No. B-96-116 |

**ORDER**

Upon consideration of the Defendants' Opposed Motion to Hold in Abeyance the Court's determination of Plaintiffs' Motion for Class Certification Pending Determination of Defendants' Motion to Dismiss and Motion to Hold Discovery in Abeyance, and the response filed by defendants, it is:

ORDERED, that Defendants' Motion to Hold in Abeyance the Court's Determination of Plaintiffs' Motion for Class Certification Pending Determination of Defendants' Motion to

946

Dismiss and Motion to Hold Discovery in Abeyance be, and the same hereby is GRANTED; and it is further Ordered that discovery be held in abeyance pending the Court's decision on the Defendants' Motion to Dismiss.

Done at Brownsville, Texas,

this _____ day of _____, 1995.


_____
JUDGE PRESIDING

947