**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

**NOV 15 1996**

Michael N. Milby, Clerk

| | |
|---|---|
| ANTELMA DOMINGUEZ-PEREZ, et. al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION NO. B-96-116 |
| JANET RENO, et. al. | ) |
| | ) |
| Defendants, | ) |

**PLAINTIFFS' REQUEST FOR DEFAULT,**
**IMMEDIATE CLASS CERTIFICATION, AND**
**RULE 11 SANCTIONS**

Come Plaintiffs, by and through the undersigned, and respectfully request that this Honorable Court enter default against Defendants; immediately certify the instant class as requested by Plaintiffs, and impose Rule 11 sanctions, including attorneys fees, against Defendants, for their frivolous motions, to wit, to dismiss for mootness and lack of standing, and to hold discovery and class certification in abeyance pending the Court's ruling on their motion to dismiss.

The instant action was filed July 18, 1996. Service on Respondent Trominski was accomplished immediately. The other Respondents were served in August of 1996, more than sixty days ago. To date, Respondents have filed no answer, or other responsive pleading as contemplated by the Federal Rules of Civil Procedure.

At the hearing on September 23, 1996, it was noted that INS had finally scheduled appointments on the N-600 applications of the four named Plaintiffs, and that most probably, those applications



would be granted. As a result, Plaintiffs requested, and the Court granted, leave to file an amended complaint, to avoid questions of mootness. Said amended complaint was filed on November 7, 1996. Even without the amended complaint, however, the instant action was clearly viable, as a result of the participation of Mr. Salinas-Grimaldo, who was unable to attend the scheduled interview. [1] In addition, on October 12, 1996, Plaintiffs served their first set of requests for admission, to which no answers have been filed. [2]

To date, the only pleadings filed by Defendants have been wholly meritless requests for dismissal and delay. The Court should not condone such tactics.

WHEREFORE, Plaintiffs respectfully request as follows:

(1) That default be entered against Defendants;

(2) That the named Plaintiffs be certified as representatives of the following class:

> All people who have filed or will file an N-600 application for a Certificate of U.S. citizenship, with the I.N.S. District Office in Harlingen, Texas, and who have been unable or will be unable to obtain provisional employment authorization, and original or duplicate social security cards, during the period of time that

---

[1] INS opted to argue "lack of standing," a clearly frivolous position with respect to Mr. Salinas, rather than accommodate counsel's request that the signatures be obtained, and oath administered, at his place of detention, which is, not coincidentally, regularly frequented by agents of Defendants.

[2] Although Defendants requested that discovery be stayed, no Order to that effect has been obtained, and Plaintiffs would urge that the requests have been admitted, pursuant to Rule 36(b), Federal Rules of Civil Procedure, and that Defendants should not be allowed to withdraw these admissions. The requests for admission at issue are attached hereto, as Plaintiffs' Exhibit "B" herein incorporated by reference.

2

927

their claims to U.S. citizenship are being adjudicated.

(3)  That the instant action proceed as a class action, under Rule 23(a) and (b)(2). F.R.Civ. Procedure; and

(4)  That, pursuant to Rule 11, Federal Rules of Civil Procedure, sanctions be imposed against Defendants, including attorneys' fees for the time Plaintiffs have been required to expend defending against Defendants' frivolous pleadings.

Respectfully submitted,

LISA BRODYAGA
402 E. Harrison, 2nd floor
Harlingen, TX  78550
(21) 421-3226

MARY KENNEY
LYNN COYLE
Lawyers' Committee for Civil Rights
Under Law of Texas
2311 N. Flores
San Antonio, TX  78212
(210) 736-1503

THELMA GARCIA
301 E. Madison
Harlingen, Texas 78550
(210) 421-3226

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was mailed, first-class postage prepaid, to Ernesto Molina, Jr., Attorney, OIL, Box 878, Ben Franklin Station, Washington, D.C. 20044, on Nov. 15, 1996.  I further certify that an additional copy will be provided to him in Court on this date.

3



928

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

ANTELMA DOMINGUEZ-PEREZ, et. al.   )
                                           )
      Plaintiffs,                )
                                         )     CIVIL ACTION NO. B-96-116
JANET RENO, et. al.              )
                                         )
      Defendants,              )

**PLAINTIFFS' EXHIBIT "B"**

929

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANTELMA DOMINGUEZ-PEREZ, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. B-96-116 |
| | ) | |
| JANET RENO, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

To: Defendants, by and through their attorney of record, Ernesto Molina, Office of Immigration Litigation, US Department of Justice, P.O. Box 878, Ben Franklin Station, Washington DC 20044.

