IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

|  |  |  |
|---|---|---|
| ANTELMA DOMINGUEZ-PEREZ, <br> MARIO GUADALUPE SALINAS <br> GRIMALDO, <br> PATRICIA BOONE-GOMEZ, and <br> ARMANDO BOONE-GOMEZ, <br><br> Plaintiffs, <br><br> v. <br><br> JANET RENO, in her official <br> capacity as Attorney General <br> of the United States, <br> DORIS MEISSNER, in her <br> official capacity as <br> Commissioner of the <br> Immigration and <br> Naturalization Service, <br> E. M. TROMINSKI, in his <br> official capacity as <br> District Director of the <br> Immigration and <br> Naturalization Service <br> District Office in <br> Harlingen, Texas, and <br> SHIRLEY S. CHATER, in her <br> official capacity as <br> Commissioner of Social <br> Security, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. B-96-116 |

United States District Court
Southern District of Texas
FILED

DEC 4 1996

Michael N. Milby
Clerk of Court

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
REQUEST FOR DEFAULT, IMMEDIATE CLASS
CERTIFICATION, AND RULE 11 SANCTIONS**

Defendants hereby oppose Plaintiffs' request for default,
immediate class certification, and Rule 11 sanctions.

**BACKGROUND**

The instant action was filed on July 18, 1996.  However, all
of the Defendants were not properly served until August 26, when
service was completed under Fed. R. Civ. P. 4(i) by the service
of process to Defendant Shirley S. Chater.  After proper service,

913

2

Defendants had sixty days to respond by answer or motion.  Fed. R. Civ. P. 12(a)(3).  On October 18, Defendants filed Defendants' Motion to Dismiss for Mootness and Lack of Jurisdiction ("Motion to Dismiss").  The filing of this motion served as a response under Fed. R. Civ. P. 12(a)(4).  Defendants received Plaintiffs' Motion for Class Certification on October 23, 1996.  Defendants filed Defendants' Motion to Hold In Abeyance the Court's Determination of Plaintiffs' Motion for Class Certification Pending Determination of Defendants' Motion to Dismiss and Motion to Hold Discovery in Abeyance on November 7, 1996.  On November 14, 1996, Defendants received Plaintiffs' First Amended Petition for Writ of Habeas Corpus, and Complaint for Declaratory and Injunctive Relief ("First Amended Complaint"), as well as Plaintiffs' Supplemental Points and Authorities in Support of Plaintiffs' Motion for Class Certification and Plaintiffs' Opposition to Defendants' Motion to Dismiss for Mootness and Lack of Standing.  Plaintiffs' served the Defendants with Plaintiffs' Request for Default, Immediate Class Certification, and Rule 11 Sanctions on November 15, 1996.

The Court held a hearing on November 15, 1996.  At the hearing, the Court ordered Defendants to answer Plaintiffs' First Set of Requests for Admissions.  The Court further determined that Defendants' Motion to Dismiss for Mootness and Lack of Jurisdiction would be denied in part as moot.  Finally, the Court determined that Defendants had until December 10, 1996, to respond to Plaintiffs' Motion for Class Certification.

914

3

## ARGUMENT

Plaintiffs request default judgment, class certification, and sanctions under Rule 11 based on their incorrect assertions that "the only pleadings filed by Defendants have been wholly meritless requests for dismissal and delay." Plaintiffs' Request for Default, Immediate Class Certification, and Rule 11 Sanctions ("Request for Default") at 2. Moreover, plaintiffs allege that no answers have been filed to their requests for admissions. Request for Default at 2. These allegations are without merit, and the Request for Default should be denied.

## I. Defendants' Motion to Dismiss for Mootness and Lack of Jurisdiction was neither meritless nor a tactic for delay.

The Defendants should not be sanctioned under Rule 11 for filing an allegedly frivolous motion to dismiss. The Defendants' Motion to Dismiss for Mootness and Lack of Jurisdiction was not meritless, nor could it be called a tactic for delay. At the date of the filing of the Motion to Dismiss, there were four named plaintiffs. The Motion to Dismiss sought to dismiss three of the named plaintiffs because they had received their certificates of citizenship, thereby rendering their claims moot. This was not meritless for several reasons. First, the plaintiffs' had received the certificates they sought in the litigation. Thus, they no longer had an interest in the litigation. Traditionally, this renders a case moot as to those plaintiffs, and they should be dismissed. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983). Moreover, plaintiffs, themselves conceded that they were mooted out of the

915

4

litigation by failing to discuss their dismissal in Plaintiffs'
Opposition to Defendants' Motion to Dismiss for Mootness and Lack
of Standing.  Furthermore, Plaintiffs' Amended Complaint omits
two of the three plaintiffs with mooted claims, and must add an
entirely new cause of action to retain the third, Amended
Complaint at ¶ 53, thereby conceding that the motion was not
frivolous or meritless.

