THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 6 1996

Michael N. Milby
Clerk of Court

ANTELMA DOMINGUEZ-PEREZ, et. al. )
    Plaintiffs, )
     )
     ) CIVIL ACTION NO. B-96-116
JANET RENO, et. al. )
    Defendants, )

PLAINTIFFS' REPLY TO DEFENDANTS' MOTION FOR CLARIFICATION, ETC.

Come Plaintiffs, and respectfully file the instant reply to Defendants' Motion For Clarification of time Limits Regarding the Pleadings and Motion for Enlargement of Time to File a Responsive Pleading or Motion, hereinafter cited as (INS:___).

A. CLARIFICATION IS UNNECESSARY, AS DEFENDANTS HAVE DEMONSTRATED IN THEIR MOTION THAT THEY UNDERSTOOD THE ORDER OF THE COURT, AND THE TIME LIMITS INVOLVED HEREIN.

In their Motion for Clarification, etc., Defendants accurately summarize the order of the Court, and the most generous interpretation of the time limits involved. By their own admission, (INS:2), the date for filing their answer expired on December 2, 1996, and none has been filed.[1] Yet Defendants did not even bother to request "clarification," much less an extension of time, until November 29, 1996, the Friday before the Monday on which they

---

[1] Even these deadlines are reached only by giving Defendants the benefit of the doubt in characterizing their initial motion to dismiss for mootness and lack of standing as a motion to dismiss for lack of subject matter jurisdiction, which would, pursuant to Rule 12(a)(4), alter the time frame for their answer.
See generally, Self-Ins. Institute of America v. Korioth, 32 F.3d 175 (5th Cir. 1994) (district court dismissed for lack of subject matter jurisdiction and standing); Whatley v. RTC, 32 F.3d 907 (5th Cir. 1994) (subject matter jurisdiction and mootness).

acknowledge that their answer was due.

It is respectfully urged that this request for "clarification" is simply another, thinly disguised, attempt at delay. To date, the only pleadings filed by Defendants have been wholly meritless requests for dismissal and delay. They now seek additional time on the grounds that their own dilatory tactics have resulted in a situation where they have various pleadings due within a relatively short time period, (INS:3). They should not be rewarded for such tactics with a lengthy extension of time.

B. DEFENDANTS SHOULD NOT BE PERMITTED TO FILE ANOTHER RULE 12(b) MOTION, IN LIEU OF ANSWERING THE INSTANT COMPLAINT.

Furthermore, Defendants now seek an extension of time "to file a responsive pleading *or motion*," (INS:1) (emphasis added). By this, it appears that Defendants seek not only an extension of time in which to answer the complaint, but are also implicitly requesting an additional opportunity to file a further dilatory pleading, in the guise of another Rule 12(b) motion, in lieu of an answer.

This request should be denied. Rule 12(a)(4) does not contemplate indefinite avoidance of Defendants' obligation to answer the Complaint, by virtue of successive, meritless, rules to dismiss under Rule 12(b). To the contrary, Rule 12(a)(4)(A) states as follows, (emphasis added):

> If the court denies the motion or postpones its disposition until the trial on the merits, *the responsive pleading shall be served within 10 days* after notice of the court's action.

Notably absent is any language to the effect that the "responsive pleading *or next Rule 12(b) motion* shall be filed within 10 days, *or thereafter when the Court has ruled on the Defendant's eleventh hour request for further extension of time*."

2

Moreover, the Defendants apparently assume that simply by filing a request for additional time, on the last working day before their Answer is due, they are relieved of the responsibility to timely file their Answer. The Court should not condone such tactics.

WHEREFORE, Plaintiffs respectfully request as follows:

A. That Defendants be given only a relatively brief period of time in which to file their Answer, (not to file *"a responsive pleading or motion,"* as requested, (INS:3)); to respond to the Motion for Class Certification; and to answer the Requests for Admission; and that Defendants be advised that, upon their failure to do so, and without further notice, the Court will enter an Order, containing some or all of the following provisions, as appropriate:

B. (1) That default will be entered against Defendants;
(2) That the named Plaintiffs be certified as representatives of the following class, and subclass:

> 1. All people who have filed or will file an N-600 application for a Certificate of U.S. citizenship, with the I.N.S. District Office in Harlingen, Texas, and who have been unable or will be unable to obtain provisional employment authorization, and original or duplicate social security cards, during the period of time that their claims to U.S. citizenship are being adjudicated.
>
> 2. All members of the class as described above who, in addition, have been or will be determined to have acquired United States citizenship at birth, and who, because of their inability to obtain provisional employment authorization and original or duplicate social security cards, during the time their claims to U.S. citizenship were being resolved, have been or will be prejudiced, as a result of their inability to obtain the documents which would have enabled them to be lawfully employed in the United States, in their ability to demonstrate that their spouses, parents, or minor children, will not become public charges if allowed to immigrate to the United States.

3

(3)  That the instant action proceed as a class action, under Rule 23(a) and (b)(2). F.R.Civ. Procedure;

(4)  That a hearing be held, pursuant to Rule 55(e), F.R.Civ.P., to permit Plaintiffs to fully establish their right to relief, and

(5)  That, pursuant to Rule 11, Federal Rules of Civil Procedure, sanctions be imposed against Defendants, including attorneys' fees for the time Plaintiffs have been required to expend defending against Defendants' frivolous pleadings.

                              Respectfully submitted,

                              _____
                              LISA BRODYAGA
                              402 E. Harrison, 2nd floor
                              Harlingen, TX  78550
                              (21) 421-3226

                              MARY KENNEY
                              LYNN COYLE
                              Lawyers' Committee for Civil Rights
                              Under Law of Texas
                              2311 N. Flores
                              San Antonio, TX  78212
                              (210) 736-1503

                              THELMA GARCIA
                              301 E. Madison
                              Harlingen, Texas 78550
                              (210) 421-3226

                       CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was mailed, first-class postage prepaid, to Ernesto Molina, Jr., Attorney, OIL, Box 878, Ben Franklin Station, Washington, D.C. 20044, on December 6, 1996.

                              _____

912