IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

| | | |
|---|---|---|
| ANTELMA DOMINGUEZ-PEREZ, et al., | ) ) | |
| Plaintiffs, | ) ) | DEC 1 0 1996 |
| v. | ) ) ) | No. B-96-116 |
| JANET RENO, et al., | ) ) | Michael N. Milby Clerk of Court |
| Defendants. | ) ) ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' OPPOSITION
TO MOTION FOR CERTIFICATION OF CLASS**

Defendants, Janet Reno, Doris Meissner, E. M. Trominski, and Shirley S. Chater ("Defendants"), hereby oppose Plaintiffs' (Opposed) Motion for Class Certification with Incorporated Points of Authorities ("Motion for Class Certification").

### BACKGROUND

Plaintiffs are nine people who claim to be United States citizens who were born abroad to a parent who was a citizen of the United States. Plaintiffs' First Amended Petition for Writ of Habeas Corpus, and Complaint for Declaratory and Injunctive Relief ¶¶ 4-9 (hereinafter "Amended Complaint"). Plaintiffs claim to have filed applications for certificates of citizenship before the Immigration and Naturalization Service ("INS"). Amended Complaint ¶¶ 28, 32, 36, 39, 41, 42. Two of the plaintiffs also claim that they have applied for social security cards with the Social Security Administration ("SSA") and were not issued cards. Amended Complaint ¶¶ 29, 33.

Plaintiff Antelma Dominguez-Perez ("Dominguez") claims to have been born in Mexico. Amended Complaint ¶ 32. She alleges

2

that her mother was a citizen of the United States at the time of Dominguez' birth. Amended Complaint ¶ 32. The complaint indicates that Dominguez filed an N-600 application before the INS on July 21, 1994. Amended Complaint ¶ 32. She further asserts that she filed an application for a social security card, using her N-600 application as proof of citizenship. Amended Complaint ¶ 33. She indicates that she was not issued a social security card. Amended Complaint ¶ 33. After a hearing on October 10, 1996, she was issued a certificate of citizenship. 35.

Plaintiff Mario Guadalupe Salinas Grimaldo ("Salinas") alleges he was born in Mexico. Amended Complaint ¶ 28. Salinas indicates that his father was a citizen at the time of his birth. Amended Complaint ¶ 28. He alleges that he filed an N-600 application for a certificate of citizenship on June 22, 1995. Amended Complaint ¶ 28. He states that at one point he held a social security card but has since lost it. Amended Complaint ¶ 29. He asserts that he filed an application for a new social security card, using his brother's certificate of citizenship to establish proof of his own citizenship. Amended Complaint ¶ 29. He indicates that he was not issued a social security card. Amended Complaint ¶ 29. Presently, Salinas is incarcerated after being convicted of possession of marijuana in an amount of more than four (4) ounces, but less than five (5) pounds, for which he was sentenced to five years imprisonment. He did not appear at a hearing on his N-600 application scheduled for October 10, 1996.

879

3

Plaintiffs Cecelia ("Cecelia"), Jose Guadalupe ("Jose"), Abel ("Abel"), Francisca ("Francisca"), and Luis Alberto ("Luis") de la Cruz-Perez ("the de la Cruz siblings") are brothers and sister who purport to have been born in Mexico.  Amended Complaint ¶ 41.  They allege that their mother was born in Brownsville, Texas, and is a U.S. citizen.  Amended Complaint ¶ 41.  They claim their applications have been pending since 1992.

Plaintiff Maria del Rosario Gutierrez de Limas ("Limas") claims to have been born in Mexico.  Amended Complaint ¶ 42.  She alleges that her mother was a U.S. citizen born in Guadalupe County, Texas.  Amended Complaint ¶ 42.  She admits that her first N-600 application was denied on September 1, 1993.  Amended Complaint ¶ 42.  She claims to have filed an appeal on September 15, 1993, and alleges that the application is still pending.  Amended Complain ¶ 42.

Plaintiff Graciela Alvarez de Zuniga ("Zuniga") alleges that she was born in Mexico.  Amended Complaint ¶ 36.  She avers that her mother was a U.S. citizen, born in Coachella, California.  Amended Complaint ¶ 36.  She claims that she first applied for a certificate of citizenship in 1978 and that her application was denied.  Amended Complaint ¶ 36.  She alleges that she filed a new application in 1993.  Amended Complaint ¶ 36.  She admits that she could have obtained work authorization but has refused to do so.  Amended Complaint ¶ 36.

Plaintiff Diana Maria Gonzalez de Santos ("Santos") does not allege that she was born abroad.  Amended Complaint ¶ 39.  She

880

4

does not allege that at least one of her parents was a U.S. citizen.  Amended Complaint ¶ 39.

Plaintiffs purport to represent a class of:

> all people who have filed or will file N-600 applications with the I.N.S. district office in Harlingen, whose claims to U.S. citizenship are being adjudicated, have been or will be unable to obtain social security cards because of lack of any of the specified documents evidencing their U.S. citizenship, which are acceptable to the Social Security office, and lack of any document from INS evidencing their right to be employed in the United States as prima facie U.S. citizens [sic].

