# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 18 1996

Michael N. Milby
Clerk of Court

ANTELMA DOMINGUEZ-PEREZ, et. al.    )
                                    )
      Plaintiffs,                   )
                                    )    CIVIL ACTION NO. B-96-116
JANET RENO, et. al.                 )
                                    )
      Defendants,                   )

## NOTICE OF FILING OF PLAINTIFFS' EXHIBIT "J"

Come Plaintiffs, by and through the undersigned, and respectfully notify the Court and opposing counsel of the filing of Exhibit "J" in support of their pending motion for class certification.

Respectfully submitted,

LISA BRODYAGA
402 E. Harrison, 2nd floor
Harlingen, TX  78550
(21) 421-3226

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing, and of Plaintiffs' Exhibit "J" were mailed, first-class postage prepaid, to Ernesto Molina, Jr., Attorney, OIL, Box 878, Ben Franklin Station, Washington, D.C. 20044, on Dec. 17, 1996.



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ANTELMA DOMINGUEZ-PEREZ,          )
et al.,                          )
                                 )
          Plaintiffs,            )
                                 )    No. B-96-116
     v.                          )
                                 )
JANET RENO, et al.               )
                                 )
          Defendants.            )
_____)

**DEFENDANTS' RESPONSES TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADMISSIONS**

1.  **Admit that the named plaintiffs herein, Antelma Dominguez-Perez, Mario Guadalupe Salinas-Grimaldo, Patricia Boone-Gomez, and Armando Boone-Gomez, all acquired United States citizenship at birth.**

**Response:**

    Admitted in part.  Antelma Dominguez-Perez, Patricia Boone-Gomez, and Armando Boone-Gomez were found to be United States citizens by the INS on October 10, 1996.  Denied as to Mario Guadalupe Salinas-Grimaldo, who has a pending N-600 application.  Because he admits to being born abroad, he is presumed to be an alien until the INS has determined otherwise.

2.  **Admit that on July 25, 1995, named plaintiff Antelma Dominguez-Perez, with full disclosure that her application for certificate of citizenship was still pending at INS, filed an I-130 (petition to classify alien relative), on behalf of her husband, Jose Luis Perez, who simultaneously filed an application for adjustment of status to that of a lawful permanent resident alien, based on this I-130, and an application for employment authorization, based on this application for adjustment of status, and that a letter was issued by INS at that time, stating that his application for employment authorization had been approved, and advising him to appear at the INS Office on August 31, 1995, to receive his employment authorization card.**

**Response:**

    Admitted.

3.  **Admit that there are currently more than 250 N-600 applications pending at the INS district office in Harlingen, Texas.**



2

**Response:**

Admitted to the extent the number includes all applications
from the point of filing through the point of notification of a
decision on the application.

**4.     Admit that there are currently more than 100 N-600
applications pending at the INS district office in
Harlingen, Texas.**

**Response:**

Admitted to the extent the number includes all applications
from the point of filing through the point of notification of a
decision on the application.

**5.     Admit that there are currently more than 50 N-600
applications pending at the INS district office in
Harlingen, Texas.**

Admitted to the extent the number includes all applications
from the point of filing through the point of notification of a
decision on the application.

**6.     Admit that there are currently more than 25 N-600
applications pending at the INS district office in
Harlingen, Texas.**

Admitted to the extent the number includes all applications
from the point of filing through the point of notification of a
decision on the application.

**7.     Admit that there are currently more than 25 N-600
applications which have been denied by the Harlingen
District Office, in which appeals were timely filed, and
which, more than 60 days after filing the appeal, have not
yet been transferred by the Harlingen INS Office to the
appropriate unit for adjudication of the appeals.**

**Response:**

Denied.

**8.     Admit that there are currently more than 10 N-600
applications which have been denied by the Harlingen INS
District Office, in which appeals were timely filed, and
which, more than 60 days after filing the appeal, have not
yet been transferred by the Harlingen INS Office to the
appropriate unit for adjudication of the appeal.**

**Response:**

8D2

3

Denied.

9.   **Admit that there are currently more than 5 N-600 applications which have been denied by the Harlingen INS District Office, in which appeals were timely filed, and which, more than 60 days after filling the appeal, have not yet been transferred by the Harlingen INS Office to the appropriate unit for adjudication of the appeal.**

**Response:**

Denied.

10.  **Admit that there are currently more than 25 N-600 applications which have been pending at the Harlingen INS office for longer than one year.**

**Response:**

Admitted.

