IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



FILED

JAN 0 2 1997

Michael N. Milby, Clerk

ANTELMA DOMINGUEZ-PEREZ, et. al.   )
    Plaintiffs,                    )
                                   )   CIVIL ACTION NO. B-96-116
JANET RENO, et. al..               )
    Defendants,                    )
_____)

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ENLARGEMENT
OF TIME TO FILE A RESPONSIVE PLEADING *OR MOTION*

Come Plaintiffs, and respectfully file the instant reply to Defendants' Motion for Enlargement of Time to File a Responsive Pleading or Motion, hereinafter cited as (INS:___).

Once again, Defendants seek an extension of time, and once again, they attempt, by implication, an opportunity to file another Rule 12(b) motion, in lieu of an answer. The stated grounds for the extension are identical to those utilized to obtain the prior extension. There is no explanation of why more time is needed. And again, Defendants appear to believe that it is sufficient to file the request at the last moment, (this time, on the date on which the Answer is due), assuming that the Court will not enter a default against the Government. But even more importantly, Defendants' attempt to circumvent Rule 12(b) should be unequivocally denied.

DEFENDANTS' IMPLICIT REQUEST FOR LEAVE TO FILE ANOTHER RULE 12(b) MOTION IN LIEU OF ANSWERING THE INSTANT COMPLAINT SHOULD BE DENIED.

Defendants again seek an extension of time "to file a responsive pleading *or motion*," (INS:1) (emphasis added). Given Plaintiffs' vigorous objections to Defendants' last such attempt, and the repetition of this language in the instant motion, it is clear that

it is purposeful. Defendants seek not only an extension of time in which to answer the complaint, but are also implicitly requesting an additional opportunity to file a further dilatory pleading, in the guise of another Rule 12(b) motion, in lieu of an answer.

This request should be denied. As previously noted, Rule 12(a)(4) does not contemplate indefinite avoidance of Defendants' obligation to answer the Complaint, by virtue of successive, meritless, rules to dismiss under Rule 12(b). To the contrary, Rule 12(a)(4)(A) states as follows, (emphasis added):

> If the court denies the motion or postpones its disposition until the trial on the merits, *the responsive pleading shall be served within 10 days* after notice of the court's action.

In asserting that their Answer was not due until December 2, 1996, Defendants opted to construe their initial motion to dismiss as a Rule 12(b) motion. Any other defenses which could have been raised therein, other than those included in Rule 12(h)(2), but was omitted, has been waived. Rule 12(g). Defenses covered by Rule 12(h)(2) may be raised in Defendants' Answer, so there is no need to raise them by "motion."

WHEREFORE, Plaintiffs respectfully request as follows:

(1) That Defendants be given only a relatively brief period of time in which to file their Answer, (not to file *"a responsive pleading or motion,"* as requested, (INS:1)); and that Defendants be advised that, upon their failure to do so, and without further notice, default will be entered against them, and that a hearing will be held, pursuant to Rule 55(e), F.R.Civ.P., to permit Plaintiffs to fully establish their right to relief, and
(2) That, pursuant to Rule 11, Federal Rules of Civil Procedure, sanctions be imposed against Defendants, including attorneys' fees for the time Plaintiffs have been required to expend defending

2

795

against Defendants' frivolous pleadings.

Respectfully submitted,

*[signature]*

LISA BRODYAGA
402 E. Harrison, 2nd floor
Harlingen, TX  78550
(21) 421-3226

MARY KENNEY
LYNN COYLE
Lawyers' Committee for Civil Rights
Under Law of Texas
2311 N. Flores
San Antonio, TX  78212
(210) 736-1503

THELMA GARCIA
301 E. Madison
Harlingen, Texas 78550
(210) 421-3226

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was mailed, first-class postage prepaid, to Ernesto Molina, Jr., Attorney, OIL, Box 878, Ben Franklin Station, Washington, D.C. 20044, on January 1, 1997.

*[signature]*

796