IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

|  |  |  |
|---|---|---|
| ANTELMA DOMINGUEZ-PEREZ, et. al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. B-96-116 |
| JANET RENO, et. al. | ) | |
| | ) | |
| Defendants, | ) | |

United States District Court
Southern District of Texas
FILED

JAN 1 0 1997

Michael N. Milby, Clerk

PLAINTIFFS' REQUEST FOR DEFAULT AND
RULE 11 SANCTIONS

Come Plaintiffs, by and through the undersigned, and respectfully request that the Clerk of Court enter default against Defendants, pursuant to Rule 55(a), Fed. Rules Civil Procedure. Plaintiffs also request that the Court impose Rule 11 sanctions, including attorneys fees, against Defendants, for their frivolous conduct.

I. BACKGROUND

The instant action was filed July 18, 1996. Service on Respondent Trominski was accomplished immediately. The other Respondents were served in August of 1996. On October 18, 1996, Defendants filed a motion to dismiss for lack of standing and mootness. Said motion was denied by this Court at the hearing on November 15, 1996. Also on November 15, 1996, Plaintiffs requested that this Court enter default against the Defendants.

In opposing Plaintiffs' request for default, Defendants characterized their initial motion as one to dismiss, for lack of jurisdiction, and invoked F.R.Proc. 12(a)(4)(A) for the proposition that their answer was therefore not due until ten days after the

Court's denial of the motion to dismiss. On November 29, 1996, Defendants filed a motion seeking, *inter alia,* clarification of the time limits. They again characterized their motion of October 18, 1996 as a "Motion to Dismiss for Lack of Jurisdiction," and invoked Rule 12(4)(A) as authority for their claim that their response was not due until December 2, 1996. [1] Plaintiffs, and the Court, accepted this characterization. In their motion of November 29, 1996, Defendants also sought an enlargement of "time to file a responsive pleading *or motion.*" The stated ground therefore was "to address the concerns of the court and respond to the amended pleading filed by plaintiffs."

In their response to said motion, Plaintiffs noted that, insofar as Defendants had opted to construe their initial motion to dismiss as one under Rule 12(b), Fed. Rules Civil Procedure, a second such motion did not relieve them of the obligation to respond to the instant Petition. Plaintiffs therefore requested that the extension be granted solely for the purpose of filing their response, and not a response "or motion." The Court granted the enlargment, giving Defendants until December 23, 1996, to file their "response" to Plaintiffs' First Amended Complaint. [2]

On December 23, 1996, Defendants filed a second motion for enlargement of time "to file a Responsive Pleading or Motion." Again, they stated that the extension was needed "to address the concerns of the court and respond to the amended pleading filed by plaintiffs and adequately address the claims of all ten plaintiffs." [3] In their response, Plaintiffs did not oppose the

---

[1] Defendants' Motion For Clarification of Time Limits Regarding the Pleadings and Motion For Enlargement of Time to File a Responsive Pleading or Motion," at page 4.

[2] Order of December 12, 1996.

[3] Defendants' Motion For Enlargement of Time To File a Responsive Pleading or Motion.

740

extension, but again pointed out that Defendants seemed to be seeking the opportunity to file a second motion to dismiss under Rule 12, *in lieu of an answer,* and opposed said implicit request.

On January 2, 1997, this Court granted Defendants the time requested, to wit, to January 6, 1997, for the purpose of filing their "response to Plaintiffs' First Amended Petition," etc..[4]

On January 7, 1997, Defendants apparently filed a second motion to dismiss for lack of jurisdiction. No response has been filed to Plaintiffs' First Amended Petition, as was ordered by this Court. And while a motion to dismiss for lack of jurisdiction may be filed at any time, a second such motion does not relieve Defendants of the obligation of filing a response to the instant Petition, particularly when under Court Order to file such a response. Federal Rules of Civil Procedure, Rule 12(a)(4).

Even more disturbing, however, is the fact that Defendants appear to have been less than candid with the Court as to their reasons for having (twice) sought an extension of time from this Court. Having represented to the Court that the purpose of the extensions was to "to address the concerns of the court and respond to the amended pleading filed by plaintiffs and adequately address the claims of all ten plaintiffs," Defendants were under an ethical obligation to file a pleading which accomplished these objectives. Sadly, Defendants have made no attempt to do so. The Court should not condone such tactics.

II.   ISSUES PRESENTED

A.   PLAINTIFFS ARE ENTITLED TO THE ENTRY OF DEFAULT AGAINST DEFENDANTS, IN ACCORDANCE WITH RULE 55(a), FED. R. CIVIL PROCEDURE.

