IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 3 1997

Michael N. Milby
Clerk of Court

ANTELMA DOMINGUEZ-PEREZ, )
et al., )
      Plaintiffs, )
)     No. B-96-116
  v. )
)
JANET RENO, et al. )
)
      Defendants. )
_____)

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR DEFAULT AND RULE 11 SANCTIONS

Defendants hereby oppose Plaintiffs' Request for Default, and Rule 11 Sanctions. The motion for default is opposed as unwarranted and premature, and the request for sanctions is opposed as inappropriate.

### BACKGROUND

The instant action was filed on July 18, 1996. However, all of the Defendants were not properly served until August 26, when service was completed under Fed. R. Civ. P. 4(i) by the service of process to Defendant Shirley S. Chater. After proper service, Defendants had sixty days to respond by answer or motion. Fed. R. Civ. P. 12(a)(3). On October 18, Defendants filed Defendants' Motion to Dismiss for Mootness and Lack of Jurisdiction ("Motion to Dismiss"). The filing of this motion served as a response under Fed. R. Civ. P. 12(a)(4). Defendants received Plaintiffs' Motion for Class Certification on October 23, 1996. Defendants filed Defendants' Motion to Hold In Abeyance the Court's Determination of Plaintiffs' Motion for Class Certification Pending Determination of Defendants' Motion to Dismiss and Motion

to Hold Discovery in Abeyance on November 7, 1996. On November 14, 1996, Defendants received Plaintiffs' First Amended Petition for Writ of Habeas Corpus, and Complaint for Declaratory and Injunctive Relief ("First Amended Complaint"), as well as Plaintiffs' Supplemental Points and Authorities in Support of Plaintiffs' Motion for Class Certification and Plaintiffs' Opposition to Defendants' Motion to Dismiss for Mootness and Lack of Standing. Plaintiffs' served the Defendants with Plaintiffs' Request for Default, Immediate Class Certification, and Rule 11 Sanctions on November 15, 1996.

The Court held a hearing on November 15, 1996. At the hearing, the Court ordered Defendants to answer Plaintiffs' First Set of Requests for Admissions. The Court further determined that Defendants' Motion to Dismiss for Mootness and Lack of Jurisdiction would be denied in part as moot. Finally, the Court determined that Defendants had until December 10, 1996, to respond to Plaintiffs' Motion for Class Certification.

On December 2, 1996, Defendants filed Defendants' Motion for Clarification Regarding the Pleadings and Motion for Enlargement of Time to File a Responsive Pleading (Defendants' Motion for Clarification"). The Court granted the request for enlargement of time on December 12, 1996, setting the date for Defendants' responsive pleading or motion for December 23, 1996. Meanwhile, Defendants provided an opposition to class certification and answered Plaintiffs' discovery request on December 12, 1996, and December 14, 1996, respectively.

On December 23, 1996, the Defendants requested an enlargement of time to file their responsive pleading or motion. The Court granted that motion on January 2, 1997, setting the date for the filing of the responsive pleading or motion for January 6, 1997, but the Court's order was not received by Defendants until January 10, 1997. In the absence of the order, the Defendants filed Defendants' Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim ("Defendants' Second Motion to Dismiss") on January 7, 1997. Subsequently, Plaintiffs filed the instant Plaintiffs' Request for Default and Rule 11 Sanctions ("Second Request for Default"), and Defendants filed Defendants' Motion for Leave of Court to File Defendants' Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim Out of Time ("Defendants' Motion for Leave to File Out of Time").

**ARGUMENT**

I.  **PLAINTIFFS ARE NOT ENTITLED TO ENTRY OF DEFAULT**

The Plaintiffs should not be granted their request for entry of default. Plaintiffs indicate that the Court had set the due date for a response to the First Amended Complaint for January 6, 1997. The Defendants did file a motion to dismiss on January 7, 1997. Contemporaneous to the filing of the Plaintiffs' Second Request for Default, Defendants filed Defendants' Request for Leave to File Out of Time. The Defendants' Request for Leave to File Out of Time indicated that the filing out of time was not intentional, as Defendants had not received the Court's order

4

dated January 2, 1997. Thus, Defendants' proceeded under the belief that their motion for an enlargement of time was still pending, as is discussed in Defendants' Motion for Leave of Court to File Out of Time. Motion for Leave of Court to File Out of Time at 1. The Court has not yet decided the Defendants' Motion for Leave to File Out of Time. If the Court grants the motion, the Defendants will have filed a response according to the date "fixed by the court." Fed. R. Civ. P. 12(b)(4). Thus, Plaintiffs motion seeking default is premature. Moreover, it is unwarranted.

