IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 3 1997

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ANTELMA DOMINGUEZ-PEREZ, et. al. | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION NO. B-96-116 |
| JANET RENO, et. al. | ) |
| Defendants, | ) |

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO FILE OUT OF TIME,
DEFENDANTS' MOTION TO DISMISS,
FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM

Come Plaintiffs, by and through the undersigned, and respectfully file the instant opposition to Defendants' Motion for leave to file out of time, Defendants' Motion to Dismiss For Lack of Jurisdiction and For Failure to State a Claim Upon which Relief Can be Granted.

Plaintiffs' principle opposition is to the fact that by granting the instant motion, the Court would not be granting an extension of time, but would, *sub silentio*, be granting Defendants' third (indirect) attempt to obtain leave of Court to file a second motion to dismiss, *in lieu of* a responsive pleading. In none of these requests, have the Defendants faced the issue squarely. Rather, they attempt to accomplish by indirection that which would properly be denied if they made a direct request.

In both of their prior motions for extensions of time, Defendants requested additional time to file a "responsive pleading or motion." Both times, Defendants represented to the Court that they needed the additional time for the purpose of addressing the Court's concerns, as expressed at the hearing on November 15, 1996.

On both occasions, Plaintiffs objected strenuously to the apparent

692

backdoor attempt to obtain leave to file a second motion to dismiss, *in lieu of* a responsive pleading, and tendered proposed orders, in which the requested extension of time would have been granted, but in which it would have been crystal clear that the Court was not granting leave to file a second motion to dismiss, in lieu of an answer to the complaint.  And both times, the Court apparently gave Defendants the benefit of the doubt.

Each time, the Court granted an extension of time in which to file a responsive pleading, (but not to file such a pleading "or motion"), but declined to take the more specific approach set forth in Plaintiffs' proposed order.  Both Orders contained general language that the motion would be granted, and *specific* language ordering Defendants to file a responsive pleading. Defendants never sought clarification of these Orders, as one could reasonably assume they would do if they considered the Orders to be vague, or believed that the general phrase "granting" the motion would override the more specific one, stating exactly what Respondents were required to do. *See generally, U.S. v. Marmolejo*, 89 F.3d 1185, 1194 (5th cir. 1996) (it is a well established rule of construction that if two legal provisions apply, one general and one specific, the specific takes precedence).

Now Defendants are using the device of a motion to file out of time in a further attempt to obtain the leave they sought, and were not granted, to file a "responsive pleading *or motion*."  In their motion requesting such leave, they address the reasons that their pleading was filed on January 7, 1997, rather than January 6, 1997, but make no effort whatsoever to defend their assumption that their second motion to dismiss fulfills the terms, let alone the intent, of the Court's Order, granting the two prior requested extensions. Defendants still have not filed such a "responsive pleading."

Nor have they addressed the fact that their second Motion to Dismiss is not a "responsive pleading," and that a request to file

said motion "out of time" will not cure this fundamental defect. Rather, Defendants studiously ignore this issue, even in their latest motion.

Even more importantly, notwithstanding their representations that they needed the two prior extensions of time in order to do so, Defendants have still made *no* attempt to address the Court's concerns, as expressed at the two prior hearings. In essence, Defendants obtained the prior extensions under false pretenses. It is not the extra day that is at issue, it is the fundamental lack of forthrightness which Defendants continue to show.

It is therefore urged that the instant motion be denied.

Respectfully submitted,

LISA S. BRODYAGA
402 E. Harrison, 2nd floor
Harlingen, TX 78550
(210) 421-3226

MARY KENNEY
LYNN COYLE
Lawyers' Committee for Civil Rights
Under Law of Texas
2311 N. Flores
San Antonio, TX 78212
(210) 736-1503

THELMA GARCIA
301 E. Madison
Harlingen, Texas 78550
(210) 421-3226

CERTIFICATE OF SERVICE

I certify that copies of the foregoing opposition, and proposed Order, were mailed, first-class postage prepaid, to Ernesto Molina, Jr., Attorney, OIL, Box 878, Ben Franklin Station, Washington, D.C. 20044, on February 3, 1997.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ANTELMA DOMINGUEZ-PEREZ, et. al.  )
                                         )
    Plaintiffs,                   )
                                       )   CIVIL ACTION NO. B-96-116
JANET RENO, et. al.               )
                                       )
    Defendants,                 )

**ORDER DENYING**

DEFENDANTS' MOTION TO FILE OUT OF TIME, DEFENDANTS' TO DISMISS FOR LACK OF JURISDICTION AND FOR FAILURE TO STATE A CLAIM.

Upon consideration of Defendants' (Opposed) Motion For Leave of Court To File Defendants' Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim Out of Time, the response of the Plaintiffs, and the entire history of the case:

IT IS HEREBY ORDERED that said motion be, and hereby is, DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall ensure that all parties, and counsel of record, are served with certified copies of the instant Order.

DONE at Brownsville, Texas,


this _____ day of _____, 1997.




                                                                   _____
                                                                        JUDGE PRESIDING

1096