IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 4 1997

Michael N. Milby
Clerk of Court

ANTELMA DOMINGUEZ-PEREZ, et. al. )
)
    Plaintiffs, )
) CIVIL ACTION NO. B-96-116
JANET RENO, et. al. )
)
    Defendants, )

PLAINTIFFS' (OPPOSED) REQUEST FOR HEARING WITH RESPECT
TO DEFENDANTS' MOTION TO FILE OUT OF TIME,
DEFENDANTS' MOTION TO DISMISS
FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM,
AND PLAINTIFFS' REQUEST FOR DEFAULT AND RULE 11 SANCTIONS

Come Plaintiffs, by and through the undersigned, and respectfully file the instant (opposed) request for a hearing, with respect to Defendants' Motion for leave to file out of time, Defendants' Motion to Dismiss For Lack of Jurisdiction and For Failure to State a Claim Upon which Relief Can be Granted, and with respect to Plaintiffs' Request for Default and for Rule 11 Sanctions.

Plaintiffs have this day received Defendants' Opposition to Plaintiffs' Request For Default and Rule 11 Sanctions.[1] Once again, Defendants misrepresent Plaintiffs' position, (INS5:5):

> Plaintiffs also complain that Defendants in their November 29, 1997 [sic] request did not seek an extension to file a motion. (Citation omitted). A similar complaint was raised as to Defendants' second request for an extension. (Citation omitted).

To the contrary, Plaintiffs complained, with force and clarity, that Defendants *did* seek leave to file a responsive pleading "or

---

[1] In keeping with the prior designation of Defendants' pleadings, said Opposition will hereinafter be cited as (INS5:_).

motion." In responding to both of motions for extensions of time, Plaintiffs noted that Defendants were implicitly seeking leave to file a second motion to dismiss, *in lieu* of an answer. Plaintiffs requested that the Court grant an extension of time, but specify that it was solely for the purpose of filing a responsive pleading.

Both times, the Court granted the extension, for the purpose of filing a responsive pleading. Now Defendants assert that a motion to dismiss is a "responsive pleading," (INS5:6, n.1). If Defendants believed this to be the case, their pleadings were redundant, as there would have been no need to request leave to file a "responsive pleading or motion." It would have been sufficient to request leave to file a "responsive pleading."

Defendants also assert that their second motion to dismiss *does* incorporate an attempt to "address the concerns of the court" as expressed at the hearings on September 23, 1996, and November 15, 1996, alleging as follows, (INS5:4-5):

> At a hearing on September 23, 1996, the Court asked the attorney for the Defendants if there was any relief available to the Plaintiffs. That request was renewed at a hearing on November 15, 1996. The Defendants have subsequently made efforts to determine what relief is available to Plaintiffs and have presented those efforts to the Court and even concluded that relief was available to some Plaintiffs but not others. Defendants' Second Motion to Dismiss discussed a regulation which provided temporary work authorization for Plaintiff Salinas and half of the purported class. [2]

Sadly, this is also untrue. As pointed out in Plaintiffs' Opposition to Defendants' (Second) Motion to Dismiss, filed and served January 24, 1997, at pages 6-7, the regulation cited by Defendants does *not* permit persons such as Plaintiff Salinas to

---

[2] Defendants cannot seriously believe that "half the purported class" previously possessed, and lost, valid social security cards.

2

687

"obtain a type of temporary work authorization for up to ninety days while they obtain their replacement documentation," (INS2:16,27), [3] since Defendant Chater will not *provide* such replacement documentation, or even a "receipt" showing that such an application has been made, to persons such as Plaintiff Salinas and the class he represents. And without such a receipt, the regulation cited by Defendants does not permit a person such as Plaintiff Salinas to be employed "for up to ninety days."

Moreover, the concerns expressed by the Court were not limited to the named Plaintiffs, but included the entire putative class. Defendants have made absolutely *no attempt* to address the Equal Protection aspect of this case, wherein persons such as the husband of Plaintiff Perez may obtain employment authorization, and a social security number, on the basis of her claim to U.S. citizenship, but she cannot do so.

If Defendants consider that their second Motion to Dismiss constitutes a good faith effort to "address the concerns of the Court" as expressed at the two prior hearings, Plaintiffs would suggest that the Court needs to express these concerns again, in a manner which cannot be taken quite so lightly. It is urged that this can be best accomplished in a face to face encounter.

It is also urged that a face to face encounter is necessary to determine whether default, and Rule 11 sanctions, are warranted, and to start moving the case forward again. If no progress is made, Plaintiffs will proceed with a motion for a temporary injunction, and seek a hearing on their motion for class certification. At the risk of obliging the Court to read another "book," Plaintiffs may also re-urge their request for leave to reply to Defendants' opposition to the motion for class certification.

---

[3] Plaintiffs will continue referring to Defendants' Second Motion to Dismiss as (INS2:___).

3

On February 4, 1997, Petitioners contacted counsel for Defendants, Ernesto Molina, about the instant motion. He called back about half an hour later, and informed the undersigned that he had discussed the matter with his superiors, that Defendants considered that the matters were set forth adequately in the pleadings, and that Defendants would oppose the request for such a hearing.

Respectfully submitted,

_____
LISA S. BRODYAGA
402 E. Harrison, 2nd floor
Harlingen, TX  78550
(210) 421-3226

MARY KENNEY
LYNN COYLE
Lawyers' Committee for Civil Rights
Under Law of Texas
2311 N. Flores
San Antonio, TX  78212
(210) 736-1503

THELMA GARCIA
301 E. Madison
Harlingen, Texas 78550
(210) 421-3226

CERTIFICATE OF SERVICE

I certify that copies of the foregoing, and proposed Order, were mailed, first-class postage prepaid, to Ernesto Molina, Jr., Attorney, OIL, Box 878, Ben Franklin Station, Washington, D.C. 20044, on February 4, 1997.

_____

4    689

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ANTELMA DOMINGUEZ-PEREZ, et. al. )<br>)<br>Plaintiffs, )<br>)<br>JANET RENO, et. al. )<br>)<br>Defendants, ) | CIVIL ACTION No. B-96-116 |

**ORDER GRANTING**

PLAINTIFFS' (OPPOSED) REQUEST FOR HEARING WITH RESPECT
TO DEFENDANTS' MOTION TO FILE OUT OF TIME,
DEFENDANTS' MOTION TO DISMISS
FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM,
AND PLAINTIFFS' REQUEST FOR DEFAULT AND RULE 11 SANCTIONS

Upon consideration of Plaintiffs' (Opposed) Request for Hearing With Respect to Defendants' Motion For Leave of Court To File Defendants' Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim Out of Time, and Plaintiffs' Request for Default and Rule 11 Sanctions, the response of the Defendants, if any, and the entire history of the case:

IT IS HEREBY ORDERED that said motion be, and hereby is, GRANTED.

IT IS FURTHER ORDERED that a hearing shall be held on said motions on the ___ day of _____, 1997, in the courtroom on the ____ Floor of the U.S. Courthouse, 500 E. Elizabeth St., Brownsville, Texas; and

IT IS FURTHER ORDERED that the Clerk of Court shall ensure that all counsel of record, are served with certified copies of the instant Order.

690

**DONE at Brownsville, Texas,**

this _____ day of _____, 1997.

_____
**JUDGE PRESIDING**

2   691