IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 06 1997

Michael N. Milby
Clerk of Court

ANTELMA DOMINGUEZ-PEREZ, et. al. )
)
    Plaintiffs, )
)   CIVIL ACTION NO. B-96-116
JANET RENO, et. al. )
)
    Defendants, )

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFFS' (OPPOSED) REQUEST FOR HEARING, ETC.

Come Plaintiffs, through the undersigned, and respectfully file the instant reply to Defendants' Opposition to their (opposed) request for a hearing, with respect to Defendants' Motion for leave to file out of time, Defendants' Motion to Dismiss For Lack of Jurisdiction and For Failure to State a Claim Upon which Relief Can be Granted, and Plaintiffs' Request for Default and for Rule 11 Sanctions.[1]

Said Opposition is notable for several reasons. First, Defendants make no attempt to rebut Plaintiffs' showing that certain of Defendants' prior representations were incorrect. For example, with respect to their failure to "address the concerns of the court" as expressed at the hearings on September 23, 1996, and November 15, 1996, Defendants claimed in their Opposition to Plaintiffs' Request for Default and Rule 11 Sanctions, (INS9:4-5):[2]

> At a hearing on September 23, 1996, the Court asked the attorney for the Defendants if there was any relief available to the Plaintiffs. That request was renewed at

---

[1] Insofar as said Opposition is the tenth pleading filed by Defendants, it will hereinafter be cited as (INS10:_).

[2] Said pleading was previously referred to as (INS5:__), but will hereinafter be cited as (INS9:_), as it is Defendants' ninth pleading before this Court.

      a hearing on November 15, 1996. The Defendants have subsequently made efforts to determine what relief is available to Plaintiffs and have presented those efforts to the Court and even concluded that relief was available to some Plaintiffs but not others. Defendants' Second Motion to Dismiss discussed a regulation which provided temporary work authorization for Plaintiff Salinas and half of the purported class.[3]

As has been twice pointed out, first in Plaintiffs' Opposition to Defendants' (Second) Motion to Dismiss, filed and served January 24, 1997, at pages 6-7, and again in Plaintiffs' Request for Hearing, at pages 2-3, the regulation cited by Defendants does *not* permit persons such as Plaintiff Salinas to "obtain a type of temporary work authorization for up to ninety days while they obtain their replacement documentation," (INS7:16,27).[4] Defendant Chater will not *provide* replacement documentation, or even a "receipt" showing that such an application has been made, to persons such as Plaintiff Salinas and the class he represents. And without such a receipt, the cited regulation does not permit a person such as Plaintiff Salinas to be employed "for up to ninety days."

By its continued failure to address this point, Respondents tacitly admit its validity, as they must.

Moreover, as was also noted in Plaintiffs' Request for Hearing, at page 3, the concerns expressed by the Court were not limited to the named Plaintiffs, but included the entire putative class. Defendants have *still make no attempt* to address the Equal Protection aspect of this case, wherein persons such as the husband

---

    [3] As previously noted, Defendants' implied claim that "half the purported class" previously possessed, and lost, valid social security cards cannot be taken seriously. Defendants neither rebut this assertion by Plaintiffs, nor repeat the claim, so it must be taken as abandoned, as well it should be.

    [4] As Defendants' seventh pleading herein, their second Motion to Dismiss, filed January 7, 1997, will be cited as (INS7:___).

of Plaintiff Perez may obtain employment authorization, and a social security number, on the basis of her claim to U.S. citizenship, but she cannot do so.

Again, it is submitted that Defendants' silence on this point is tantamount to an acknowledgment that Plaintiffs are correct. Defendants' practices *do* violate the Equal Protection rights of Plaintiff Perez, and the class she represents.

Similarly, Defendants continue to assert that the fact that the Court did not specifically limit its Orders to an "Answer" means that they were implicitly granted leave to file a motion in lieu of an answer, (INS10:1-2). This overlooks the fact that, as was pointed out by Plaintiffs in their Request for Hearing, etc., [5] (PL12:2), Defendants styled their motion as one seeking an extension of time to file a "responsive pleading *or motion*." By this, Defendants clearly indicated that they knew the difference between the two, and that a motion to dismiss was not the same as a responsive pleading. Had they considered the two to be equivalent, (as they now assert), they would have requested only an extension of time in which to file a "responsive pleading."

Once again, by their silence, Defendants implicitly admit that Plaintiffs are correct in this reading of their prior pleadings.

Respondents also misstate the record in the following assertion, (INS6:2) (emphasis added):

> Finally, Plaintiffs' [sic] suggest that they should be permitted the opportunity at a hearing to reply to Defendants' opposition to the motion for class certification. The need for a reply at a hearing is unfounded. The filings are before the Court, and the

---

[5] Which Request, as Plaintiffs' twelfth pleading, will hereinafter be cited as (PL12:__).

3

608

Court is presently considering them. For Plaintiffs' [sic] to ask that they now be permitted yet another opportunity to address the pending motion more than two months after its submission to the Court is unnecessary, *especially where Plaintiffs elected not to reply to the Defendants' opposition to the motion for class certification.*

At the hearing on November 15, 1996, the Court set a timetable for Defendants to reply to the class certification motion. Defendants appear to have forgotten that at that time, Plaintiffs requested leave to file a responsive pleading, which request was denied by the Court. Plaintiffs have not "elected" not to file such a reply. Rather, they have respected the Court's wishes on that point, and have therefore refrained from filing a responsive pleading.

Wherefore, it is respectfully urged that the Court grant Plaintiffs' pending motion for default and Rule 11 sanctions. It is also urged that if the Court is not prepared to grant Plaintiffs' motion for class certification on the basis of the pleadings filed to date, an evidentiary hearing be scheduled on said motion, and Plaintiffs be granted leave to respond to Defendants' opposition thereto.

Respectfully submitted,

*/s/ Lisa S. Brodyaga*

LISA S. BRODYAGA
402 E. Harrison, 2nd floor
Harlingen, TX 78550
(210) 421-3226

MARY KENNEY

4

609

LYNN COYLE
Lawyers' Committee for Civil Rights
Under Law of Texas
2311 N. Flores
San Antonio, TX  78212
(210) 736-1503

THELMA GARCIA
301 E. Madison
Harlingen, Texas 78550
(210) 421-3226

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing, and proposed Order, were mailed, first-class postage prepaid, to Ernesto Molina, Jr., Attorney, OIL, Box 878, Ben Franklin Station, Washington, D.C. 20044, on February 28, 1997.