United States District Court
Southern District of Texas
FILED

APR 0 1 1997

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANTELMA DOMINGUEZ-PEREZ,<br>et. al., | §<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| v. | § | CA NO. B-96-116 |
| | § | |
| JANET RENO,<br>et. al., | §<br>§<br>§ | |
| Defendants. | §<br>§ | |

## SUPPLEMENT TO PLAINTIFFS' MOTION FOR
## CLASS CERTIFICATION

## I. INTRODUCTION

On October 18, 1996, plaintiffs filed their motion for class certification. Supplemental

points and authorities in support of the motion were filed on November 7, 1996 (hereinafter

"Plaintiffs' Supplemental Points"). On that same date, plaintiffs also filed an amended complaint

which included an amended class definition. Based upon this amendment, the class that plaintiffs

seek to represent consists of:

> all people who have filed or will file N-600 applications with the INS district
> office in Harlingen, whose claims to United States citizenship have not been
> finally adjudicated, and who, during the time that their claims to U.S. citizenship
> are being adjudicated, have been or will be unable to obtain social security cards
> because of lack of any of the specified documents evidencing their U.S.
> citizenship, which are acceptable to the Social Security office, and lack of any
> document from INS evidencing their right to be employed in the United
> States as prima facie U.S. citizens.

Plaintiffs' First Amended Complaint, ¶ 14.

1



On December 10, 1996, defendants' filed their opposition to plaintiffs motion, claiming that plaintiffs meet none of the prerequisites for class certification under Rule 23 of the Federal Rules of Civil Procedure. Three days later, defendants answered plaintiffs' first set of requests for admissions by admitting, inter alia, that more than two hundred and fifty (250) N-600 applications were currently pending at the INS office in Harlingen and that more than twenty-five (25) of these applications had been pending for over a year. Despite these admissions, defendants did not subsequently correct their opposition to plaintiffs' class certification motion, in which they had speculated as if no more than one hundred (100) N-600 applications were pending at the Harlingen office. Memorandum in Support of Defendants' Opposition to Motion for Certification of Class (hereinafter "Defendants' Opposition") at 9 ("[E]ven if the number of pending N-600 applications at the Harlingen office were as high as one hundred, this number is inadequate to render joinder impractical.")

Plaintiffs now file this supplement to their motion for class certification and simultaneously file additional evidence in support of their motion, to conclusively demonstrate that they meet all requirements for class certification.

## II.    PLAINTIFFS HAVE MET THEIR BURDEN WITH REGARD TO ALL REQUIREMENTS FOR CLASS CERTIFICATION.

### A. Plaintiffs satisfy the numerosity requirement.

At the time that plaintiffs filed their motion for class certification they did not have a precise count of the individuals who fit within the proposed class definition. Plaintiffs had served defendants with discovery seeking this information, however, and plaintiffs informed this court that the information was within the possession and control of the defendants. See, Plaintiffs' Supplemental Points at 3 n.1. In response to plaintiffs' discovery, defendants have

2

since admitted that there are currently <u>more than</u> two hundred and fifty (250) pending N-600 applications in the Harlingen INS office. Plaintiffs' Exhibit J, Defendants' Response to Request for Admission 3 (emphasis added). Defendants also admitted that more than twenty-five (25) of these applications have been pending for over a year. Plaintiffs' Exhibit J, Defendants' Response to Request for Admission 10.

All of the more than two hundred and fifty (250) individuals with pending N-600 applications are members of the class. First, all have clearly filed an N-600 application with the Harlingen District INS office. Moreover, since these are pending applications, none of these individuals yet have a final adjudication of citizenship. Finally, according to defendants' own admissions, none are eligible under defendants' current practices to receive either work authorization from the INS or a social security card from defendant Social Security Administration. <u>See</u>, Plaintiffs' Exhibit J, Defendants' Response to Requests for Admission 16 and 19.

Defendants argue that the majority of these individuals with pending N-600 applications would not be members of the class. Defendants' Opposition at 8-9. Defendants first assert that individuals seek certificates of citizenship for various reasons and that "applicants may not all be seeking employment authorization or social security cards." Defendants' Opposition at 9. The reason that an individual files an N-600 application is irrelevant to their membership in the class, however. All individuals with pending N-600 applications who have been or will be unable to obtain either employment authorization or a social security card fit within the class definition. Since defendants' challenged policies specifically preclude these individuals from receiving either employment authorization or a social security card, all individuals with pending

3



applications fit the definition.[1]

Defendants have to date failed to produce for plaintiffs any documents confirming the number of individuals with pending applications. Plaintiffs independently obtained statistics regarding N-600 applications filed in the INS Harlingen District for the years 1991 through August, 1995. See, Exhibit K, filed simultaneously with this Supplement.[2] These records support defendants' admissions and confirm plaintiffs' claim of numerosity. For instance, in the first eight months of 1995, there were on average three hundred and sixty eight (368) N-600 applications pending at the end of each month. At least one hundred and eighty seven (187) of these applications were pending for the entire eight month period.[3] Similarly, in 1994, there were on average three hundred and three (303) applications pending at the end of each month. More than forty one (41) of these applicants waited at least the entire twelve months to have their applications adjudicated.

These records additionally show that the backlog has grown each year: in 1992, the average number of pending cases at the end of each month was two hundred and thirteen (213);

---

[1]   Defendants also repeat their frivolous argument that certain applicants may seek replacement social security cards and therefore would be eligible for a ninety day employment authorization. As plaintiffs demonstrated in their Opposition to Defendants (Second) Motion to Dismiss at 6-7, this argument is without merit. Similarly, the fact that some individuals may not have sought employment does not disqualify them from class membership. See Supplement to Plaintiffs' Response to Defendants' Motion to Dismiss at 11-12.

[2] This information was obtained in response to a FOIA request that plaintiffs' counsel had submitted to the Harlingen office of the INS on a separate matter concerning applications for naturalization.

[3]   This figure was derived by subtracting the total number of applications processed throughout the eight month period from the number of applications pending at the start of the year. If any of the applications processed during the year were newly filed applications, than the number pending for the full eight months would be larger.

in 1993, the number had increased to two hundred and sixty six (266); by 1994, it had jumped to three hundred and three (303); and in the first eight months of 1995, there were an average of three hundred and sixty eight (368) N-600 applications pending at the end of each month.

Defendants' admissions, coupled with the attached documents from the Harlingen INS office, demonstrate that plaintiffs' class is too numerous for joinder to be practicable. Moreover, this is particularly true since new applications are filed regularly,[4] and there is thus an ever changing membership in the class.   See, Williams v. New Orleans Steamship Association, 673 F.2d 742, 755 (5th Cir. 1972; Jack v. American Linen Supply Co., 498 F.2d 122, 124 (5th Cir. 1974); Young v. Pierce, 544 F.Supp. 1010, 1028-29 (E.D. Tex. 1982)(holding that when a class includes unknown future members, joinder is "inherently impracticable.")

