43

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**JUL 2 2 1998**

Michael N. Milby
Clerk of Court

ANTELMA DOMINGUEZ-PEREZ, et. al., )
)
    Plaintiffs, )
)
v. )    CIVIL ACTION NO. B-96-116
)
JANET RENO, et. al. )
)
    Defendants. )

### MOTION TO COMPEL DEFENDANTS JANET RENO, DORIS MEISSNER AND E. M. TROMINSKI TO FULLY PRODUCE DISCOVERY

    Come now plaintiffs and, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, move this Court for an order compelling defendants Janet Reno, Doris Meissner, and E.M. Trominski to fully produce documents in response to Plaintiffs' First Request For Production of Documents. In support of this motion, plaintiffs state the following:

1. Plaintiffs served defendants with fourteen requests for production of documents in early January 1997. Plaintiffs agreed to allow defendants additional time, until mid-February 1997, to serve their response. On February 12, 1997, defendants served their first response to plaintiffs' requests. See attached Exhibit 1: Defendants' First Responses to Plaintiffs' Requests for Production of Documents. On February 14, 1997, defendants served their second response. See attached Exhibit 2: Defendants' Second Responses to Plaintiffs' Requests for Production of Documents. With regard to each and every request, defendants either objected to the request or indicated that no documents were found. No

documents were actually produced in either of defendants' responses.

2.   On a number of occasions in early March 1997, plaintiffs' counsel spoke with Ernesto Molina, counsel for the defendants, in an attempt to resolve this discovery dispute.  Plaintiffs' counsel explained to Mr. Molina that in 1995 (before this action was filed), Plaintiffs' counsel had independently received documents from the INS in response to a Freedom of Information Act request on another matter which, coincidentally, were documents partially responsive to plaintiffs' discovery request in the instant case.  **See** attached Exhibit 3: selected copies from FOIA response.  In light of these documents, plaintiffs reasonably believed there were other responsive documents that had not been produced.

3.   The most relevant documents in the FOIA response are "workload summaries."   Mr. Molina requested a copy of one of the workload summaries so that he could review what was prepared previously by the Harlingen INS office.  **See** attached Exhibit 4:  copy of document faxed to Mr. Molina.  A few days after receiving a copy from plaintiffs' counsel, Mr. Molina left a message stating that he was conferring with the Harlingen INS office as to the source of the document and he was inquiring as to why it was not produced in discovery.

4.   On March 18, 1997, Mr. Molina left a message for plaintiffs' counsel saying that he will produce a "print out" by conducting a "screen dump."  On March 25, 1997, Mr. Molina placed in the mail four documents dated March 21, 1997, filed as "Defendants'

2

332

Supplemental Response to Plaintiffs' Request for Production of Documents." **See** attached Exhibit 5.

5.    On July 16, 1997, Plaintiffs' counsel contacted Mr. Molina again and explained that given the response to the Freedom of Information Act request, they believed additional documents must exist beyond what defendants produced on March 25, 1997. Plaintiffs' counsel asked whether defendants were going to produce any additional documents and Mr. Molina stated that they were not. As a result, plaintiffs had no choice but to file this motion to compel.

6.    Plaintiffs' requests Nos. 1-8, 11 and 13 pertain to documents describing the data processing system used to track the filing of N-600 applications. The existence of such a system is confirmed by the four computer-generated summaries produced by the defendants reflecting the number of N-600 applications received, adjudicated, denied and approved by month from 1992 through 1997. These statistics are also available for filings at the Harlingen INS District office. <u>See</u> Exhibit 3. Defendants did not object to these requests but instead answered that no responsive documents existed. It is difficult to believe that (as defendants' responses to requests Nos. 1-8, 11 and 13 state) no documents exist which describe any aspect of this data processing system. How is an INS employee to input relevant information if he or she has no instruction or guidance on how to do so? It is highly unlikely that INS can utilize what appears to be a sophisticated data processing system without any memo, directive, manual or other

3

333

document which explains the system. Defendants have failed to comply with their duty under Rule 34(b) to provide complete production of documents requested which are not objected to.

7.   As to request no. 9 (subparts 5, 6, and 7) and request no. 10 (subparts 5, 6 and 7), defendants objected to these requests as going beyond the scope of discoverable information for issues raised by the complaint. Defendants objection is without merit. Plaintiffs are seeking documents reflecting, from the years 1992 through 1996, the number of denials of N-600 applications from which appeals are taken and the number of these appeals granted and the number of these appeals denied. This information is relevant because it is related to the number of N-600 applicants who are without work authorization during the pendency of an appeal and the number who are ultimately successful on appeal. In other words, this information directly bears on the scope of the 5th amendment deprivation suffered by the plaintiffs and others similarly situated.

