*51*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
– BROWNSVILLE DIVISION –

United States District Court
Southern District of Texas
ENTERED

NOV 1 2 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ANTELMA DOMINGUEZ-PEREZ, et al. | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-96-116 |
| | § | |
| JANET RENO, et al. | § | |
| Defendants | § | |

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiffs who claim to be foreign-born children of United State citizens have filed applications for Certificate of Citizenship ("N-600 applications") with the Immigration and Naturalization Service ("INS") in Harlingen, Texas. They have filed a petition under 28 U.S.C. § 2241 on behalf of themselves and others similarly situated, seeking interim work authorization and social security cards while their applications are pending. Before the Court are Plaintiffs' Petition and Motion for Class Certification, and Defendants' Motion to Dismiss. For the reasons set forth below, this Court recommends that the Motion to Dismiss be denied, the Motion for Class Certification be granted, the Writ of Habeas Corpus issue, and that declaratory and injunctive relief be granted.

### BACKGROUND

Under the Immigration and Nationality Act, 8 U.S.C. §§ 1401 and 1409, the foreign-born children of U.S. citizens acquire U.S. citizenship at birth if they meet the requirements set forth therein. To obtain a Certificate of Citizenship from INS, such a person must file an N-600 application with supporting documentation at the INS office having jurisdiction over the

applicant's place of residence.  8 C.F.R. §§ 341.1 and 341.2.  The issuance of a Certificate of Citizenship represents an acknowledgment by INS that the applicant acquired U.S. citizenship at birth.  Adjudication by the INS of an N-600 application often takes several years.

A U.S. citizen is eligible for a social security card only upon production of a document listed in the regulations as proof of U.S. citizenship.  42 U.S.C. § 405(c)(2)(B)(i);  20 C.F.R. § 422.104.  Evidence that an application has been made for one or more of the specified documents, (including an application for a Certificate of Citizenship), is not acceptable evidence of U.S. citizenship.  *See* 20 C.F.R. § 422.107(d).  Foreign nationals may obtain (unrestricted) social security cards by showing that they have been lawfully admitted to the United States, either for permanent residence or under authority of law permittting him or her to work in the United States.  20 C.F.R. § 422.107(e).

The other way a resident U.S. citizen may obtain proof of U.S. citizenship acceptable to the Social Security Administration is by requesting a United States Passport.  This process, for those situated as Plaintiffs are, can be lengthy.

During the pendency of an N-600 application, Defendants have a policy of not issuing any document authorizing employment in the United States.  This contrasts with Defendants' policy with respect to non-citizens who have applied for certain immigration benefits, including all categories of applicants for permanent status in the U.S., (8 C.F.R. §§ 274a.12(c)(9), (10), (16), (20), and (22)), and a wide variety of other groups, including aliens who have been paroled into the U.S. for emergent reasons (§ 274a.12(c)(11)), certain informants, (§ 274a.12(c)(21)), and even aliens under final orders of deportation who have been released under orders of supervision  (§ 274a.12(c)(18)).

2

To be lawfully employed in the United States, an individual must present evidence to a potential employer demonstrating that he or she is authorized to be so employed.  8 U.S.C. § 1324a(a).  Failure to comply with the verification requirements can subject the employer to civil and criminal penalties.  8 U.S.C. § 1324a.    The Attorney General has the power to issue employment authorization to persons for whom there is no specific statutory authorization, with or without promulgating specific regulations.  See Defendants' Response to Plaintiffs' Second Set of Request for Admissions, Admission 21; 8 U.S.C. § 1324a(h)(3).

Plaintiffs Graciela Alvarez de Zuniga, Cecilia de la Cruz, Jose Guadalupe de la Cruz, Abel de la Cruz, Francisca de la Cruz, and Luis Alberto de la Cruz all have pending N-600 applications but do not have social security cards or permission to work in the U.S.

THE § 2241 PETITION

Plaintiffs' Petition raises the following claim:  to wit, that Defendants' refusal to provide Plaintiffs with the documentation necessary for them to legally obtain employment while their N-600 applications are pending violates their rights under the Immigration and Nationality Act and the Administrative Procedure Act, and deprives them of Equal Protection, as guaranteed by the Fifth Amendment of the United States Constitution.

Plaintiffs also seek to have this Court certify them as representatives of a class consisting of all people who have filed or will file an N-600 application with the INS Office in Harlingen, Texas, in whose cases there has been no final adjudication of their claims to United States citizenship.

3

# RECOMMENDATION

## A.  CLASS CERTIFICATION

Plaintiffs have shown that class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(2).  As of November 1996, more than two hundred and fifty N-600 applications were pending at the Harlingen INS office.  Exhibit J, Defendants' Responses to Plaintiffs' First Set of Requests for Admissions, Admission 3.  Defendants have admitted that N-600 applicants are not eligible for either work authorization or a social security card on the basis of their pending applications.  Exhibit J, Defendants' Responses to Plaintiffs' First Set of Requests for Admissions, Admission 16.  Given the number of persons with pending applications and the fact that future applicants are included in the class definition, joinder is impracticable.

