# Oath of Allegiance

I hereby declare, on oath, (affirm) that I absolutely and entirely renounce and abjure all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty of whom or which I have heretofore been a subject or citizen; that I will support and defend the Constitution and the laws of the United States of America against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same;

that I will bear arms on behalf of the United States when required by the law;

that I will perform noncombatant service in the Armed Forces of the United States when required by the law;

that I will perform work of national importance under civilian direction when required by the law;

and that I take this obligation freely without any mental reservation or purpose of evasion: SO HELP ME GOD. In acknowledgment whereof I have hereunto affixed my signature.

_Diana Ma Santos_

Subscribed and sworn (affirmed) to before me, a designated representative of the Immigration and Naturalization Service, this ......9th...... day of ...MARCH..., 19.98., at ...Harlingen, Texas......

_Rene Moreno_

(Title) _District Adjudication Officer_

MARCH 9th, 19.98.

I hereby certify that I have this day received original certificate of citizenship of which this is a duplicate.

_Diana Ma Santos_

311



U.S. Department of Justice
Immigration and Naturalization Service

2102 Teege Avenue
Harlingen, Texas 78550

August 19, 1998

Graciela Alvarez de Zuniga
c/o Robert H. Crane
P.O. Drawer 1045
Weslaco, Texas  78596

FILE:                         A22 923 849

IN RE:                        Graciela Alvarez de Zuniga

APPLICATION:                  Motion to Reopen

IN BEHALF OF APPLICANT:       Robert H. Crane
                              Attorney

## DISCUSSION.

    The Application for Certificate of Citizenship was denied by the District Director in San Antonio, Texas on July 16, 1979. It was determined in that decision that the applicant failed to establish that her mother had been physically present in the United States for a period of 10 years, 5 after 14, prior to the applicants birth. The applicant was allowed an opportunity to appeal the decision. The applicant did not appeal the decision. Furthermore, the file does not contain any evidence that an appeal was filed. On November 16, 1992, the applicant submitted a new application. Since the proper form to file is a motion to reopen, or a motion to reconsider, for the purpose of consideration, we will treat this application as a motion to reopen.

    In her second application the applicant, through her attorney, alleges that her parents were never married. Both parents are now deceased.

312

ATTACHMENT C

313

Graciela Alvarez de Zuniga
Page 2

The applicant has submitted an affidavit from her step-father wherein he states that he and the applicant's mother lived together from 1960 until 1973. He further alleges that he does not recall ever discussing whether or not she had been married to the applicant's father.

A review of the file reflects that on May 23, 1979, the examining officer examined the applicant and her mother. At that time her father was also living. The applicant was 21 years of age. As evidence of the parents marriage, the examining officer considered the applicant's birth certificate as secondary evidence of marriage. Based upon the testimony provided, and the evidence submitted, the examining officer concluded that the applicant had met her burden in establishing the fact that her parents had been married. The affidavit submitted with her second application affirms now as it did then that the marriage certificate was not available. This fact was established when the decision was made.

The grant or denial of a motion to reopen or reconsider is a discretionary determination with the outcome dependent in part upon the likelihood that the applicant or petitioner will be granted the relief sought if reopening is permitted (Matter of Rodriguez, 17 I & N Dec. 105; BIA, (1979).

Based upon the best evidence presented by the applicant, as well as her mother having been examined, the examining officer concluded then that based upon his findings, the applicant had established that her parents had been married. The decision that the parents had been married was made subject to the applicant's mother having been examined, and supported further by the applicant's birth certificate.

On August 18, 1993, based upon the Service's request for a search of a marriage record in Rio Bravo, Tamaulipas, Mexico between the applicant's parents, this office received a report that no such record was found. The first application, however, indicated that the marriage occurred either in Merida, Yucatan or Matamoros, Tamaulipas.

The entire record has been carefully reviewed. It is concluded, therefore, that based upon the affidavit submitted, and record of non-existence of a marriage in one of several possible places of marriage registration, the evidence submitted has failed to sufficiently establish by a preponderance of the evidence that the parents of the applicant were not legally married as determined in the examining officer's findings. Additionally, the record continues to be void of sufficient evidence establishing that the applicant's mother was physically present in United States for a period of 10 years, 5 after 14, prior to the birth of the applicant. The motion is therefore denied.

314

Graciela Alvarez de Zuniga
Page 3

ORDER:     It is ordered that the motion to reopen be denied.

Sincerely,

*[signature]*

E.M. Trominski
District Director

cc: Graciela Alvarez De Zuniga

315

| SENDER:<br>■ Complete items 1 and/or 2 for additional services.<br>■ Complete items 3, 4a, and 4b.<br>■ Print your name and address on the reverse of this form so that we can return this card to you.<br>■ Attach this form to the front of the mailpiece, or on the back if space does not permit.<br>■ Write "Return Receipt Requested" on the mailpiece below the article number.<br>■ The Return Receipt will show to whom the article was delivered and the date delivered. | I also wish to receive the following services (for an extra fee):<br>1. ☐ Addressee's Address<br>2. ☐ Restricted Delivery<br>Consult postmaster for fee. |
|---|---|
| 3. Article Addressed to:<br>Graciela Alvarez de Zuniga<br>c/o Robert H. Crane, Atty<br>P.O. Drawer 1045<br>Weslaco, TX 78596<br><br>A22 923 849 | 4a. Article Number<br>P 099 146 461<br>4b. Service Type<br>☐ Registered ☒ Certified<br>☐ Express Mail ☐ Insured<br>☐ Return Receipt for Merchandise ☐ COD<br>7. Date of Delivery |
| 5. Received By: (Print Name) | 8. Addressee's Address (Only if requested and fee is paid) |
| 6. Signature: (Addressee or Agent)<br>X | |

PS Form 3811, December 1994   mailed 8/19/98   102595-97-B-0179   Domestic Return Receipt

316

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

● Print your name, address, and ZIP Code in this box ●

DISTRICT DIRECTOR
Immigration & naturalization Service
2102 Teege Ave
Harlingen, Texas   78550

317

P 099 146 461

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

| Sent to | Graciela Alvarez de Zuniga |
|---|---|
| Street & Number | C/O Robert H Crane P.O. Drawer 1345 |
| Post Office, State, & ZIP Code | Weslaco TX 78596 |
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ |
| Postmark or Date | 8/19/98 DICITZ A22923849 bg |

PS Form 3800, April 1985

Fold at line over top of envelope to the right of the return address

**CERTIFIED**

P 099 146 461

**MAIL**

318

**CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 1998, one copy of Defendants' Objections to United States Magistrate Judge's Report and Recommendation was served on plaintiffs by depositing it in the Department of Justice Mail Room for same-day deliver addressed as follows:

>Lisa S. Brodyaga
>402 E. Harrison, 2nd Floor
>Harlingen, TX  78550
>
>Lynn Coyle
>2311 N. Flores
>San Antonio, TX  78212

>                                 ERNESTO H. MOLINA, JR.
>                                 Attorney
>                                 Civil Division
>                                 Office of Immigration Litigation
>                                 United States Department of Justice
>                                 P.O. Box 878
>                                 Ben Franklin Station
>                                 Washington, D.C.  20044
>                                 (202) 616-9344

319