IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 21 1998

Michael N. Milby
Clerk of Court

ANTELMA DOMINGUEZ-PEREZ, et. al., )
    Petitioners, )
     )
v. ) CIVIL ACTION NO. B-96-116
     )
JANET RENO, et. al. )
    Respondents. )

**RESPONSE TO DEFENDANTS' OBJECTIONS TO UNITED STATES
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioners, through counsel, herewith reply to Respondents/ Defendants' Objections to United States Magistrate Judge's Report and Recommendation (hereinafter cited as (INS:__)).

Respondents raise few, if any, arguments beyond those presented in their prior motions to dismiss. Petitioners filed lengthy responses to these motions, and will therefore keep the instant reply short.

**I.   SUBJECT MATTER JURISDICTION.**

First, Respondents incorrectly assert that Petitioners failed to appeal the denial of their N-600 applications, thereby mooting their claims. (INS:1,3,8-10,15). This blatant misrepresentation is refuted by Petitioners' Exhibit M, filed December 10, 1998, showing that Ms. Alvarez de Zuniga and the de la Cruz siblings filed timely appeals. Respondents claim that the appeals were never received by the Administrative Appeals Unit ("AAU"). (INS:11). But it is Respondent Trominski's responsibility to forward the appeals to the



AAU for adjudication. 8 CFR §103.3(a)(2)(iv). Indeed, counsel for Petitioners have long complained that such appeals are not timely forwarded to the AAU. Since Petitioners' appeals are still pending, their claims are not moot and this Court retains subject matter jurisdiction. [1]  For the same reasons, Respondents' arguments regarding exhaustion, [2] and class certification, must also fail. [3]

## II. Equal Protection

Respondents argue that it is constitutional to deny Petitioners interim work authorization, while granting it to similarly situated persons seeking other immigration benefits, because Congress deserves great deference in the regulation of immigration. (INS:19-27). But it is not *congressional* action which is challenged

---

[1]   Respondents' again argue that Petitioners suffered no injury because they could apply for a U.S. passport instead of a certificate of citizenship. This claim was rebutted in Petitioners' Opposition to Respondents' (Second) Motion to Dismiss, pp. 9-10. The complained of injury is the deprivation of work authorization while awaiting adjudication of their claims to U.S. citizenship. Even if they sought U.S. passports, Petitioners would still be deprived of work authorization and social security cards, while these applications were pending. In any event, the Supreme Court has held that regardless of "available alternatives," a law must be sustained, if at all, under independent equal protection analysis. *See, Trimble v. Gordon*, 430 U.S. 762, 763-764 (1977).

[2]   Respondents' argument on exhaustion of remedies is based on their claim that Petitioners failed to appeal the denial of their N-600 applications. (INS:14-18). This is twice flawed. As noted, Petitioners did file timely appeals. Second, they bring the instant action, not to obtain certificates of citizenship, but interim work authorization and social security cards, with respect to which they have exhausted all available administrative remedies.

[3]   Respondents argue that Petitioners claims are moot, so they cannot adequately represent the interests of the class. (INS:8-9). However, as already stated, Petitioners have pending appeals, and can adequately represent the interests of the class.

251

herein. Respondents admit that they are not statutorily precluded from issuing work authorization to N-600 applicants, (Respondents' Response to Petitioners' Second Set of Request for Admissions, #21). So the appropriate inquiry is whether the discretionary decision not to so is rationally related to a legitimate governmental interest. *Hampton v. Mow Sun Wong*, 426 U.S. 88 (1976); *Anetekahai v. INS*, 876 F.2d 1218 (5th Cir. 1989).

Respondents base this decision on the possibility of "fraud," but offer no reason why this justifies treating N-600s differently from other applications for permanent status in the U.S.. [4] Especially since Petitioner Dominguez' husband received work authorization through an application for adjustment of status, which, in turn, was based on her pending application for a certificate of citizenship, [5] the Court correctly concluded that potential fraud in the N-600 process does not justify such disparate treatment.

---

[4] Respondents argue that the 1996 amendments to the INA eliminating the certificate of citizenship from the documents sufficient to establish identity and employment authorization for purposes of satisfying employers' verification requirements, indicates that Congress was concerned with fraud in the N-600 process. (INS:26-27). Logically, this is absurd, because no such certificate is issued until INS is satisfied that the applicant is, indeed, a U.S. citizen. It is far more likely that Congress reduced the number of allowable documents in order to simplify the verification process. Moreover, Congress eliminated other documents as well, including certificates of naturalization. Finally, a certificate of citizenship continues to be a document with which one may obtain social security and state identification cards - documents which do satisfy the employer verification requirements.

[5] Respondents admitted that said work permit was obtained following full disclosure of the fact that the application for adjustment of status was based on Petitioner Dominguez' pending N-600. (Exhibit "J" Admission No. 2). A copy of the actual employment authorization card was filed December 10, 1998, as Exhibit "N."

252

Respondents have not met their burden of asserting a legitimate governmental interest warranting the discrimination at issue. [6]

### III.   INJUNCTIVE RELIEF

Respondents argue that the Court cannot grant relief to Petitioners *sua sponte*, and that the order is "overbroad." Among other relief, Petitioners sought a Writ of Habeas Corpus. The Court may grant the relief sought in the petition, even in the absence of a motion for summary judgment. *See*, *Schlanger v. Seamans*, 401 U.S. 487 (1971) (A habeas corpus action is not automatically subject to the Federal Rules of Civil Procedure.); *Esposito v. Manson*, 65 F.R.D. 658 (D.C.Conn. 1975) (same). No evidentiary hearing is required where, as here, only issues of law are involved. [7] *Anderson v. Maggio*, 555 F.2d 447 (5th Cir. 1977). And, absent genuine issues of material fact, the Court may indeed grant summary judgment *sua sponte*. *Ramsey v. Coughlin*, 94 F.3d 71, 74 (2d Cir. 1996).

As to the scope of relief, the order requires no more of INS than the issuance of interim employment authorization to Petitioners and class members. With respect to the Social Security Administration ("SSA"), Respondents incorrectly assume that interim employment

---

[6] Further arguments are found in Plaintiffs' Supplement to Plaintiffs' Response to Respondents' Motion to Dismiss, pp.4-10.

[7] Respondents claim that more "discovery" is required with respect to the issue of fraud, (INS:10), but do not indicate what pertinent information on this point which is not already available to Respondents could conceivably be in Petitioners' possession.

authorization from INS would entitle N-600 applicants to social security cards. But the governing regulations do not authorize issuance of social security cards to *persons claiming U.S. citizenship,* who present employment authorization from INS. *See*, 20 C.F.R. § 422.107(d). Therefore, even with interim employment authorization, Petitioners would not be entitled to social security cards. Without a binding order against the SSA, "complete relief" will not be provided to the Petitioners and class members. *See, Madsen v. Women's Health Center*, 512 U.S. 753, 765 (1994).

## IV. CONCLUSION

For the reasons stated above, the Report and Recommendation of the United States Magistrate Judge should be adopted in its entirety.

Respectfully submitted,

LISA BRODYAGA
402 E. Harrison, 2nd Floor
Harlingen, TX 78550
(956) 421-3226; Fax (956) 421-3423

MARY KENNEY
LYNN COYLE
Lawyers' Committee for Civil Rights
2311 N. Flores
San Antonio, TX 78212
(210) 736-1503; Fax (210) 736-3958

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, first-class postage prepaid, to Ernesto Molina, Attorney, OIL, Box 878, Ben Franklin Sta., Wash. D.C., on December 21, 1998.

254