IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 12 1999

Michael N. Milby
Clerk of Court

ANTELMA DOMINGUEZ-PEREZ, )
    et al, )
        )
    Plaintiffs, )
        )   No. B-96-116
    v. )
        )
JANET RENO, et al., )
        )
    Defendants. )
_____)

### DEFENDANTS' MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)

Defendants Janet Reno, Doris Meissner, E. M. Trominski, and Kenneth S. Apfel[1] ("Defendants") hereby request that the Court alter or amend its Final Order entered February 26, 1999 ("Final Order"), adopting the Magistrate's Report and Recommendation ("Magistrate's Report"), for the reasons set forth in the accompanying Memorandum of Points and Authorities.

Respectfully submitted,

JAMES H. DeATLEY
United States Attorney
Southern District of
    Texas

DAVID W. OGDEN
Acting Assistant Attorney General
Civil Division

DAVID V. BERNAL
Assistant Director
Office of Immigration Litigation

---

[1] For the Court's information, Shirley S. Chater has been replaced by Kenneth S. Apfel as head of the Social Security Administration, making Mr. Apfel in his professional capacity the appropriate defendant.

*[signature: Cheri L. Jones]*
CHERI L. JONES
Special Assistant U.S. Atty.
Southern District of
    Texas
INS
P.O. Box 1711
Harlingen, Texas 78551
(956) 389-7051

Date: March 12, 1999

*[signature: Ernesto H. Molina, Jr. by Cheri L. Jones]*
ERNESTO H. MOLINA, JR.
Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 616-9344

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ANTELMA DOMINGUEZ-PEREZ, et al, <br><br> Plaintiffs, <br><br> v. <br><br> JANET RENO, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) No. B-96-116 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)

Defendants hereby provide their Memorandum of Points and Authorities in Support of Defendants' Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e).

### BACKGROUND

The named plaintiffs claim to be United States citizens who were born abroad to a parent who was a citizen of the United States. Plaintiffs' First Amended Petition for Writ of Habeas Corpus, and Complaint for Declaratory and Injunctive Relief ¶¶ 4-9 (hereinafter "Amended Complaint"). Plaintiffs claim to have filed N-600 applications for certificates of citizenship before the Immigration and Naturalization Service ("INS"). Amended Complaint ¶¶ 28, 32, 36, 39, 41, 42. Two of the plaintiffs also claim that they have applied for social security cards with the Social Security Administration ("SSA") and were not issued cards. Amended Complaint ¶¶ 29, 33.

Plaintiffs purport to represent a class of:

> all people who have filed or will file N-600 applications with the I.N.S. district office in Harlingen, whose claims to U.S. citizenship are being adjudicated, have been or will be unable to obtain social security cards because of lack of any of the specified documents evidencing their U.S. citizenship, which are acceptable to the Social Security office, and lack of any document from INS evidencing their right to be employed in the United States as prima facie U.S. citizens [sic].

Amended Complaint ¶ 14. Plaintiffs seek relief in the form of a declaratory judgment that the practice of the INS and SSA violates the Social Security Act, the Immigration and Nationality Act ("INA"), the Administrative Procedure Act ("APA"), and the Fifth Amendment of the United States Constitution, an injunction stopping the INS and SSA practices, an order restraining defendants from not issuing employment authorization, an order restraining defendant Apfel from not issuing social security cards to all applicants with pending N-600 applications, an order restraining defendant Apfel from not conducting administrative review of denials of social security cards, an order requiring Defendants to notify all members of the class of relief granted in this action, and an award of costs, attorney fees, and such other relief as deemed proper. Amended Complaint at 19-20.

On November 12, 1998, the magistrate judge issued his report and recommendation. See Magistrate's Report. In the Magistrate's Report, the magistrate recommended that plaintiffs' motion for class certification be granted and that plaintiffs represent all people who have filed or will file an N-600 application with the INS District Office in Harlingen, Texas, in whose cases there has

2

230

been no final adjudication of their claim to United States citizenship. The magistrate also concluded that plaintiffs demonstrated that defendants' policies deprive them of equal protection in violation of the Fifth Amendment. Magistrate's Report at 5. The magistrate concluded that N-600 applicants received disparate treatment from that afforded to similarly situated persons, i.e., "foreign-born persons seeking permanent status in the U.S." Magistrate's Report at 6. The magistrate determined that the defendants failed to demonstrate a facially legitimate and bona fide reason to support the distinction. Magistrate's Report at 6. Accordingly, the magistrate recommended that declaratory relief be ordered finding that defendants' policies of refusing to issue class members authorization to work in the United States and social security cards violates Equal Protection. Magistrate's Report at 8. He further recommended enjoining defendants from "denying Plaintiffs and other class members a document evidencing their right to work in the United States," and that defendant Apfel be enjoined from refusing to issue social security cards to persons presenting such a document. Magistrate's Report at 7. On November 27, 1998, defendants filed timely objections to the Magistrate's Report.

