IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **ANTELMA DOMINGUEZ-PEREZ,**<br>   et. al.<br>   **Plaintiffs,**<br><br>v.<br><br>**TOM RIDGE,** Secretary of Department<br>Of Homeland Security; **EDUARDO**<br>**AGUIRRE,** Acting Director of the Bureau<br>of Citizenship and Immigration<br>Services; **ALFONSO DE LEON,** Interim<br>District Director Of Bureau of Citizenship<br>and Immigration Services, Harlingen,<br>Texas; **JO ANNE B. BARNHART,**<br>Commissioner of Social Security<br>Administration,<br>   **Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. CA B-96-116<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AMENDED FINAL ORDER**

The Court, having reviewed the Report and Recommendation filed by Magistrate Judge John Wm. Black on November 10, 1998, and having conducted a de novo review of this case is of the opinion that the Report and Recommendation should be ADOPTED subject to the following considerations: (1) in order to obtain employment authorization documents, ("EADs"), applicants for Certificates of Citizenship must file separate applications, on the Form I-765, and either pay the prescribed fee, or request that the fee be waived in the same manner as other applicants for such documents; (2) applications for EADs based on pending applications for Certificates of Citizenship be adjudicated in the same manner and in the same time frame as applications for EADs filed by aliens who have applied for adjustment of status under Section 245 of the Act, [8 U.S.C. §1255]; (3) any problems with fraudulent applications can be adequately addressed by defendants in the same manner as such

problems are addressed with respect to those whose applications for EADs are based on other claims for immigration benefits, without the need for Court intervention on a case-by-case basis; (4) EADs are not to be construed as permanent but merely temporary work authorizations pending the final adjudication of plaintiffs' N-600 Applications.

The Court recognizes that the defendants did briefly state other reasons for the disparate treatment, but finds that such reasons do not warrant a different result.

IT IS THEREFORE ORDERED that, subject to the above limitations:
   Defendants' Motions to Dismiss [28-1, 49-1] be DENIED;
   Plaintiffs' Motion for Class Certification [10-1] be GRANTED;
   Plaintiffs Petition for Writ of Habeas Corpus be GRANTED; and
   Plaintiffs' Complaint for Declaratory and Injunctive Relief be
      GRANTED.

It follows that Defendants' Motion to Hold in Abeyance the Court's Determination of Plaintiffs' Motion for Class Certification [14-1] is rendered MOOT. This Amended Final Order supersedes the Court's Final Order dated February 26, 1999.

Done this _____ day of _____ 2004 in Brownsville, Texas


_____
THE HONORABLE ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

APPROVED ON BEHALF OF PLAINTIFFS,
ANTELMA DOMINGUEZ-PEREZ, et al,
By:

_/s/ Lisa S. Brodyaga_
Lisa S. Brodyaga
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226                    Texas Bar:  03052800
(956) 421-3423 (fax)              Federal ID: 1178
Dated: October 26, 2004, and


_/s/ Javier Maldonado by LB_        (Signed with permission by
Javier Maldonado, Attorney          Lisa S. Brodyaga, Esq.)
LAWYERS COMMITTEE FOR CIVIL
RIGHTS UNDER LAW OF TEXAS
118 Broadway St., Ste. 302
San Antonio, Texas 78205
(210) 277-1603
(210) 225-3958
Dated: October 26, 2004



APPROVED ON BEHALF OF DEFENDANTS
TOM RIDGE, Secretary of Department of Homeland Security, et al,
By:


_/s/ Ernesto Molina, Jr. by LB_     (Signed with permission by
Ernesto H. Molina, Jr.,             Lisa S. Brodyaga, Esq.)
OFFICE OF IMMIGRATION LITIGATION
UNITED STATES DEPARTMENT OF JUSTICE
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044
(202) 616-9344
(202) 616-4975 (fax)
Dated: October 26, 2004.


3