United States District Court
Southern District of Texas
ENTERED

OCT 2 9 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | |
|---|---|
| **ANTELMA DOMINGUEZ-PEREZ,** | ) |
| **et. al.** | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **TOM RIDGE,** Secretary of Department | ) |
| Of Homeland Security; **EDUARDO** | ) |
| **AGUIRRE,** Acting Director of the Bureau | )   No. CA B-96-116 |
| of Citizenship and Immigration | ) |
| Services; **ALFONSO DE LEON,** Interim | ) |
| District Director Of Bureau of Citizenship | ) |
| and Immigration Services,  Harlingen, | ) |
| Texas; **JO ANNE B. BARNHART,** | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| **Defendants** | ) |

### AMENDED FINAL ORDER

The Court, having reviewed the Report and Recommendation filed by
Magistrate Judge John Wm. Black on November 10, 1998, and having
conducted a de novo review of this case is of the opinion that the
Report and Recommendation should be ADOPTED subject to the
following considerations: (1) in order to obtain employment
authorization documents, ("EADs"), applicants for Certificates of
Citizenship must file separate applications, on the Form I-765, and
either pay the prescribed fee, or request that the fee be waived in
the same manner as other applicants for such documents; (2)
applications for EADs based on pending applications for
Certificates of Citizenship be adjudicated in the same manner and
in the same time frame as applications for EADs filed by aliens who
have applied for adjustment of status under Section 245 of the Act,
[8 U.S.C. §1255]; (3) any problems with fraudulent applications can
be adequately addressed by defendants in the same manner as such

problems are addressed with respect to those whose applications for EADs are based on other claims for immigration benefits, without the need for Court intervention on a case-by-case basis; (4) EADs are not to be construed as permanent but merely temporary work authorizations pending the final adjudication of plaintiffs' N-600 Applications.

The Court recognizes that the defendants did briefly state other reasons for the disparate treatment, but finds that such reasons do not warrant a different result.

IT IS THEREFORE ORDERED that, subject to the above limitations:
    Defendants' Motions to Dismiss [28-1, 49-1] be DENIED;
    Plaintiffs' Motion for Class Certification [10-1] be GRANTED;
    Plaintiffs Petition for Writ of Habeas Corpus be GRANTED; and
    Plaintiffs' Complaint for Declaratory and Injunctive Relief be
        GRANTED.

It follows that Defendants' Motion to Hold in Abeyance the Court's Determination of Plaintiffs' Motion for Class Certification [14-1] is rendered MOOT. This Amended Final Order supersedes the Court's Final Order dated February 26, 1999.

Done this ___25th___ day of ___October___ 2004 in Brownsville, Texas

                        THE HONORABLE ANDREW S. HANEN
                        UNITED STATES DISTRICT JUDGE

APPROVED ON BEHALF OF PLAINTIFFS,
ANTELMA DOMINGUEZ-PEREZ, et al,
By:

2

Lisa S. Brodyaga
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226              Texas Bar:  03052800
(956) 421-3423 (fax)       Federal ID: 1178
Dated: October 26, 2004, and

Javier Maldonado, Attorney     (Signed with permission by
LAWYERS COMMITTEE FOR CIVIL    Lisa S. Brodyaga, Esq.)
RIGHTS UNDER LAW OF TEXAS
118 Broadway St., Ste. 302
San Antonio, Texas 78205
(210) 277-1603
(210) 225-3958
Dated: October 26, 2004


APPROVED ON BEHALF OF DEFENDANTS
TOM RIDGE, Secretary of Department of Homeland Security, et al,
By:

Ernesto H. Molina, Jr.         (Signed with permission by
OFFICE OF IMMIGRATION LITIGATION    Lisa S. Brodyaga, Esq.)
UNITED STATES DEPARTMENT OF JUSTICE
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044
(202) 616-9344
(202) 616-4975 (fax)
Dated: October 26, 2004.

3