```
            UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                 BROWNSVILLE DIVISION

ANTELMA DOMINGUEZ-PEREZ, et al.,       )
   Petitioners/Plaintiffs,             )
                                       )
                                       )
v.                                     ) CA No. B-96-116
                                       )
TOM RIDGE, Secretary of Department     )
 of Homeland Security; EDUARDO AGUIRRE,)
 Acting Director of the Bureau of      )
 Citizenship and Immigration Services; )
ALFONSO DE LEON, Interim District Director )
 of Bureau of Citizenship and Immigration )
 Services, Harlingen, Texas, and       )
JO ANNE B. BARNHART, Commissioner of the )
 Social Security Administration,       )
   Respondents/Defendants.             )
_____)
```

EXHIBIT "H" IN SUPPORT OF

PETITIONERS/PLAINTIFFS' MOTION
FOR AWARD OF ATTORNEYS FEES, COSTS AND EXPENSES

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ANTELMA DOMINGUEZ-PEREZ, et al
    Petitioners

v.                                     No. CA B-96-116

JANET RENO, et al
    Respondents.

AGREED AMENDED FINAL ORDER

Before the Court are Defendants' Motion to Alter Or Amend Judgment Pursuant to Fed.R.Civ.P. 59(e), Plaintiffs' Provisional Reply Thereto, Plaintiffs' Supplemental Reply thereto, the Exhibits submitted in support thereof, and the advisal of the parties that an agreement has been reached.

Pursuant to that Advisal, the Court agrees that the Final Order should be clarified, to make explicit the requirement that, in order to obtain employment authorization documents, ("EADs"), applicants for Certificates of Citizenship must file separate applications, on form I-765, and either pay the prescribed fee therefor, or request fee waivers, in the same manner as other applicants for such documents.

The Court also agrees with the Parties that the Final Order should be further clarified to specify that applications for EADs based on pending applications for Certificates of Citizenship be adjudicated in the same manner as applications for EADs based on pending applications for other forms of status in the United States, i.e., that such applications are granted, in the absence of clear evidence that the applicant is ineligible for the underlying benefit sought.

Documents provided by Defendants demonstrate that between October 1991 and July 1998, only 34 of the 2,757 N-600 applications, (less than 1.25%), which were adjudicated by the Harlingen Office of the INS were denied on the basis of fraud. *See,* Defendants' Second Supplemental Responses to Plaintiffs' Requests for Productions of Documents, pages 0816, 0818, 0820, 0822, 0824, 0826, and 0828. Said documents further demonstrate that in November, 1992, (the only period for which such statistics were submitted by Defendants), only 5 of the 120 applications for employment authorization adjudicated by the Harlingen District Office of INS were denied, for any reason. *Id.,* at page 0840.

This makes it apparent that any problems regarding fraudulent N-600 applications can be adequately addressed by Defendants in the same

2

manner as it is addressed with respect to those whose applications for EADs are based on other claims for immigration benefits, without the need for Court intervention on a case-by-case basis.

It is understood that by agreeing to the instant Order, Defendants do not waive their right to appeal the underlying findings and conclusions of the Court, as set forth in their Objections to the Magistrate Judge's Report and Recommendation, but only as to the form of relief provided.

IT IS THEREFORE ORDERED, that, to the extent and in the manner discussed above:

>   Defendants' Motion to Alter or Amend Judge be GRANTED in part, and DENIED in part.

IT IS FURTHER ORDERED, that, subject to the above clarifications:

>   Defendants' Motions to Dismiss [28-1, 49-1] be DENIED.
>
>   Plaintiffs' Motion for Class Certification [10-1] be GRANTED.
>
>   Plaintiffs' Petition for Writ of Habeas Corpus be GRANTED; and
>
>   Plaintiffs' Complaint for Declaratory and Injunctive

Relief be GRANTED, and

Defendants' Motion to Hold in Abeyance the Court's Determination of Plaintiffs' Motion for Class Certification is rendered MOOT.

