# EXHIBIT D

```
              UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                   BROWNSVILLE DIVISION
```

ANTELMA DOMINGUEZ-PEREZ, et al.,           )
     Petitioners/Plaintiffs,                )
                                              )
v.                                         )   CA No. B-96-116
                                              )
TOM RIDGE, Secretary of Department         )
  of Homeland Security; EDUARDO AGUIRRE,   )
  Acting Director of the Bureau of         )
  Citizenship and Immigration Services;    )
ALFONSO DE LEON, Interim District Director )
  of Bureau of Citizenship and Immigration )
  Services, Harlingen, Texas, and          )
JO ANNE B. BARNHART, Commissioner of the   )
  Social Security Administration,          )
     Respondents/Defendants.                )

## DECLARATION OF LISA S. BRODYAGA

I, Lisa S. Brodyaga, declare under penalty of perjury as follows:

I am an attorney at law, and have been licensed to practice in the State of Texas since 1978. I have been certified in the field of immigration and nationality law by the Texas Board of Legal Specialization since 1981. I have won several national awards, and frequently speak about habeas corpus and other aspects of federal litigation at immigration and nationality law conferences. Most of my work is *pro bono*, as an unpaid attorney for Refugio Del Rio Grande, a 501(c)(3) non-profit corporation devoted to furthering the rights of asylum-seekers and other immigrants. I am admitted to practice, *inter alia,* in the U.S. District Court for the Southern District of Texas, the Fifth and Ninth Circuit Courts of Appeals, and the Supreme Court of the United States. Since 1988, I have handled over 150 immigration cases in the Southern District of Texas, all of which were on behalf of low-income or indigent immigrants, or individuals whose claim to U.S. citizenship was

challenged by the Government.[1] In the last ten years, I have also handled about forty such cases, some of which involved multiple immigrants, at the Fifth Circuit, either on appeal from a judgment in District Court, or on petition for review from the Board of Immigration Appeals. I also now have a number of habeas cases which were pending on May 11, 2005, which are being transferred to the Fifth Circuit under the REAL ID Act of 2005.

Attached hereto and incorporated herein is my time log, based on contemporaneous records. It accurately reflects time I expended on behalf of the plaintiffs herein, from July of 1995, shortly after the problem was first identified in the context of the denial of Plaintiff Mario Salinas-Grimaldo's application for a replacement Social Security card, through November of 2004. In all, I devoted at least 293.7 hours to the instant litigation.[2]

The hours and expenses I incurred in this case were reasonable and necessary, given the litigation and settlement positions taken by Defendants. There was no unnecessary duplication of effort or expenses, and the time reflected was the minimum necessary for the development of this case, including presentation of the matter before this Court, and out of court activities such as developing strategy, conducting discovery, preparing pleadings, gathering evidence, and conducting settlement negotiations. It does *not* include work done on behalf of individual class members other than the named plaintiffs, in helping them obtain employment

---

[1] I have also represented a few criminal defendants, on appointment by the Court, and mostly in immigration-related cases.

[2] I have deleted 9.4 hours of contested time from the initial time sheet, including time dealing with administrative agencies, and a few hours discussing the litigation with clients which had not been properly separated from the contested time. There were also a number of occasions when I simply did not document my time.

authorization documents or Social Security numbers.[3]

I am also familiar with the financial situation of the named Plaintiffs, and many unnamed class members. I can attest to a moral certainty that none of the Plaintiffs named either in the initial, or the first amended petition and complaint, has ever had a net worth which even approaches two million dollars. Nor, to the best of my knowledge and belief, has any unnamed class member on whose behalf I have sought interim employment authorization documents over the years ever had a net worth of that order of magnitude. In fact, other than one British national for whom I obtained a treaty-investor visa,[4] I would be astonished to learn that any client I have represented, either in the name of the non-profit corporations with which I have been associated, or in my private practice, has ever had a net worth close to that amount.

Further declarant sayeth not.

