UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ANTELMA DOMINGUEZ-PEREZ,** | § | |
| et al., | § | |
| | § | |
| **Petitioners/Plaintiffs,** | § | |
| | § | |
| v. | § | Case No. B-96-116 |
| | § | |
| **TOM RIDGE,** Secretary of Department | § | |
| of Homeland Security; **EDUARDO** | § | |
| **AGUIRRE,** Acting Director of the Bureau | § | |
| of Citizenship and Immigration Services; | § | |
| **ALFONSO DE LEON,** Interim District | § | |
| Director of Bureau of Citizenship and | § | |
| Immigration Services, Harlingen, Texas; | § | |
| **JO ANNE B. BARNHART,** Commissioner | § | |
| of Social Security Administration, | § | |
| | § | |
| **Respondents/Defendants.** | § | |

PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO
PETITIONERS/PLAINTIFFS' RENEWED MOTION FOR AWARD
OF ATTORNEYS FEES, COSTS AND EXPENSES

Plaintiffs, through counsel, respectfully respond to Defendants' opposition to

Plaintiffs' request for attorneys' fees and costs. They further urge that they be allowed to

amend their motion to include additional hours and that the motion be set for a hearing at

the earliest possible date.

I.    **DEFENDANTS ARE PLAINLY WRONG IN ASSERTING THAT
EAJA REQUIRES PREVAILING PARTIES TO DEMONSTRATE
THE RATE AT WHICH COUNSEL WAS CONTRACTED**

Defendants' opposition raises no new arguments from the brief it filed on

December 8, 2004 (Dkt. No. 85). Plaintiffs hereby incorporate the arguments and

authorities presented in Plaintiffs' Response to Defendants' Opposition to Motion for

Award of Attorneys Fees and Costs (Dkt. No. 86). Nevertheless, it bears repeating that

without any legal support, Defendants continue to insist that Plaintiffs must demonstrate

the rate at which they contracted for their attorneys. Nothing in EAJA or caselaw

supports this assertion. Moreover, Plaintiffs and their counsel never negotiated a flat-rate

for services and Defendants have no evidence to the contrary. Plaintiffs previously

submitted evidence of the hourly market rate attorneys charge in the Rio Grande Valley

and do so again through this response. See Exhs. I (Declaration of Jodi Goodwin) and J

(Declaration of Lionel Perez). Thus, without any evidence to the contrary, Plaintiffs are

entitled to the statutory maximum EAJA hourly rate plus an increase in the cost of living.

**II.    DEFENDANTS WERE NOT SUBSTANTIALLY JUSTIFIED EITHER FOR THE INITIAL DENIAL OF INTERIM EMPLOYMENT AUTHORIZATION TO APPLICANTS FOR CERTIFICATES OF CITIZENSHIP OR FOR DEFENDANTS' LITIGATION AND SETTLEMENT STRATEGIES**

Plaintiffs previously fully briefed the issue of whether Defendants were

substantially justified and through this response, Plaintiffs incorporate all of the

arguments and authorities found in Plaintiffs' Response to Defendants' Opposition to

Motion for Award of Attorneys Fees and Costs (Dkt. No. 86). Briefly, this litigation

concerned the availability of interim employment authorization and Social Security cards

for persons seeking to document their U.S. citizenship status, not about documenting

such status. There simply is no justification for making interim work authorization to

persons seeking lawful permanent status and persons seeking to document their U.S.

citizenship status. None of the other avenues for document U.S. citizenship status afford

class members the opportunity to obtain interim work authorization pending their

application for documentation of U.S. citizenship. Second, this was not a novel case.

Plaintiffs neither sought an expansive interpretation of the Equal Protection Clause, nor

mounted a complex legal challenge to the Immigration and Nationality Act. Nor were the facts particularly complicated: Defendants had a blanket policy of denying interim work permits and Social Security cards to N-600 applicants. The case presented the application of well-settled equal protection principles to a particular instance of governmental discrimination. Finally, as early as November 15, 1996, almost four months after this lawsuit was filed, Defendants implicitly recognized the justice of Plaintiffs' position by advising the Court that they would investigate the possibility that the relief Plaintiffs sought could be granted without amending the regulations (Dkt. 16). To date, Defendants have not explained why this litigation, and the unlawful discrimination against class members, should have continued.

Neither the law, nor the facts, supported Defendants' position. The case could easily have been resolved without extensive litigation. Even if Defendants had not anticipated that N-600 applicants might need interim work authorization, once that need was identified, they could, and should, have remedied the problem, instead of litigating it for over eight years. And still, Defendants continue to litigate the issue in the context of Plaintiffs' fees motion by insisting that they acted reasonable. Defendants were not justified, much less substantially justified, in defending this action.

