### LAWYERS' COMMITTEE FOR CIVIL RIGHTS
### UNDER LAW OF TEXAS
### IMMIGRANT AND REFUGEE RIGHTS PROJECT

### RETAINER AGREEMENT

I, _Antelma Dominguez Perez_ , hereby retain the Lawyers'
Committee for Civil Rights Under of Texas, Immigrant and Refugee
Rights Project (hereinafter "Lawyers' Committee") and attorneys of
the aforesaid Committee (hereinafter "attorneys") to represent me
in the following: _A CLASS ACTION CLAIM AGAINT INS AND THE_
_SSA TO OBTAIN A DOCUMENT EVIDENCING MY RIGHT TO WORK_
_IN THE UNITED STATES AND A SSN WHILE MY N-600 IS PENDING._

This representation will be carried out under the following terms
and conditions:

1.   The Lawyers' Committee may retain, associate, join or dismiss
additional attorneys on my behalf as the Lawyers' Committee deems
necessary.   The Lawyers' Committee also may consult or retain
experts, investigators and others concerning these investigations
and complaints.   I authorize the Lawyers' Committee to consult with
such persons and to divulge to them such privileged information as
is necessary for them to assist the Lawyers' Committee in
connection with the investigations and complaints.

2.   Representation by the Lawyers' Committee is limited to the
matter described above.   I understand that the Lawyers' Committee
is not obligated to represent me in a lawsuit or any other
proceeding arising from the investigations and complaints
previously described.   Representation in any other proceeding not
specifically delineated above is subject to mutual agreement and
the signing of a new retainer agreement.

3.   The Lawyers' Committee may employ any qualified person(s) to
assist the attorney(s) in the development and prosecution of the
aforementioned legal matters to the extent permitted by law in the
appropriate jurisdiction.

4.   I shall not be obligated for any professional fee for the
aforementioned legal services.

5.   I shall fully cooperate with my attorneys and shall promptly
provide them with any and all information known to me relevant to
the above matter.   I agree to provide all information and papers
requested by the attorneys and to cooperate fully in any
proceedings in connection with the case, including but not limited
to attending scheduled meetings and participating cooperatively in
any type of proceedings as may arise throughout the investigations
or resolution of the complaints.   I agree not to communicate with
other parties, regarding these investigations and complaints,
without the attorneys' consent.

6.   The Lawyers' Committee will not settle this case on my behalf
without my prior authorization.  By law, I have the right to make
all decisions regarding the settlement of the complaints previously
described.

_Antelma D. Perez_

**CLIENT**

_7/22/96_

**DATE**

ACCEPTED BY THE LAWYERS' COMMITTEE BY _____

APPROVED BY EXECUTIVE DIRECTOR _____

(INITIALS)                                              (DATE)

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHER DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ANTELMA DOMINGUEZ-PEREZ,** | § | |
| et al., | § | |
|        **Petitioners/Plaintiffs,** | § | |
| | § | |
|        v. | § | Case No. B-96-116 |
| | § | |
| **TOM RIDGE,** Secretary of Department | § | |
| of Homeland Security; **EDUARDO** | § | |
| **AGUIRRE,** Acting Director of the Bureau | § | |
| of Citizenship and Immigration Services; | § | |
| **ALFONSO DE LEON,** Interim District | § | |
| Director of Bureau of Citizenship and | § | |
| Immigration Services, Harlingen, Texas; | § | |
| **JO ANNE B. BARNHART,** Commissioner | § | |
| of Social Security Administration, | § | |
| | § | |
|        **Respondents/Defendants.** | § | |

## DECLARATION OF LISA S. BRODYAGA

I, Lisa S. Brodyaga, hereby declare and say:

1.        I have personal knowledge that the statements in this declaration are true and correct, and if called to testify, I could and would testify competently thereto.

2.        I am an attorney licensed to practice in the State of Texas and am admitted to practice, inter alia, in the federal district court for the Southern District of Texas, and the Fifth Circuit Court of Appeals. Since 1986, I have served as a volunteer attorney for Refugio del Rio Grande, a 501(c)(3) non-profit corporation which provides pro bono and reduced cost representation in immigration related cases before the Immigration and Naturalization Service, (now, the Department of Homeland Security), the Executive Office for Immigration Review, and in the federal courts.

3.        As attorney for Refugio del Rio Grande, I represented the Petitioners/Plaintiffs in this case and was co-counsel with the attorneys from the Texas Lawyers Committee for Civil Rights Under Law, including Lynn Coyle, Mary Kenney,

Javier Maldonado, and others. The named Plaintiffs were all clients of myself, in my private capacity, and of other private attorneys in the Valley. As private attorneys, we distinguished between the work done in filing their applications for Certificates of Citizenship, and that done in attempting to force the Government to give them permission to be employed, and Social Security numbers, or, in the case of Plaintiff Mario Salinas, in giving him a replacement Social Security card. The former was considered private employment, for which we, as private attorneys, charged fees. The latter was done under the umbrella of Refugio del Rio Grande, and the representation was pro bono.

4.      Refugio del Rio Grande does not utilize formal retainer agreements, and in most cases, does not generally request attorneys' fees from the Government. It has been my experience that in many cases, it is easier to settle a case on terms favorable to the client if counsel waives attorneys fees. However, in most class actions, particularly where it appears that the case will be prolonged, we have joined forces with the Texas Lawyers Committee. In these cases, we follow their procedures with respect to attorneys fees.

