UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **ANTELMA DOMINGUEZ-PEREZ**, et al., **Petitioners/Plaintiffs,** v. **TOM RIDGE,** Secretary of Department of Homeland Security; **EDUARDO AGUIRRE,** Acting Director of the Bureau of Citizenship and Immigration Services; **ALFONSO DE LEON,** Interim District Director of Bureau of Citizenship and Immigration Services, Harlingen, Texas, and **JO ANNE B. BARNHART,** Commissioner of the Social Security Administration, **Respondents/Defendants.** | CA No. B-96-116 |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' RENEWED AND AMENDED MOTION FOR AWARD OF ATTORNEYS FEES AND COSTS**

TO THE HONORABLE COURT:

At the September 2, 2005, hearing on Plaintiffs' Renewed and Amended Motion for Award of Attorney's Fees and Costs, the Court requested additional briefing on the matters raised at the hearing. Plaintiffs Antelma Dominguez-Perez et. al, through their attorneys, submit the instant Supplemental Brief in Support of their Motion.

## I.   INTRODUCTION

Plaintiffs seek an award of fees pursuant to the Equal Access to Justice Act (EAJA) statute, 28 U.S.C. § 2412(d)(1)(A), for services performed by their attorneys in this litigation. Attorney fees under the EAJA are appropriate here because Plaintiffs are a prevailing party, and Defendants failed to establish that the position of the United States was substantially justified.

Defendants have raised a number of non-meritorious objections to Plaintiffs' request for fees. Defendants now argue that Plaintiffs are not entitled to a fee award because they have not actually

"incurred" legal fees within the meaning of the EAJA.

The Plaintiffs herein are precisely the type of litigants intended to be covered by EAJA, and the attorneys from the nonprofit legal organizations which have represented them for nearly a decade are likewise precisely the type of attorneys who were intended to be motivated by EAJA to take meritorious cases against the Government on behalf of indigent clients.  The fact that Plaintiffs have no fee obligation to their attorneys is irrelevant to the purposes of EAJA.  And Defendants' argument that no fee award is appropriate under these circumstances is not support by any case law. [1]

Defendants' interpretation of the word "incur" in the EAJA statute under consideration is too narrow.  Federal courts reviewing this question under EAJA have unanimously held that where representation is rendered by pro bono counsel or a legal aid organization, the term "incur" does not require that Plaintiffs have an obligation to actually pay attorney fees.  The policy reason cited by the courts in those decisions is that such a narrow interpretation of the term "incur" would thwart the EAJA's purposes of deterring governmental misconduct, and enabling indigent plaintiffs to obtain legal representation, by discouraging legal aid organizations and other pro bono counsel from representing indigent clients.  Therefore, Plaintiffs respectfully request that the Court grant Plaintiffs Renewed and Amended Motion for Award of Attorney's Fees and Costs.

---

[1] *Marre v. US*, 38 F.3d 832 (5th Cir. 1994), on which Defendants rely, involved a different statute, and did not entail non-profit organizations representing indigent litigants on a pro bono basis.

## II.   STATEMENT OF FACTS

Plaintiffs are represented herein by attorneys from the Lawyers' Committee for Civil Rights under Texas Law, and Refugio del Rio Grande.  In support of their Amended Motion, on September 9, 2005, Plaintiffs filed the retainer agreement signed by Plaintiff Dominguez, and the declarations of Lynn Coyle and Lisa Brodyaga. [2]

Lynn Coyle was employed as a staff attorney by the Lawyers' Committee from March 1995 through December 2003. (Coyle:3).  Ms. Coyle represented Plaintiffs in this case and was co-counsel with Lisa Brodyaga. (Coyle:5)  Lisa Brodyaga has served as a volunteer attorney for Refugio del Rio Grande since 1986. (Brodyaga:2,3). Both are non-profit organizations, organized under §501(c)(3) of the Internal Revenue Code. (Coyle:4)  Neither organization required the Plaintiffs herein to pay for the legal services.  (Coyle:6) (Brodyaga:2,3).  As a staff attorney for the Lawyers' Committee, Ms. Coyle was required to advise potential clients that as part of the organization's agreement to render legal representation to the client, the client promised to request attorney's fees and assign such fees to the organization. (Coyle:6). She also advised the clients about the possibility of attorney's fees and that the client was expected to request such fees to pay for the legal representation of the lawyers.  (Coyle:7)  This was standard practice and was done in every case where Coyle committed the agency to legal representation.  *Id.*  Ms. Coyle advised the lead Plaintiff in this case, Antelma Dominguez, that the Texas Lawyers' Committee would represent her, that she would not be obligated to pay attorney fees, and that the client committed herself to request

