United States District Court
Southern District of Texas
FILED

SEP 3 0 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANTELMA DOMINGUEZ-PEREZ, et al, | ) ) ) | |
| Plaintiffs, | ) ) ) | No. B-96-116 |
| v. | ) ) | |
| TOM RIDGE, et al., | ) ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO**
***PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR AWARD OF ATTORNEYS FEES AND COSTS***

Defendants hereby provide their response to *Plaintiffs' Supplemental Brief in Support of Plaintiffs' Renewed Motion for Award of Attorneys Fees and Costs* ("Plaintiffs' Supplemental")

**ARGUMENT**

**I.     PLAINTIFFS CANNOT RECOVER FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT GREATER THAN THE FEES ACTUALLY INCURRED**

Plaintiffs cannot recover attorneys fees which were not actually incurred. The Equal Access to Justice Act ("EAJA") provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), <u>incurred by that party in any civil action</u> (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). As a waiver of sovereign immunity, EAJA is narrowly interpreted. See <u>Resolution Trust Corp. v. Gaudet</u>, 192 F.3d 485, 487 (1999).

In their supplemental memorandum, Plaintiffs urge that the government's "narrow" interpretation of the term "incur" is not supported by the case law. Plaintiffs' Supplemental at 4. Their theory is that the legislative history suggests that the computation of attorney's fees is made without reference to fee agreements. See Plaintiffs' Supplemental at 4. That, however, is directly contrary to the Fifth Circuit's decision in Marre v. United States, which held that the meaning of "incurred" means that the fees cannot exceed the fee agreement. See 38 F.3d 823, 828 (5th Cir. 1994).

The flaw with Plaintiffs' analysis is that they read the term "incurred" out of EAJA. Indeed, they seemingly desire to transform the language of EAJA into that found, for example, in 42 U.S.C. § 1988. This latter section provides, in pertinent part: "[T]he court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . ." 42 U.S.C. § 1988. Plaintiffs would have the Court award fees regardless of whether the party actually "incurred" those fees. The Fifth Circuit has reached quite a different decision in Marre, finding that "incurred" is intended to have a different meaning. See Marre, 38 F.3d at 828 ("[§ 1988 allows an award] without any requirement that those fees be 'incurred.'"). The statute in Marre, on the other hand, "limits attorney's fees to those actually incurred, [therefore] Marre is entitled only to the amount owed under the contingency fee agreement plus costs, to the extent reasonable." Id. at 829.

Plaintiffs' recourse to the "legislative history" of EAJA is similarly unavailing. First, the legislative history of EAJA omits any explanation of "incurred." Thus, any reference to the legislative history become a job of somehow divining a legislative history – a task that is, at best, hazardous. Moreover, in light of the absence of direct legislative history, it bears repeating that

as a waiver of sovereign immunity, EAJA will be strictly construed to its terms. Therefore it is the actual language of EAJA that should prevail.

More importantly, even if it were assumed that an award can be made to legal service organizations or other counsel working "pro bono," Plaintiffs have not carried their burden of proof. To date, they have still failed to demonstrate whether any of the eleven plaintiffs paid attorney fees under their agreements. The only showing made was on behalf of Antelma Dominguez-Perez. She was obligated to pay no fees, therefore she incurred no fees. Moreover, if some of the other Plaintiffs paid a fee, then that would be the fee incurred and the amount to be reimbursed. Counsel for Plaintiffs has also submitted a declaration which suggests that some of the Plaintiffs may have paid reduced fee amounts. See *Petitioners' Notice of Filing of Retainer Agreement and Related Declarations*, Attachment 2, Declaration of Lisa S. Brodyaga, ¶¶ 2 (Refugio del Rio Grande "provides pro bono and reduced cost representation. . . .") & 3. The failure to produce the fee agreements or to provide statements by the ten remaining Plaintiffs means that the Plaintiffs have failed to prove that they have incurred fees which may be compensated.

## II.   PLAINTIFFS PROVIDE NO STATEMENT REGARDING THE GOVERNMENT'S SUBSTANTIAL JUSTIFICATION

The Plaintiffs did not address the second issue specified by the Court for supplemental memoranda – i.e., the government's substantial justification. Accordingly, the Defendants have been deprived of the opportunity to respond to what Plaintiffs may say in response to the Defendants' comments during the September 2, 2005 hearing or in Defendants' supplemental memorandum.

Whatever Plaintiffs may say, it cannot be suggested that the government's litigation position was unreasonable in law or fact. There is no presumption that the government's action was not substantially justified merely because the government's argument lost. See Scarborough v. Principi, 541 U.S. 401, 415 (2004); Kali v. Bowen, 854 F.2d 329 (9th Cir. 1988); Sierra Club v. Secretary of Army, 820 F.2d 513 (1st Cir. 1987)). The only question is whether the government's position was "justified in substance or in the main" or "justified to a degree that could satisfy a reasonable person" or having a "reasonable basis both in law and fact." Pierce v. Underwood, 487 U.S. 552, 565-66 (1988).

Under the only fair interpretation of "reasonable both in law and fact," the government's litigation position was substantially justified. The Fifth Circuit has explained that the fact that the government is arguing a novel but credible position is a circumstance where substantial justification should be found. This case involved an area of law previously unaddressed and therefore novel. Moreover, the government's position was confined to a reasonable legal basis. This is not a circumstance where the government expressly barred putative citizens from obtaining temporary proof of work authorization. This is a case involving an under-inclusive regulation. The Supreme Court has manifestly stated that an under-inclusive statute may survive an equal protection challenge, provided that the statute had a rational purpose in the first place. See Williamson v. Lee Optical Co., 348 U.S. 483, 488-89 (1955). The government had that purpose: to provide aliens who can obtain proof of work authorization only from the Attorney General with temporary proof of work authorization in the event an application is not adjudicated within ninety days. See 8 U.S.C. § 274a.13(d) (2004). Indeed, the entire regulation is geared towards applications by aliens for proof of work authorization. See generally 8 C.F.R. § 274a.13.

4

The Plaintiffs do not dispute that purpose. They merely claim the regulation is under-inclusive. The government's position therefore had a rational basis in law and fact, as the Supreme Court has stated.

Moreover, added to this is the fact that U.S. citizens do not need "work authorization." For a U.S. citizen to take advantage of his or her right to work, she need only prove citizenship, which may be done by any number of forms, many of which are available from birth. Thus, for the Attorney General (now the Secretary of Homeland Security) to focus his efforts on aliens who need proof of work authorization and to provide those aliens – some of whom are in the more vulnerable position of having fled persecution in another country – is reasonable in law and fact, albeit in this case unsuccessful. Thus, the government's position was substantially justified.

## CONCLUSION

For the foregoing reasons, the Court should deny the Renewed Fee Motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
Civil Division

DAVID V. BERNAL
Assistant Director

ERNESTO H. MOLINA, JR.
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone:   (202) 616-9344

Dated: September 29, 2005          Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via Federal Express overnight delivery, this 29th day of September 2005, addressed to:

        Ms. Lisa Brodyaga, Esquire
        17891 Landrum Park Road
        San Benito, TX 78586

_____
ERNESTO H. MOLINA, JR.
Senior Litigation Counsel