**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ANTELMA DOMINGUEZ-PEREZ**, et al.,<br>**Petitioners/Plaintiffs**,<br><br>v.<br><br>**TOM RIDGE**, et al,<br>**Respondents/Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CA No. B-96-116 |

**EXHIBIT "B" IN SUPPORT OF**
**PLAINTIFFS' OPPOSED MOTION TO ENFORCE AGREED ORDER, TO HOLD DEFENDANT ALFONSO DE LEON IN CONTEMPT, FOR DAMAGES, AND FOR EVIDENTIARY HEARING WITH RESPECT THERETO**

Exhibit "B" consists of early correspondence between Plaintiffs and Defendants about the problem, and the authorization of counsel for the Garza brothers to discuss his case with Defendants.

Respectfully submitted,

s/ Lisa S. Brodyaga
REFUGIO DEL RIO GRANDE, INC.
17891 Landrum Park Road
San Benito, TX 78586
Phone: (956) 421-3226
FAX: (956) 4213423
Texas Bar No: 03052800
Federal ID: 1178

Javier Maldonado, Attorney at Law
601 Howard St.
San Antonio, 78212
Phone: (210) 277-1603
Fax: (210) 225-3958

CERTIFICATE OF SERVICE

I certify that on May 8, 2006, a copy of the foregoing, with attachment, was mailed, first-class postage prepaid, to Ernesto Molina, Attorney, P.O. Box 878, Ben Franklin Station, Washington, D.C., 20044.

s/ Lisa S. Brodyaga
________________________

*Office of the Central Region Training Counsel*

**U.S. Department of Homeland Security**
1717 Zoy Street
Harlingen, TX 78552

U.S. Citizenship and
Immigration Services

**VIA FACSIMILE (956-421-3423)**

March 22, 2006

Lisa S. Brodyaga, Esquire
Law Offices of Lisa S. Brodyaga
17891 Landrum Park Road
San Benito, Texas 78586

Subject: Wilfredo Garza, A98-898-226
Jose Angel Garza, A98-898-209

Dear ~~Attorney Brodyaga~~ Lisa:

This is in response to your telephonic inquiry regarding the Applications for Employment Authorization Document for these individuals. I have asked the District Director and his staff to review these files and have been provided the following information: The N-600 applications of these individuals were improperly filed as they were not accompanied by certain evidence as required by 8 C.F.R. §301.1(a) (1). Mr. Diez, as the attorney of record, was made aware of the insufficiency and allowed time to supplement the applications. Because these applications were not properly filed, they cannot be considered as underlying applications for Employment Authorization purposes until they are supplemented and can be considered properly filed with the district.

Mr. Diez has also made inquiries into these matters and has received the same information.

I hope this information proves useful.

With kindest regards, I am

Most Respectfully Yours,

Cheri L. Jones
Central Region Training Counsel

**LAW OFFICES OF LISA S. BRODYAGA**
**17891 Landrum Park Rd.**
**San Benito, Texas 78586**
**(956) 421-3226**
**FAX: 421-3423**

March 23, 2006

Cheri Jones, Attorney
Bureau of Citizenship & Immigration Services
1717 Zoy Street
Harlingen, TX 78552
By fax: 389-7604

Re: I-765s for N-600 applicants
Wilfredo Garza, A98 898 226 and
Jose Angel Garza, A98 898 209

Dear Ms. ~~Jones~~: Cheri:

In response to your fax of March 22, 2006, I would note that, by its terms, 8 C.F.R. §301.1(a)(1) applies only to N-600s filed under Section 301(h) of the Act. The provision governing applications such as those involved herein is 8 C.F.R. §341.1 (emphasis added):

> §§ 341.1 Application.
>
> Form N-600. An application for a certificate of citizenship by or in behalf of a person who claims to have acquired United States citizenship under section 309(c) or to have acquired or derived United States citizenship as specified in section 341 of the Act shall be submitted on Form N-600 in accordance with the instructions thereon, accompanied by the fee specified in §§ 103.7(b)(1) of this chapter. The application shall be supported by documentary *and other evidence* essential to establish the claimed citizenship, such as birth, adoption, marriage, death, and divorce certificates.

As further specified by §341.2, (emphasis added):

> § 341.2 Examination upon application:
>
> (a) Personal appearance of applicant and parent or guardian -- (1) When testimony may be omitted. An application received at a Service office having jurisdiction over the applicant's residence may be processed without interview if the Service officer adjudicating the case has in the Service administrative file(s) all the required documentation necessary to

> establish the applicant's eligibility for U.S. citizenship, or if the application is accompanied by one of the following:
> (i) A Department of State Form FS-240 (Report of Birth Abroad of a Citizen of the United States);
> (ii) An unexpired United States passport issued initially for a full five/ten-year period to the applicant as a citizen of the United States, or
> (iii) The applicant's parent(s)' naturalization certificate(s).
>
> (2) Testimony required. Each applicant, when notified to do so, shall appear in person before an officer for examination under oath or affirmation upon the application. A person under 18 years of age must have a parent or guardian apply, appear, and testify for the applicant, unless one is unavailable and the district director is satisfied that the applicant is old enough to provide reliable testimony. The same rule will apply for incompetent applicants. *At the examination the applicant and the acting parent or guardian, if necessary, shall present testimony and evidence pertinent to the claim* to citizenship and shall have the right to review and rebut any adverse evidence on file, and to cross-examine witnesses called by the Government.
>
> (b) Witness -- (1) Personal appearance. *A witness shall be called to testify under oath or affirmation at the district director's option only if that person's testimony is needed to prove a particular point, and only if alternative proof is unavailable or more difficult to produce than is the witness.*
>
> (c) Proof. The burden of proof shall be upon the claimant, or his parent or guardian if one is acting in his behalf, *to establish the claimed citizenship by a preponderance of the evidence.*

The fact that some applications may be processed without an interview, if the file contains "all the required documentation necessary to establish the applicant's eligibility for U.S. citizenship," indicates that an application is properly filed, even if it does not contain *all* the required evidence. In such cases, interviews are scheduled, and further evidence, (including testimony, if necessary), is elicited.