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiffs hereby request that Defendants Janet Reno, Doris Meissner, and E. M. Trominski answer each of the following requests for admission. If the information necessary to provide an answer to a request for admission is under the control of one or more of the Defendants, and the answer can be ascertained with a reasonable amount of effort, please answer the request for admission. If the information necessary to provide an answer to a request for admission is under the control of one or more of the Defendants, but the answer is not known, and cannot be ascertained with a reasonable amount of effort, please state the projected amount of time which would be required to ascertain and provide the answer. If the information necessary to provide an answer to the request for admission is not under the control of any of the Defendants, and the answer is not known, so state.

If the answer to a request for admission is only partly known, or can only be partly ascertained with a reasonable amount of effort, provide all responsive information known or reasonably ascertainable, and specify in what respects the response is not or may not be complete because of lack of information or knowledge. These requests for admissions are continuing and should be supplemented as provided in Rule 26(e) of the Federal Rules of Civil Procedure.

If the answer to any request for admission is anything but an unqualified admission, state whether all or any part is denied, specify which part is denied, and explain the basis of the partial or complete denial.

If a privilege or other protection from disclosure is claimed as to any request for admission, in whole or in part, specify the ground of each such privilege or protection claimed. If a privilege is asserted as to a communication, identify it with particularity, including its date, all participants thereto, and all persons to whom the communicated information has been disclosed.

## REQUEST FOR ADMISSION NUMBER 1

Admit that the named plaintiffs herein, Antelma Dominguez-Perez, Mario Guadalupe Salinas-Grimaldo, Patricia Boone-Gomez, and Armando Boone-Gomez, all acquired United States citizenship at birth.

2

931

**REQUEST FOR ADMISSION NUMBER 2**

Admit that on July 25, 1995, named plaintiff Antelma Dominguez-Perez, with full disclosure that her application for a certificate of citizenship was still pending at INS, filed an I-130 (petition to classify alien relative), on behalf of her husband, Jose Luis Perez, who simultaneously filed an application for adjustment of status to that of a lawful permanent resident alien, based on this I-130, and an application for employment authorization, based on this application for adjustment of status, and that a letter was issued by INS at that time, stating that his application for employment authorization had been approved, and advising him to appear at the INS Office on August 31, 1995, to receive his employment authorization card.

**REQUEST FOR ADMISSION NUMBER 3**

Admit that there are currently more than 250 N-600 applications pending at the INS district office in Harlingen, Texas.

**REQUEST FOR ADMISSION NUMBER 4**

Admit that there are currently more than 100 N-600 applications pending at the INS district office in Harlingen, Texas.

**REQUEST FOR ADMISSION NUMBER 5**

3

932

admit that there are currently more than 50 N-600 applications pending at the INS district office in Harlingen, Texas.

## REQUEST FOR ADMISSION NUMBER 6

Admit that there are currently more than 25 N-600 applications pending at the INS district office in Harlingen, Texas.

## REQUEST FOR ADMISSION NUMBER 7

Admit that there are currently more than 25 N-600 applications which have been denied by the Harlingen INS District Office, in which appeals were timely filed, and which, more than 60 days after filing the appeal, have not yet been transferred by the Harlingen INS Office to the appropriate unit for adjudication of the appeal.

## REQUEST FOR ADMISSION NUMBER 8

Admit that there are currently more than 10 N-600 applications which have been denied by the Harlingen INS District Office, in which appeals were timely filed, and which, more than 60 days after filing the appeal, have not yet been transferred by the Harlingen INS Office to the appropriate unit for adjudication of the appeal.

## REQUEST FOR ADMISSION NUMBER 9

933

Admit that there are currently more than 5 N-600 applications which have been denied by the Harlingen INS District Office, in which appeals were timely filed, and which, more than 60 days after filing the appeal, have not yet been transferred by the Harlingen INS Office to the appropriate unit for adjudication of the appeal.

## REQUEST FOR ADMISSION NUMBER 10

Admit that there are currently more than 25 N-600 applications which have been pending at the Harlingen INS Office for longer than one year.

## REQUEST FOR ADMISSION NUMBER 11

Admit that there are currently more than 10 N-600 applications which have been pending at the Harlingen INS Office for longer than one year.

## REQUEST FOR ADMISSION NUMBER 12

Admit that there are currently more than 5 N-600 applications which have been pending at the Harlingen INS Office for longer than one year.

## REQUEST FOR ADMISSION NUMBER 13

5

934

Admit that to obtain lawful employment in the United States, a United States citizen who has an N-600 application pending is required by the Immigration and Nationality Act to present a document to potential employers which demonstrates that he or she is authorized to be employed in the United States.