As for the sole remaining original plaintiff Mario Guadalupe
Salinas Grimaldo ("Salinas"), Defendants sought to dismiss him as
a plaintiff for lack of jurisdiction, insofar as he had no
concrete injury.  Motion to Dismiss at 5.  Salinas is presently
imprisoned, cannot obtain employment, and has no injury stemming
from a lack of work authorization.  Motion to Dismiss at 5.
Plaintiffs alleged that he did plead an injury in the complaint.
Plaintiffs' Opposition to Defendants' Motion to Dismiss for
Mootness and Lack of Jurisdiction at 4.  They now claim this
motion is meritless.  Both of these responses, however, miss the
point of the Motion to Dismiss.  A plaintiff must have a concrete
injury at every point in the litigation.  Lujan v. Defenders of
Wildlife, 504 U.S. 555, 564 (1992), citing Los Angeles v. Lyons,
461 U.S. 95, 102 (1983) ("Past exposure to illegal conduct does
not in itself show a present case or controversy regarding
injunctive relief. . ." ).  If this injury ceases to exist, the
court lacks jurisdiction over the case.  Id.  Salinas was in
jail, and the failure to obtain work authorization has caused him
no presently cognizable, concrete injury.  Thus, he lacks an

9 ‡ 6

5

injury in fact.  Moreover, a plaintiff must show the alleged injury is fairly traceable to the action of the defendant. Lujan, 504 U.S. at 560.  His inability to presently obtain work is cause by his incarceration rather than to any conduct of the Defendants.  Thus, he fails to establish the causation requirement of standing.  Id.  Accordingly, the action should have been dismissed.

Because the Motion to Dismiss was dispositive of all the named plaintiffs at the time it was filed, the motion was not frivolous.  For the same reason, it could not be considered a delay tactic.

## II.  Defendants Were Not Required to Answer Plaintiffs' First Set of Requests for Admissions

The Defendants should not be sanctioned under Rule 11 for failure to answer Plaintiffs' First Set of Requests for Admissions, nor should default judgment be entered or class certification granted.  Plaintiffs' First Set of Requests for Admissions was improper under Fed. R. Civ. P. 26(d), which states:  "[A] party may not seek discovery from any source before the parties have met and conferred as required by subdivision (f)."  The Federal Rules of Civil Procedure reinforce this: "Without leave of court or written stipulation, requests for admission may not be served before the time specified in Rule 26(d)."  Fed. R. Civ. P. 36(a).

It was not until November 15, 1996, that the Defendants were ordered to answer the initial requests.  After an order to answer to discovery has been entered, defendants have thirty days in

917

6

which to respond to the request for admissions.  Fed. R. Civ. P.
36(a).  Thus, the date by which the Defendants must respond to
Plaintiffs' First Set of Requests for Admissions is December 16,
1996.  Accordingly, Defendants have not acted frivolously or for
the purpose of delay, and no default judgment, immediate class
certification, or Rule 11 sanctions are warranted.[1]

### CONCLUSION

For all the foregoing reasons, Plaintiffs' Request for
Default, Immediate Class Certification, and Rule 11 Sanctions
should be denied.

Respectfully submitted,

FRANK HUNGER
Assistant Attorney General
Civil Division

BRENDA E. ELLISON
Senior Litigation Counsel

ERNESTO H. MOLINA, JR.
Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
Post Office Box 878
Ben Franklin Station
Washington, D.C. 20044
(202) 616-9344

Dated:  December 3, 1996        ATTORNEYS FOR RESPONDENT

---

[1]  As a final note, immediate class certification should not
be granted because at a hearing on November 15, 1996, the Court
ordered Defendants to respond to Plaintiffs' Motion for Class
Certification by December 10, 1996.

918

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 1996, one copy of Defendants' Opposition to Plaintiffs' Request for Default, Immediate Class Certification, and Rule 11 Sanctions was served on plaintiffs by placing it in a Department of Justice mail room for same day mailing, addressed as follows:

        Lisa S. Brodyaga, Esquire
        402 E. Harrison, 2nd Floor
        Harlingen, TX  78550

        _____
        ERNESTO H. MOLINA, JR.
        Attorney
        Civil Division
        Office of Immigration Litigation
        United States Department of Justice
        P.O. Box 878
        Ben Franklin Station
        Washington, D.C.   20044
        (202) 616-9344

919