Amended Complaint ¶ 14.  Plaintiffs seek relief in the form of a declaratory judgment that the practice of the INS and SSA violates the Social Security Act, the Immigration and Nationality Act, the Administrative Procedure Act, and the Fifth Amendment of the United States Constitution, an injunction stopping the INS and Social security practice, an order restraining Defendants from not issuing employment authorization, an order restraining Defendant Chater from not issuing social security cards to all applicants with pending N-600 applications, an order restraining Defendant Chater from not conducting administrative review of denials of social security cards, an order requiring Defendants to notify all members of the class of relief granted in this action, and an award of costs, attorney fees, and such other relief as deemed proper.  Amended Complaint at 19-20.

Certification for the proposed class should be denied:  the purported class is not so numerous as to render joinder impractical; Plaintiff Dominguez has received her Certificate of Citizenship and cannot adequately represent the class because her

881

5

claim is moot; Plaintiff Salinas cannot adequately represent the class because he is in jail and lacks standing; Plaintiffs the de la Cruz siblings cannot adequately represent the clas because there applications have been denied; Plaintiffs Zuniga, Santos, Limas, and the de la Cruz siblings are unable to adequately represent the class because they have not applied for social secuirty cards and the SSA has not acted on their applications; Plaintiff Santos cannot adequately represent the class because she does not claim to be born abroad and she does not claim to have a U.S. citizen parent; the plaintiffs have not shown questions of law or fact common to the class; and plaintiffs are unable to show they have been denied work authorization and social security cards on grounds generally applicable to the class.

## ARGUMENT

**I.   PLAINTIFFS FAIL TO SATISFY THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

In order to certify a class, the plaintiffs must satisfy all of the requirements imposed by Fed. R. Civ. P. Rule 23(a) and one of the requirements under Fed. R. Civ. P. Rule 23(b).  The requirements of Rule 23(a) are:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.   The plaintiffs have elected to proceed under Rule 23(b)(2), which establishes a fifth

882

6

prerequisite:  that plaintiffs demonstrate "the party opposing
the class has acted or refused to act on grounds generally
applicable to the class, thereby making appropriate final
injunctive relief or corresponding declaratory relief with
respect to the class as a whole . . . ." Fed. R. Civ. P.
23(b)(2).  The burden of establishing the foregoing requirement
rests squarely upon the plaintiffs in this case.  Castano v.
American Tobacco Company, 84 F.3d 734, 740 (5th Cir. 1996).  "A
district court must conduct a rigorous analysis of the rule 23
prerequisites before certifying a class." Id., citing General
Telephone v. Falcon, 457 U.S. 147, 161 (1982).  More importantly,
the court must bear in mind that

> The class action device was designed as 'an exception
> to the rule that litigation is conducted by and on
> behalf of the individual named parties only' . . . .
> Class relief is particularly appropriate when the
> 'issues involved are common the class as a whole and
> when they 'turn on questions of law applicable in the
> same manner to each member of the class.'

Falcon, 475 U.S. at 158 (emphasis added).  The district court has
discretion to certify the class, but such decision "must be
exercised within the framework of rule 23." Id.  The failure to
satisfy any one of the prerequisites of Rule 23(a) or the
additional requirement of Rule 23(b) requires denial of the class
certification.  Rutledge v. Electric Hose & Rubber Co., 511 F.2d
668, 673 (9th Cir. 1975).  Moreover, the named plaintiffs must
provide an adequate statement of the basic facts to support each
prerequisite.  Rutledge, 511 F.2d at 673.  Conclusory averments
or mere repetition of the requirement of the rule are not

883

7

sufficient.  Falcon, 475 U.S. at 158.  An analysis of the prerequisites demonstrates that the plaintiffs do not warrant a certification of the class.

### A.   The proposed class is overly broad.

The purported class is overly broad.  Where a class definition is overly broad, certification must be denied.  John Doe I v. Meese, 690 F. Supp. 1572, 1574.  The class plaintiffs seek to represent is composed of all people who have filed N-600 applications -- whether they are U.S. citizens or not -- who have been or will be unable to obtain provisional employment authorization -- for whatever reason -- and will be unable to obtain provisional employment authorization -- for whatever reason -- and unable to obtain social security cards --for whatever reason -- regardless of the merit of their applications. This class clearly extends well beyond the limited group for which these applicants can represent.  Moreover, this definition lacks any of the restraints placed on applications for work authorization filed by aliens in general, e.g., filing a nonfrivolous application, 8 C.F.R. 208.7(a)(1).  Thus, the definition is clearly overbroad.  Under their definition, the class member does not need to file a nonfrivolous application, nor does the alien have to wait for the regulatory period afforded to all temporary work authorization applicants.  Cp. 8 C.F.R. 274a.13(d). (creating a ninety day waiting period).  The class definition is clearly excessive and cannot be certified. John Doe I, 690 F. Supp. at 1574.