11.  **Admit that there are currently more than 10 N-600 applications which have been pending at the Harlingen INS office for longer than one year.**

**Response:**

Admitted.

12.  **Admit that there are currently more than 5 N-600 applications which have been pending at the Harlingen INS office for longer than one year.**

**Response:**

Admitted.

13.  **Admit that to obtain lawful employment in the United States, a United States citizen who has an N-600 application pending is required by the Immigration and Nationality Act to present a document to potential employers which demonstrates that he or she is authorized to be employed in the United States.**

**Response:**

Admitted to the extent that Section 274a(a) of the INA, 8 U.S.C. § 1324a(a), generally makes it unlawful for employers either to hire an alien knowing the alien is unauthorized to work in the United States or to fail to comport with the employment verification system set forth in Section 274a(b) or the INA, 8 U.S.C. § 1324a(b).  Denied to the extent the request seeks



4

admissions beyond the provisions set forth in Sections 274a(a)
and (b) of the INA, 8 U.S.C. § 1324a(a) & (b).

**14. Admit that pursuant to 8 U.S.C. § 1324a(a), an employer may
not legally hire a person who is in fact a United States
citizen unless that person provides certain documentation,
as described in § 1324a(b), evidencing his or her right to
work in the United States.**

**Response:**

     Admitted to the extent that Section 274a(a) of the INA, 8
U.S.C. § 1324a(a), generally makes it unlawful for employers
either to hire an alien knowing the alien is unauthorized to work
in the United States or to fail to comport with the employment
verification system required by Section 274a(b) or the INA, 8
U.S.C. § 1324a(b).  Denied to the extent the request seeks
admissions beyond the provisions set forth in Sections 274a(a)
and (b), 8 U.S.C. § 1324a(a) & (b).

**15. Admit that failure to comply with the verification
requirements in 8 U.S.C. § 1324a(a) could result in the
imposition of criminal and civil penalties against the
employer.**

**Response:**

     Admitted to the extent that Section 274a(a) of the INA, 8
U.S.C. § 1324(a), generally makes it unlawful for employers
either to hire an alien knowing the alien is unauthorized to work
in the United States or to fail to comport with the employment
verification system required by Section 274a(b) or the INA, 8
U.S.C. § 1324a(b), and to the extent that Section 274a(f)
prescribes criminal and civil penalties to be levied against
employers.  Denied to the extent the request seeks admissions
beyond the provisions set forth in Sections 274a(a), (b), and
(f), 8 U.S.C. § 1324a(a), (b), & (f).

**16. Admit that if an individual requests that INS provide an
interim document evidencing employment authorization in the
United States on the basis of having filed an N-600
application, INS will deny the request to issue such a
document on this basis.**

**Response:**
     The request is objected to as overly broad and vague as to
"interim document."  To the extent "interim document" is
construed as meaning temporary work authorization issued solely
on the basis of having filed an N-600 application, it is
admitted.



5

17. **Admit that the named plaintiffs in this action, Antelma Dominguez-Perez, Mario Guadalupe Salinas-Grimaldo, Patricia Boone-Gomez, and Armando Boone-Gomez, each had N-600 applications at the Harlingen INS Office pending at the time this action was filed.**

**Response:**

Admitted.  However, since the filing of the applications, Antelma Dominguez-Perez, Patricia Boone-Gomez, and Armando Boone-Gomez have been issued certificates of citizenship.

18. **Admit that as of the time of filing the instant action, the named plaintiffs in this action, Antelma Dominguez-Perez, Mario Guadalupe Salinas-Grimaldo, Patricia Boone-Gomez, and Armando Boone-Gomez had not been provided with interim documentation evidencing employment authorization in the United States while their N-600 applications were pending.**

**Response:**

The request is objected to as overly broad and vague as to "interim documentation."  To the extent "interim documentation" means temporary work authorization, it is admitted.

19. **Admit that if a United States citizen requests that Defendant Chater issue a Social Security card, or a duplicate Social Security card, on the basis that he or she has filed a properly filed documented N-600 application, setting forth a <u>prima facie</u> claim to United States citizenship, Defendant Chater will refuse to issue a Social Security Card on this basis.**

**Response:**

Admitted to the extent that if a United States citizen requests an original Social Security Number (SSN) or a duplicate SSN card, on the basis that he or she has filed a properly documented N-600 application with the INS, a Social Security card will not be issued.  However, the SSA will accept other proof of work authorization, such as a certificate of naturalization, a certificate of citizenship, a U.S. passport, a U.S. citizen identification card, consular report of birth, or other verification of citizenship from the INS, Department of State, or Federal or State court records confirming citizenship.  Denied beyond that limited context.