---

[4] Order of January 2, 1997.

B. THIS COURT SHOULD HOLD A HEARING, AT WHICH DEFENDANTS SHOULD BE REQUIRED TO SHOW CAUSE WHY RULE 11 SANCTIONS, INCLUDING ATTORNEYS' FEES, SHOULD NOT BE IMPOSED.

### III. ARGUMENT

A. PLAINTIFFS ARE ENTITLED TO THE ENTRY OF DEFAULT AGAINST DEFENDANTS, IN ACCORDANCE WITH RULE 55(a), FED. R. CIVIL PROCEDURE.

Under Rule 12(a)(3), F.R.Civ.Proc., the United States is entitled to 60 days, following service of a summons and complaint upon the United States Attorney, in which to file a response. That time frame is altered by Rule 12(a)(4), as follows (emphasis added):

> *Unless a different time is fixed by court order*, the service of a motion permitted under this rule alters these periods of time as follows:
>
> > (A) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action;

In the case at bar, although the grounds asserted for requesting such extensions would only justify additional time for filing an answer to the complaint, Defendants couched their motions in terms which actually requested extensions of time in which to file a responsive pleading "or motion." Plaintiffs objected to the implicit request to file a second Rule 12 motion, *in lieu* of filing a responsive pleading. And the Court's Orders, granting the extensions, were limited to the filing of a response. As stated in the Order of January 2, 1997:

> [I]t is further ORDERED that the Defendants be granted an additional two weeks to file its response to Plaintiffs' First Amended Petition for Writ of Habeas Corpus, and Complaint for Declaratory and Injunctive Relief, thereby making such response due on January 6, 1997.

4

742

January 6th came and went with no filings by Defendants. On January 7th, they filed a second motion to dismiss, but no "response to Plaintiffs'" Petition and Complaint. The time for said response was clearly set by Court Order for January 6, 1997. Therefore, the filing of a second motion to dismiss, under Rule 12, does not relieve Defendants of the obligation to file their response, insofar as the time of filing was "*fixed by court order.*"

It is therefore submitted that Defendants are in default. Rule 55(a), Federal Rules of Civil Procedure, provides as follows:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Thereafter, since the claim is not for a "sum certain," judgment must be entered by the Court. Rule 55(b)(2), Fed. Rules Civ. Proc. And since the Judgment sought is against the United States, a hearing must be conducted, at which Plaintiffs have the opportunity to establish that they are entitled to the relief sought, before judgment is entered. Rule 55(e), Fed. Rules of Civil Procedure.

B. THIS COURT SHOULD HOLD A HEARING, AT WHICH DEFENDANTS SHOULD BE REQUIRED TO SHOW CAUSE WHY RULE 11 SANCTIONS, INCLUDING ATTORNEYS' FEES, SHOULD NOT BE IMPOSED.

As previously noted, the most disturbing aspect of Defendants' conduct is the strong indication that they have not been forthcoming with the Court, and that the extensions sought, and obtained, were never intended for the purposes stated, to wit, "to address the concerns of the court and respond to the amended pleading filed by plaintiffs and adequately address the claims of all ten plaintiffs." Rather, Defendants only sought further delay.

5

743

WHEREFORE, Plaintiffs respectfully request as follows:

(1)   That default be entered against Defendants by the Clerk;

(2)   That a hearing be conducted, pursuant to Rule 55(e), Federal Rules of Civil Procedure, at which Plaintiffs may establish their claim of right to relief, and that thereafter, Judgment be entered against Defendants, and

(3)   That, pursuant to Rule 11, Federal Rules of Civil Procedure, sanctions be imposed against Defendants, including attorneys' fees for the time Plaintiffs have been required to expend defending against Defendants' frivolous pleadings.

Respectfully submitted,

_____
LISA BRODYAGA
402 E. Harrison, 2nd floor
Harlingen, TX  78550
(21) 421-3226

MARY KENNEY
LYNN COYLE
Lawyers' Committee for Civil Rights
Under Law of Texas
2311 N. Flores
San Antonio, TX  78212
(210) 736-1503

THELMA GARCIA
301 E. Madison
Harlingen, Texas 78550
(210) 421-3226

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was mailed, first-class

6

postage prepaid, to Ernesto Molina, Jr., Attorney, OIL, Box 878, Ben Franklin Station, Washington, D.C. 20044, on January 10, 1997.



745