**II. SANCTIONS UNDER RULE 11 ARE NOT MERITED AND A HEARING FOR THE IMPOSITION OF SANCTIONS IS UNNECESSARY.**

The Court should not impose sanctions under Fed. R. Civ. P. 11 against Defendants, and a hearing on the matter is unnecessary. Plaintiffs contend that sanctions under Rule 11 are merited because of "the strong indication that [the Defendants] have not been forthcoming with the Court" by requesting delays which "were never intended for the purposes stated, to wit, 'to address the concerns of the court and respond to the amended pleading filed by Plaintiffs and adequately address the claims of all ten Plaintiffs.'" Plaintiffs Request for Default and Rule 11 Sanctions at 5.

The assertions of the Plaintiffs are fallacious and belied by the record. At a hearing on September 23, 1996, the Court asked the attorney for the Defendants if there was any relief available to the Plaintiffs. That request was renewed at a hearing on November 15, 1996. The Defendants have subsequently



made efforts to determine what relief is available to Plaintiffs and have presented those efforts to the Court and even concluded that relief was available to some Plaintiffs but not others. Defendants' Second Motion to Dismiss discussed a regulation which provided temporary work authorization for Plaintiff Salinas and half of the purported class. Memorandum in Support of Defendants' Second Motion to Dismiss 16. Defendants' Second Motion to Dismiss clearly demonstrates that the time enlargements requested were justified and that the Defendants were making diligent efforts to see what forms of relief were available for the Plaintiffs. While relief was not found for all the Plaintiffs, the Court's grants of extensions were clearly being used for the stated purpose of addressing the concerns of the Court.

Plaintiffs also complain that Defendants in their November 29, 1997 request did not seek an extension to file a motion. Plaintiffs' Request for Default and Rule 11 Sanctions at 2. A similar complaint was raised as to Defendants' second request for an extension. Id. at 2. In their November 29, 1997, request for an extension, Defendants requested "an enlargement of time . . . to file a responsive pleading or motion." Defendants' Motion for Clarification at 3. In its next request, the Defendants requested "an enlargement of time to file a responsive pleading or motion". Defendants' Motion for Enlargement of Time to File a Responsive Pleading or Motion at 1. The Court granted an

6

extension to allow Defendants to file a response. Court Order, January 2, 1997. The response was a motion to dismiss.[1]

Entry of default is not a suitable sanction against Defendants. <u>Security and Exchange Commission v. First Houston Capital Resources Fund</u>, 979 F.2d 380, 382 (5th Cir. 1992). Imposing a sanction of default judgment is appropriate "only in the face of clear record of delay or contumacious conduct . . . ." <u>Id</u>. In imposing a sanction of default, the Court must find "that a lesser sanction would not have served the interests of justice." <u>Id</u>. Here, the Defendants filed one day out of time. The Defendants' Second Motion to Dismiss demonstrates that the Defendants were making an effort to address the concerns of the Court. <u>See</u> <u>supra</u>. The Defendants did not request inordinate amounts time, limiting its requests to discrete, small periods. Thus, the punishment of default would not be the most suitable sanction. In light of the above considerations, no sanction should be imposed.

///

///

///

///

---

[1] Plaintiffs seem to suggest that a motion to dismiss would not satisfy the requirement of a response under Fed. R. Civ. P. 12. This notion is inaccurate. While a motion to dismiss does not constitute an answer, for the purposes of Fed. R. Civ. P. 12, the filing of a motion to dismiss is a permissible action in lieu of an answer. Fed. R. Civ. P. 12(b)(4). While the Court's order did discuss the filing of a "response," such did not preclude a motion to dismiss based on the amended complaint.

7

## CONCLUSION

For all the foregoing reasons, Plaintiffs' Request for Default and Rule 11 Sanctions should be denied.

Respectfully submitted,

FRANK HUNGER
Assistant Attorney General
Civil Division

PHILEMINA MCNEILL JONES
Assistant Director

ERNESTO H. MOLINA, JR.
Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
Post Office Box 878
Ben Franklin Station
Washington, D.C. 20044
(202) 616-9344

Dated: January 31, 1997          ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 1997, one copy of Defendants' Opposition to Plaintiffs' Request for Default and Rule 11 Sanctions was served on Plaintiffs by depositing it in the Department of Justice Mail Room for same day mailing, addressed as follows:

>Lisa S. Brodyaga, Esquire
>402 E. Harrison, 2nd Floor
>Harlingen, TX  78550

ERNESTO H. MOLINA, JR.
Attorney
Civil Division
Office of Immigration Litigation
United States Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, D.C.  20044
(202) 616-9344

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ANTELMA DOMINGUEZ-PEREZ, et al., | ) ) ) |
| Petitioners, | ) ) No. B-96-116 |
| v. | ) ) |
| JANET RENO, et al., | ) ) |
| Defendants. | ) ) ) |

**ORDER**

Upon consideration of the Plaintiffs' Request for Default and Rule 11 Sanctions, and the response filed by the Defendants, it is:

ORDERED, that Plaintiffs' Request for Default and Rule 11 Sanctions be, and the same hereby is DENIED.

Done at Brownsville, Texas,

this _____ day of _____, 1997.

_____
JUDGE PRESIDING