**B.   NUMEROUS COMMON QUESTIONS OF LAW AND FACT EXIST.**

In their Supplemental Points and Authorities in Support of Plaintiffs' Motion for Class Certification at 4-5, plaintiffs identified six (6) questions of fact and four (4) issues of law that were common to all named plaintiffs and all unnamed class members.[5]   "The threshold of

---

[4]  In 1992, there were an average of thirty one (31) new N-600 applications filed each month; in 1993, the average was twenty three (23); in 1994, the average was twenty two (22); and in the first eight (8) months of 1995, the average was thirty two (32).

[5]  The common questions of fact that were identified are:
1) that all class members have filed or will file an N-660 application; 2)that the claims of U.S. citizenship all class members have not been fully adjudicated; 3) that all class members have been or will be unable to obtain provisional employment authorization on the basis of their N-600 applications; 4) that all class members have been or will be unable to obtain original or duplicate SSN cards on this basis; 5) that all class members have been or will be denied the right to obtain provisional employment authorization and original or duplicate social security cards as a result of defendants' policies; and 6) that the ability of the class members to obtain lawful employment in the U.S. while their N-600 applications are being adjudicated has been severely

305

commonality is not high", <u>Jenkins v. Raymark Industries</u>, 782 F.2d 468, 472 (5th Cir. 1986), and plaintiffs have met it by identifying "at least one issue whose resolution will affect all or a significant number of the putative class members." <u>Stewart v. Winter</u>, 669 F.2d 328, 335 (5th Cir. 1986).

Significantly, defendants do not claim that these issues are not common to all plaintiffs; instead defendants assert that plaintiffs have not identified any common questions. Defendants' Opposition at 25-26. This contention is entirely frivolous, as can be seen merely by reading the list of common factual and legal issues provided by the plaintiffs.

### C.    PLAINTIFFS CLAIMS ARE TYPICAL OF THE CLAIMS OF CLASS MEMBERS.

"The test for typicality, like commonality, is not demanding". <u>Forbush v. J.C. Penny Co., Inc.</u>, 994 F.2d 1101, 1106 (5th Cir. 1993) citing <u>Shipes v. Trinity Industries</u>, 987 F.2d 311, 316 (5th Cir. 1993). Plaintiffs have demonstrated that they share precisely the same legal theories as the class members. As such, they have demonstrated that their claims are typical of those of the class, because "[t]he 'typicality' requirement focuses less on the relative strengths of the named and unnamed plaintiffs' cases than on the similarity of the legal and remedial theories behind their claims." <u>Jenkins</u>, 782 F.2d at 472 (citations omitted); <u>see also</u>, <u>Gonzalez v. Cassidy</u>, 474 F.2d 67, 71 n. 7 (5th Cir. 1973).

Despite this clear showing, defendants make sweeping assertions that the claims of the

---

curtailed.

The common questions of law identified by plaintiffs was whether the challenged policies and practices of the defendants violate the 1) fifth Amendment; 2) the Immigration and nationality Act; 3) the Social Security Act; or the 4) the Administrative Procedures Act. Plaintiffs' Motion for Class Certification at 4-5.



named plaintiffs are not typical of those of the class. Defendants' broad assertions actually boil down to a few specific, and inconsequential, differences in the factual claims of the plaintiffs relative to the class.[6] Thus, defendants assert that: 1) the claim of plaintiff Dominguez-Perez is not typical of the class because the exact injury that she suffered may not be shared by every member of the class, Defendants' Opposition at 14; 2) the claims of the de la Cruz siblings are not typical because their N-600 applications are pending on appeal rather than at the initial level of review, Defendants' Opposition at 24; and 3) the claim of plaintiff Santos is "wholly dissimilar" because she does not allege that she was born abroad or that one of her parents was a U.S. citizen. Defendants' Opposition at 25. Each of these contentions is without merit.

Plaintiff Dominguez-Perez claims that she was injured as the result of policies of the defendants which prevented her from obtaining either work authorization or a social security card for the more than two years that her N-600 application was pending at the Harlingen INS district office. Plaintiff Dominguez-Perez challenges these policies on constitutional and statutory grounds. Her claim is precisely the same as the claims of the other named plaintiffs and the unnamed class members. The fact that the nature of the injury suffered may differ among class members does not render their claims atypical.[7]

---

[6] Defendants confuse the two requirements of typicality and adequacy of representation. Thus, while broadly asserting that the claim of plaintiff Salinas is not typical of class members, defendants appear to then limit their challenge to plaintiff Salinas on the basis of adequacy of representation. Defendants' Opposition at 14-24. Conversely, defendants broadly assert that other plaintiffs cannot adequately represent the class, but in actuality appear to be arguing that factual differences in their cases render their claims atypical. Defendants' Opposition at 24-25. In any event, as discussed more fully in the text, defendants fail to show that plaintiffs have not met their burden of proof with regard to either factor.

[7] Moreover, the fact that Plaintiff Dominguez-Perez' application has been approved does not demonstrate that she will not be an adequate representative of the class. This case meets the



The de la Cruz plaintiffs have each filed an appeal of the initial denial of their N-600 applications. These appeals remain pending. Each of these plaintiffs additionally remains unable to obtain either work authorization or a social security card, and thus each remains in the exact posture of unnamed class members.[8] Similarly, the N-600 application filed by plaintiff Gonzalez de Santos is pending on appeal following a denial by the INS. Plaintiffs' Amended Complaint at ¶ 39-40. Her claim is clearly typical of the claims of the class: she has had an N-600 application pending at the Harlingen office for over two years and, as a result of defendants' policies, has been hampered in her ability to obtain lawful employment during this time. Plaintiff Gonzalez de Santos pled facts sufficient to demonstrate that she fits within the class; it is immaterial that she failed to specifically plead the facts which form the basis of her pending N-600 application. Defendants' Opposition at 25.

Significantly, "[d]efendants do not contend that the named plaintiffs' claims rest on theories different from those of the other class members." Jenkins, 782 F.2d at 472. The minor

---

limited exception set forth in Gerstein v. Pugh, 420 U.S. 103, 110 n.11 (1975), where the Court held that representative pretrial detainees could continue to represent class on appeal even though there was no evidence in the record that they were in custody when the district court certified the class. As in Gerstein, the exception is appropriate here because this case involves an issue that is "capable of repetition, yet evading review" and because "the constant existence of a class of persons suffering the deprivation is certain. The attorney representing the named respondents ... has other clients with a continuing interest in the case." Gerstein, id.

[8] Defendants' reliance on 8 C.F.R. §274a.14(a)(1) for the proposition that "[w]hen an alien with work authorization has his or her application denied by the INS, any temporary work authorization they may have automatically terminates", is a flagrant misrepresentation of the law. Defendants' Opposition at 24. This section actually states that certain types of employment authorization will automatically terminate when any of the following occurs: the expiration date on the employment authorization is reached; exclusion or deportation proceedings are instituted; or the "alien" is granted voluntary departure. The initial denial of the de la Cruz siblings' N-600 applications would not trigger the automatic termination of an employment authorization under this provision.



factual differences in the plaintiffs' circumstances do not render any of these claims atypical of those of the class;  to the contrary, they demonstrate the scope of the class of individuals who need relief.