8.   In addition, defendants claim that no documents were found with respect to request no. 10 (excluding the subparts above which were objected to). Plaintiffs are seeking a snapshot view of the number of N-600 filings and status of such applications during a given month. Specifically, plaintiffs requested such information for the month of March during the years 1992 through 1996. Such information is available to the INS on a monthly basis. In response to the FOIA request mentioned earlier, the Harlingen INS office produced 155 pages of monthly statistical information. **See**

4

334

attached Exhibit 6: cover sheet of FOIA request.)  It is difficult to believe why this information is not available nationwide if it is collected locally.  Defendants have failed to comply with their duty to produce a complete response to documents requested in request no. 10.

9.  The defendants also failed to comply with Rule 34(b) and Local Court Rule 5(c) with respect to the few documents that they produced.  Rule 34(b) requires that the party who produces documents to produce them as they are kept in the ordinary course of business or "shall organize and label them to correspond with the categories in the request."  Local Court Rule 5(c) states that every response to produce "shall be preceded by the question or request to which the response pertains.  Defendants did not produce the four pages served on the plaintiffs as they are kept in the ordinary course of business, nor did they organize and label them to correspond to plaintiffs' requests.  While the documents appear to be responsive to certain subparts of request no. 9, it is not at all clear as to which requests the four pages respond.

335

For all the reasons stated above, and as is more fully explained in plaintiffs' memorandum of law attached to this motion, plaintiffs request that this Court:

a.    order the defendants to provide plaintiffs with complete production with respect to all requests;

b.    order defendant to pay plaintiffs' attorneys fees for the time spent in bringing this motion; and,

c.    order such other relief as may be just and proper.


Respectfully submitted,


LYNN COYLE
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
UNDER LAW OF TEXAS
Immigrant and Refugee Rights Project
2311 N. Flores
San Antonio, TX  78212-3816
(210) 736-1503

6



**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| ANTELMA DOMINGUEZ-PEREZ, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )    No. B-96-116 ) |
| JANET RENO, et al. | ) ) |
| Defendants. | ) ) |

### DEFENDANTS' FIRST RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants hereby make their first written response to Plaintiffs' request for production of documents.

### OBJECTIONS

Defendants do not waive any objection to any portion of any request for production of documents by not setting out at this time.

1. **General Objections**

The definition of "document" is objected to as overly broad and burdensome.  "Document" is defined as:

> any written, printed or graphic matter or recorded
> information or data, including the original and copy .
> . . of all correspondence, notes, minutes, receipts,
> acknowledgements, reports, calls, letters, telegrams,
> memoranda, transcripts, telephone conversations,
> diaries, bound reports, papers, written statements,
> affidavits, summaries, investigations, reports of
> examination, accounting, work sheets, data entry guides
> or manuals, writings of any kind and all other
> documents and material of any nature whatsoever,
> together with any attachments or enclosures.  The term
> also includes any information stored or recorded
> electronically in a computer or digital format, tape
> recording, video recording or otherwise.



2

Plaintiffs' Request for Production of Documents at 1-2.

Moreover, the definitions of "you" and "your" are objected to insofar as the definition incorporates any work done by attorneys working on behalf of the relevant agencies where such work is protected under Rule 26 of the Federal Rules of Civil Procedure.

Defendants also object to the request for production of documents where those documents are or may be protected under the Privacy Act, 8 U.S.C. § 552a, or any other privilege.

2.   **Specific Objections**

Specific objections will be, but are not limited to being, raised in response to particular requests.

RESPONSES

1.   **Produce all documents that you made or kept or that are in your possession that explain or describe any data processing system(s) containing information relating to any aspect of the filing and processing of N-600 applications.**

**Response:**

No such documents were found.

2.   **Produce all documents that you made or kept that are in your possession that explain or describe any or all of the following:**

**1)   What information is recorded or entered in the data processing system(s) at the Harlingen INS District Office as a result of the filing of an N-600 application;
2)   what information is recorded or entered in the data processing system(s) at the Harlingen INS District Office as a result of the occurrence of any event relating to an N-600 application, including, but not limited to, the scheduling or conduct of interviews, the adjudication of applications, appeals filed from the denial of applications, the adjudication of appeals, and deposition of cases in which the applications are finally denied.
3)   how, when, and by whom the information referred to in subparts 1) and 2) is recorded or inputted in the system(s);**

3

**Response:**

No such documents were found.

3.  Produce all documents that you made or kept or that are in
    your possession that describe any aspect of data processing
    system(s) that is(are) used to record or keep track of any
    of the following:

    1)  the number of N-600 application filed;
    2)  the number of N-600 applications pending;
    3)  the name or any other information regarding N-600
        applicants;
    4)  the adjudication or status of specific N-600
        applications;

**Response:**

No such documents were found.