There are questions of law and fact common to the class.  The factual differences which exist with respect to each applicant's claim to acquired citizenship are not relevant to Plaintiffs' claims for relief.  All class members have filed or will file N-600 applications and will be unable to obtain either interim work authorization or social security cards on the basis of such pending applications.  The named plaintiffs claim identical statutory and constitutional violations, which violations are typical of the class.  Defendants have acted or refused to act on grounds generally applicable to the class, by refusing to grant interim work authorization or social security cards on the basis of a properly filed N-600 application.  *See* Plaintiffs' Exhibit J, Defendants' Response to Requests for Admissions, Admission 16.

The named plaintiffs will fairly and adequately represent the interests of the class.  They all share a stake in the outcome of the litigation, as each has been harmed by defendants' policies.  Plaintiffs' counsel have extensive litigation experience and are well qualified to

represent the interests of the class.

It is THEREFORE RECOMMENDED that the Plaintiffs' Motion for Class Certification be GRANTED.

IT IS FURTHER RECOMMENDED that Plaintiffs represent all people who have filed or will file an N-600 application with the INS District Office in Harlingen, Texas, in whose cases there has been no final adjudication of their claim to United Sates citizenship.

### B. CONSTITUTIONAL AND STATUTORY CLAIMS

Plaintiffs have standing herein because the denial of work authorization and a social security card is an injury in fact. *National Center for Immigrant Rights v. I.N.S.*, 743 F.2d 1365 (9th Cir. 1984); *Gomez-Arauz v. McNary*, 762 F. Supp. 310, 315 (W.D.OK. 1991); *Ramos v. Thornburgh*, 732 F. Supp. 696 (E.D.Tex. 1989).

Plaintiffs have shown that Defendants' policies deprive them of equal protection of the law, in violation of the Fifth Amendment of the U.S. Constitution, which requires that there be a rational basis, related to a legitimate government interest, if similarly situated individuals are to be treated differently. *Plyler v. Doe*, 457 U.S. 202 (1982) (even aliens unlawfully present in the United States are entitled to Equal Protection); *Reno v. Flores*, 507 U.S. 292, 305 (1993) (examining statute for equal protection violation, and finding none); *Texas Manufactured Housing Ass'n, Inc. v. City of Nederland*, 101 F.3d 1095, 1106 (5th Cir. 1996) (to pass Equal Protection muster, factor on which legislative discrimination is based must bear fair and substantial relationship to the objectives of the legislation); *Yeung v. INS*, 76 F.3d 337, 339 (11th Cir. 1996) (statute violates Equal Protection where eligibility for relief based on an arbitrary factor); *Bedoya-Valencia v. INS*, 6 F.3d 891, 895 (2nd Cir. 1993) (same); *Ghassan*

5

*v. INS*, 972 F.2d 631, 633, n.2 (5th Cir. 1992) (extending § 212(c) relief to aliens in deportation proceedings on Equal Protection grounds); *Francis v. I.N.S.,* 532 F.2d 268 (2nd Cir. 1976) (same); *Jurado -Gutierrez v. Greene*, 977 F. Supp. 1089 (D. Colo. 1997) (same).

Defendants' policy of denying interim work authorization to N-600 applicants, while granting such authorization to large classes of aliens, is not rationally related to any legitimate government interest. Indeed, it does not even pass muster under the most minimal standard, urged by Defendants, that there be a "facially legitimate and bona fide reason." *See Fiallo v. Bell*, 430 U.S. 787, 794-95 (1977). Defendants have made no claim that there is any greater incidence of fraudulent applications for Certificates of Citizenship, than for any other type of permanent status in the U.S., for which employment authorization is permitted, and have tendered no other justification for this disparate treatment.

The disparate treatment among similarly situated persons, i.e., foreign-born persons seeking permanent status in the U.S., is best illustrated by the situation of Plaintiff Antelma Perez-Dominguez. Ms. Perez-Dominguez was unable to obtain work authorization, or a social security card, for over two years while her N-600 was pending. Yet her Mexican national husband, who filed an application for permanent residence, (an "adjustment of status" application), on the basis of his wife's pending claim to U.S. Citizenship, was granted work authorization and a social security card during the pendency of his application. This benefit was granted, even though the same benefit was denied to his U.S. citizen wife.

Defendant Janet Reno has the authority to issue interim work authorization to classes of persons even when no statute exists specifically authorizing work permission to such a class. See Exhibit K, Defendants' Response to Plaintiffs' Second Set of Requests for Admissions,

Admission 21.  In any event, the Court has broad equitable powers to order relief to remedy the existence of a constitutional violation.  *See Swan v. Charlotte-Mecklenburg Board of Education*, 402 U.S. 1, 15 (1971).  Since this court has found a violation under the Fifth Amendment, it is not necessary to reach the other claims raised by the Plaintiffs.

IT IS THEREFORE RECOMMENDED that the Defendants' Motion to Dismiss be DENIED and Plaintiffs' Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief be GRANTED.

IT IS FURTHER RECOMMENDED that declaratory relief be ordered finding that Defendants' policies of refusing to issue class members authorization to work in the United States and social security cards violates Equal Protection, as protected by the Due Process clause of the Fifth Amendment of the U.S. Constitution.

IT IS FURTHER RECOMMENDED that Defendants Reno, Meissner and Trominski be ENJOINED from denying Plaintiffs and other class members a document evidencing their right to work in the United States, and that Defendant Chater be enjoined from refusing to issue social security cards to persons presenting such a document.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure

7

to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this ___10ᵀᴴ___ day of ___Brobesuille___ 1998.

John Wm. Black
United States Magistrate Judge

8