In its Final Order dated February 26, 1999 ("Final Order"), the Court adopted the Magistrate's Report subject to the Court's being available to address the defendants' concerns regarding fraudulent applications on an individual basis and that the

temporary work authorizations issued are to be temporary, pending the final adjudication of plaintiffs' N-600 applications. Final Order at 1.

## ARGUMENT

### THE COURT SHOULD ALTER OR AMEND ITS GRANT OF RELIEF

Defendants request that the Court alter or amend its grant of relief in several respects. For the most part, these alterations and amendments relate to the proper scope of the injunction. An injunction is a form of equitable relief. Lowery v. Circuit City Stores, 148 F.3d 742, 766 (4th Cir. 1998). As such, an injunction "should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." Id., quoting Madsen v. Women's Health Ctr., 512 U.S. 753, 765 (1994). This is particularly important when government agencies are involved:

> Although a federal court has broad equitable powers to remedy constitutional violations, it must tailor the scope of injunctive relief to fit the nature and extent of the constitutional violation established.

Haitian Refugee Council v. Smith, 676 F.2d 1023, 1041 (5th Cir. 1982), citing Califano v. Yamasaki, 442 U.S. 682, 702 (1979).

1. **The Court Should Amend The Scope of Relief**

The Final Order grants relief in excess of that given to similarly situated applicants for work authorization. The Court should amend its Final Order to remove its establishment of a wholly new procedure requiring the automatic grant of temporary work authorization upon the filing of an N-600 application and to

4

232

remove the requirement that the INS present its fraud concerns to the Court on a case-by-case basis.

The authority of the courts is carefully circumscribed by the doctrine of separation of powers.

> The Constitution separates governmental powers into three coordinate branches. . . . It is this separation of powers that serves as a safeguard against the encroachment or aggrandizement of one branch at the expense of another.

<u>U.S. v. Coastal Refining and Marketing</u>, 911 F.2d 1036 (5th Cir. 1990).

> It is the role of courts to provide relief to claimants, in individual or class actions, who have suffered or will imminently suffer, actual harm; <u>it is not the role of courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and the Constitution</u>.

<u>Lewis v. Casey</u>, 518 U.S. 343, 348 (1996) (emphasis added). Thus, in fashioning relief, the Court must bear in mind the separation of powers doctrine.

The alleged injury in this case is a violation of Equal Protection where N-600 applicants are unable to obtain temporary work authorization to the same extent such authorization is available to other applicants for immigration benefits. Magistrate's Report at 6. The Final Order, however, grants relief well in excess of the violation. The Final Order automatically confers the rights of citizenship on any N-600 applicant without requiring such applicant to follow the same procedures other similarly situated applicants for work authorization must follow. Other applicants for work

5

233

authorization based upon pending INS applications may obtain temporary work authorization only where they satisfy certain criteria, including (1) the filing of an application for some form of relief, see 8 C.F.R. § 274a.13(a) (1998), along with the required fee therefor, 8 C.F.R. § 103.7(b)(1) (1998), or an application for a waiver of fee, 8 C.F.R. § 103.7(c); and (2) the filing of a Form I-765 applying for employment authorization document (EAD), 8 C.F.R. § 274a.13(a)(2) & (d), along with the paying of the appropriate I-765 fee therefor, 8 C.F.R. § 103.7(b)(1), or an application for a waiver of the I-765 fee, 8 C.F.R. § 103.7(c). Moreover, other applicants are subject to certain minimal requirements, such as the submission of a complete application. 8 U.S.C. § 103.2(a)(1). Indeed, for other EAD applicants, whose application is based upon a pending application for permanent resident status in the U.S. (and therefore are arguably similarly situated), the INS retains complete discretion in granting temporary work authorization. 8 C.F.R. §§ 274a.13(a)(1), 274a.12(c) (1998). The Court's Final Order, however, requires a blanket grant of work authorization to anyone merely filing an N-600 application without imposing the requirements other similarly situated applicants for temporary work authorization must meet. Magistrate's Report at 7. This constitutes relief above and beyond the treatment given to other applicants. Thus, it is inappropriate relief. See HRC, 676 F.2d at 1041.