DONE this _____ day of _____, 1999.

_____
FILEMON B. VELA
United States District Judge

```
                    UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                       BROWNSVILLE DIVISION
```

ANTELMA DOMINGUEZ-PEREZ, et al.,                )
  Petitioners/Plaintiffs,                       )
                                                )
v.                                              ) CA No. B-96-116
                                                )
TOM RIDGE, Secretary of Department              )
 of Homeland Security; EDUARDO AGUIRRE,         )
 Acting Director of the Bureau of               )
 Citizenship and Immigration Services;          )
ALFONSO DE LEON, Interim District Director      )
 of Bureau of Citizenship and Immigration       )
 Services, Harlingen, Texas, and                )
JO ANNE B. BARNHART, Commissioner of the        )
 Social Security Administration,                )
  Respondents/Defendants.                       )
_____     )

EXHIBIT "I" IN SUPPORT OF

PETITIONERS/PLAINTIFFS' MOTION
FOR AWARD OF ATTORNEYS FEES, COSTS AND EXPENSES

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ANTELMA DOMINGUEZ-PEREZ, et al
    Petitioners

v.                                  No. CA B-96-116

JANET RENO, et al
    Respondents.

AMENDED FINAL ORDER

Before the Court are Defendants' Motion to Alter Or Amend Judgment Pursuant to Fed.R.Civ.P. 59(e), Plaintiffs' Provisional Reply Thereto, Plaintiffs' Supplemental Reply thereto, and the Exhibits submitted in support thereof.

The Court agrees that the Final Order should be clarified, to make explicit the requirement that, in order to obtain employment authorization documents, ("EADs"), applicants for Certificates of Citizenship must file separate applications, on form I-765, and either pay the prescribed fee therefor, or request fee waivers, in the same manner as other applicants for such documents.

The Court also agrees that the Final Order should be further clarified, to specify that applications for EADs based on pending

applications for Certificates of Citizenship be adjudicated in the same manner as applications for EADs based on the pendency of applications for other types of status in the United States.

Documents provided by Defendants demonstrate that between October 1991 and July 1998, only 34 of the 2,757 N-600 applications, (less than 1.25%), which were adjudicated by the Harlingen Office of the INS were denied on the basis of fraud. *See,* Defendants' Second Supplemental Responses to Plaintiffs' Requests for Productions of Documents, pages 0816, 0818, 0820, 0822, 0824, 0826, and 0828. Said documents further demonstrate that in November, 1992, (the only period for which such statistics were submitted by Defendants), only 5 of the 120 applications for employment authorization adjudicated by the Harlingen District Office of INS were denied, for any reason. *Id.,* at page 0840.

This makes it apparent that any problems regarding fraudulent N-600 applications can be adequately addressed by Defendants in the same manner as it is addressed with respect to those whose applications for EADs are based on other claims for immigration benefits, without the need for Court intervention on a case-by-case basis.

The Court declines to amend its Order in any other respect.

2

IT IS THEREFORE ORDERED, that, to the extent and in the manner discussed above:

    Defendants' Motion to Alter or Amend Judge be GRANTED in part, and DENIED in part.

IT IS FURTHER ORDERED, that, subject to the above clarifications:

    Defendants' Motions to Dismiss [28-1, 49-1] be DENIED.

    Plaintiffs' Motion for Class Certification [10-1] be GRANTED.

    Plaintiffs' Petition for Writ of Habeas Corpus be GRANTED; and

    Plaintiffs' Complaint for Declaratory and Injunctive Relief be GRANTED, and

    Defendants' Motion to Hold in Abeyance the Court's Determination of Plaintiffs' Motion for Class Certification is rendered MOOT.