_____
Lisa S. Brodyaga
July 8, 2005

---

[3] For example, there have been instances after the entry of the initial Final Judgment when applications by class-members for employment authorization were not being processed, apparently as a result of personnel changes in INS. While time spent corresponding with Defendants about the problem is included, the time devoted to resolving the problem for individual class members is not.

[4] Because she was in urgent need of someone who could file an immigration-related petition for habeas corpus, and at that time I was the only such person in the Valley, I made an exception in that case to my otherwise inflexible rule against taking cases involving the business or investment side of immigration law, *i.e.*, cases where the clients tend to have significant financial resources.

**AMENDED TIME SHEET:   C.A. B-96-116, Lisa S. Brodyaga**

**1995**

JULY
20th  Discuss suit with Antelma Perez                              .6

**1996**

APRIL
9th       Discuss collaboration w/ Lynn Coyle                    .2
22nd    Work on complaint with Lynn                            7.0

JUNE
12th   Letter to Trominski & others                                2.8
       Discuss suit with Antelma Perez, Mary Kenney

JULY
13th   Discuss participation in suit w/ Elida Gomez              .2
17th   Review FAX from Lynn                                      .5
18th   Finish & file complaint                                   8.0
19th   Serve Trominski & Reno, send copies to Lynn              1.3
22nd    Discuss complaint with Mary Kenney,
            Call Antelma                                         .3
25th    Organize files of named Plaintiffs,                      .7
            Discuss service w/ Mary Kenney

AUGUST
23-30th  Work w/ Bob Crane and Diana Gonzalez                   3.5

SEPTEMBER
1st   Review interview notices, files, send reply               2.5
5th    Review and call Kenneth Muir re letter of 9/1             .2
11th  Discuss cases with Rene Moreno, INS                        .6
12th  Discuss discovery with Lynn & Mary,
      Call Molina, draft letter to Magistrate                   1.0
18th  work on requests for admissions                            .8
20th  Meet & prepare Antelma & sister                           3.5
      review fax from Lynn                                       .7
23rd  Prep & Hearing                                            2.0
      Travel to and from hearing,                               1.4
24th  Consult w/ Lynn re requests for admissions,
      work on req for admissions                                2.5
30th  Attempt to get confirmation of appointments                .5