### III.   PLAINTIFFS ARE ENTITLED TO ATTORNEYS FEES FOR THEIR EFFORTS IN GETTING DEFENDANTS TO AGREE TO THE AMENDED FINAL ORDER, WHICH WAS EXACTLY WHAT PLAINTIFFS HAD SUGGESTED IN 1999

No special circumstances exist that render an award of fees unjust. Once again, Plaintiffs incorporate all of their arguments and authorities found in Plaintiffs' Response to Defendants' Opposition to Motion for Award of Attorneys Fees and Costs (Dkt. No. 86). Defendants oppose the request for the 104.8 hours which Plaintiffs expended after

3

February 26, 1999, on the stated grounds that such time relates to unsuccessful settlement discussions and where Defendants were reasonable in their Rule 59(e) motion insofar as their concerns were addressed in the amended order. But, this argument ignores the history of the negotiations. Thus, while Defendants correctly note that the Amended Final Order addressed the concerns raised in the Rule 59(e) motion, the delay in securing an amended final order was of their own making. In 1999, Plaintiffs affirmatively suggested the very changes ultimately included in the final order. The fact that it took Defendants five years to agree to the same changes they requested in their Rule 59(e) motion is not the fault of Plaintiffs.

Much of the time Plaintiffs invested after Judge Vela's Final Order was spent addressing the Rule 59(e) motion and negotiating with Defendants. Ms. Kenney's hours after February 26, 1999, all related to pending motions, review of the Court's orders, and settlement. Ms. Coyle's hours related to the Rule 59(e) motion, settlement discussions, and Plaintiffs' efforts to reinstate this case in the Court's regular docket.    Mr. Maldonado's hours all related to settlement discussions, efforts to lift the Court's stay, the draft of the amended final order, and the EAJA application. Ms. Brodyaga's hours after February 26, 1999, all relate to responding to the Rule 59(e) motion, settlement discussions, the lifting of the stay, hearings before the Court to resolve this matter, and the EAJA application. This is all compensable time.

It must also be noted that the special circumstances provision is narrowly construed. Martin v. Heckler, 773 F.2d 1145 (11th Cir. 1985). Plaintiffs should not be penalized for attempting to resolve the matter amicably, particularly where Defendants are solely responsible for the six-year delay in reaching a final accord. See Sorenson v.

Concannon, 161 F.Supp.2d 1164, 1169 (D.Conn. 2001)(concluding that attorney time spent in unsuccessful settlement discussions was compensable under EAJA).

## IV. DEFENDANTS' OTHER COMPLAINTS ARE LIKEWISE WITHOUT MERIT

In their renewed and amended motion for attorneys fees, Plaintiffs filed amended time sheets removing any hours relating to work performed before the administrative agencies. Without further specificity by Defendants, Plaintiffs believe that all of their hours are compensable.

Defendants are also incorrect in arguing that Plaintiffs seek recovery for duplicative activities. In support of their argument, Defendants cite only Plaintiffs' hours relating to the motion to compel and the hearings held to address that motion and others. No other instances of duplication are challenged by Defendants. The hearing in question was conducted over two days. On each date, two attorneys for the plaintiffs were present, not three, as Defendants suggest. In addition to the motion to compel, the hearing also addressed other issues, including Plaintiffs' motion to supplement their class certification motion. But most importantly, Defendants incorrectly assert, for the second time, that "plaintiffs did not prevail on the motion to compel." Following tow days of evidentiary hearings, Magistrate Judge Black *granted* Plaintiffs' motion to compel. See Dkt. 48. Two attorneys were needed to assign specific tasks to each: in addressing the multiple issues before the Court, preparing and presenting evidence in support of the motion, and effectively examining the witness tendered by INS.

Date: _7·28·2005_

Respectfully submitted,

*David A. Armendariz* w/ permission
J. M.

JAVIER MALDONADO
(jmaldonado@txlawyerscommittee.org)
S.D. Bar No. 20113
Texas Bar No. 00794216
DAVID ANTÓN ARMENDÁRIZ
(darmendariz@txlawyerscommittee.org)
S.D. Bar No. 37615
Texas Bar No. 24031708
TEXAS LAWYERS' COMMITTEE
FOR CIVIL RIGHTS UNDER LAW
118 Broadway, Ste. 502
San Antonio, TX 78205
phone: (210) 277-1603
fax:     (210) 225-3958

LISA S. BRODYAGA
Fed. ID:   1178
Texas Bar: 03052800
REFUGIO DEL RIO GRANDE
17891 Landrum Park Rd.
San Benito, TX 78586
Phone:  (956) 421-3226
Fax:     (956) 421-3423

PLAINTIFFS' ATTORNEYS

## CERTIFICATE OF SERVICE

I certify that on this the 28th day of July, 2005, a true and correct copy of this document was sent via U.S. certified mail to the following:

Ernesto H. Molina, Jr., Attorney
Office of Immigration Litigation
Civil Division
P.O. Box 878  Ben Franklin Station
Washington, DC  20044

Cheri L. Jones
Special Assistant U.S Attorney
Southern District of Texas
Immigration and Naturalization Service
P.O. Box 1711
Harlingen, Texas  78551

David Antón Armendáriz