5.      In the instant case, part of my role was client management. In that capacity, I arranged the meetings between the clients and the attorneys for the Texas Lawyers Committee. As a result, I was present when Lynn Coyle explained the retainer and the terms of their retainer agreement, and I advised them that the same terms applied with respect to Refugio del Rio Grande. I do not recall the specifics of the meeting with Antelma Dominguez, but I do recall the explanation of her role as a named plaintiff, which was difficult for her to grasp. In that context, I recall that Ms. Coyle mentioned the possibility that fees might be recovered from the defendants, and that regardless of whether we were successful in that effort, none of the named plaintiffs would be responsible for payment of fees.

I declare under penalty of perjury that the foregoing is true and correct. Executed on 9th day of September, 2005.

LISA S. BRODYAGA

2

09/09/2005  12:55   2102253958          TEXAS LAWYERS CMTE          PAGE 5 of 7
Case 1:96-cv-00116   Document 114-2   Filed in TXSD on 09/09/2005   Page 5 of 7

09/09/2005  11:04    9155325566          FCU. X DOMINGUEZ          PAGE  02/04

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHER DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

ANTELMA DOMINGUEZ-PEREZ,  §
et al.,  §
  §
      Petitioners/Plaintiffs,  §
  §
        v.  §       Case No. B-96-116
  §
TOM RIDGE, Secretary of Department  §
of Homeland Security; EDUARDO  §
AGUIRRE, Acting Director of the Bureau  §
of Citizenship and Immigration Services;  §
ALFONSO DE LEON, Interim District  §
Director of Bureau of Citizenship and  §
Immigration Services, Harlingen, Texas;  §
JO ANNE B. BARNHART, Commissioner  §
of Social Security Administration,  §
  §
      Respondents/Defendants.  §

## DECLARATION OF LYNN COYLE

I, Lynn Coyle, declare and say:

1.       I have personal knowledge that the statements in this declaration are true and correct, and if called to testify, could and would testify competently thereto.

2.       I am an attorney licensed to practice law by the State Bar of Illinois and the State Bar of New York and am currently admitted to practice in the federal district courts for the Western, and Northern Districts of Texas, and the Fifth Circuit Court of Appeals. I am currently an attorney working at the Law Office of Francisco X. Dominguez in El Paso, Texas.

3.       I was employed as a staff attorney by the Lawyers' Committee for Civil Rights Under Law of Texas ("Texas Lawyers' Committee") from March, 1995 through December, 2003. During my tenure at the Texas Lawyers' Committee, I also served as interim executive director and

1

09/09/2005 12:55 2102253958 TEXAS LAWYERS COMM PAGE 7 02/03
Case 1:96-cv-00110 Document 114-2 Filed in TXSD on 09/09/2005 Page 6 of 7

09/09/2005 11:04 9155325556 FCO. X DOMINGUEZ PAGE 03/04

therefore, I am intimately familiar with the structure of the organization.

4.     The Texas Lawyers' Committee is a nonprofit organization organized under the Internal Revenue Code § 501(c)(3). The agency operates as a private, nonprofit, nonpartisan legal organization that provides *pro bono* legal representation to persons whose civil rights are violated. The mission of the Texas Lawyers' Committee is to defend and protect the rights of immigrants and refugees in Texas. Through the years, the Texas Lawyers' Committee has handled major law reform cases as well as individual actions which have the potential for law reform.

5.     As staff attorney for the Texas Lawyers' Committee, I represented the Petitioners/Plaintiffs in this case and was co-counsel with Lisa Brodyaga.

6.     When I joined the Texas Lawyers' Committee, I learned that because the agency is a 501(c)(3) organization, the Texas Lawyers' Committee did not obligate its clients to pay for legal services. However, I was required to advise potential clients that as part of our agreement to render legal representation to the client, the client promised to request attorney's fees and assign such fees to the agency.

7.     In every case I served as an attorney while employed with the Texas Lawyers' Committee, I was required to have the client sign a retainer. Because the retainer was in English and was not easily understood by lay persons, much less non-English speakers, I would explain the retainer and the terms of the agreement. I advised clients that they were not obligated to pay our legal fees because we were a nonprofit law firm. I also advised each client that the possibility always exists that attorney's fees can be recovered from the defendant. In those instances, the client was expected to request attorney's fees to pay for the legal representation rendered by the lawyers. This was standard practice and was done in every case where on behalf of the Texas Lawyers' Committee, I committed the agency to legal representation.

8.     I do not recall the specific date when I spoke with Ms. Antelma Dominguez regarding this litigation. However, I can confidently state that I explained to her the following:

2

(1) that I was a lawyer who worked for a nonprofit legal organization, (2) that the Texas Lawyers' Committee would represent her in a federal case to obtain proof of employment authorization and a Social Security card, (3) that she would not be obligated to pay our fees, and (4) that the possibility existed that fees could be recovered from the defendant and that the client committed herself to request such fees to pay the lawyers.

9.     All of the foregoing is based on my experience representing clients while employed with the Texas Lawyers' Committee.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 9th day of September, 2005.

LYNN COYLE

3