---

[2] Said Declarations are cited herein by name, and page.

fees from the defendant to pay her lawyers.  (Coyle:8)

### III.  STANDARD

The primary purpose of the EAJA "is to diminish the deterrent effect of the expense involved in seeking review of, or defending against, unreasonable government action." *Foley Const. Co. v. U.S. Army Corps of Engineers,* 716 F.2d 1202, 1203 (8th Cir. 1983) (citing H.R. Rep. No. 1418 96th Cong., 2d Sess. 5-6, reprinted in 1980 U.S. Code Cong. & Ad. News 4984)).  The EAJA permits an award of attorney fees to a qualified prevailing party, . . . "unless the Court finds that the position of the United States was substantially justified or that the special circumstances make an award unjust."   28  U.S.C.A.  §2412(d)(1)(A)   (West  1994). Furthermore, the EAJA provides for the payment to a prevailing party of "fees and other expenses . . . incurred by that party." §2412(a)(1)(A) (emphasis added).

### IV.  ARGUMENT

**A.  DEFENDANTS' NARROW INTERPRETATION OF THE TERM "INCUR" IS NOT SUPPORTED BY THE CASE LAW ADDRESSING THE ISSUE.**

Neither the EAJA nor its legislative history provides a definition of the word 'incur,'  *SEC v. Comserve Corp.*, 908 F.2d 1407, 1413 (8th Cir. 1990). However, the legislative history does note that the computation of attorney's fees is to be made "without reference to the fee arrangements between the attorney and client."  *San Filippo v. Secretary of Health & Human Svs.*, 564 F.Supp. 173, 176 (E.D.N.Y. 1983) (citing S. Rep. No. 96-253 at 16-17, H.R. Rep. No. 96-1418 at 15, reprinted in U.S. Code Congressional and Admin. News at 4994) (emphasis added).

While the Fifth Circuit has not addressed the question of whether

4

a Plaintiff incurs legal fees within the meaning of §2412(d)(1)(A) where she is not obligated to pay those fees, the Eleventh, Eighth and District of Columbia Circuit courts have held or recognized that litigants represented by a legal services organization or pro bono counsel to whom no fee obligation is owed are nevertheless entitled to recover attorney fees under the EAJA.  *See, e.g., Watford v. Heckler*, 765 F.2d 1562, 1567 n.6 (11th Cir. 1985) ("It is well-settled that, in light of the [EAJA's] legislative history and for reasons of public policy, plaintiffs represented without charge are not generally precluded from an award of attorney fees under the EAJA."); *Cornella v. Schweiker*, 728 F.2d 978 (8th Cir. 1984) (reversing denial of application for attorney fees under EAJA where claimant incurred fees within ambit of statute since he had been represented by pro bono legal organization); *AARP v. EEOC*, 873 F.2d 402 (D.C. Cir. 1989)(concluding that plaintiffs may recover fees "for their independently retained pro bono counsel despite the fact that, if we denied fees, they would not pay any to counsel").

District courts in other circuits have also unanimously rejected the argument that the EAJA does not contemplate awards to legal services organizations where a plaintiff does not incur any expense for legal representation.  See e.g., *Hornal v. Schweiker*, 551 F.Supp. 612 (M.D. Tenn. 1982) (rejecting government's argument that since disability claimant had been represented by free legal clinic, he did not incur liability for attorney's fees under EAJA); *San Filippo v. Secretary of Health & Human Svs.*, 564 F.Supp. 173 (E.D.N.Y. 1983) (rejecting government's argument that attorney fees not incurred by a disability benefits claimant because she had been represented free of charge by a legal services corporation); *Jones*