This makes it crystal clear that an applicant may meet his/her burden through affidavits or testimony, as well as with documents. It is equally clear that if the evidence initially submitted is

deemed insufficient to carry the applicant's burden of proof, ("by a preponderance of the evidence"), and alternative proof (documents) is "unavailable *or more difficult to produce* than is the witness," the Examiner has a duty to interview the witnesses, whose testimony is also "evidence."

This procedure - long used in the Harlingen District, without great difficulty or controversy - has suddenly been abandoned, in favor of an approach which considers affidavits and testimony to carry weight only to the degree they are supported by "concrete" or "documentary" evidence. Clearly, this is not what is anticipated by the regulations. Therefore, if what CIS claims was "missing," such that the N-600 applications were not properly filed, was additional proof of physical presence, this would be incorrect.

The fact that the fees were accepted for the N-600s provides further evidence that the applications were "properly filed." The claim that without the full range of documents which Harlingen CIS is now improperly requiring, an N-600 is not "properly filed" for purposes of obtaining an EAD on the basis of that application is not only inconsistent with the plain language of the agreed Order in the *Dominguez-Perez* case, but is radically new, and contrary to both the spirt of, and established practice under, that Order.

I would appreciate it if you would look into the matter, and get back to me. If we cannot resolve this among ourselves, we will be forced to go back to federal court to enforce the agreed Order. Thank you for your prompt consideration.

Sincerely,

Lisa S. Brodyaga

Lisa S. Brodyaga,
Attorney at Law

cc: Ernesto Molina, Attorney
By fax: 202-616-4975

*Office of the Central Region Training Counsel*

**U.S. Department of Homeland Security**
1717 Zoy Street
Harlingen, TX 78552

U.S. Citizenship and
Immigration Services

**VIA FACSIMILE (956-421-3423)**

March 22, 2006

Lisa S. Brodyaga, Esquire
Law Offices of Lisa S. Brodyaga
17891 Landrum Park Road
San Benito, Texas 78586

Subject: Wilfredo Garza, A98-898-226
Jose Angel Garza, A98-898-209

Dear ~~Attorney Brodyaga~~ Lisa:

This is in response to your telephonic inquiry regarding the Applications for Employment Authorization Document for these individuals. I have asked the District Director and his staff to review these files and have been provided the following information: The N-600 applications of these individuals were improperly filed as they were not accompanied by certain evidence as required by 8 C.F.R. §301.1(a) (1). Mr. Diez, as the attorney of record, was made aware of the insufficiency and allowed time to supplement the applications. Because these applications were not properly filed, they cannot be considered as underlying applications for Employment Authorization purposes until they are supplemented and can be considered properly filed with the district.

Mr. Diez has also made inquiries into these matters and has received the same information.

I hope this information proves useful.

With kindest regards, I am

Most Respectfully Yours,

Cheri

Cheri L. Jones
Central Region Training Counsel

# TRANSMISSION VERIFICATION REPORT

TIME : 03/23/2006 11:38
NAME : REFUGIO DEL RIO GRAN
FAX : 9564213423
TEL : 9564213226
SER.# : BROE2J424492

| | |
|---|---|
| DATE,TIME | 03/23 11:37 |
| FAX NO./NAME | 3897604 |
| DURATION | 00:01:20 |
| PAGE(S) | 04 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

TRANSMISSION VERIFICATION REPORT

TIME : 03/23/2006 11:41
NAME : REFUGIO DEL RIO GRAN
FAX : 9564213423
TEL : 9564213226
SER.# : BROE2J424492

| | |
|---|---|
| DATE,TIME | 03/23 11:39 |
| FAX NO./NAME | 12026164975 |
| DURATION | 00:01:17 |
| PAGE(S) | 04 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

Jaime M. Diez
PO BOX 3070
BROWNSVILLE, TX 78523
TEL: (956) 544-3565
FAX: (956) 550-0006
Email: JaimeMDiez@aol.com

**Jones & Crane**
**ATTORNEYS AT LAW**

| | | | |
|---|---|---|---|
| **To:** | LISA | **From:** | JAIME DIEZ |
| **Fax:** | 956 421-3423 | **Pages:** | |
| **Phone:** | | **Date:** | 4/2/2006 |
| **Re:** | | **CC:** | |

☐ **Urgent** ☐ **For Review** ☐ **Please Comment** ☐ **Please Reply** ☐ **Please Recycle**

---

RE: PERMISSION TO DISCUSS THEIR CASE WITH IMMIGRATION
WILFREDO GARZA AGUILERA A98-898-226
JOSE ANGEL GARZA AGUILERA A98-898-209

Dear Lisa

As the Attorney of Record for these two applicants before the Bureau of Citizenship and Immigration Services I give you permission to look at their immigration files and discuss with immigration the status of their pending applications for a Certificate of Citizenship. In this regard, if you need anything else please let me know.

Jaime Diez
Attorney at Law