### REQUEST FOR ADMISSION NUMBER 14

Admit that pursuant to 8 U.S.C. § 1324a(a), an employer may not legally hire a person who is in fact a United States citizen unless that person provides certain documentation, as described in § 1324a(b), evidencing his or her right to work in the United States.

### REQUEST FOR ADMISSION NUMBER 15

Admit that failure to comply with the verification requirements in 8 U.S.C. § 1324a(a) could result in the imposition of criminal and civil penalties against the employer.

### REQUEST FOR ADMISSION NUMBER 16

Admit that if an individual requests that INS provide an interim document evidencing employment authorization in the United States on the basis of having filed an N-600 application, INS will deny the request to issue such a document on this basis.

935

**REQUEST FOR ADMISSION NUMBER 17**

Admit that the named plaintiffs in this action, Antelma Dominguez-Perez, Mario Guadalupe Salinas-Grimaldo, Patricia Boone-Gomez, and Armando Boone-Gomez, each had N-600 applications at the Harlingen INS Office pending at the time that this action was filed.

**REQUEST FOR ADMISSION NUMBER 18**

Admit that as of the time of filing the instant action, the named plaintiffs in this action, Antelma Dominguez-Perez, Mario Guadalupe Salinas-Grimaldo, Patricia Boone-Gomez, and Armando Boone-Gomez had not been provided with interim documentation evidencing employment authorization in the United States while their N-600 applications were pending.

**REQUEST FOR ADMISSION NUMBER 19**

Admit that if a United States citizen requests that Defendant Chater issue a Social Security card, or a duplicate Social Security card, on the basis that he or she has filed a properly documented N-600 application, setting forth a *prima facie* claim to United States citizenship, Defendant Chater will refuse to issue a Social Security card on this basis.

**REQUEST FOR ADMISSION NUMBER 20**

936

Admit that Plaintiff Antelma Dominguez-Perez requested that Defendant Chater issue a Social Security card on the basis that she had filed a properly documented N-600 application, setting forth a *prima facie* claim to United States citizenship, and that Defendant Chater refused to issue a Social Security card on this basis.

## REQUEST FOR ADMISSION NUMBER 21

Admit that Plaintiff Mario Guadalupe Salinas-Grimaldo, requested that Defendant Chater issue a duplicate Social Security card on the basis that he had filed a properly documented N-600 application, setting forth a virtually conclusive claim to United States citizenship, and that Defendant Chater refused to issue a duplicate Social Security card on this basis.

## REQUEST FOR ADMISSION NUMBER 22

Admit that there is no legal bar to the issuance by the Attorney General of interim employment authorization to persons who present documentation demonstrating that they were born outside the United States, who have filed N-600 applications setting forth a *prima facie* claim to U.S. citizenship.

## REQUEST FOR ADMISSION NUMBER 23

Admit that the number of N-600 applications filed at the Harlingen

8

937

INS Office per year has not significantly diminished over the past five years.

**REQUEST FOR ADMISSION NUMBER 24**

Admit that new N-600 applications have been filed at the Harlingen INS Office each and every month since at least January 1, 1990.

**REQUEST FOR ADMISSION NUMBER 25**

Admit that at least 500 N-600 applications have been filed at the Harlingen INS Office each year since at least January 1, 1990.

**REQUEST FOR ADMISSION NUMBER 26**

Admit that at least 250 N-600 applications have been filed at the Harlingen INS Office each year since at least January 1, 1990.

**REQUEST FOR ADMISSION NUMBER 27**

Admit that at least 100 N-600 applications have been filed at the Harlingen INS Office each year since at least January 1, 1990.

**REQUEST FOR ADMISSION NUMBER 28**

Admit that at least 50 N-600 applications have been filed at the



Harlingen INS Office each year since at least January 1, 1990.

Respectfully submitted,


LISA BRODYAGA
402 E. Harrison, 2nd floor
Harlingen, TX 78550
(210) 421-3226

MARY KENNEY
LYNN COYLE
Lawyers' Committee for Civil Rights
Under Law of Texas
Immigrant and Refugee Rights Project
2311 N. Flores
San Antonio, TX 78212
(210) 736-1503


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, first-class postage prepaid, to Ernesto Molina, Attorney, OIL, Box 878, Ben Franklin Station, Washington, D.C. 20044, and to Ken Muir, SAUSA, P.O. Box 1711, Harlingen, Texas 78551, this 12th day of October, 1996.


10

939