884

8

**B.  Plaintiffs fail to satisfy the numerosity requirement.**

The class defined by plaintiffs does not satisfy the requirement that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); National Association of Government Employees v. City Public Service Board of San Antonio, 40 F.3d 698, 715 (5th Cir. 1994). "Merely alleging that a class is too numerous to make joinder practical is insufficient to satisfy the numerosity requirement." John Doe I, 690 F. Supp. at 1573, citing Fleming v. Travenol, 707 F.2d 829, 833 (5th Cir. 1983). "The Court must examine the specific facts of each case to determine not only the number of potential class members, but whether joinder is necessary." Id.

The plaintiffs contend that the number of persons in the class is fifty. Motion for Class Certification ¶ 1. This cannot satisfy the numerosity requirement. First, even numbers as high as sixty are not so great that joinder becomes impractical. John Doe I, 690 F. Supp. at 1573. Therefore, fifty members is not so numerous as to render joinder impracticable. While fifty may increase the workload involved, joinder is still practicable. Additionally, plaintiffs offer no basis for this number other than "information and belief."[1] They have indicated no reason

---

[1]  Plaintiffs note that "this information is within the knowledge and control of Defendants . . . ." Motion for Class Certification at 3. This, however, is insufficient. First, the burden of demonstrating numerosity is solely upon the plaintiffs. Castano, 84 F.2d at 740. Moreover, Defendants have not wrongfully avoided answering discovery, thus they cannot be blamed for plaintiffs' lack of knowledge. Additionally, plaintiffs' counsel alleged in plaintiffs' Supplemental Points
(continued...)

885

9

for their belief and have no means by which they arrived at such a number other than speculation, which they must do.  <u>Castano</u>, 84 F.3d at 740.  The Court cannot rely on plaintiffs' assurances without further proof.  <u>Id</u>.  Plaintiffs cannot rely solely on their assertion to include "all people who have pending or will have pending" to augment their number.  <u>National Association of Government Employees</u>, 40 F.3d at 715.

Finally, plaintiffs' claim that the class is so numerous as to render joinder impracticable is severely undermined by an examination of the class definition.  For example,[2] even if the number of pending N-600 applications at the Harlingen office were as high as one hundred, this number is inadequate to render joinder impractical.  Of those seeking Certificates of Citizenship, the reasons for seeking such certificates vary; that is, applicants may not all be seeking employment authorization or social security cards.  Accordingly, the number could be reduced from one hundred to fifty, more or less.  Similarly, of those filing, perhaps half[3] may be seeking the certificate to obtain

---

[1](...continued)
and Authorities in Support of Plaintiffs' Motion for Class Certification that  she has knowledge of other people fitting the purported class.  Nonetheless, she has chosen not to include these people as named plaintiffs.

[2]  The cited number of 100 is proferred purely as an example:  it is intended neither to approximate the actual number of applications nor as an answer to Plaintiffs' discovery request.

[3]  A reduction of the number by one-half is appropriate because the reasons for seeking a certificate of citizenship vary from person to person.  Thus, it is no more likely that a person
(continued...)

10

replacement social security cards.  As was discussed above, those who are seeking replacement social security cards are afforded a ninety day temporary work authorization.  8 C.F.R. § 274a.2(b)(1)(vi).  Thus, they are not appropriately members of the class, and the number could be reduced by possibly one half, making the number of class members twenty-five.  Of that number, certain applicants may be ineligible to work, perhaps being minors, thereby reducing the number even further.  Certain applicants may not have sought employment, reducing the number again.  Thus, it becomes clear that the plaintiffs have not carried their burden of proving the numerosity requirement. <u>Castano</u>, 84 F.2d at 740.  Accordingly, the certification should be denied.

### C.   Plaintiffs' claims are not typical of the claims of the class and they cannot fairly and adequately protect the interests of the proposed class.

The plaintiffs' claims in the instant action are not typical of the class they seek to protect.  Fed. R. Civ. P. 23(a)(3). The plaintiffs' claims are:  (1) that the Defendants' refusal to issue work authorization while the plaintiffs' N-660 applications are pending constitutes a violation of the Fifth Amendment; (2) that the SSA's nonissuance of social security cards based on

---

[3](...continued)
is seeking a certificate of citizenship in the first instance as opposed to a replacement document.  Accordingly, each is just as likely as the other, thereby justifying the reduction by one-half.  Moreover, the plaintiffs bear the burden of showing the number of applicants is so numerous that joinder is impracticable.  <u>Castano</u>, 84 F.2d at 740.  Thus, it falls upon the plaintiffs to show that this number should be different.