20. **Admit that Plaintiff Antelma Dominguez-Perez requested that Defendant Chater issue a Social Security card on the basis that she had filed a properly documented N-600 application, setting forth a <u>prima facie</u> claim to United States**



6

citizenship, and that Defendant Chater refused to issue a
Social Security card on this basis.

**Response:**

Denied.  The Harlingen, Texas, field office, like all Social
Security Administration field offices, does not keep any log,
file or other correspondence on applications for SSN applications
(SS-5 applications) that are returned to the applicant when
sufficient evidence of age, identity, or citizenship/legal status
is not presented.  The SS-5 application and any evidence
submitted is returned to the applicant with a notice indicating
what additional evidence is needed (SSA-L669) or a note of denial
(SSA-L676).  Thus, Defendants are without knowledge to answer the
request.

21. **Admit that Plaintiff Mario Guadalupe Salinas-Grimaldo,
requested that Defendant Chater issue a duplicate Social
Security card on the basis that he had filed a properly
documented N-600 application setting forth a virtually
conclusive claim to United States citizenship, and that
Defendant Chater refused to issue a duplicate Social
Security card on this basis.**

**Response:**

Denied.  The Harlingen, Texas, field office, like all Social
Security Administration field offices, does not keep any log,
file or other correspondence on applications for SSN applications
(SS-5 applications) that are returned to the applicant when
sufficient evidence of age, identity, or citizenship/legal status
is not presented.  The SS-5 application and any evidence
submitted is returned to the applicant with a notice indicating
what additional evidence is needed (SSA-L669) or a note of denial
(SSA-L676).  Thus, Defendants are without knowledge to answer the
request.

22. **Admit that there is no legal bar to the issuance by the
Attorney General of interim employment authorization to
persons who present documentation demonstrating that they
were born outside the United States, who have filed N-600
applications setting forth a <u>prima facie</u> claim to U.S.
citizenship.**

**Response:**

The request is objected to as overly broad and vague as to
what is meant by "legal bar."



7

23.   **Admit that the number of N-600 applications filed at the Harlingen INS Office per year has not significantly diminished over the past five years.**

**Response:**

    This request is unclear and vague, and respondents object to the request.  Plaintiffs have provided no information concerning what they mean by "significantly diminished."  To the extent a response is required, this request is denied.

24.   **Admit that new applications have been filed at the Harlingen INS office each and every month since at least January 1, 1990.**

**Response:**

    Denied.  New applications have not been filed every month.

25.   **Admit that at least 500 N-600 applications have been filed at the Harlingen INS Office each year since at least January 1, 1990.**

**Response:**

    Denied.

26.   **Admit that at least 250 N-600 applications have been filed at the Harlingen INS Office each year since at least January 1, 1990.**

**Response:**

    Admitted.

27.   **Admit that at least 100 N-600 applications have been filed at the Harlingen INS Office each year since at least January 1, 1990.**

**Response:**

    Admitted.

28.   **Admit that at least 50 N-600 applications have been filed at the Harlingen INS Office each year since at least January 1, 1990.**

**Response:**

    Admitted.



8

29.  Admit that at least 25 N-600 applications have been filed at
     the Harlingen INS Office each year since at least January 1,
     1990.

Response:

     Admitted.

                              Submitted by,

                              FRANK HUNGER
                              Assistant Attorney General
                              Civil Division

                              PHILEMINA MCNEILL JONES
                              Assistant Director
                              Office of Immigration Litigation

                              KEN MUIR
                              Special Assistant U.S. Attorney

                              ERNESTO H. MOLINA, JR.
                              Attorney
                              Office of Immigration Litigation
                              Civil Division
                              U.S. Department of Justice
                              Post Office Box 878
                              Ben Franklin Station
                              Washington, D.C. 20044
                              (202) 616-9344

Dated:  December 13, 1996    ATTORNEYS FOR RESPONDENT



## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 1996, one copy of Defendants' Responses to Plaintiffs' First Set of Requests for Admissions was served on plaintiffs by sending it via Federal Express overnight delivery, addressed as follows:

> Lisa S. Brodyaga, Esquire
> 402 E. Harrison, 2nd Floor
> Harlingen, TX  78550

ERNESTO W. MOLINA, JR.
Attorney
Civil Division
Office of Immigration Litigation
United States Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, D.C.  20044
(202) 616-9344

809