**D.      The named plaintiffs will adequately represent the class.**

Plaintiffs have satisfied the fourth prong of the class certification test because they are represented by qualified counsel with experience in class action litigation, and because all plaintiffs share with class members the common goal of overturning the challenged policies and practices of the defendants.  Plaintiffs' Motion for Class Certification and Supplemental Points and Authorities.  Defendants claim that plaintiffs have failed to meet both elements of this test, but neglect to articulate how the plaintiffs have failed to meet their burden.  See Defendants' Opposition at 10-25.

While acknowledging that plaintiffs' counsel Lisa Brodyaga is qualified to represent the class, see Defendants' Opposition at 11 n. 4, defendants simultaneously contradict this and claim that plaintiffs have failed to demonstrate that they have qualified counsel.  Defendants' Opposition at 11-12.  In order to resolve any questions which may exist on this issue, plaintiffs' counsel attach a declaration which sets forth their respective experience and qualifications.  See Exhibit L filed simultaneously with this Supplement.

Defendants also challenge the adequacy of representation by the named plaintiffs by arguing 1) that their claims are not typical of those of class members; 2) that, with regard to certain named plaintiffs, their claims are moot, and 3) with regard to other plaintiffs, that they lack standing.  None of these statements are correct.  As demonstrated in Section C, supra, the named plaintiffs are typical of the class they seek to represent.  Moreover, none of their claims

369

are moot and none lack standing.  See Plaintiffs' Opposition to Defendants' (Second) Motion to Dismiss at 2-8; and Supplement to Plaintiffs' Response to Defendants' Motion to Dismiss at 11-15.

"Defendants have not shown that the representatives are 'inadequate' due to an insufficient stake in the outcome or interests antagonistic to the unnamed members."  Jenkins, 782 F.2d at 472 citing Stewart v. Winter, 669 F.2d at 334-35.  As is clear from plaintiffs' amended complaint as well as plaintiffs motion for class certification and supporting brief, all plaintiffs share a stake in the outcome of the litigation since all have been harmed by the policies that they seek to change.  Moreover, none have antagonistic interests; the only relief sought in the case is injunctive and declaratory in nature, and plaintiffs and class members will benefit equally and mutually.

### E.    CLASS CERTIFICATION IS APPROPRIATE BECAUSE THE DEFENDANTS HAVE ACTED ON GROUNDS GENERALLY APPLICABLE TO THE CLASS AS A WHOLE.

Plaintiffs assert that class certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in this case because defendants have acted on grounds that are generally applicable to the class: defendants' policies and practices deny all class members the opportunity to obtain employment authorization and a social security card on the basis of their pending N-600 applications.  Defendants challenge certification on the ground that plaintiffs have not demonstrated that a class action is a superior method of adjudicating the case.  Defendants' Opposition at 26.  However, "[t]his argument would be relevant only if [plaintiffs] had sought certification under Rule 23(b)(3)."  Forbush v. J.C. Penny Co., Inc. 994 F.2d at 1105, quoting Johnson v. American Credit Co., 581 F.2d 526, 531 n.9 (5th Cir. 1978).  Rule 23(b)(2) contains

10

370

no such requirement.

Defendants also contend that defendant Social Security Administration has not acted on grounds generally applicable to the class because, in determining SSN applications, SSA proceeds on a case by case basis. Defendants' argument is clearly fallacious: plaintiffs specifically challenge as illegal the lack of individualized review that flows from the Social Security Administration's blanket policy whereby individuals who have proof that is sufficient to obtain a certificate of citizenship will not be able to obtain a social security number. In short, plaintiffs identify as a problem to be resolved in this litigation the lack of "factually-sensitive determinations", not to the reverse. Defendants Opposition at 27. Accord, Bowen v. City of New York, 476 U.S. 467, 473 (1986) (class action against SSA challenging a policy which had the effect of ignoring the requirement for an individualized assessment to determine whether a disability claimant with a severe condition nevertheless had the ability to work); Forbush v. J.C. Penny Co., Inc, 994 F.2d at 1105 (Class members "are linked by [a] common complaint, and the possibility that some may fail to prevail on their individuals claims will not defeat class membership").

Defendants also contend that a class action is inappropriate because plaintiffs have not identified "what ground the INS has stated for its refusal to act or not to act." Defendants' Opposition at 27. While the reasons the INS asserts to justify its policy may be relevant to a decision on the merits of the case, they are entirely irrelevant to a determination of class certification. Defendants have acknowledged that the challenged policy exists and that it is applied equally to all N-600 applicants. See Plaintiffs' Exhibit J, Defendants' Response to Request for Admission 16. This policy is the "ground" that has been applied to all class

371

members.  As such, plaintiffs have demonstrated that a class action is appropriate as to both sets of defendants.

## III.    CONCLUSION

For all of the reasons stated, this court should grant plaintiffs' motion and certify a class as defined in plaintiffs ' First Amended Complaint.

Respectfully submitted,

MARY A. KENNEY
LYNN COYLE
Lawyers' Committee for Civil
Rights Under Law of Texas
Immigrant and Refugee Rights Project
2311 N. Flores Street
San Antonio, Texas 78212-3817
(210) 736-1503
FAX 736-3958

LISA BRODYAGA
402 E. Harrison, 2nd
Harlingen, Texas 78550
(210) 421-3226

## CERTIFICATE OF SERVICE

I hereby certify that on 3/27/97, a true and correct copy of the foregoing document was sent via U.S. certified mail, return receipt requested to the following:

Ernesto H. Molina, Jr., Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P O Box 878, Ben Franklin Station
Washington, DC  20044

MARY A. KENNEY

12

372

United States District Court
Southern District of Texas
FILED

APR 0 1 1997

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ANTELMA DOMINGUEZ-PEREZ,        §
    et. al.,                            §
                                         §
        Plaintiffs,                    §
    v.                                   §    CA NO. B-96-116
                                         §
JANET RENO,                              §
    et. al.,                            §
                                         §
        Defendants.                    §

## SUPPLEMENT TO PLAINTIFFS' MOTION FOR
## CLASS CERTIFICATION

## I. INTRODUCTION

On October 18, 1996, plaintiffs filed their motion for class certification. Supplemental

points and authorities in support of the motion were filed on November 7, 1996 (hereinafter

"Plaintiffs' Supplemental Points"). On that same date, plaintiffs also filed an amended complaint

which included an amended class definition. Based upon this amendment, the class that plaintiffs

seek to represent consists of:

> all people who have filed or will file N-600 applications with the INS district
> office in Harlingen, whose claims to United States citizenship have not been
> finally adjudicated, and who, during the time that their claims to U.S. citizenship
> are being adjudicated, have been or will be unable to obtain social security cards
> because of lack of any of the specified documents evidencing their U.S.
> citizenship, which are acceptable to the Social Security office, and lack of any
> document from INS evidencing their right to be employed in the United
> States as prima facie U.S. citizens.