4.  Produce all documents that you made or kept or that are in
    your possession that describe any aspect of any data
    processing system(s) that could be used to access any or all
    of the following:

    1)  the status of a specified N-600 application;
    2)  the identities or other personal information,
        including, but not limited to, dates and places of
        birth, addresses, and telephone numbers, of individual
        who have filed N-600 applications within the past five
        years;
    3)  the identities or other personal information,
        including, but not limited to, dates and places of
        birth, addresses, and telephone numbers, of individuals
        whose N-600 applications have been granted within the
        past five years.

**Response:**

No such documents were found.

5.  Produce all documents that you made or kept concerning how
    the individuals(s) responsible for generating or maintaining
    information regarding the filing, status, or adjudication of
    N-600 applications is(are) to enter such information in the
    system(s).

**Response:**

No such documents were found.

339

4

6.  Produce all documents you made or kept or in your possession
    that evidence, explain, or describe how information
    regarding the N-600 applications of anyone who is or has
    been a named plaintiff herein was recorded or entered in any
    data processing system(s), what such information was
    recorded, when it was recorded, and by whom.

    Response:

    No such documents were found.

7.  Produce all documents that you made or kept or that are in
    your possession describing reports or summaries that can be
    generated from your data processing system(s) which would
    reflect any or all of the following information:

    1)  the number of N-600 applications filed during any given
        period of time;
    2)  the number of N-600 applications pending during a given
        period of time;
    3)  the identity of or other information relating to N-600
        applicants whose applications were filed, are pending
        or have been adjudicated;
    4)  information regarding the status or adjudication of N-
        600 applications filed;
    5)  information regarding whether an appeal had been taken
        from the denial of a particular N-600 application; and
    6)  information regarding whether any appeal taken from the
        denial of a given N-600 application has been forwarded
        for adjudication.

    Response:

        No such documents were found as to subparts 3, 4, 5, 6.
    Documents which may be responsive to subparts 1 and 2 are still
    being processed to determine whether they comport with the
    request.  Any documents found that are not privileged will be
    submitted as per the stipulation reached by counsel on February
    11, 1997.

8.  Produce all documents that you made or kept or that are in
    your possession that describe how often reports or summaries
    are generated at the Harlingen INS District Office
    containing any or all of the following information:

    1)  the number of N-600 applications filed in a given time
        period;
    2)  the number of N-600 applications pending at a given
        point in time;
    3)  the number of N-600 applications adjudicated during a
        given period of time;


340

5

4)   the status of N-600 applications pending with the
     Harlingen INS District Office during a given period of
     time;
5)   the status of any appeals which are pending from the
     denial of N-600 applications;

**Response:**

Subpart 5 is objected to as going beyond the scope of
discoverable information for issues raised by the complaint.  The
complaint raises issues as to the propriety of regulations
providing work authorization to N-600 applicants.  No documents
were found as to subparts 4 and 5.  Documents relating to
subparts 1, 2, and 3 are still being reviewed to determine
whether they comport with the request.  Any documents found that
are not privileged will be submitted as per the stipulation
reached by counsel on February 11, 1997.

9.   **Produce all documents that you made or kept or that are in
     your possession containing any or all of the following
     information:**

     1)   the number of N-600 applications filed each or any year
          since 1992;
     2)   the number of N-600 applications adjudicated each or
          any year since 1992;
     3)   the number of N-600 applications which were denied each
          or any year since 1992;
     4)   the number of N-600 applications which were approved
          each or any year since 1992;
     5)   the number of denials of N-600 applications from which
          appeals were taken each or any year since 1992;
     6)   the number of appeals from the denial of N-600
          applications which were granted each or any year since
          1992; and
     7)   the number of appeals from the denial of N-600
          applications which were denied each or any year since
          1992.

**Response:**

Objection.  Subparts 5, 6, and 7 are objected to as going
beyond the scope of discoverable information for issues raised by
the complaint.  The complaint raises issues as to the propriety
of regulations providing work authorization to N-600 applicants.
No documents were found as to subparts 5, 6, and 7.  Documents
relating to subparts 1, 2, and 3 are still being reviewed to
determine whether they comport with the request.  Any documents
found that are not privileged will be submitted as per the
stipulation reached by counsel on February 11, 1997.

341

6

10. Produce all documents that you made or kept or that are in your possession relating to N-600 applications reflecting, for the month of March in the years (or fiscal years) 1996, 1995, 1994, 1993, and 1992, any or all of the following information:

    1)  the number of N-600 applications that were filed;
    2.  the number of N-600 applications adjudicated;
    3)  the number of N-600 applications which were denied;
    4)  the number of N-600 applications which were granted;
    5)  the number of denials of N-600 applications from which appeals were taken
    6)  the number of appeals from denials of N-600 applications which were granted, and
    7)  the number of appeals from denials of N-600 applications which were denied.