Additionally, the Court's requirement that the INS raise any

6

234

fraud concerns on a case-by-case basis before the Court exceeds the scope of the constitutional violation. The constitutional violation found by the Court was the INS's failure to provide temporary work authorization to N-600 applicants to the same extent it is available to applicants for other INS benefits. Magistrate's Report at 6. Adjudication of EAD applications involving possible fraud is a matter that belongs within the Executive Branch. Insofar as the INS must do that for N-600 applicants, the prescribed requirement exceeds the proper scope of an injunction. Lowery v. Circuit City Stores, 158 F.3d at 766.

Accordingly, the Court's Final Order as related herein represents a direct abridgement of separation of powers and an improper grant of relief for an Equal Protection violation, Lewis, 518 U.S. at 348.

2. **The Court Should Modify Its Injunction Against defendant Apfel and the SSA Because their Is No Finding Of An Equal Protection Violation By Apfel or the SSA**

The Court should modify the injunction against defendant Apfel and the Social Security Administration. There has been, and cannot be, a credible suggestion that the SSA has violated the Equal Protection Clause by not providing a social security card to a person who has not provided adequate documentation of their right to work. The Magistrate's Report contains no finding of a constitutional infirmity in the conduct of the SSA. Indeed, no mention is made of the SSA until the magistrate's recommended injunction. Magistrate's Report at 7. There is no specific

7

235

finding of a disparate treatment of similarly situated classes by the SSA or defendant Apfel, nor has there been an Equal Protection violation discussed in either the Magistrate's Report or the Court's Final Order. Accordingly, no remedy lies against the SSA or defendant Apfel.

Moreover, no violation of Equal Protection could be suggested because no one, regardless of alienage or citizenship, may obtain a Social Security card without providing appropriate documentation. 20 C.F.R. § 422.107(a). Were the named plaintiffs and the plaintiff class to provide their proof of work authorization, the presumption exists that it would be accepted. The SSA has promulgated rules which recognize the use of a temporary work authorization issued by the Attorney General to obtain a social security card:

> If the applicant submits <u>an unexpired Immigration and Naturalization Service document(s) which shows current authorization to work</u>, a social security number will be assigned or verified and a card which can be used for work will be issued. If the authorization of the applicant to work is temporary or subject to termination by the Immigration and Naturalization Service, the SSA records may be so annotated.

20 C.F.R. § 422.107 (1997) (emphasis added). There is no reason to believe that a social security card cannot be issued pursuant to that regulation once the applicant obtains temporary work authorization from the INS. Nor may such a claim be presently raised, for that claim is not ripe until such time as the SSA

8

236

acts upon the application.[1]

## CONCLUSION

For the foregoing reasons, the Court should alter and amend its Final Order.

Respectfully submitted,

JAMES H. DeATLEY
United States Attorney
Southern District of
   Texas

DAVID W. OGDEN
Acting Assistant Attorney General
Civil Division

DAVID V. BERNAL
Assistant Director
Office of Immigration Litigation

CHERI L. JONES
Special Assistant U.S. Atty.
Southern District of
   Texas
INS
P.O. Box 1711
Harlingen, Texas 78551
(956) 389-7051

ERNESTO H. MOLINA, JR.
Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C.  20044
(202) 616-9344

Date: March 12, 1999

Attorneys for Defendants

---

[1] By filing this motion to alter or amend the judgment or obtaining relief thereby, defendants do not waive their right to appeal from the final judgment in this case.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ANTELMA DOMINGUEZ-PEREZ, )
et al., )
 )
    Plaintiffs, )
 )  No. B-96-116
v. )
 )
JANET RENO, et al., )
 )
    Defendants. )
_____)

ORDER

    Upon consideration of Defendants' Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) and Defendants' Memorandum of Points and Authorities in Support of Defendants' Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e), and the response filed by plaintiffs, it is:

    ORDERED, that Defendants' Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) as set forth in Defendants' Memorandum of Points and Authorities in Support of Defendants' Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) be, and the same hereby is GRANTED.

Done at Brownsville, Texas,
this _____ day of _____, 1999.

                               Filemon B. Vela
                               United States Distict Judge

238

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 1999, one copy of Defendants' Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) and Defendants' Memorandum of Points and Authorities in Support of Defendants' Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) was served on plaintiffs by depositing it in the Department of Justice Mail Room for same-day deliver addressed as follows:

>   Lisa S. Brodyaga
>   402 E. Harrison, 2nd Floor
>   Harlingen, TX  78550
>
>   Lynn Coyle
>   2311 N. Flores
>   San Antonio, TX  78212

CHERI L. JONES
Special Assistant U.S. Atty.
Southern District of Texas
INS
P.O. Box 1711
Harlingen, Texas 78551

239