DONE this _____ day of _____, 1999.

```
                          _____
                               FILEMON B. VELA
                          United States District Judge
```

4

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ANTELMA DOMINGUEZ-PEREZ, et al.,<br>  Petitioners/Plaintiffs,<br><br>v.<br><br>TOM RIDGE, Secretary of Department<br> of Homeland Security; EDUARDO AGUIRRE,<br> Acting Director of the Bureau of<br> Citizenship and Immigration Services;<br>ALFONSO DE LEON, Interim District Director<br> of Bureau of Citizenship and Immigration<br> Services, Harlingen, Texas, and<br>JO ANNE B. BARNHART, Commissioner of the<br> Social Security Administration,<br>  Respondents/Defendants. | )<br>)<br>)<br>)  CA No. B-96-116<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

EXHIBIT "J" IN SUPPORT OF

PETITIONERS/PLAINTIFFS' MOTION
FOR AWARD OF ATTORNEYS FEES, COSTS AND EXPENSES

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ANTELMA DOMINGUEZ-PEREZ, ET. AL. PLAINTIFFS, | § § § § |
| v. | § § |
| TOM RIDGE, SECRETARY OF DEPARTMENT OF HOMELAND SECURITY; EDUARDO AGUIRRE, ACTING DIRECTOR OF THE BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES; ALFONSO DE LEON, INTERIM DISTRICT DIRECTOR OF BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, HARLINGEN, TEXAS; JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, DEFENDANTS. | § § § § § § § § § § § |

No. CA B-96-116

### AMENDED FINAL ORDER

The Court, having reviewed the Report and Recommendation filed by Magistrate Judge John Wm. Black on November 10, 1998, and having conducted a de novo review of this case is of the opinion that the Report and Recommendation should be ADOPTED subject to the following considerations: (1) in order to obtain employment authorization documents, ("EADs"), applicants for Certificates of Citizenship must file separate applications, on the Form I-765, and either pay the prescribed fee, or request that the fee be waived in the same manner as other applicants for such documents; (2) applications for EADs based on pending applications for Certificates of Citizenship be adjudicated in the same manner and in the same time frame as applications for EADs based on pending applications for other forms of status in the United States, i.e., that such applications are granted in the absence of clear evidence that the applicant is ineligible for the underlying benefit sought, and are scheduled as soon as pertinent checks of computer data

bases have been conducted; (3) any problems with fraudulent applications can be adequately addressed by defendants in the same manner as such problems are addressed with respect to those whose applications for EADs are based on other claims for immigration benefits, without the need for Court intervention on a case-by-case basis; (4) EADs are not to be construed as permanent but merely temporary work authorizations pending the final adjudication of plaintiffs' N-600 Applications.

The Court recognizes that the defendants did briefly state other reasons for the disparate treatment, but feels that such reasons do not warrant a different result.

IT IS THEREFORE ORDERED that subject to the above limitations:
    Defendants' Motions to Dismiss [28-1, 49-1] be DENIED;
    Plaintiffs' Motion for Class Certification [10-1] be GRANTED;
    Plaintiffs Petition for Writ of Habeas Corpus be GRANTED; and
    Plaintiffs' Complaint for Declaratory and Injunctive Relief be
        GRANTED.

It follows that Defendants' Motion to Hold in Abeyance the Court's Determination of Plaintiffs' Motion for Class Certification [14-1] is rendered MOOT. This Amended Final Order supersedes the Court's Final Order dated February 26, 1999.

Done this _____ day of _____ 2003 in Brownsville, Texas.

                                              THE HONORABLE FILEMON B. VELA
                                              UNITED STATES DISTRICT JUDGE

```
              UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                   BROWNSVILLE DIVISION
```

ANTELMA DOMINGUEZ-PEREZ, et al.,            )
  Petitioners/Plaintiffs,                   )
                                            )
v.                                          ) CA No. B-96-116
                                            )
TOM RIDGE, Secretary of Department          )
 of Homeland Security; EDUARDO AGUIRRE,     )
 Acting Director of the Bureau of           )
 Citizenship and Immigration Services;      )
ALFONSO DE LEON, Interim District Director  )
 of Bureau of Citizenship and Immigration   )
 Services, Harlingen, Texas, and            )
JO ANNE B. BARNHART, Commissioner of the    )
 Social Security Administration,            )
  Respondents/Defendants.                   )
_____)