OCTOBER
2nd  conversation w/ Molina, attempt to locate Boone             .3
7th  Attempt to get Ms. Perez interviewed,                      1.0
8th  Discuss discovery with Lynn, talk to Molina,
     draft letter, requests for admission                       3.5
12th Finish requests for admission,
     Confer w/ Mary Kenney re discovery                         2.7
16th 17th  Motion for class certification                       2.5

```
18th Work on Motion for class certification              1.5
      begin research P&A
24th  File motion for class cert                         1.5
26th  work on P&A, class cert                            2.8
27th  Look at new plaintiffs                             1.5
31st  review D's motion to dismiss, fax from Mary
      Begin research on Ds' motion to dismiss             .9

NOVEMBER
4th   Start work on 1st amended petition                 2.2
5th   Continue petition, reply to motion to dismiss,
      P&A for class cert                                 4.0
6th   Finish above                                       6.3
7th   File above                                         1.2
12th  consult w/ Plaintiffs, Bob Crane, re hearing       2.8
14th  prepare for hearing                                1.5
15th  request for default, prep witnesses, hearing       4.5
         Strategize w/Bob Crane, TOG,                     .7

DECEMBER
6th   Review & reply to Motion for clarification, etc.   2.3
13th  Review Opposition to Motion for Class cert          .5
16th  Review answers to first set of req. for admission
         Prepare second set of requests for admission,
            Exh. C through I, needed for class cert      7.7
17th  Amend second set of requests for admission,
            Exh. J, prepare running list of exhibits     2.5
18th  File Exhibit J                                     1.5
1997

JANUARY
1st   Prepare Plaintiffs' Opposition to Defendants'
      Motion for Enlargement of Time to File a
      Responsive Pleading or Motion                      2.3
2nd   File same                                          1.5
9th   Consult w/ Lynn Coyle re discovery                  .5
10th  review and file motion for default                 3.7
20th  Research Govt's second motion to dismiss           4.0
21st-23rd Work on Plaintiffs' Opposition to Defendants'
      (Second) Motion to Dismiss, for Lack of Jurisdiction
      and Failure to State a Claim and Renewed Call for
      Entry of Default, and Rule 11 Sanctions, with Exhibit 12.2
24th  Finish & file same                                 2.8

FEBRUARY
2nd   Work on Ps' Opposition to Defendants' Motion
       to File out of Time, Defendants' Motion to Dismiss
       Lack of Jurisdiction and Failure to State a Claim
       Prepare Plaintiffs' (Opposed) Request for Hearing on
       Defendants' Motions to File out of Time, to Dismiss
       for Lack of Jurisdiction and Failure to State a Claim
```

```
        and Ps' Request for Default and Rule 11 Sanctions      7.5
3rd    Finish and file everything                              4.7
7th    Review Supp to Ps' Response to Ds' Motion to Dismiss    2.2
12th-13th  Review Req. for Prod, etc., calls &
        letter to Molina                                       4.3
13th Tel. conf. w/ Mary & Lynn re document request              .6
     Fax D's 1st Responses to P's Requests for Ad to Lynn
14th Review & Fax D's 2nd Responses to Lynn                     .5
15th   Research (standing)                                     1.7
27th   Start motion for preliminary injunction                 2.0
27th   Prepare Plaintiffs' Reply to Defendants' Opposition
        to Plaintiffs' Request for Hearing, Etc.               2.8

MARCH
3rd-10th Help De La Cruz siblings w/ SS appls,                 5.5
10th   Update Exhibit list, review pleadings                   2.5
15th Review memo from Mary                                      .2
16th   Letter to Mary                                           .2
18th prepare and file Ps' Exhibit "M"                          2.5
24th Review suppl to motion for class cert.                     .6

APRIL
2nd Review D's Supp. Response to req. for Prod. &               .3
    Fax to Lynn
4th Telephone conf. w/ Mary Kenney re discovery                 .5
11th Telephone conf. w/ Mary re discovery                       .3
16th - 20th  Work on Req for Admission & Interrogs            12.0
26th   Consult w/ Mario Salinas re status                       .3

NOVEMBER
29th review withdrawal of appeal Gonzalez de Santos
       Fax from Bob Crane                                       .2
```

**1998**

```
JULY

16TH tel. conf w/ Mary & Lynn re motion to compel               .3
21st   review motion to compel, make notes                     2.2

AUGUST
21st   Prepare & attend hearing, motion to compel              6.0
24th   Continue hearing                                        4.5
24th-30th Draft Proposed Magistrates R&R                       9.8

SEPTEMBER
10th Work on Motion to Dismiss certain Ps                      1.5
     And Notice of Filing of Proposed U.S. Magistrate
     Judge's Report and Recommendation; file same              2.5
29th-30th   Prepare Declarations of Mendez family,
```

3

```
     and Plaintiffs' Opposed Motion for Prompt Judgment,
     and in the Alternative, to Amend Petition to Add New
     Named Plaintiffs, and for Preliminary Injunction     6.5

NOVEMBER
12th-13th   Review Magistrates R&R                         .4
28th-29th   Review & research D's Objs to R&R             4.0

DECEMBER
1st to 8th  Research, make notes, re D's Obj. to R&R      5.0
9th    Prepare & file Notice of Intent                    1.7
10th   Prepare & file Exhibits M & N                      3.3
21st   Prepare Response to Defendants' Objections to U.S.
       Magistrate Judge's Report and Recommendation       2.5
       File response to objections, travel                1.8
```

**1999**

```
FEBRUARY
28th   Review Judge Vela's Order                           .2

MARCH
13th-14th   Review Ds' Motion to Alter or Amend           1.9
22nd   Prepare provisional opposition to motion           1.5
       Consult w/ Mary about opposition                    .1
27th-28th   Prepare proposed Amended Order                3.8
28th-29th   Prepare & file Ps' Suppl Reply to Motion
            to Amend and Exhibit O                        5.5

APRIL
3rd-4th  Review Defendants' Reply to Ps' Provisional
         Opposition to Motion to Alter or Amend            .7

JUNE
3rd   discuss w/ Molina possible settlement,
      Joint Motion to Hold Case in abeyance               2.0
7th   File joint motion (travel)                          1.6
```
**2000**

```
FEBRUARY
11th   Letter to Trominski, re EADs to N-600 applicants   1.0
24th   Review response                                     .2
```