*v. Schweiker*, 565 F.Supp. 52 (W.D. Mich. 1983) (denying award for fees on other grounds, yet recognizing reasoning in *Hornal* as persuasive); *Ceglia v. Schweiker*, 566 F.Supp. 118 (E.D.N.Y. 1983) (awarding $1,500 in attorney fees to an applicant for widow's disability benefits and rejecting government's claim that attorney fees not be awarded for services of the legal services organization because she was represented free of charge); and *United States v. Tarkowski*, 2002 U.S. Dist. LEXIS 4905 (N.Ill. March 25, 2002) (awarding $95,153.02 in fees and emphasizing that "the fact that counsel took on the case on a pro bono basis on behalf of an indigent defendant does not preclude an award of fees under the EAJA"); *Ward v. Schweiker*, 562 F.Supp. 1173 (W.D. Mo. 1983) (awarding $3,3693 in attorney fees under EAJA and rejecting government's argument that attorney fees not incurred because claimants were represented by legal aid group); *Watkins v. Harris*, 566 F.Supp. 493 (E.D. Pa. 1983) (awarding $2,700 in fees to claimant of disability benefits where she did not incur any liability for attorney fees since she was represented by legal services organization); *Howard v. Heckler*, 581 F.Supp. 1231 (S.D. Ohio 1983) (rejecting defense contention that attorney fees not "incurred" within meaning of EAJA by disability benefits claimant who had been represented by legal aid society); *Chee v. Schweiker*, 563 F.Supp. 1362 (D.C. Ariz. 1983) (same); *Former Emples. of Tyco Elecs., Fiber Optics Div. v. U.S.*, 350 F.Supp.2d 1075 (Ct. Int'l Trade 2004)(same).

Likewise, in the context of retained counsel, the Federal Circuit has permitted fee awards where a claimant entered into an agreement with an attorney, under which the attorney agreed to incur the fees

beyond a set amount paid by the claimant. *Phillips v. General Services Admin.*, 925 F.2d 1577 (Fed. Cir. 1991).

Fees have even been awarded to a litigant whose fees were paid by a third party. *See, Ed. A. Wilson, Inc. v. Gen. Servs. Admin.*, 126 F.3d 1406 (Fed. Cir. 1997) (award of attorney fees to a contractor not precluded where insurer was responsible for paying fees); *Devine v. National Treasury Employers Union*, 805 F.2d 384 (Fed. Cir. 1986) (fees paid where litigant represented by a salaried union counsel despite the absence of any obligation on the party of the union employee to pay the attorney).

No proof of any billing or agreement is necessary to satisfy the "incurred" requirement under the EAJA because Plaintiffs are represented on a pro bono basis. *Former Employees of Tyco Electronics, v. United States Dept. of Labor*, 350 F.Supp.2d 1075, 1088 (Ct. Int'l Trade 2004). In the Federal Circuit, however, in order for attorney fees to be "incurred" within the meaning of a fee shifting statute, there must be an express or implied agreement that the fee award will be paid over to the legal representative. *Phillips v. Gen. Servs. Admin.*, 925 F.2d 1577, 1583 (Fed. Cir. 1991); *see also, U.S. v. Jerry M. Lewis Truck Parts & Equipment*, 89 F.3d 574, 581 n.3 (9th Cir. 1996).

The Court in *Cornella* found that the legislature history of the EAJA provided persuasive support for the conclusion that pro bono awards were contemplated as a way of carrying out the purpose of the EAJA in removing the deterrent effect of the expense involved in contesting unreasonable government action. *Cornella*, 728 F.2d at 986, *quoting* H.R. Rep. No. 1418, 96th Cong., 2d Sess. 15,

reprinted in 1980 U.S. Code Cong. & Ad. News 4989):

> In general, consistent with the above limitations, the computation of attorney fees should be based on prevailing market rates without reference to the fee arrangement between the attorney and client. The fact that attorneys may be providing services at salaries or hourly rates below the standard commercial rates which attorneys might normally receive for services rendered is not relevant to the computation of compensation under the Act.

Defendants' narrow interpretation of the language in the EAJA would also have the effect of discouraging legal aid organizations from representing a claimant seeking to challenge government misconduct, thereby reducing access to the courts by indigent individuals. *San Filippo*, 564 F.Supp. at 176-77; *see also, Jones*, 565 F.Supp. at 55:

> [T]here are some economic deterrents which face a client represented by legal aid. . . .The availability of attorneys' fees under the EAJA theoretically alleviates some of these constraints and enables counsel to spend the time necessary to combat government misconduct.

As further explained in *Cornella*, 728 F.2d at 987:

> [A]llowing fees to pro bono counsel under the EAJA "serves to insure that legal services groups . . . have a strong incentive to represent indigent . . . claimants."