887

11

their failure to provide the documents listed in 20 C.F.R. 4222.107(f) violates the Fifth Amendment and the Social Security Act; (3) that Defendant Chaters' failure to provide the right to an administrative appeal from her nonissuance of social security cards violates the Fifth Amendment; (4) that Defendants Reno, Meissner and Trominski's refusal to provide plaintiffs with proof of work authorization while their N-600 applications are pending constitutes a violation of the INA, the Administrative Procedures Act, and the Fifth Amendment; (5) and that the application of standard guidelines regarding whether dependents of Plaintiffs will become public charges constitutes a violation of equal protection.   Similarly, the plaintiffs cannot fairly and adequately protect the interests of the class.   Plaintiffs must show that plaintiffs' attorney is qualified to prosecute the class action[4] and that the plaintiffs do not have interests antagonistic to the class.   Hoxworth v. Blinder, 980 F.2d 912, 923 (3rd Cir. 1992).

   1.   **Plaintiffs make no showing that their attorney is qualified to litigate the class action or that they do not have interests antagonistic to the class.**

   Plaintiffs' have the burden of demonstrating that their attorney is qualified to litigate the class action and that the plaintiffs do not have interests antagonistic to the purported class.   Hoxworth, 980 F.2d at 923.   The plaintiffs fail to make such a showing of these two distinct elements in either their

_____

   [4] Defendants do not dispute the qualifications of plaintiffs' counsel, Ms Brodyaga.

12

Motion for Class Certification or their Supplemental Points and
Authorities in Support of Plaintiffs' Motion for Class
Certification.  Accordingly, they have failed to meet their
burden of proof and class certification should be denied.
Hoxworth, 980 F.2d at 923.

> **2.    Plaintiff Dominguez cannot adequately represent
> the purported class because her claim is moot and
> her interest is wholly different than that of the
> typical class member.**

Plaintiff Dominguez does not have claims typical of the
vague class as defined by the plaintiffs and cannot fairly and
adequately protect the interests of the purported class.  She has
been granted her certificate of citizenship.  Amended Complaint ¶
35.  Thus, her claim regarding work authorization is moot and she
should be dismissed as a plaintiff.  The Amended Complaint adds a
new cause of action intended to retain Plaintiff Dominguez as a
plaintiff:  that the application of standard guidelines  for
determining whether her dependents will become public charges in
adjudicating her application to adjust their status denies her
equal protection of the laws.  But this cause of action does not
represent the claims of the purported class, nor is it adequate
to protect the interests of the purported class.

Under Article III of the Constitution, federal courts may
only adjudicate "actual, ongoing cases or controversies."
Deakins v.Monaghan, 484 U.S. 193, 199 (1988).  A litigant must
have suffered, or be threatened with, an actual injury traceable
to the defendants and likely to be redressed by a favorable
judicial decision.  Lewis v. Continental Bank, 494 U.S. 472, 477

889

13

(1990).  The courts may not "decide questions that cannot affect the rights of litigants in the case before them."  Lewis, 494 U.S. at 477.  A federal court may only decide "real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."  Id.  While a suit may have been considered alive at the inception of the suit, "[t]he parties must continue to have 'personal stake in the outcome' of the lawsuit."  Id. at 478, citing Los Angeles v. Lyons, 461 U.S. 95, 101 (1990).

In the instant case, Plaintiff Dominguez received her certificate of citizenship.  Amended Complaint ¶ 35.  With the certificate, she has obtained a social security number and card from the SSA.  Amended Complaint ¶ 35.  Now having the right to seek employment and to obtain her social security card, the court can afford her no additional relief by ordering temporary work authorization to be issued to the class, and the case should be considered "classically moot."  Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983).  Thus, she cannot adequately represent the claims of the purported class.

Moreover, her recently added cause of action is not typical of the class.  She claims that because she was unable to work over the past few years, her application to adjust the status of her children is at risk of being denied.  Amended Complaint ¶ 35.  There are numerous problems with this position.  First, her claim is not ripe, for the application has not been denied.  Abbott

890

14

Laboratories v. Gardner, 387 U.S. 136, 148  (1967).

Additionally, she has suffered no injury because the application

has not been denied.  Lujan v. Defenders of Wildlife, 504 U.S.

555, 559 (1992).  Finally, this claim is not typical of the

purported class, as not every member of the purported class, nor

has it even been shown that a significant number of people, have

this type of a claim.  Thus, her interest is not representative

of the class and must be denied.  Castano, 84 F.3d at 740.

> 3.  **The claim of plaintiff Salinas is not typical of
>       the purported class and he cannot adequately
>       represent the class because his action should be
>       dismissed for lack of standing.**

Plaintiff Salinas' claim is not typical of the class and he

cannot adequately represent the class because he has failed to

establish that he has standing.  The Supreme Court has determined

that there are three major components of standing.  Lujan v.