Plaintiffs' First Amended Complaint, ¶ 14.

1

373

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ANTELMA DOMINGUEZ-PEREZ,              §
    et. al.,                             §
                                         §
       Plaintiffs,                  §
    v.                                   §   CA NO. B-96-116
                                         §
JANET RENO,                          §
    et. al.,                             §
                                         §
       Defendants.                  §

EXHIBIT A - K

374



U.S. DEPARTMENT OF JUSTICE

Immigration and Naturalization Service

*2102 Teege Avenue*
*Harlingen, Texas 78550-4667*

---

*Harlingen District Office*

Mary Kenney, Director                        September 26, 1995
Immigrant & Refugee Project
2311 N. Flores                               HLG-95-000954
San Antonio, Texas  78212

Dear Ms. Kenney,

This is in response to your Freedom of Information request.
Enclosed are 155 copies of statistical records relating to
naturalization applications.

Per phone conversation with you on September 22, 1995, I
explained that the Harlingen Immigration office suffered a flood
on April 5, 1991,  therefore statistics for the year 1990 and
five (5) months in 1991, are not available.

Service's policy, instructions, memorandas and guidelines are
available to you in the I.N.S.  Public Reading Room at an
Immigration office nearest you.  I have enclosed the address of
the Immigration Office in San Antonio for your convenience.

                    U.S. Immigration and Naturalization Service
                              8940 Fourwinds Drive
                         San Antonio, Texas  78239-1994

You may appeal this decision by writing the Assistant Attorney
General, Office of Legal Policy, Attention:  Office of
Information and Privacy Appeals, U.S. Department Of Justice, Room
7238 Main Justice Building, 10th Street and Constitution Avenue,
N.W. Washington, D.C. 208530, within thirty days of receipt of
this letter.  Both the letter and envelope should be clearly
marked.  "FREEDOM OF INFORMATION," OR "INFORMATION APPEAL."

Sincerely,

E.M. Trominski
District Director

375

# REQUESTED REPORTS FOR ENTIRE
# 1990 YEAR
# AND THE FOLLOWING (4) MONTHS
# JUNE, JULY, AUGUST, AND SEPTEMBER
# FROM
# 1991, WERE DESTROYED DURING A FLOOD
# OF THE HARLINGEN IMMIGRATION
# OFFICE
# ON APRIL 5, 1991.

376

# JANUARY 1991
# DESTROYED DURING
# 1991 FLOOD

377

U.S. Department of Justice
Immigration and Naturalization Service

**WORKLOAD SUMMARY**

See reporting instructions for this form in AM Sections 2308 -2309

Reporting Office: H L G
Control Office: H L G
Remote Code: N
Period Covered (Month/Year): 0 2 9 1

Monthly Operation Report

| | Pending Begin Period (a) | RECEIVED Initial (b) | Re-submitted (c) | RELOCATED Received (d) | Sent (e) | COMPLETED Approved (f) | Denied (g) | Returned (h) | Non-filed (i) | Other Disposition (j) | Pending End Period (k) | HOURS Officer (l) | Clerical (m) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 180 TOTAL NATURALIZATION | 380 | 784 | 12 | | | 706 | 3 | 39 | 68 | | 360 | 317 | 326 |
| 181 Naturalization N-400 | 104 | 130 | 10 | | | 32 | 3 | 8 | 29 | | 175 | | 8 |
| 182 Naturalization on behalf of Child N-402 | | | 1 | | | | | | | | 1 | | |
| 183 Citizenship N-600 | | | | | | | | | | | | | |
| 184 Citizenship N-600 (Adoption) | | | | | | | | | | | | | |
| 185 Preserve Residence N-470 | | | | | | 39 | | 26 | 39 | | 116 | 74 | |
| 186 New Certificate N-565 | | | | | | | | 5 | | | | 2 | |
| 187 Transfer Petition N-455 | 64 | 23 | 1 | | | | | | | | 68 | 9 | 24 |
| 188 Declaration of Intent N-300 | | 30 | 1 | | | 15 | | | | | 81 | | |
| 189 Petition for Naturalization N-405 | 73 | 32 | | | | 24 | | | | | | 37 | 170 |
| 190 Petition for Naturalization N-407 | 313 | | | | | | | | | | | | |
| 191 | | | | | | | | | | | | | |
| 192 | | | | | | | | | | | | | |
| 193 | | | | | | | | | | | | | |
| **COURT ACTION** | | | | | | | | | | | | | |
| 194 Naturalization Supervisory Hours | | | | | | | | | | | | | |
| 195 Naturalization Training Hours | | | | | | | | | | | | | |
| 196 Naturalization Administrative Hours | | | | | | | | | | | | | |
| 197 Naturalization Collateral Hours | | | | | | | | | | | | | |
| 98 Naturalization Leave Hours | | | | | | | | | | | | 40 | 15 |
| **TOTAL NATURALIZATION HOURS** | | | | | | | | | | | | 147 | |
| 201 | | | | | | | | | | | | | |
| 202 | | | | | | | | | | | | | |
| 203 | | | | | | | | | | | | | |
| 204 | | | | | | | | | | | | | |
| 205 Continued Cases | | | | | | | | | | | | | |

378

Form G-22.1 (10/01/82) N

Immigration and Naturalization Service

**Monthly Operation Report**

G-22 (REV. 10/01/87) N

**NATURALIZATION SUMMARY**

See report instructions for this form in AM Sections 2308 - 2309

Control Office: H L G   Remote Code: N   Period Covered (Month/Year): 0 3, 9 7

| Naturalization/Denaturalization | RECEIVED | | | RELOCATED | | COMPLETED | | | | | Pending End Period | HOURS | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Pending Begin Period (a) | During Period Initial (b) | Re-submitted (c) | Received (d) | Sent (e) | Approved (f) | Denied (g) | Returned (h) | Non-filed (i) | Other Disposition (j) | (k) | Officer (l) | Clerical (m) |
| TOTAL NATURALIZATION | 320 | 124 | 25 | | | 108 | 9 | 63 | 54 | | 275 | 76 | 155.5 |
| Naturalization N-400 | 175 | 64 | 15 | | | 77 | 9 | 47 | 53 | | 77 | 25 | 91.5 |
| Naturalization on behalf of Child N-402 | 116 | 28 | 7 | | | 16 | 9 | 16 | 1 | | 109 | | |
| lup H-400 | | | | | | | | | | | 3 | | |
| ship H-400 (Adoption) | | | | | | | | | | | | | |
| Prior Residence H-470 | | | | | | | | | | | | | |
| New Certificate N-565 | 65 | 30 | 3 | | | 15 | | | | | 86 | 8 | |
| Issfer Petition N-455 | | | | | | | | | | | | | |
| Deprivation of Intent H-300 | | | | | | | | | | | | | |
| OTHER ACTION | | | | | | | | | | | | | |
| Petition for Naturalization N-405 | 81 | 77 | | | | 69 | | | | | 89 | 73 | |
| Petition for Naturalization N-407 | | | | | | | | | | | | | |
| **NATURALIZATION HOURS** | | | | | | | | | | | | | |
| Naturalization Supervisory Hours | | | | | | | | | | | | 70 | |
| Naturalization Training Hours | | | | | | | | | | | | 19 | 16 |
| Naturalization Administrative Hours | | | | | | | | | | | | 45 | |
| Naturalization Collateral Hours | | | | | | | | | | | | 8 | 13.5 |
| Naturalization Leave Hours | | | | | | | | | | | | 287 | 350.5 |