**Response:**

    Objection. Subparts 5, 6, and 7 are objected to as going beyond the scope of discoverable information for issues raised by the complaint. The complaint raises issues as to the propriety of regulations providing work authorization to N-600 applicants. Defendant whether they computer with the requested. Any documents found that are not privileged will be submitted as per the stipulation reached by counsel on February 11, 1997.

11. Produce all documents that you made or kept or that are in your possession concerning any communication between the Harlingen INS District Office and any INS office in Washington, D.C. or an agent of the INS regarding how information relating to the filing or processing of N-600 applications is to be recorded at the local district office.

**Response:**

    No such documents were found.

12. Produce all documents describing the name(s) of the person(s) responsible for recording, inputting or maintaining information regarding the filing or processing of N-600 applications.

**Response:**

    No such documents were found.

13. Produce all documents that you made or kept or that are in your possession that describe the period of time (for example, a fiscal year starting in the month of October)

342

7

which is used to collect or assess information regarding N-600 applications.

**Response:**

No such documents were found.

14. **Produce all documents regarding the job description of the person or persons responsible for recording, inputting or maintaining information regarding the filing or processing of N-600 applications.**

**Response:**

Objection. The request is vague and ambiguous. It is also objected to as going beyond the scope of discoverable information for issues raised by the complaint. The complaint raises issues as to the propriety of regulations providing work authorization to N-600 applicants.

CONCLUSION

Should you have any questions regarding the foregoing responses, please call Ernesto H. Molina at the number listed below.

Submitted by,

FRANK HUNGER
Assistant Attorney General
Civil Division

PHILEMINA MCNEILL JONES
Assistant Director
Office of Immigration Litigation

ERNESTO R. MOLINA, JR.
Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
Post Office Box 878
Ben Franklin Station
Washington, D.C. 20044
(202) 616-9344

Dated: February 12, 1997     ATTORNEYS FOR RESPONDENT

343

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ANTELMA DOMINGUEZ-PEREZ,           )
et al.,                            )
                                   )
            Plaintiffs,            )
                                   )      No. B 96-116
      v.                           )
                                   )
JANET RENO, et al.                 )
                                   )
            Defendants.            )
_____  )

STIPULATIONS REGARDING PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS

1.    This stipulation is entered into to certify that the parties
reached an agreement on February 11, 1997, as to the service of
the Defendants' First Response to Plaintiffs' Request for
Production of Documents ("Defendants' Response").

2.    The parties have agreed that Defendants' Response may be
properly served by fax on February 12, 1997.

3.    The parties have agreed that those further documents which
are found that are not privileged may be properly sent to
Plaintiffs soon after Defendants' Response is served.


_____
LISA BRODYAGA
Attorney for Plaintiffs


_____
ERNESTO MOLINA
Attorney for Defendants

DATED:  February 12, 1997

344

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ANTELMA DOMINGUEZ-PEREZ          )
et al.,                         )
                                )
          Plaintiffs,           )
                                )        No. B-96-116
     v.                         )
                                )
JANET RENO et al.,              )
                                )
          Defendants.           )
_____)

DEFENDANTS' SECOND RESPONSES TO PLAINTIFFS'
REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure,
Defendants hereby make their second written response to
Plaintiffs' request for production of documents. The following
responses are intended to supplement those served on Plaintiffs
on Wednesday, February 12, 1997.

OBJECTIONS

Defendants do not waive any objection to any portion of any
request for production of documents by not setting out at this
time.

1.   General Objections

The definition of "document" is objected to as overly broad
and burdensome. "Document" is defined as:

> any written, printed or graphic matter or recorded
> information or data, including the original and copy .
> . . of all correspondence, notes, minutes, receipts,
> acknowledgements, reports, calls, letters, telegrams,
> memoranda, transcripts, telephone conversations,
> diaries, bound reports, papers, written statements,
> affidavits, summaries, investigations, reports of
> examination, accounting, work sheets, data entry guides
> or manuals, writings of any kind and all other
> documents and material of any nature whatsoever,
> together with any attachments or enclosures. The term

345



2

also includes any information stored or recorded electronically in a computer or digital format, tape recording, video recording or otherwise.

Plaintiffs' Request for Production of Documents at 1-2.

Moreover, the definitions of "you" and "your" are objected to insofar as the definition incorporates any work done by attorneys working on behalf of the relevant agencies where such work is protected under Rule 26 of the Federal Rules of Civil Procedure.

Defendants also object to the request for production of documents where those documents are or may be protected under the Privacy Act, 8 U.S.C. § 552a, or any other privilege.

2. Specific Objections

Specific objections will be, but are not limited to being, raised in response to particular requests.