                 EXHIBIT "K" IN SUPPORT OF

               PETITIONERS/PLAINTIFFS' MOTION
         FOR AWARD OF ATTORNEYS FEES, COSTS AND EXPENSES

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ANTELMA DOMINGUEZ-PEREZ, et. al. Plaintiffs, | ) ) ) ) |
| v. | ) ) ) |
| TOM RIDGE, Secretary of Department Of Homeland Security; EDUARDO AGUIRRE, Acting Director of the Bureau of Citizenship and Immigration Services; ALFONSO DE LEON, Interim District Director Of Bureau of Citizenship and Immigration Services, Harlingen, Texas; JO ANNE B. BARNHART, Commissioner of Social Security Administration, Defendants | ) ) ) ) ) ) ) ) ) ) ) ) No. CA B-96-116 |

**AMENDED FINAL ORDER**

The Court, having reviewed the Report and Recommendation filed by Magistrate Judge John Wm. Black on November 10, 1998, and having conducted a de novo review of this case is of the opinion that the Report and Recommendation should be ADOPTED subject to the following considerations: (1) in order to obtain employment authorization documents, ("EADs"), applicants for Certificates of Citizenship must file separate applications, on the Form I-765, and either pay the prescribed fee, or request that the fee be waived in the same manner as other applicants for such documents; (2) applications for EADs based on pending applications for Certificates of Citizenship be adjudicated in the same manner and in the same time frame as applications for EADs filed by aliens who have applied for adjustment of status under Section 245 of the Act, [8 U.S.C. §1225], i.e., that such applications are granted in the absence of clear evidence that the applicant is ineligible for the

underlying benefit sought, and are scheduled as soon as pertinent checks of computer data bases have been conducted; (3) any problems with fraudulent applications can be adequately addressed by defendants in the same manner as such problems are addressed with respect to those whose applications for EADs are based on other claims for immigration benefits, without the need for Court intervention on a case-by-case basis; (4) EADs are not to be construed as permanent but merely temporary work authorizations pending the final adjudication of plaintiffs' N-600 Applications.

The Court recognizes that the defendants did briefly state other reasons for the disparate treatment, but finds that such reasons do not warrant a different result.

The Court also finds that the Parties have stipulated that Plaintiffs are entitled to an award of attorneys fees under the Equal Access to Justice Act, 28 U.S.C. §2412(d), in the amount of $61,056.25.

IT IS THEREFORE ORDERED that, subject to the above limitations:
   Defendants' Motions to Dismiss [28-1, 49-1] be DENIED;
   Plaintiffs' Motion for Class Certification [10-1] be GRANTED;
   Plaintiffs Petition for Writ of Habeas Corpus be GRANTED; and
   Plaintiffs' Complaint for Declaratory and Injunctive Relief be
      GRANTED.

IT IS FURTHER ORDERED that Plaintiffs are awarded $61,056.25 in attorneys fees.

It follows that Defendants' Motion to Hold in Abeyance the Court's Determination of Plaintiffs' Motion for Class Certification [14-1]

is rendered MOOT.  This Amended Final Order supersedes the Court's Final Order dated February 26, 1999.

Done this _____ day of _____ 2004 in Brownsville, Texas

_____
THE HONORABLE ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

3

Case 1:96-cv-00116    Document 86-2    Filed in TXSD on 12/14/2004    Page 17 of 18

```
         TRANSMISSION VERIFICATION REPORT

                                    TIME   : 09/28/2004 18:17
                                    NAME   : REFUGIO DEL RIO GRAN
                                    FAX    : 9564213423
                                    TEL    : 9564213226
                                    SER.#  : BROE2J424492


DATE,TIME                  09/28  18:15
FAX NO./NAME               12026164975
DURATION                   00:01:22
PAGE(S)                    05
RESULT                     OK
MODE                       STANDARD
                           ECM
```