**2002**

```
APRIL
8th - 10th   Discuss w/ Lynn, Ernesto Molina, re
   Settlement                                              .4
14th  draft motion to lift stay, proposed Order           2.0
18th  revise motion to lift stay, proposed Order           .2
```

```
     Discuss settlement possib. w/ Lynn Coyle              .1

JUNE
12th Discuss negotiations w/ Molina w/ Lynn               .7
18th settlement discussions w/ Lynn                       .5
26th more settlement discussions w/ Lynn                  .2

JULY
1ST Discussions w/ Lynn re settlement                     .2
10th More discussions w/ Lynn re settlement               .2
11th More discussions w/ Lynn re settlement               .6
```

**2003**

```
APRIL
11th review fax from Molina                               .6
     discuss amended order w/Javier
     prepare & send partial time sheet to Javier
16th discuss amended order w/ Javier                      .1
23rd review Javier's letter to Molina                     .1

JULY
7th discuss motion to lift stay w/ Lynn                  2.9
21st talk to Molina re motion return case to active
     Docket, Government re-urge Rule 59 motion
     Prepare certificate of consultation,
     file motion & cert. (travel)
```

**2004**

```
AUGUST
29th Review Order of 8/19, review file, prepare response  .6
SEPTEMBER
21st Status conf, travel                                 2.3
28th Prepare amended Order, letter to Molina              .9
28th - Oct. 3rd, various calls, messages, to Molina       .3

OCTOBER
4th Status conference, travel, prepare 2nd
    amended order, Consult w/ Javier & David,
    send by overnight mail to Molina (travel)            3.4
17th fax letter to Molina re Amended order                .3
18th - 22nd various calls to Molina, left messages        .2
22nd Fax follow-up letter to Molina re amended order
25th consult w/ Javier re amended order                   .2
26th  talk to Molina, email exchanges & tel. w/ Javier,
      make changes to Amended Order, Prepare notice
      of filing, file in Brownsville, (travel)
      Mail copies to Molina                              2.2
```

```
NOVEMBER
2nd  consult w/ Javier re motion to enter final Judgment,
     Draft motion, proposed order
     Call Molina, research EAJA vis a vis final judgment    .8
3rd  e/mail exchange w/ Javier re EAJA app.                 .1
4th  e/mail exch. w/Javier re EAJA, Molina's silence        .3
8th  e/mail exchange w/Javier re EAJA                       .2
9th  Tel. conv. w/Javier re EAJA
10th e/mail exchange w/ Javier, research re EAJA            .5
12th e/mail exchange w/Javier re EAJA                       .1
15th contact Antelma, Mario, Mario's sister, e-mail
      w/ Javier, look for documents, try to contact
      Bob Crane, research EAJA issues                      2.4

16th consult w/ Javier, review documents, research
     which plaintiffs can count                            1.1
17th try to contact Crane, Antelma
      E-mails & Tel. w/ Javier & David re EAJA              .7
18th get info for Antelma's affidavit, e/mail
     Exchange a tel w/ Javier re EAJA                       .6
19th go to Harlingen, (wait for and) meet with Antelma
     & Jose Luis Perez, Get signatures on affidavit        1.4
20th work on EAJA motion                                   5.7
21st work on EAJA motion                                   4.9
22nd work on EAJA motion, email & tel. Javier, try
     To contact Mario, Jodi, Bob Crane & Lionel Perez
     Re affidavits                                         3.6
23rd work on affidavit, time sheet                         1.0
24th review time sheets of Mary, Lynn, Javier,
     finalize affid, time sheet, get Jodi's & Lionel's
     affids .(Travel), start putting package together      2.5
26th finish putting motion together, file                  3.0
```

6