A contrary result would be inconsistent with the legislative history of the EAJA. *San Filippo*, 564 F. Supp. at 176-77; *Cornella*, 728 F.2d at 987. Furthermore, the court in *Jones v. Schweiker* determined that the policy reasons for permitting legal aid organizations to recover attorney fees support the purpose of the EAJA. *Jones*, 565 F.Supp. at 55:

> Applying two different standards, one for retained counsel and one for pro bono counsel, allows the government to take unjustified positions against the clients of pro bono attorneys with virtual impunity.

Notwithstanding Defendants' protestations to the contrary, this is

precisely what they are attempting to accomplish herein. In the first months of the litigation, they implicitly recognized its merit, and on November 15, 1996, *represented to the Court* that they would look into the possibility of solving the problem without promulgating a new regulation. [Dkt. 16]. However, they neither determined that they already had the authority to do so, nor promulgated a new regulation giving themselves that authority, even though the case was put on hold for several years after Judge Vela issued his original order, for the purposes of allowing the parties to reach a nation-wide agreement.[3]

**B. PLAINTIFFS "INCURRED" LEGAL FEES WITHIN THE MEANING OF THE EAJA STATUTE DESPITE THE FACT THAT THEY HAVE NO LEGAL OBLIGATION TO PAY THEIR ATTORNEYS.**

The fact that Plaintiffs were represented on a pro bono basis by legal aid organizations should not preclude an award of fees under the EAJA. Both Refugio del Rio Grande and the Lawyer's Committee for Civil Rights Under Texas Law are non-profit organizations.

The Lawyers Committee provides pro bono legal representation to persons whose civil rights are violated, (Coyle:4), and does not obligate its clients to pay for legal services. (Coyle:6). At all times, the Plaintiffs paid no fees for the services performed by the attorneys of the Texas Lawyers' Committee in this litigation. Likewise, the services performed by Lisa Brodyaga in connection with this matter were carried out in her capacity as a volunteer pro bono attorney for Refugio del Rio Grande, and no fees were charged to Plaintiffs for her services. (Brodyaga:2,3) As shown

---

[3] Almost eight years later, Defendants formally announced their intention to eventually publish a regulation to that effect. *See,* Department of Homeland Security, Semi-Annual Agenda, June 28, 2004; Federal Register, Vol. 69, No. 123, p. 37535, Item No. 1124.

above, although Plaintiffs were not obligated to pay fees to The Texas Lawyers' Committee or to Refugio del Rio Grande, they nonetheless "incurred" attorney fees within the meaning of EAJA.

To the extent that the Court requires an express or implied agreement that the fee award will be paid over to the legal representative, such an agreement exists in this case. In every case where Ms. Coyle committed the agency to legal representation, including the instant litigation, she advised each client about the possibility of attorney's fees and that the client was expected to request such fees to pay for the legal representation of the lawyers. (Coyle:7,8) Ms. Coyle advised the lead Plaintiff in this case, Antelma Dominguez, that the Texas Lawyers' Committee would represent her, that she would not be obligated to pay attorney fees, and that the client committed herself to request fees from the defendant to pay her lawyers. (Coyle:8.) As in the *Phillips* case, inherent in the agreement was an intention on the part of Ms. Dominguez to be obligated to her counsel for fees properly obtainable under the EAJA statute.

C. **FURTHER, WHERE A COURT CERTIFIES A CLASS, EAJA FEES CAN BE RECOVERED FOR LEGAL SERVICES DONE ON BEHALF OF THE CLASS.**

This action was instituted as a class action and prosecuted to conclusion as a class. Even after the claims of the named plaintiffs were resolved, they continued to act as representatives on behalf of the class, and the claims of the class remained alive and provided a basis for this Court to grant relief.

The Courts have long recognized that EAJA awards are just as appropriate in class actions as in cases where only the rights of certain individuals are involved. For example, *Pierce v.*

*Underwood*, 487 U.S. 552 (U.S. 1988), involved a tax and utility subsidy program initiated for the benefit of owners and tenants of apartment buildings subsidized by the Federal Government, pursuant to a 1974 federal housing statute. The Secretary of Housing and Urban Development was authorized to distribute funds under the program. Upon the Secretary's refusal to distribute the funds as authorized, his decision was successfully challenged in lawsuits filed in several Federal District Courts.