Defenders of Wildlife, 504 U.S. 555, 559 (1992).  First, "the

plaintiff must have suffered an 'injury in fact' -- an invasion

of a legally protected interest which is (a) concrete and

particularized, and (b) 'actual or imminent, not "conjectural" or

"hypothetical."'"  Id. at 560 (citations omitted).  Second,

"there must be a causal connection between the injury and the

conduct complained of -- the injury has to be 'fairly trace[able]

to the challenged action of the defendant, and not . . . th[e]

result [of] the independent action of some third party not before

the court.'"  Id. at 560 (citations omitted) (ellipsis in

original).  Finally, "it must be 'likely,' as opposed to merely

'speculative,' that the injury will be 'redressed by a favorable

891

decision.'" Id. at 560-61 (citations omitted). "A defendant's
violation of a statutory duty is not enough -- the judiciary
lacks power to correct the executive branch on the petition of
one who is without an injury in fact that is fairly traceable to
the executive action and likely to be redressed by the requested
relief." Snake River Farmers' Association v. Department of
Labor, 9 F.3d 792, 795 (9th Cir. 1993). The foregoing are not
mere pleading requirements; rather, they are "an indispensable
part of the plaintiff's case. Lujan, 504 U.S. at 561. The party
invoking federal jurisdiction bears the burden of establishing
each of the foregoing elements, id. at 561; Salinas fails to show
even one.

           **a.**    **Salinas lacks standing to bring the causes of
action alleged in his complaint because he
has suffered no injury in fact.**

     In meeting the constitutional minimum for standing, a
plaintiff must have suffered an injury in fact. Lujan, 504 U.S.
at 560. This injury must be "an invasion of a legally protected
interest which is (a) concrete and particularized, and (b)
'actual or imminent, not "conjectural" or "hypothetical."'" Id.
at 560. "It is the role of courts to provide relief to
claimants, in individual or class actions, who have suffered, or
will imminently suffer, actual harm; it is not the role of
courts, but that of the political branches, to shape the
institutions of government in such fashion as to comply with the
laws and the Constitution." Lewis v. Casey, 116 S.Ct. 2174, 2179
(1996). Simple allegations of intentions to seek employment

892

16

"some day" are insufficient to constitute an actual or imminent injury.  <u>Snake River,</u> 9 F.3d at 796.  Salinas does not demonstrate any injury to himself.  The potential injuries plaintiff claims are of three types:  (1) that he has been denied adjudication of his N-600 applications, Amended Complaint ¶ 28; (2) that he has been injured because of a failure by the INS to issue regulations granting temporary work permits to those who have N-600 applications pending, Amended Complaint ¶ 28; and (3) that he has not been issued a social security card, resulting in his inability to get work, Amended Complaint ¶ 29.  In actuality, none of these injuries has been suffered in a "concrete" way.

### i.    There is no injury because Salinas has not been denied a certificate of citizenship.

First of all, Salinas has not been denied a certificate of citizenship, as alleged in the Complaint.  He has been permitted to submit an application and has done so.  <u>Id</u>.  He was scheduled for a hearing before an examination officer to be held on September 17, 1996.  Such hearing was rescheduled to October 7, 1996, at the request of his counsel.  Eventually, the hearings were reset for October 10, 1996.  Salinas, however, did not show up at his hearing.  Presently, he is incarcerated pursuant to his conviction for possession of marijuana.  Thus, it is clear that his application is being processed and has not been denied.  Accordingly, there is no injury to Salinas.

Salinas claims that he is harmed because he cannot work without work authorization.  Amended Complaint ¶ 30.  Simple

893

17

allegations of intentions to seek employment "some day" are
insufficient to constitute an actual or imminent injury.  Snake
River, 9 F.3d at 796.  Salinas does not allege that he has been
denied work because of his failure to produce sufficient work
authorization.  Because he is in prison, it is certain that he
does not have the "imminent expectation" of obtaining work
outside of the prison.  Snake River, 9 F.3d at 797.  A plaintiff
who experiences no concrete harm as the result of even an
inadequate system can claim no harm.  Lewis, 116 S. Ct. at 2179.
Because he has not suffered a "concrete" harm, Salinas lacks
standing to bring the instant action.  Lujan, 504 U.S. at 560.

### ii.    There is no injury to Salinas because the defendants are not required by statute to provide temporary work authorization.

Moreover, the allegation that Salinas is harmed by the fact
that INS has not promulgated regulations to give him temporary
work authorization is erroneous.  A claimant may only challenge a
failure to promulgate regulations where there is a specific
statutory requirement to do so.  Fernandez v. Brock, 840 F.2d
622, 628 (9th Cir. 1988).  Here, Salinas points to no such
statutory requirement -- nor could he, for no such requirement
exists.

The only statutory requirement imposed on the INS is that it
issue certificates of citizenship to those people who have been
found "to the satisfaction of the Attorney General" to be
citizens.  Section 341(a) of the INA, 8 U.S.C. § 1452(a).  The
Attorney General has defined the acceptable forms which can be

894

18

used to establish citizenship.  8 C.F.R. § 341.1, et seq.
Salinas has not been found to be a citizen, nor has his pending
application been denied.  Amended Complaint ¶ 28.  The statute
does not require that the Attorney General provide work
authorization to applicants.  8 U.S.C. § 1452(a).