379

Case 1:96-cv-00116    Document #2    Filed in TXSD on 04/01/1997    Page 20 of 40

# Monthly Operation Report

Reporting Office: **H L G**

Control Office: **H L G**

Remote Code: **N**

Period Covered (Month/Year): **04 / 91**

*See reporting instructions for this form in AM Sections 2108-2109*

## WORKLOAD SUMMARY

### E(quisitions)/Naturalization

| | Pending Begin Period (a) | RECEIVED Initial (b) | RECEIVED Re-submitted (c) | RELOCATED Received (d) | RELOCATED Sent (e) | COMPLETED Approved (f) | COMPLETED Denied (g) | COMPLETED Returned (h) | COMPLETED Non-filed | COMPLETED Other Disposition (j) | Pending End Period (k) | HOURS Officer (l) | HOURS Clerical (m) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 180 TOTAL NATURALIZATION | 275 | 104 | | | | 93 / 58 | 1 | 43 / 21 | 38 / 35 | | 204 / 22 / 3 | 56 | 114 |
| 181 Naturalization N-400 | 77 | 57 | | | | | | | | | 22 | | |
| 182 Naturalization on behalf of Child H-402 | 3 | | | | | | | | | | 3 | | |
| 183 Citizenship H-600 | 109 | 32 | | | | 23 | 1 | 18 | 3 | | 96 | 26 | 275 |
| 184 Citizenship H-600 (Adoption) | | | | | | | | | | | | | |
| Preserve Residence N-470 | 86 | 13 | | | | 12 | | 4 | | | 83 | 8 | 13 |
| 185 New Certificate N-565 | | | | | | | | | | | | | |
| 186 Transfer Petition N-455 | | | | | | | | | | | | | |
| 187 Petition for Naturalization N-405 | | | | | | | | | | | | | |
| 188 DRHT ACTION | | | | | | | | | | | | | |
| 189 Declaration of Intent N-300 | 89 | 58 | | | | 3 | | | | | 144 | 79 | |
| 190 Petition for Naturalization N-407 | | | | | | | | | | | | | |
| 191 Naturalization Leave Hours | | | | | | | | | | | | | |
| 192 Naturalization Collateral Hours | | | | | | | | | | | | | 18 |
| 193 Naturalization Administrative Hours | | | | | | | | | | | | | 28 |
| 194 Naturalization Training Hours | | | | | | | | | | | | | 21 |
| 195 Naturalization Supervisory Hours | | | | | | | | | | | | | 237 |
| 196 | | | | | | | | | | | | | |
| 197 | | | | | | | | | | | | | |
| 198 TOTAL NATURALIZATION HOURS | | | | | | | | | | | | | 9.5 / 16.3 |
| 200 Continued Cases | | | | | | | | | | | | | |

380

Form G-22.1 (10/01/87) N

**U.S. Department of Justice**
**Immigration and Naturalization Service**

**Monthly Operations Re[port]**

WORKLOAD SUMMARY

See reporting instructions for this in AM Sections 2308 -2309

Reporting Office: H L G    Control Office: H L G    Remote Code: N    Period Covered (Month/Year): 0 5, 9[ ]

| Examinations/Naturalization | Pending Begin Period (a) | RECEIVED Initial (b) | RECEIVED Re-submitted (c) | RELOCATED Received (d) | RELOCATED Sent (e) | COMPLETED Approved (f) | COMPLETED Denied (g) | COMPLETED Returned (h) | COMPLETED Non-filed (i) | Other Disposition (j) | Pending End Period (k) | HOURS Officer (l) | HOURS Clerk (m) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 180 TOTAL NATURALIZATION | 204 | 142 | 5 | | | 48 | 5 | | 27 | | 270 | 87 | 4[ ] |
| 181 Naturalization N-400 | 22 | 115 | 5 | | | 33 | | 1 | 27 | | 81 | 20 | |
| i Naturalization on behalf of Child N-402 | 3 | | | | | | | | | | 4 | 24 | 2[ ] |
| 183 Citizenship N-600 | 96 | 11 | | | | 14 | 5 | | | | 88 | | |
| 184 Citizenship N-600 (Adoption) | | | | | | | | | | | | | |
| 185 Preserve Residence N-470 | | | | | | | | | | | | | |
| 186 New Certificate N-565 | 83 | 15 | | | | 1 | | | | | 97 | 1 | 3[ ] |
| 187 Transfer Petition N-455 | | | | | | | | | | | | | |
| 188 Declaration of Intent N-300 | 144 | 33 | | | | | | | | | 177 | | BP |
| **COURT ACTION** | | | | | | | | | | | | | |
| 189 Petition for Naturalization N-405 | | | | | | | | | | | | | |
| 190 Petition for Naturalization N-407 | | | | | | | | | | | | | |
| 191 | | | | | | | | | | | | | |
| 192 | | | | | | | | | | | | | |
| 193 | | | | | | | | | | | | | |
| 194 Naturalization Supervisory Hours | | | | | | | | | | | | 87 | |
| 95 Naturalization Training Hours | | | | | | | | | | | | 20 | 4 |
| 36 Naturalization Administrative Hours | | | | | | | | | | | | 46 | 56 |
| 197 Naturalization Collateral Hours | | | | | | | | | | | | 4 | 12 |
| I Naturalization Leave Hours | | | | | | | | | | | | | |
| Iv TOTAL NATURALIZATION HOURS | | | | | | | | | | | | 236 | 116 |
| 200 | | | | | | | | | | | | | |
| 201 | | | | | | | | | | | | | |
| 202 | | | | | | | | | | | | | |
| 201 | | | | | | | | | | | | | |
| 201 | | | | | | | | | | | | | |
| 204 | | | | | | | | | | | | | |
| 205 Continued Cases | During Period | | | | | | | | | | Total End Period | | |