RESPONSES

7.  Produce all documents that you made or kept or that are in your possession describing reports or summaries that can be generated from your data processing system(s) which would reflect any or all of the following information:

    1)  the number of N-600 applications filed during any given period of time;
    2)  the number of N-600 applications pending during a given period of time;
    3)  the identity of or other information relating to N-600 applicants whose applications were filed, are pending or have been adjudicated;
    4)  information regarding the status or adjudication of N-600 applications filed;
    5)  information regarding whether an appeal had been taken from the denial of a particular N-600 application; and
    6)  information regarding whether any appeal taken from the denial of a given N-600 application has been forwarded for adjudication.

Response:

346

3

After a careful search for the requested documents, no
documents were found which satisfy the request.  Defendants
recognize their duty under Rule 26(e)(1) of the Federal Rules of
Civil Procedure and will produce any document discovered which
comports with the request.

8.  **Produce all documents that you made or kept or that are in
    your possession that describe how often reports or summaries
    are generated at the Harlingen INS District Office
    containing any or all of the following information:**

    1)  the number of N-600 applications filed in a given time
        period;
    2)  the number of N-600 applications pending at a given
        point in time;
    3)  the number of N-600 applications adjudicated during a
        given period of time;
    4)  the status of N-600 applications pending with the
        Harlingen INS District Office during a given period of
        time;
    5)  the status of any appeals which are pending from the
        denial of N-600 applications;

**Response:**

Subpart 5 is objected to as going beyond the scope of
discoverable information for issues raised by the complaint.  The
complaint raises issues as to the propriety of regulations
providing work authorization to N-600 applicants.  After a
careful search for the requested documents, no documents were
found which satisfy the request.  Defendants recognize their duty
under Rule 26(e)(1) of the Federal Rules of Civil Procedure and
will produce any document discovered which comports with the
request.

9.  **Produce all documents that you made or kept or that are in
    your possession containing any or all of the following
    information:**

    1)  the number of N-600 applications filed each or any year
        since 1992;
    2)  the number of N-600 applications adjudicated each or
        any year since 1992;
    3)  the number of N-600 applications which were denied each
        or any year since 1992;
    4)  the number of N-600 applications which were approved
        each or any year since 1992;
    5)  the number of denials of N-600 applications from which
        appeals were taken each or any year since 1992;
    6)  the number of appeals from the denial of N-600
        applications which were granted each or any year since
        1992; and

347

**4**

7)   the number of appeals from the denial of N-600
     applications which were denied each or any year since
     1992.

**Response:**

     Objection.  Subparts 5, 6, and 7 are objected to as going
beyond the scope of discoverable information for issues raised by
the complaint.  The complaint raises issues as to the propriety
of regulations providing work authorization to N-600 applicants.
After a careful search for the requested documents, no documents
were found which satisfy the request.  Defendants recognize their
duty under Rule 26(e)(1) of the Federal Rules of Civil Procedure
and will produce any document discovered which comports with the
request.

10.  Produce all documents that you made or kept or that are in
     your possession relating to N-600 applications reflecting,
     for the month of March in the years (or fiscal years) 1996,
     1995, 1994, 1993, and 1992, any or all of the following
     information:

     1)   the number of N-600 applications that were filed;
     2.   the number of N-600 applications adjudicated;
     3)   the number of N-600 applications which were denied;
     4)   the number of N-600 applications which were granted;
     5)   the number of denials of N-600 applications from which
          appeals were taken
     6)   the number of appeals from denials of N-600
          applications which were granted, and
     7)   the number of appeals from denials of N-600
          applications which were denied.

**Response:**

     Objection.  Subparts 5, 6, and 7 are objected to as going
beyond the scope of discoverable information for issues raised by
the complaint.  The complaint raises issues as to the propriety
of regulations providing work authorization to N-600 applicants.
After a careful search for the requested documents, no documents
were found which satisfy the request.  Defendants recognize their
///
///
///
///
///
///
///
///
///
///
///

348

5

duty under Rule 26(e)(1) of the Federal Rules of Civil Procedure
and will produce any document discovered which comports with the
request.

Submitted by,

FRANK HUNGER
Assistant Attorney General
Civil Division

BRENDA E. ELLISON
Senior Litigaiton Counsel
Office of Immigration Litigation


ERNESTO H. MOLINA, JR.
Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
Post Office Box 878
Ben Franklin Station
Washington, D.C. 20044
(202) 616-9344