Indeed, the Government has conceded as much in class actions involving immigration questions, such as *Comm'r v. Jean*, 496 U.S. 154, 156-157 (1990) (emphasis added):

> Because the question for decision is so narrow -- affecting only eligibility for compensation for services rendered for fee litigation rather than the amount that may be appropriately awarded for such services -- it is not necessary to restate the protracted history of this vigorously contested litigation. n2 It is sufficient to note that the District Court expressly found that respondents "were the prevailing parties within the meaning of the Act, that the government's position was not substantially justified and that there are no other special circumstances that would make an award unjust." n3 The Court of Appeals upheld these findings. Jean v. Nelson, 863 F.2d 759, 765-769 (CA11 1988). After an extensive review of the record developed at the fee hearing, however, the Court of Appeals decided that certain errors required that the case "be remanded for recalculation of attorney's fees and expenses." Id., at 780. In view of this holding, we must assume that at least some of the positions the Government took regarding the proper fee were substantially justified, even though its position on the merits of the litigation was not. Thus, the record squarely presents the question whether the District Court must make a second finding of no "substantial justification" before awarding respondent any fees for the fee litigation.
> ...
> **The Government concedes that fees for time and expenses incurred in applying for fees are appropriate, but takes the position that, unless the court finds that the**

**Government's position in the fee litigation itself was not substantially justified, fees for any litigation about fees are not recoverable.**

In rejecting this assertion, the Court reasoned as follows, *id.* at 161-62 (emphasis added):

> Any given civil action can have numerous phases. While the parties' postures on individual matters may be more or less justified, the EAJA -- like other fee-shifting statutes -- favors treating a case as an inclusive whole, rather than as atomized line-items. See, e. g., Sullivan v. Hudson, 490 U.S.877, (1989) (slip op., at 9-10) where administrative proceedings are "necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded"). Cf. Gagne v. Maher, 594 F.2d 336, 344 (CA2 1979) ("denying attorneys' fees for time spent in obtaining them would 'dilute the value of a fees award by forcing attorneys into extensive, uncompensated litigation in order to gain any fees'" under §§ 1988), aff'd on other grounds, 448 U.S. 122 (1980); Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 559 (1986) (fees for postjudgment proceedings to enforce consent decree properly compensable as a cost of litigation under §§ 304(d) of the Clean Air Act); New York Gaslight Club, Inc. v. Carey, 447 U.S. 54 (1980) (fees for administrative proceedings included under §§ 706(k) of Title VII of the Civil Rights Act of 1964). The Government acknowledges that the EAJA may provide compensation for all aspects of fee litigation; it only disputes the finding necessary to support such an award. It would allow, without a specific threshold determination, fees for "'the time spent preparing the EAJA fee application . . . because it is "necessary for the preparation of the party's case[,]" 28 U.S.C. §§ 2414(d)(2)(A),'" but it would subject a fee request for any further work in pursuing that application to an additional substantial justification defense. Brief for Petitioners 16, n. 17 (quoting Kelly v. Bowen, 862 F.2d 1333, 1334 (CA8 1988)); see n. 4, supra. **We find no textual or logical argument for treating so differently a party's preparation of a fee application and its ensuing efforts to support that same application.**

Therefore, it is respectfully urged that there is no merit to the contention of the Defendants that Plaintiffs are not entitled to

attorneys fees for the time expended on behalf of the class.

## VI.   CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that Plaintiffs' Renewed and Amended Motion for Attorney Fees and Costs be granted and that the Court award them attorney fees and costs in the amount of $81,718.53.

Respectfully submitted,

REFUGIO DEL RIO GRANDE, INC.
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226

s/ Lisa S. Brodyaga
Texas Bar No:  03052800
Federal ID:    1178


LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW OF TEXAS
    Javier N. Maldonado
    S.D. Bar No. 20113
    Texas Bar No. 00794216
    118 Broadway Street, Suite 502
    San Antonio, TX  78205-2074
    Phone: 210-277-1603
    Fax: 210-225-3958

ATTORNEYS FOR THE PLAINTIFFS

CERTIFICATE OF SERVICE
This is to certify that on this ___ day of September, 2005, a true and correct copy of the foregoing Plaintiffs' Supplement Brief in Support of Plaintiffs' Renewed and Amended Motion for Award of Attorneys Fees and Costs via U.S. mail upon:
Peter D. Keisler
Assistant Attorney General
Civil Division

David V. Bernal

Assistant Director

Ernesto H. Molina, Jr.
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C., 20044


Javier N. Maldonado