The only statutory duty imposed on the SSA is to issue
social security numbers and cards to those who produce adequate
proof of age, U.S. citizenship or authorized alien status, and
true identity, as determined by regulations.  42 U.S.C.
§ 405(c)(2)(ii).  The SSA has published regulations delineating
acceptable forms of proof of citizenship.  20 C.F.R. § 422.107.
Salinas offered no such documentation.  Amended Complaint ¶ 29.
In fact, whether with fraudulent intent or otherwise, Salinas
submitted his brother's certificate of citizenship to the SSA for
his own application.  Amended Complaint ¶ 28.  It is clear that
his brother's certificate is not his own, and no social security
card was required to be issued.

Neither the statutory duties of the INS nor those of the SSA
imposes an affirmative obligation on the defendants to issue
temporary work authorizations.  Absent such statutory duties, the
plaintiff lacks standing to challenge the failure to promulgate
regulations.  **Fernandez**, 840 F.2d at 628.

Even if the statutes did impose an affirmative obligation,
the mere failure to comply with a statutory duty is not enough to
constitute an injury in fact; there must be a concrete injury.
**Lujan**, 504 U.S. at 560.  Salinas must show that he has the

895

imminent expectation of a job or something similar thereto.
Snake River, 9 F.3d at 797.  He has not done so, nor can he, due
to his imprisonment.  Accordingly, Salinas has suffered no
injury.  Lujan, 504 U.S. at 560.

### iii. There has been no injury to Salinas because he has expressed only "some day intentions" of having a job.

Finally, Salinas claims that he has not been issued a social
security card.  Amended Complaint ¶ 29.  Even taking into
consideration the nonissuance of a social security card, he
cannot be said to have suffered an injury in fact.  Salinas must
show that he has been denied jobs for lack of work authorization,
or he must show the imminent expectation of employment.  Snake
River, 9 F.3d at 796-97.  He does not allege that he has been
denied jobs because of his lack of a social security card or work
authorization.  Nor has he even alleged that he would seek
employment if he had a card or work authorization.  Nor could he
make such a showing, for he is in prison.  Without such
consideration, Salinas' injury is merely speculative and falls
into the "some day intentions" which Lujan proscribes.  Lujan,
504 U.S. at 564; Snake River, 9 F.3d at 796.  "Such 'some day'
intentions -- without any description of concrete plans, or
indeed even any specification of when some day will be -- do not
support a finding of the 'actual or imminent' injury that our
cases require."  Lujan, 504 U.S. at 564.  This requirement is no
less appropriate when the allegation is one for a wish to have
employment "some day."  Snake River, 9 F.3d at 796.  Because he

896

20

has not shown that he would have employment or that he has been denied employment, Salinas has not shown injury in fact, and lacks standing.  Id.  Moreover, Salinas attempted to use the certificate of citizenship issued to his brother as proof of his own citizenship.  Amended Complaint ¶ 28.  It is clear that his brother's certificate of citizenship is not proof of his own citizenship.  Accordingly, Salinas has demonstrated no injury.

**b.    Salinas lacks standing because he fails to show the requisite causality element.**

Even assuming he is able to show some injury in fact, Salinas cannot fulfill the second requirement of standing.  The second requirement for standing is that a plaintiff must show "a causal connection between the injury and the conduct complained of -- the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant . . . ."  Lujan, 504 U.S. at 560, citing Simon v. Eastern Kentucky Welfare Rights Organization, 426 U.S. 26, 41-42 (1976).  Assuming, arguendo, that the alleged injury in fact is either the alleged failure to adjudicate his N-600 application, the alleged failure to promulgate regulations, or the nonissuance of a social security card so that Salinas may obtain work, none of these alleged injuries is "fairly traceable" to the conduct of the defendants. Lujan, 504 U.S. at 560.

Any harm incurred by Salinas is not fairly traceable to an alleged failure to adjudicate the N-600 application or an alleged failure to promulgate regulations.  Here, the harms (such as not being able to obtain work) may be the result of normal

897

21

administrative delay.  Normal administrative delays are sufficient to break the chain of causation between the experienced harm and the alleged administrative conduct.  Snake River, 9 F.2d at 796.  Yet, there are even more potential causes: the employers may simply not be hiring; Salinas may be unqualified for the type of work he has been seeking; or more importantly, Salinas may have never attempted to obtain employment whatsoever.  Snake River, 9 F.2d at 796.  Either of these reasons is sufficient to render plaintiffs' causation insufficient to exercise the Court's jurisdiction.  Id. at 796. What is perhaps the most decisive reason for Salinas' inability to obtain work is his conviction for possession of marijuana, for which he is presently in prison.  This is sufficient to break any causation traceable to the defendants' conduct.