# JUNE 1991
# DESTROYED DURING
# 1991 FLOOD

382

# JULY 1991
# DESTROYED DURING
# 1991 FLOOD

38 3

# AUGUST 1991
# DESTROYED DURING
# 1991 FLOOD

384

# SEPTEMBER  1991
# DESTROYED DURING
# 1991 FLOOD

315

```
PSXIAJ41                  PAS ADJUDICATIONS/NATURALIZATIONS              09/12/95
            G-22.3 (REV.10/91) SCR 1 OF 4 OFFICE HLG ACTIVITY 0          17.54.06
                     REPORTING PERIOD: MONTH 10 YR 91
WORKLOAD SUMMARY                          BEGIN     *-----RECEIVED-------*
                                         PENDING     INITIAL    RESUBMITED
                                           (A)         (B)         (C)
160A  N-400 NATZ.                          308         51          13
160B  N-400 NATZ. - CHILD                   4           2
160C  N-400 NATZ. - MLTRY. SVC.
161   N-600 CLAIM TO CITZ.                 102         25           1
162   N-643 CITZ. ADPTD. CHILD
163   N-644 PSTHMS. CITZ.
164   N-470 PRSVTN. RSDNC.
165   N-565 RPLC. NATZ./CITZ.CERT.         224         31           7
166   N-300 DECL. INTENT
167   N-336 APP. NATZ.RVW.
168   DENOVO NATZ. HRNGS.
169   RSRVD/N-400 NATZ. FRONTLOG
           PF2        PF3        PF4         PF5        <ENTER>
           PREV     REFRESH     RETURN      HELP         SAVE
```

38 6

```
PSXIAJ43              PAS ADJUDICATIONS/NATURALIZATIONS            09/12/95
              C-22.3 (REV.10/91) SCR 3 OF 4 OFFICE HLG ACTIVITY O   17:56.14
                    REPORTING PERIOD: MONTH 10 YR 91
WORKLOAD SUMMARY                    *---------------COMPLETED---------------*
                                      *-------DENIED-------*
                              APPROVED       FRAUD      OTHER      RETURNED
                                (G)           (H)        (I)         (J)
160A   N-400 NATZ.               49                       2          12
160B   N-400 NATZ. - CHILD
160C   N-400 NATZ. - MLTRY. SVC.
161    N-600 CLAIM TO CITZ.        5                      4           6
162    N-643 CITZ. ADPTD. CHILD
163    N-644 PSTHMS. CITZ.
164    N-470 PRSVTN. RSDNC.
165    N-565 RPLC. NATZ./CITZ.CERT.
166    N-300 DECL. INTENT
167    N-336 APP. NATZ.RVW.
168    DENOVO NATZ. HRNGS.
169    RSRVD/N-400 NATZ. FRONTLOG
           PF2          PF3          PF4          PF5        <ENTER>
           PREV       REFRESH      RETURN        HELP          SAVE
```

387

```
FCX1AJ44                PAS ADJUDICATIONS/NATURALIZATIONS              09/12/95
            6-22.3 (REV.10/91) SCR 4 OF 4 OFFICE HLG ACTIVITY 0        17.56.27
                       REPORTING PERIOD. MONTH 10 YR 91
WORKLOAD SUMMARY
```

| | | OTHER DISP. (K) | END PENDING (L) | *-------HOURS-------* |  |
|---|---|---|---|---|---|
| | | | | OFFICER (M) | CLERICAL (N) |
| 160A | N-400 NATZ. | | 309 | 64 | 112 |
| 160B | N-400 NATZ. - CHILD | | 6 | | 2 |
| 160C | N-400 NATZ. - MLTRY. SVC. | | | | |
| 161 | N-600 CLAIM TO CITZ. | | 113 | 16 | 73 |
| 162 | N-643 CITZ. ADPTD. CHILD | | | | |
| 163 | N-644 PSTHMS. CITZ. | | | | |
| 164 | N-470 PRSVTN. RSDNC. | | | | |
| 165 | N-565 RPLC. NATZ./CITZ.CERT. | | 262 | | 53 |
| 166 | N-300 DECL. INTENT | | | | |
| 167 | N-336 APP. NATZ.RVW. | | | | |
| 168 | DENOVO NATZ. HRNGS. | | | | |
| 169 | RSRVD/N-400 NATZ. FRONTLOG | | | | |

```
          PF2         PF3           PF4          PF5         <ENTER>
          PREV        REFRESH       RETURN       HELP          SAVE
```

388

```
PSX16J41               PAS ADJUDICATIONS/NATURALIZATIONS              09/12/95
               G-22.3 (REV.10/91) SCR 1 OF 4 OFFICE HLG ACTIVITY O    17:55:11
                       REPORTING PERIOD: MONTH 11 YR 91
WORKLOAD SUMMARY                         BEGIN    *-----RECEIVED-------*
                                        PENDING     INITIAL    RESUBMITED
                                          (A)          (B)        (C)
160A   N-400 NATZ.                        309          70          20
160B   N-400 NATZ. - CHILD                  6
160C   N-400 NATZ. - MLTRY. SVC.
161    N-600 CLAIM TO CITZ.               113          29           8
162    N-643 CITZ. ADPTD. CHILD
163    N-644 PSTHMS. CITZ.
164    N-470 PRSVTN. RSDNC.
165    N-565 RPLC. NATZ./CITZ.CERT.       262          29           5
166    N-300 DECL. INTENT
167    N-336 APP. NATZ.RVW.
168    DENOVO NATZ. HRNGS.
169    RSRVD/N-400 NATZ. FRONTLOG
           PF2          PF3         PF4          PF5         <ENTER>
           PREV        REFRESH     RETURN        HELP          SAVE
```

389

```
PSXIAJ43                   PAS ADJUDICATIONS/NATURALIZATIONS                09/12/95
               G-22.3 (REV.10/91) SCR 3 OF 4 OFFICE HLG ACTIVITY O         17:55:20
                        REPORTING PERIOD: MONTH 11 YR 91
WORKLOAD SUMMARY                         *---------------COMPLETED---------------*
                                           *-------DENIED-------*
                               APPROVED        FRAUD        OTHER      RETURNED
                                 (G)           (H)          (I)          (J)
160A   N-400 NATZ.                46                          4           23
160B   N-400 NATZ. - CHILD
160C   N-400 NATZ. - MLTRY. SVC.
161    N-600 CLAIM TO CITZ.        8                                      5
162    N-643 CITZ. ADPTD. CHILD
163    N-644 PSTHMS. CITZ.
164    N-470 PRSVTN. RSDNC.
165    N-565 RPLC. NATZ./CITZ.CERT. 53                                    1
166    N-300 DECL. INTENT
167    N-336 APP. NATZ.RVW.
168    DENOVO NATZ. HRNGS.
169    RSRVD/N-400 NATZ. FRONTLOG
            PF2          PF3          PF4          PF5        (ENTER)
            PREV       REFRESH      RETURN        HELP         SAVE
```