Dated:  February 14, 1997        ATTORNEYS FOR RESPONDENT

349

Case 1:96-cv-00116   Document 43   Filed in TXSD on 07/22/1998   Page 20 of 30

```
F. :IAJ41              P    ADJUDICATIONS/NATURALIZA  ONS           09/09/95
            G-22.3 (REV.10/91) SCR 1 OF 4 OFFICE HLG ACTIVITY O      10:58:41
                    REPORTING PERIOD: MONTH 01 YR 92
```

| WORKLOAD SUMMARY | BEGIN PENDING (A) | *-----RECEIVED-------* INITIAL (B) | RESUBMITED (C) |
|---|---|---|---|
| 160A  N-400 NATZ. | 424 | 195 | 49 |
| 160B  N-400 NATZ. - CHILD | 3 | | |
| 160C  N-400 NATZ. - MLTRY. SVC. | | | |
| 161   N-600 CLAIM TO CITZ. | 162 | 53 | 2 |
| 162   N-643 CITZ. ADPTD. CHILD | | | |
| 163   N-644 PSTHMS. CITZ. | | | |
| 164   N-470 PRSVTN. RSDNC. | | | |
| 165   N-565 RPLC. NATZ./CITZ.CERT. | 298 | 76 | 3 |
| 166   N-300 DECL. INTENT | | | |
| 167   N-336 APP. NATZ.RVW. | | | |
| 168   DENOVO NATZ. HRNGS. | | | |
| 169   RSRVD/N-400 NATZ. FRONTLOG | | | |

```
        PF2         PF3         PF4         PF5      <ENTER>
        PREV      REFRESH     RETURN       HELP        SAVE
```





```
PSXIAJ21              1     ADJUDICATIONS/NATURALIZATIONS              09/08/95
         G-22.3 (REV.10/91) SCR 1 OF 4 OFFICE HLG ACTIVITY O         17:42:31
                   REPORTING PERIOD: MONTH 01 YR 93
```

| WORKLOAD SUMMARY | | BEGIN PENDING (A) | *-----RECEIVED-------* | |
| --- | --- | --- | --- | --- |
| | | | INITIAL (B) | RESUBMITED (C) |
| 160A | N-400 NATZ. | 1309 | 242 | |
| 160B | N-400 NATZ. - CHILD | 1 | | |
| 160C | N-400 NATZ. - MLTRY. SVC. | | | |
| 161 | N-600 CLAIM TO CITZ. | 226 | 8 | |
| 162 | N-643 CITZ. ADPTD. CHILD | 1 | | |
| 163 | N-644 PSTHMS. CITZ. | | | |
| 164 | N-470 PRSVTN. RSDNC. | 1 | | |
| 165 | N-565 RPLC. NATZ./CITZ.CERT. | 77 | 8 | |
| 166 | N-300 DECL. INTENT | 1 | | |
| 167 | N-336 APP. NATZ.RVW. | | | |
| 168 | DENOVO NATZ. HRNGS. | | | |
| 169 | RSRVD/N-400 NATZ. FRONTLOG | | | |

```
        PF2          PF3          PF4          PF5  ·    <ENTER>
        PREV        REFRESH      RETURN        HELP       SAVE
```

351

WORKLOAD SUMMARY                          BEGIN      *-----RECEIVED-------*
                                         PENDING     INITIAL   RESUBMITED
                                           (A)         (B)        (C)

| | | BEGIN PENDING (A) | INITIAL (B) | RESUBMITED (C) |
|---|---|---|---|---|
| 160A | N-400 NATZ. | 701 | 140 | |
| 160B | N-400 NATZ. - CHILD | | | |
| 160C | N-400 NATZ. - MLTRY. SVC. | | | |
| 161 | N-600 CLAIM TO CITZ. | 318 | 12 | |
| 162 | N-643 CITZ. ADPTD. CHILD | 1 | | |
| 163 | N-644 PSTHMS. CITZ. | | | |
| 164 | N-470 PRSVTN. RSDNC. | | | |
| 165 | N-565 RPLC. NATZ./CITZ.CERT. | 44 | 16 | |
| 166 | N-300 DECL. INTENT | | | |
| 167 | N-336 APP. NATZ.RVW. | | | |
| 168 | DENOVO NATZ. HRNGS. | | | |
| 169 | RSRVD/N-400 NATZ. FRONTLOG | | | |

        PF2         PF3         PF4         PF5       <ENTER>
        PREV      REFRESH      RETURN       HELP        SAVE

352

```
F.  IAJ41              PAS ADJUDICATIONS/NATURALIZATIONS              09/09/95
              G-22.3 (REV.10/91) SCR 1 OF 4 OFFICE HLG ACTIVITY O      10:58:41
                      REPORTING PERIOD: MONTH 01 YR 92
```

| | WORKLOAD SUMMARY | BEGIN PENDING (A) | *-----RECEIVED-------* | |
|---|---|---|---|---|
| | | | INITIAL (B) | RESUBMITED (C) |
| 160A | N-400 NATZ. | 424 | 195 | 49 |
| 160B | N-400 NATZ. - CHILD | 3 | | |
| 160C | N-400 NATZ. - MLTRY. SVC. | | | |
| 161 | N-600 CLAIM TO CITZ. | 162 | 53 | 2 |
| 162 | N-643 CITZ. ADPTD. CHILD | | | |
| 163 | N-644 PSTHMS. CITZ. | | | |
| 164 | N-470 PRSVTN. RSDNC. | | | |
| 165 | N-565 RPLC. NATZ./CITZ.CERT. | 298 | 76 | 3 |
| 166 | N-300 DECL. INTENT | | | |
| 167 | N-336 APP. NATZ.RVW. | | | |
| 168 | DENOVO NATZ. HRNGS. | | | |
| 169 | RSRVD/N-400 NATZ. FRONTLOG | | | |

```
        PF2         PF3         PF4         PF5       <ENTER>
        PREV      REFRESH     RETURN       HELP        SAVE
```