Similarly, the nonissuance of social security cards is not "fairly traceable" to the conduct of the defendants.  Lujan, 504 U.S. at 560.  Remarkably, Salinas decided to submit his brother's certificate of citizenship to establish his citizenship.  Amended Complaint ¶ 28.  This is not proof of his citizenship.  Thus, the nonissuance of a social security card was appropriate and was due to his defective application.

The SSA has carefully set out a variety of materials that will suffice to establish citizenship.  20 C.F.R. § 422.107. Salinas elected to pursue only the certificate of citizenship process.  He has refused to try to obtain a U.S. passport. Amended Complaint ¶ 20.  He has not attempted to obtain a

898

22

consular report of birth.  It was his decision, and his decision

alone, to submit a certificate of citizenship which was not his

in order to obtain a social security card.  His decision not to

initiate any of the alternative mechanisms of establishing

citizenship -- such as a U.S. passport or consular report of

birth -- caused the nonissuance of his cards.  It was his

decision to file a faulty application before the SSA which has

caused the alleged injuries.  Because the alleged injuries are

not fairly traceable to the conduct of the defendants, Salinas

lacks the requisite standing.  Lujan, 504 U.S. at 560.

A review of a citizenship request is based upon individual

facts.  As noted above, even the named plaintiffs do not satisfy

the typicality requirements.  The circumstances of these

plaintiffs are quite different and are not even typical of each

other.

> **c.    Salinas cannot adequately represent the class
> because he fails to demonstrate the
> redressibility requirement of standing.**

Plaintiff Salinas cannot adequately represent the class

because he fails to demonstrate the redressibility requirement of

standing.  For the Court to maintain jurisdiction over the

instant case, "it must be 'likely,' as opposed to merely

'speculative,' that the injury will be 'redressed by a favorable

decision.'"  Lujan, 504 U.S at 560-61 (citations omitted).

Plaintiff Salinas is in prison and has no need of work

authorization.  If the Court were to order the INS to issue

temporary work authorization, it is not likely the ordered relief

899

would redress his injury, for he could not obtain gainful

employment while in prison -- at least none that requires

temporary work authorization for him to obtain.  The allegations

that he faces similar circumstances upon his release in 1998

reduces the redressibility issue to one of sheer speculation.

The truth of the matter is that Plaintiff Salinas was scheduled

for hearings on September 11 and October 10, 1996.  The INS has

shown a willingness to adjudicate his application.  Thus, the

mere speculation of future harm is not sufficient to maintain a

cause of action.  Lujan, 504 U.S. at 560.

> **d.     Salinas cannot adequately represent the class
> because he has failed to exhaust his
> administrative remedies and has suffered no
> injury**

Plaintiff Salinas cannot adequately represent the class

because he has failed to exhaust his administrative remedies.

Plaintiff Salinas purports to have once had a social security

card.  Amended Complaint ¶ 29.  He further claims that he lost

it.  Amended Complaint ¶ 29.  INS regulations provides that:

> If an individual is unable to provide the required
> document or documents within the time period specified
> in [8 C.F.R. § 274a.2(b)(1)(ii) or (iv)], the
> individual must present a receipt for the application
> of the replacement document or documents within three
> business days of the hire and present the required
> document or documents within 90 days of the hire.

8 C.F.R. § 274a.2(b)(1)(vi).  Accordingly, if Salinas had

obtained employment, the receipt for his replacement Social

Security card would have provided him at least a ninety day work

authorization.  Until he has obtained employment, showed the

employer a receipt for the replacement document and worked for

900

24

the entire ninety-day period provided by the regulation, he has suffered no injury. Plaintiff Salinas has not done any of the above. Thus, he lacks any injury. Having no injury, he cannot adequately represent the interests of the purported class.

### 4. The de la Cruz siblings cannot adequately represent the class because their applications have been denied.

Plaintiffs Cecelia, Jose, Abel, Francisca, and Luis cannot adequately represent the purported class because they no longer have pending N-600 applications. On June 25, 1996, their applications were denied by the INS. When an alien with work authorization has his or her application denied by the INS, any temporary work authorization they may have automatically terminates. 8 C.F.R. § 274a.14(a)(1). Thus, having had their applications denied, these plaintiffs are not able to represent the interests of the purported class, as they are ineligible for temporary work authorization by regulation.

### 5. Plaintiffs Zuniga, Santos, Limas, and the de la Cruz siblings are unable to adequately represent the class because they have not applied for social security cards and the SSA has not acted on those applications.

Plaintiffs Zuniga, Santos, Limas, and the de la Cruz siblings cannot meet their burden of showing that they can adequately represent the class because they have never applied to the SSA for social security cards. Castano, 84 F.2d at 740. They purport to represent a class of people who are unable to obtain social security cards. They have not tried to apply, thus they cannot represent the purported class.

25

**6.    Plaintiff Santos cannot adequately represent the class because she does not claim to be born abroad.**

Plaintiff Santos has not met her burden of showing that she can adequately represent the class. Castano, 84 F.2d at 740. She does not allege that she was born abroad. Nor does she even claim she had a parent who was a U.S. citizen. Thus, her claim is wholly dissimilar to the purported class members or the other plaintiffs. Accordingly, she cannot represent the interests of the class.