390

```
TEXIAJ44              PAC ADJUDICATIONS/NATURALIZATIONS              09/12/95
          G-22.3 (REV.10/91) SCR 4 OF 4 OFFICE HLG ACTIVITY O      17:55.33
                     REPORTING PERIOD: MONTH 11 YR 91
WORKLOAD SUMMARY
```

| | | OTHER DISP. (K) | END PENDING (L) | *———HOURS———* | |
|---|---|---|---|---|---|
| | | | | OFFICER (M) | CLERICAL (N) |
| 160A | N-400 NATZ. | | 326 | 48 | 110 |
| 160B | N-400 NATZ. – CHILD | | 6 | | |
| 160C | N-400 NATZ. – MLTRY. SVC. | | | | |
| 161 | N-600 CLAIM TO CITZ. | | 137 | 8 | 68 |
| 162 | N-643 CITZ. ADPTD. CHILD | | | | |
| 163 | N-644 PSTHMS. CITZ. | | | | |
| 164 | N-470 PRSVTN. RSDNC. | | | | |
| 165 | N-565 RPLC. NATZ./CITZ.CERT. | | 242 | 30 | 58 |
| 166 | N-300 DECL. INTENT | | | | |
| 167 | N-336 APP. NATZ.RVW. | | | | |
| 168 | DENOVO NATZ. HRNGS. | | | | |
| 169 | RSRVD/N-400 NATZ. FRONTLOG | | | | |

```
          PF2          PF3          PF4          PF5       (ENTER)
          PREV       REFRESH       RETURN        HELP        SAVE
```

391

```
PSXIAJ41              PAS ADJUDICATIONS/NATURALIZATIONS              09/12/95
            G-22.3 (REV.10/91) SCP 1 OF 4 OFFICE HLG ACTIVITY O       17:52:45
                  REPORTING PERIOD: MONTH 12 YR 91
WORKLOAD SUMMARY              BEGIN     *------RECEIVED-------*
                             PENDING      INITIAL      RESUBMITED
                              (A)          (B)           (C)
160A  N-400 NATZ.             326          144            22
160B  N-400 NATZ. - CHILD       6            5
160C  N-400 NATZ. - MLTRY. SVC.
161   N-600 CLAIM TO CITZ.    137           35             6
162   N-643 CITZ. ADPTD. CHILD
163   N-644 PSTHMS. CITZ.
164   N-470 PRSVTN. RSDNC.
165   N-565 RPLC. NATZ./CITZ.CERT.  242     57            10
166   N-300 DECL. INTENT
167   N-336 APP. NATZ.RVW.
168   DENOVO NATZ. HRNGS.
169   RSRVD/N-400 NATZ. FRONTLOG
        PF2         PF3        PF4         PF5        <ENTER>
        PREV      REFRESH    RETURN       HELP          SAVE
```

392

```
PSXIAJ44              PAS ADJUDICATIONS/NATURALIZATIONS           09/12/95
           G-22.3 (REV.10/91) SCR 4 OF 4 OFFICE HLG ACTIVITY 0     17:54:20
                    REPORTING PERIOD: MONTH 12 YR 91
WORKLOAD SUMMARY
                                   OTHER        END      *-------HOURS-------*
                                   DISP.      PENDING      OFFICER    CLERICAL
                                   (K)         (L)          (M)        (N)
160A   N-400 NATZ.                               424          48         116
160B   N-400 NATZ. - CHILD                         3
160C   N-400 NATZ. - MLTRY. SVC.
161    N-600 CLAIM TO CITZ.                      162          16          66
162    N-643 CITZ. ADPTD. CHILD
163    N-644 PSTHMS. CITZ.
164    N-470 PRSVTN. RSDNC.
165    N-565 RPLC. NATZ./CITZ.CERT.              298           8          67
166    N-300 DECL. INTENT
167    N-336 APP. NATZ.RVW.
168    DENOVO NATZ. HRNGS.
169    RSRVD/N-400 NATZ. FRONTLOG
          PF2         PF3          PF4          PF5        <ENTER>
          PREV      REFRESH      RETURN        HELP          SAVE
```

393

PAS ADJUDICATIONS/NATURALIZATIONS                09/09/95
                G-22.3 (REV.10/91) SCR 1 OF 4 OFFICE HLG ACTIVITY O        10:58:41
                   REPORTING PERIOD: MONTH 01 YR 92

| WORKLOAD SUMMARY | | BEGIN PENDING (A) | *-----RECEIVED-------* | |
| | | | INITIAL (B) | RESUBMITED (C) |
|---|---|---|---|---|
| 160A | N-400 NATZ. | 424 | 195 | 49 |
| 160B | N-400 NATZ. - CHILD | 3 | | |
| 160C | N-400 NATZ. - MLTRY. SVC. | | | |
| 161 | N-600 CLAIM TO CITZ. | 162 | 53 | 2 |
| 162 | N-643 CITZ. ADPTD. CHILD | | | |
| 163 | N-644 PSTHMS. CITZ. | | | |
| 164 | N-470 PRSVTN. RSDNC. | | | |
| 165 | N-565 RPLC. NATZ./CITZ.CERT. | 298 | 76 | 3 |
| 166 | N-300 DECL. INTENT | | | |
| 167 | N-336 APP. NATZ.RVW. | | | |
| 168 | DENOVO NATZ. HRNGS. | | | |
| 169 | RSRVD/N-400 NATZ. FRONTLOG | | | |

```
     PF2          PF3          PF4          PF5       <ENTER>
     PREV       REFRESH      RETURN        HELP         SAVE
```

394

PFXIAC43                    PAS ADJUDICATIONS/NATURALIZATIONS              09/09/95
            G-22.3 (REV.10/91) SCR 3 OF 4 OFFICE HLG ACTIVITY O         10:58:50
                      REPORTING PERIOD: MONTH 01 YR 92

WORKLOAD SUMMARY                        *----------------COMPLETED----------------*
                                           *-------DENIED------*
                                APPROVED      FRAUD        OTHER       RETURNED
                                  (G)          (H)          (I)          (J)

| | | APPROVED (G) | FRAUD (H) | OTHER (I) | RETURNED (J) |
|---|---|---|---|---|---|
| 160A | N-400 NATZ. | 69 | | 8 | |
| 160B | N-400 NATZ. - CHILD | | | | |
| 160C | N-400 NATZ. - MLTRY. SVC. | | | | |
| 161 | N-600 CLAIM TO CITZ. | 37 | | 9 | |
| 162 | N-643 CITZ. ADPTD. CHILD | | | | |
| 163 | N-644 PSTHMS. CITZ. | | | | |
| 164 | N-470 PRSVTN. RSDNC. | | | | |
| 165 | N-565 RPLC. NATZ./CITZ.CERT. | 22 | | | |
| 166 | N-300 DECL. INTENT | | | | |
| 167 | N-336 APP. NATZ.RVW. | | | | |
| 168 | DENOVO NATZ. HRNGS. | | | | |
| 169 | RSRVD/N-400 NATZ. FRONTLOG | | | | |

          PF2           PF3           PF4           PF5        <ENTER>
          PREV        REFRESH       RETURN         HELP          SAVE

395

PAS ADJUDICATIONS/NATURALIZATIONS              09/09/95
              G-22.3 (REV.10/91) SCR 4 OF 4 OFFICE HLG ACTIVITY O          10:58:56
                   REPORTING PERIOD: MONTH 01 YR 92