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ANTELMA DOMINGUEZ-PEREZ,          )
et al.,                          )
                                 )
          Plaintiffs,            )
                                 )        No. B-96-116
      v.                         )
                                 )
JANET RENO, et al.               )
                                 )
          Defendants.            )
                                 )

DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFFS'
REQUESTS FOR PRODUCTION OF DOCUMENTS

        Pursuant to Rules 26(e) and 34 of the Federal Rules of Civil

Procedure, Defendants hereby make their supplemental response to

Plaintiffs' request for production of documents.

        Defendants now produce documents with pages numbered 1 to 4.

DOCUMENTS PRODUCED

        Defendants herewith produce the following documents:

        Documents bearing page numbers 1 to 4.

                         Respectfully submitted,

                         FRANK HUNGER
                         Assistant Attorney General
                         Civil Division

                         DAVID V. BERNAL
                         Senior Litigation Counsel


                         ERNESTO H. MOLINA, JR.
                         Attorney
                         Office of Immigration Litigation
                         Civil Division
                         U.S. Department of Justice
                         Post Office Box 878
                         Ben Franklin Station
                         Washington, D.C. 20044
                         (202) 616-9344
Dated:   March 25, 1997  ATTORNEYS FOR RESPONDENT





## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 1997, one copy of

Defendants' Supplemental Response to Plaintiffs' Request for

Production of Documents was served on plaintiffs by placing it in

the Department of Justice mail room for same day mailing

addressed to:

    Lisa S. Brodyaga, Esquire
    402 E. Harrison, 2nd Floor
    Harlingen, TX  78550

    ERNESTO H. MOLINA, JR.
    Attorney
    Civil Division
    Office of Immigration Litigation
    United States Department of Justice
    P.O. Box 878
    Ben Franklin Station
    Washington, D.C.  20044
    (202) 616-9344

355

**N-600 REGISTRATION OF CITIZENSHIP**

**ADJUDICATED BY MONTH**

**FISCAL YEARS 1992 THRU 1997**

08:02 Friday, March 21, 1997  1

| MONTH | 1992 ADJUD | 1993 ADJUD | 1994 ADJUD | 1995 ADJUD | 1996 ADJUD | 1997 ADJUD |
|---|---|---|---|---|---|---|
| OCTOBER | 1,770 | 2,175 | 1,411 | 1,864 | 1,732 | 9,979 |
| NOVEMBER | 3,228 | 1,984 | 2,013 | 1,652 | 1,978 | 4,656 |
| DECEMBER | 1,737 | 1,553 | 1,701 | 1,769 | 2,076 | 2,946 |
| JANUARY | 1,415 | 1,606 | 1,769 | 1,863 | 1,861 | 5,656 |
| FEBRUARY | 1,415 | 1,445 | 1,650 | 2,616 | 1,827 | 3,993 |
| MARCH | 1,950 | 2,116 | 1,787 | 2,630 | 2,263 | 0 |
| APRIL | 1,735 | 2,137 | 1,856 | 1,898 | 2,564 | 0 |
| MAY | 1,290 | 1,805 | 3,873 | 2,042 | 2,357 | 0 |
| JUNE | 1,475 | 1,602 | 2,441 | 1,956 | 2,332 | 0 |
| JULY | 1,729 | 1,710 | 2,104 | 2,172 | 2,267 | 0 |
| AUGUST | 2,101 | 2,159 | 2,329 | 1,359 | 4,996 | 0 |
| SEPTEMBER | 1,559 | 2,030 | 2,196 | 2,141 | 2,511 | 0 |
| | 21,444 | 22,172 | 25,451 | 24,016 | 28,564 | 27,230 |