**D.    Plaintiffs do not establish questions of law or fact common to the class.**

In order to warrant class certification, plaintiffs must demonstrate more than one issue of law or fact common to the class. Fed. R. Civ. P. 23(b)(2); Applewhite v. Reichhold Chemicals, 67 F.3d 571, 573 (5th Cir. 1995). Where a plaintiff fails to adequately articulate the issues in common, the requirement is not satisfied. Applewhite, 67 F.3d at 573 n.8. Moreover, where the plaintiffs attempt to represent a class which is overly broad, involving too many issues, the certification should be denied. John Doe I, 690 F. Supp. at 1574. Plaintiffs' request for class certification fails in all respects.

Here, the plaintiffs cursorily invoke the Social Security Act, the Administrative Procedures Act, the Immigration and Nationality Act, and the Fifth Amendment. Plaintiffs do not identify the issues of law involving those acts, nor does the complaint provide any greater detail of the issues of law. Accordingly, the plaintiffs have not adequately articulated the

902

26

common issues of law, and certification of the class is not warranted.

Additionally, as was discussed supra at I(A), the purported class is overly broad.  Plaintiffs seek to represent a class that is composed of all people, whether they are U.S. citizens or not, who have been or will be unable to obtain provisional employment authorization for whatever reason, and will be unable to obtain provisional employment authorization for whatever reason, and unable to obtain social security cards for whatever reason, regardless of the merit of their applications.  This class clearly extends well beyond the limited group for which these applicants can represent.  Moreover, this definition lacks any of the restraints placed on applications for work authorization filed by aliens in general, e.g., filing a nonfrivolous application, 8 C.F.R. § 208.7(a)(1).  Under their definition, the class member does not need to file a nonfrivolous application, nor does the alien have to wait the regulatory period afforded to all temporary work authorization.  The class definition is clearly excessive and cannot be certified.  John Doe I, 690 F. Supp. at 1574.

**E.   Plaintiffs have not satisfied the requirement of superiority.**

In order to warrant certification of the class, plaintiffs must demonstrate that class certification is a "superior method of adjudication" under Rule 23(b).  Castano, 84 F.3d at 740. Plaintiffs allege that class certification is the superior method of adjudication because the INS acts on grounds generally

903

27

applicable to the class.  Motion for Certification ¶ 5.  This
supposition is flawed for several reasons.

Plaintiffs have elected to proceed against both the INS and
the SSA.  Certification as to the SSA, however, is clearly
inappropriate.  In processing applications for social security
cards, the SSA proceeds on a case-by-case method.  This process
is sensitive to documents produced by applicants.  The named
plaintiffs in this case and their difference clearly illustrate
the individualization of decisions evinced by SSA procedures.
For example, Plaintiff Dominguez provided a completed N-600 form
in support of her application for a social security card.
Amended Complaint ¶ 33.  Plaintiff Salinas, on the other hand,
attempted to submit his brother's certificate of citizenship as
proof of his own.  Amended Complaint ¶ 28.  "These factual
differences translate into significant legal differences."
Castano, 84 F.3d at 743.  In seeking certification, plaintiffs
attempt to obscure these factually-sensitive determinations.
Plaintiffs seek certification of a class to be presented as a
monolith, depriving the agencies of defenses on individual claims
as appropriate.  Moreover, individualized decisions are not
common, typical or "grounds generally applicable" to all those
affected.  See Wells v. General Electric. 78 F.R.D. 433, 438
(E.D. Pa. 1978).

Moreover, the plaintiffs fail to state what ground the INS
has stated for its refusal to act or not to act.  The named
plaintiffs must provide an adequate statement of the basic facts

904

28

to support each prerequisite for class certification.  Rutledge,
511 F.2d at 673.  Conclusory averments or mere repetition of the
requirement of the rule are not sufficient.  Falcon, 475 U.S. at
158.  The plaintiffs have the burden of explaining what the
uniform policy is.  Castano, 84 F.3d at 740.  This, they have not
done.  Accordingly, they have failed to meet their burden of
proof.

Because the plaintiffs have failed to establish that both
the SSA and the INS have acted or refused to act on grounds
applicable to the class, the motion for class certification
should be denied.

29

## CONCLUSION

For the foregoing reasons, the motion for class certification should be denied.

Respectfully submitted,

FRANK HUNGER
Assistant Attorney General
Civil Division

PHILEMINA MCNEILL JONES
Assistant Director
Office of Immigration Litigation

*Ernesto H. Molina, Jr. by Ken Nunn*
*(with permission)*
ERNESTO H. MOLINA, JR.
Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
Post Office Box 878
Ben Franklin Station
Washington, D.C. 20044
(202) 616-9344

ATTORNEYS FOR DEFENDANTS

DATED: December 10, 1996

906