WORKLOAD SUMMARY

| | | OTHER DISP. (K) | END PENDING (L) | *——HOURS——*  OFFICER (M) | CLERICAL (N) |
|---|---|---|---|---|---|
| 160A | N-400 NATZ. | | 591 | 113 | 178 |
| 160B | N-400 NATZ. - CHILD | | 3 | | |
| 160C | N-400 NATZ. - MLTRY. SVC. | | | | |
| 161 | N-600 CLAIM TO CITZ. | | 171 | 43 | 99 |
| 162 | N-643 CITZ. ADPTD. CHILD | | | | |
| 163 | N-644 PSTHMS. CITZ. | | | | |
| 164 | N-470 PRSVTN. RSDNC. | | | | |
| 165 | N-565 RPLC. NATZ./CITZ.CERT. | | 355 | 7 | 83 |
| 166 | N-300 DECL. INTENT | | | | |
| 167 | N-336 APP. NATZ.RVW. | | | | |
| 168 | DENOVO NATZ. HRNGS. | | | | |
| 169 | RSRVD/N-400 NATZ. FRONTLOG | | | | |

         PF2          PF3          PF4          PF5       <ENTER>
         PREV        REFRESH      RETURN        HELP        SAVE

396

Case 1:96-cv-00116    Document 42    Filed in TXSD on 04/01/1997    Page 37 of 40

```
WORKLOAD SUMMARY                    BEGIN    *-----RECEIVED-------*
                                   PENDING   INITIAL    RESUBMITED
                                     (A)       (B)         (C)

160A  N-400 NATZ.                    591       135          34
160B  N-400 NATZ. - CHILD             3
160C  N-400 NATZ. - MLTRY. SVC.
161   N-600 CLAIM TO CITZ.           171        37           4
162   N-643 CITZ. ADPTD. CHILD                   1
163   N-644 PSTHMS. CITZ.
164   N-470 PRSVTN. RSDNC.
165   N-565 RPLC. NATZ./CITZ.CERT.   355        33           3
166   N-300 DECL. INTENT
167   N-336 APP. NATZ.RVW.
168   DENOVO NATZ. HRNGS.
169   RSRVD/N-400 NATZ. FRONTLOG


        PF2         PF3         PF4         PF5      <ENTER>
        PREV      REFRESH     RETURN       HELP        SAVE
```

397

```
PSXIAJ43                    PAS ADJUDICATIONS/NATURALIZATIONS              09/09/95
             G-22.3 (REV.10/91) SCR 3 OF 4 OFFICE HLG ACTIVITY O          11:00:10
                      REPORTING PERIOD: MONTH 02 YR 92
```

| | | | | |
|---|---|---|---|---|
WORKLOAD SUMMARY

```
WORKLOAD SUMMARY                    *----------------COMPLETED----------------*
                                        *-------DENIED------*
                            APPROVED      FRAUD       OTHER     RETURNED
                              (G)          (H)         (I)        (J)
160A  N-400 NATZ.              67                       25
160B  N-400 NATZ. - CHILD
160C  N-400 NATZ. - MLTRY. SVC.
161   N-600 CLAIM TO CITZ.     25
162   N-643 CITZ. ADPTD. CHILD
163   N-644 PSTHMS. CITZ.
164   N-470 PRSVTN. RSDNC.
165   N-565 RPLC. NATZ./CITZ.CERT.  13                   2
166   N-300 DECL. INTENT
167   N-336 APP. NATZ.RVW.
168   DENOVO NATZ. HRNGS.
169   RSRVD/N-400 NATZ. FRONTLOG
```

```
        PF2        PF3         PF4         PF5      <ENTER>
        PREV     REFRESH      RETURN       HELP       SAVE
```

398

```
PSXIAJ44                PAS ADJUDICATIONS/NATURALIZATIONS              09/09/95
           G-22.3 (REV.10/91) SCR 4 OF 4 OFFICE HLG ACTIVITY O        11:00:15
                   REPORTING PERIOD: MONTH 02 YR 92
```

WORKLOAD SUMMARY

|  |  | OTHER DISP. (K) | END PENDING (L) | *------HOURS------* | |
|---|---|---|---|---|---|
|  |  |  |  | OFFICER (M) | CLERICAL (N) |
| 160A | N-400 NATZ. |  | 668 | 103 | 173 |
| 160B | N-400 NATZ. - CHILD |  | 3 |  |  |
| 160C | N-400 NATZ. - MLTRY. SVC. |  |  |  |  |
| 161 | N-600 CLAIM TO CITZ. |  | 187 | 54 | 58 |
| 162 | N-643 CITZ. ADPTD. CHILD |  | 1 |  |  |
| 163 | N-644 PSTHMS. CITZ. |  |  |  |  |
| 164 | N-470 PRSVTN. RSDNC. |  |  |  |  |
| 165 | N-565 RPLC. NATZ./CITZ.CERT. |  | 376 | 8 | 46 |
| 166 | N-300 DECL. INTENT |  |  |  |  |
| 167 | N-336 APP. NATZ.RVW. |  |  |  |  |
| 168 | DENOVO NATZ. HRNGS. |  |  |  |  |
| 169 | RSRVD/N-400 NATZ. FRONTLOG |  |  |  |  |

```
        PF2        PF3        PF4        PF5      <ENTER>
        PREV     REFRESH     RETURN     HELP       SAVE
```

399

PSXIAJ41            PAS ADJUDICATIONS/NATURALIZATIONS         09/09/95
        G-22.3 (REV.10/91) SCR 1 OF 4 OFFICE HLG ACTIVITY O     11:00:31
              REPORTING PERIOD: MONTH 03 YR 92

| WORKLOAD SUMMARY | | BEGIN PENDING (A) | *-----RECEIVED-------* | |
| --- | --- | --- | --- | --- |
| | | | INITIAL (B) | RESUBMITED (C) |
| 160A | N-400 NATZ. | 668 | 139 | 3 |
| 160B | N-400 NATZ. - CHILD | 3 | | |
| 160C | N-400 NATZ. - MLTRY. SVC. | | | |
| 161 | N-600 CLAIM TO CITZ. | 187 | 39 | 1 |
| 162 | N-643 CITZ. ADPTD. CHILD | 1 | | |
| 163 | N-644 PSTHMS. CITZ. | | | |
| 164 | N-470 PRSVTN. RSDNC. | | | |
| 165 | N-565 RPLC. NATZ./CITZ.CERT. | 376 | 49 | |
| 166 | N-300 DECL. INTENT | | | |
| 167 | N-336 APP. NATZ.RVW. | | | |
| 168 | DENOVO NATZ. HRNGS. | | | |
| 169 | RSRVD/N-400 NATZ. FRONTLOG | | | |

| PF2 | PF3 | PF4 | PF5 | &lt;ENTER&gt; |
| --- | --- | --- | --- | --- |
| PREV | REFRESH | RETURN | HELP | SAVE |

400