0002

356

**N-400 REGISTRATION OF CITIZENSHIP**

**APPROVED BY MONTH**

**FISCAL YEARS 1992 THRU 1997**

07:58 Friday, March 21, 1997

| MONTH | 1992 APPROVED | 1993 APPROVED | 1994 APPROVED | 1995 APPROVED | 1996 APPROVED | 1997 APPROVED |
|---|---|---|---|---|---|---|
| OCTOBER | 1,356 | 1,600 | 1,180 | 1,566 | 1,503 | 7,320 |
| NOVEMBER | 2,427 | 1,571 | 1,786 | 1,371 | 1,772 | 3,870 |
| DECEMBER | 1,412 | 1,254 | 1,393 | 1,463 | 1,780 | 2,473 |
| JANUARY | 1,231 | 1,330 | 1,660 | 1,405 | 1,573 | 4,745 |
| FEBRUARY | 1,184 | 1,184 | 1,361 | 1,823 | 1,396 | 3,645 |
| MARCH | 1,620 | 1,738 | 1,513 | 2,070 | 1,914 | 0 |
| APRIL | 1,395 | 1,753 | 1,692 | 1,578 | 2,241 | 0 |
| MAY | 1,135 | 1,516 | 2,629 | 1,631 | 1,993 | 0 |
| JUNE | 1,262 | 1,350 | 2,100 | 1,609 | 2,051 | 0 |
| JULY | 1,437 | 1,297 | 1,852 | 1,705 | 1,935 | 0 |
| AUGUST | 1,449 | 1,732 | 1,958 | 1,197 | 3,821 | 0 |
| SEPTEMBER | 1,327 | 1,339 | 1,856 | 1,854 | 2,204 | 0 |
| | 17,431 | 17,655 | 21,540 | 19,404 | 24,185 | 22,053 |

03000

N-600 AEQUISITION OF CITIZENSHIP

RECEIPTS BY MONTH

FISCAL YEARS 1992 THRU 1997

08:06 Friday, March 21, 1997

| MONTH | 1992 RECEIPTS | 1993 RECEIPTS | 1994 RECEIPTS | 1995 RECEIPTS | 1996 RECEIPTS | 1997 RECEIPTS |
|---|---|---|---|---|---|---|
| OCTOBER | 1,902 | 1,483 | 1,427 | 1,891 | 2,192 | 5,074 |
| NOVEMBER | 2,402 | 1,809 | 1,600 | 1,867 | 1,894 | 5,368 |
| DECEMBER | 1,251 | 1,637 | 1,463 | 1,783 | 1,783 | 4,615 |
| JANUARY | 1,442 | 1,317 | 2,151 | 2,034 | 2,369 | 4,716 |
| FEBRUARY | 2,750 | 1,500 | 1,742 | 2,391 | 2,345 | 4,728 |
| MARCH | 1,689 | 2,104 | 1,733 | 2,369 | 2,797 | 0 |
| APRIL | 2,066 | 1,800 | 1,921 | 2,345 | 3,956 | 0 |
| MAY | 1,242 | 1,920 | 1,630 | 2,390 | 3,903 | 0 |
| JUNE | 1,570 | 1,442 | 1,918 | 2,472 | 3,289 | 0 |
| JULY | 1,871 | 1,832 | 1,595 | 2,200 | 4,950 | 0 |
| AUGUST | 1,916 | 2,112 | 1,678 | 2,067 | 7,117 | 0 |
| SEPTEMBER | 1,671 | 1,702 | 2,348 | 2,171 | 5,265 | 0 |
| | 21,174 | 20,976 | 21,104 | 26,171 | 40,900 | 26,403 |

5

0001

358



U.S. DEPARTMENT OF JUSTICE

Immigration and Naturalization Service

*2102 Teege Avenue*
*Harlingen, Texas 78550-4667*

---

*Harlingen District Office*

Mary Kenney, Director                    September 26, 1995
Immigrant & Refugee Project
2311 N. Flores                           HLG-95-000954
San Antonio, Texas  78212

Dear Ms. Kenney,

This is in response to your Freedom of Information request.
Enclosed are 155 copies of statistical records relating to
naturalization applications.

Per phone conversation with you on September 22, 1995, I
explained that the Harlingen Immigration office suffered a flood
on April 5, 1991,  therefore statistics for the year 1990 and
five (5) months in 1991, are not available.

Service's policy, instructions, memorandas and guidelines are
available to you in the I.N.S.  Public Reading Room at an
Immigration office nearest you.  I have enclosed the address of
the Immigration Office in San Antonio for your convenience.

                U.S. Immigration and Naturalization Service
                          8940 Fourwinds Drive
                      San Antonio, Texas  78239-1994

You may appeal this decision by writing the Assistant Attorney
General, Office of Legal Policy, Attention:  Office of
Information and Privacy Appeals, U.S. Department Of Justice, Room
7238 Main Justice Building, 10th Street and Constitution Avenue,
N.W. Washington, D.C. 208530, within thirty days of receipt of
this letter.  Both the letter and envelope should be clearly
marked.  "FREEDOM OF INFORMATION," OR "INFORMATION APPEAL."

Sincerely,

E.M. Trominski
District Director





## CERTIFICATE OF SERVICE

I, Lynn Coyle, hereby certify that on the 20 day of July 1998, a copy of the foregoing document has been mailed to:

Ernesto Molina, Jr.
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, D.C.  20044

Dated: _7/20/98_

Lynn Coyle

360