UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **ANTELMA DOMINGUEZ-PEREZ**, et al., | ) |
| **Petitioners/Plaintiffs,** | ) |
| | ) |
| v. | )    CA No. B-96-116 |
| | ) |
| **TOM RIDGE,** et al, | ) |
| **Respondents/Defendants.** | ) |
| | ) |

EXHIBIT "C" IN SUPPORT OF
PLAINTIFFS' OPPOSED MOTION TO ENFORCE AGREED ORDER, TO HOLD
DEFENDANT ALFONSO DE LEON IN CONTEMPT, FOR DAMAGES,
AND FOR EVIDENTIARY HEARING WITH RESPECT THERETO

Exhibit "C" consists of the documents relating to the case of Ramiro Acosta.

Respectfully submitted,

s/ Lisa S. Brodyaga
REFUGIO DEL RIO GRANDE, INC.
17891 Landrum Park Road
San Benito, TX 78586
Phone:  (956) 421-3226
FAX:    (956) 4213423
Texas Bar No:  03052800
Federal ID:    1178

Javier Maldonado, Attorney at Law
601 Howard St.
San Antonio, 78212
Phone:  (210) 277-1603
Fax:    (210) 225-3958

CERTIFICATE OF SERVICE

I certify that on May 8, 2006, a copy of the foregoing, with attachment, was mailed, first-class postage prepaid, to Ernesto Molina, Attorney, P.O. Box 878, Ben Franklin Station, Washington, D.C., 20044.

s/ Lisa S. Brodyaga

**U.S. Department of Homeland Security**
1717 Zoy Street
Harlingen, TX 78552



**U.S. Citizenship
and Immigration
Services**

Refer to File A14 109 561

Date: SEP 1 5 2005

Ramiro Acosta Ramirez
C/o Lisa Brodyaga
17891 Landrum Park Road
San Benito, Texas 78586

## DECISION

Upon consideration, it is ordered that your Form N600, Application for Certificate of Citizenship, be denied for the following reasons:

**Section 301(a)(7) of the Immigration and Nationality Act, as amended, provides in part:**

> The following shall be nationals and citizens of the United States at birth: . . . a person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years . . .

The record in this case reflects that on August 1, 2003, you filed an application for a certificate of citizenship. You claim to have been born of parents one of whom is an alien and the other a citizen of the United States and to have acquired citizenship through your father, a United States citizen at the time of your birth.

On June 27, 2005, you were accorded an interview in connection with your pending application. You were advised that before a decision could be made on your application, you would need to submit additional evidence that your father was physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after he attained the age of fourteen. You were given until July 28, 2005, to provide the requested evidence.

On August 10, 2005, the Service received an affidavit from your father as evidence of his physical presence in the United States. Evidence received on August 10, 2005, was reviewed along with all other evidence found in your file. Your record indicates your previous application for certificate of citizenship, Form N600, filed on January 24, 2002, was denied at the Dallas District Office on January 14, 2003. Evidence in support of the claimed physical presence was submitted, however, it was found to be insufficient to establish the required physical presence.

Refer to file A14 109 561

Your current Form N600 contains no additional evidence of your father's physical presence, other than a new affidavit from your father on his physical presence.

Evidence submitted which had been previously considered includes:  copy of your father's birth certificate filed 1948 showing his birth in Santa Rosa, Texas on February 9, 1936, and copy of your father's brother Jesus Acosta's baptismal certificate showing his birth in Santa Rosa, Texas on August 6, 1937 and baptism on May 22, 1938 in La Feria, Texas. Copy of your father's sister Irene Acosta's certificate of baptism showing her birth in Santa Rosa, Texas on April 5, 1934 and baptism on August 26, 1934 cannot be considered as was prior to your father's birth.

Copy of your father's selective service registration in April 19, 1956 was also provided. Other documents provided were unclear copies of receipts from Ham's Garage in Texas City, Texas dated January, February, and March 1957, receipt from City of Texas City dated January 1957, insurance policy showing address in Texas City for period August 27, 1956 through August 27, 1957, and paycheck stub from High Grade Packing, Co. in Galveston Texas with no date shown.  Social security statement shows earnings for your father in 1956 $1,059 and 1957 $519.  Other earnings shown cannot be considered as occurred after your birth in 1958.

A sworn statement was taken from Lorenzo Valle on June 27, 2005 at the Harlingen District Office, where he indicates to have been aware of your father's presence in the United States from around age three, that he left to Mexico with family around age four, then returned to the United States when he was around age twelve, and that he saw him when he was around his twenties, and when he got married.  Mr. Valle was unable to provide details as to exactly what years or periods he knew about your father or his actual whereabouts in the United States.

Affidavit dated June 27, 2003 from your father's cousin Elvira De la Fuente de Hinojosa does not relate any personal knowledge of your father's physical presence in the United States only that when she visited their home in Mexico he was never there and family always said he was working in the United States.  Affidavit dated June 27, 2003 from your father's aunt Guadalupe Acosta (now deceased) indicates she knew your father was born in 1936, that they moved to Mexico in 1940, and that he lived and worked in the United States from the mid 1940s through the early 1950's.  Her affidavit is not specific on the periods or details of the time your father was in the United States.

Affidavit dated June 27, 2003, from your mother Maria Magdalena Acosta indicates that she knew about your father living and working in the United States on different occasions but did not give specific places or periods other than he went north from 1956 to 1957.  Affidavit dated June 27, 2003 from Manuela Florencia indicates she knew your father lived in the United States from birth in 1936 through 1940 or 1941, then left to Mexico, and later returned to the United States to work in the mid 1940s, remaining in the United State till the present.

Affidavit dated July 22, 2005 from your father indicates he lived in the United States from 1936 through 1940, then lived in Mexico and returned to the United States around 1947 and worked with his parents at a ranch in Relampago through 1952, then moved to Elsa, Texas in 1952 and worked in several farms through 1955, and in 1956 he began working on his own.  Your father states in his affidavit that he only went to Mexico for short periods while working the United States.

Page3

Refer to file A14 109 561

After carefully reviewing the evidence presented, it has been determined that there is insufficient concrete evidence to support the periods claimed in the affidavits provided. Therefore, you have failed establish that your father was physically present in the United States or its outlying possessions, prior to your birth, for a period or periods totaling not less than ten years, at least five of which were after he attained the age of fourteen. Therefore, the application is hereby denied.

If you desire to appeal this decision, you may do so. Your notice of appeal must be filed within 30 days from the date of this notice. If no appeal is filed within the time allowed, this decision is final. Appeal in your case may be made to the Associate Commission of Examinations, on the enclosed Form I-290B.

If an appeal is desired, the Notice of Appeal shall be executed and filed with this office, together with the required fee of $110. A brief or other written statement in support of your appeal may be submitted with the Notice of Appeal.

Any questions you may have will be answered by the local immigration office nearest your residence, or at the address shown in the heading to this letter.

Sincerely,

Alfonso R. De Leon
District Director

OMB No. 1615-0000

**Department of Homeland Security**
U. S. Citizenship and Immigration Services

**I-290B, Notice of Appeal to the**
**Administrative Appeals Office (AAO)**

Fee Stamp

In the Matter of:

*Ramiro Acosta*

File Number:

*A14 109 561*

---

1. I am filing an appeal from the decision dated:

   *9/15/05*

2. Please check the **one** block that applies:

   ☐ I am not submitting a separate brief or evidence.

   ☐ I am submitting a separate brief and/or evidence with this form.

   ☒ I am sending a brief and/or evidence to the AAO within 30 days. *of today.*

   ☐ I need _____ days to submit a brief and/or evidence to the AAO. *(May be granted only for good cause shown. Explain in a separate letter, and attach the letter to your form.)*

---

**Person Filing Appeal**

Signature

Name *Lisa Brodyaga*

Address *17891 Landrum Pk Rd*
          *Number          Street*

*San Benito    Tx    78586*
*City          State    Zip Code*

Telephone No. *(956) 421 3226*

E-mail address, if any *lisabrodyaga*

Date *9/23/05*

☒ I am an attorney or representative, and I represent: *Mr. Acosta*
*Person and/or organization for whom you are appearing.*

Telephone No. ( ) *G-28 on file*

E-mail address, if any _____

**You must attach a Notice of Entry of Appearance (Form G-28) if you are an attorney or representative and did not submit such a form before.**

---

3. Briefly, state the reason(s) for this appeal:

   *See attached*

05 SEP 23 PM 2: 54

Form I-290B (Rev. 03/04/05)N

Supplement to Notice of Appeal
A14 109 561

The standard set herein, of requiring "sufficient concrete evidence" of physical presence, is unrealistic, and not in accordance with prior precedent. Applicant has submitted more than enough evidence to meet his burden.  Absent a finding that his father or other witnesses are not credible, there is no basis for denying such an application.

Further, his prior N-600 was not adjudicated in a manner consistent with Due Process, and cannot be used to set any type of presumption against him.

A brief will be submitted with thirty days, *i.e.,* no later than October 21, 2005.

U. S. Department of Justice
Immigration and Naturalization Service

DEC 0 2 2005
12:38 p.m Ap

011047 ITEM
TOTAL CHECK
TAX TL
RAMIRO ACOSTA
A141095561
I-290B1
09/23/2005
DHS
HARLINGEN, TX

CLERK 3
H02D
$110.00
$110.00
$0.00
$110.00
1
15:13

**Do Not Write in This Block**

| Remarks | Action Stamp |
|---|---|
| A# | |
| Applicant is filing under 274a.12 | |

☐ Application Approved.  Employment Authorized / Extended  (Circle One) _____ (Date).
   until _____ (Date).

Subject to the following conditions: _____
☐ Application Denied.
   ☐ Failed to establish eligibility under 8 CFR 274a.12 (a) or (c).
   ☐ Failed to establish economic necessity as required in 8 CFR 274a.12(c) (14), (18) and 8 CFR 214.2(f)

I am applying for:   ☒ Permission to accept employment
   ☐ Replacement  (of lost employment authorization document).
   ☐ Renewal of my permission to accept employment (attach previous employment authorization document).

1. Name (Family Name in CAPS)   (First)   (Middle)
   ACOSTA   Ramiro

2. Other Names Used (Include Maiden Name)
   c/o Magdalena Acosta

3. Address in the United States  (Number and Street)   (Apt. Number)
   Rt 1 Box 1013 / Chapa South
   (Town or City)   (State/Country)   (ZIP Code)
   Mercedes   Tx   78570

4. Country of Citizenship/Nationality
   Mexico / USA?

5. Place of Birth (Town or City)   (State/Province)   (Country)
   Valle Hermoso, Tamps MX

6. Date of Birth (Month/Day/Year)   7. Sex
   1/25/58   ☐ Male ☒ Female

8. Marital Status   ☒ Married   ☐ Single
   ☐ Widowed   ☐ Divorced

9. Social Security Number (Include all Numbers you have ever used)
   462 13 0974

10. Alien Registration Number (A-Number) or I-94 Number (if any)
   A141 10 1561

11. Have you ever before applied for employment authorization from INS?
   ☒ Yes   (If yes, complete below)   ☐ No
   Which INS Office?   Date(s)
   Harlingen
   Results (Granted or Denied - attach all documentation)

12. Date of Last Entry into the U.S. (Month/Day/Year)
   5/20/03

13. Place of Last Entry into the U.S.
   Progreso Tx

14. Manner of Last Entry (Visitor, Student, etc.)
   faulty inspection

15. Current Immigration Status (Visitor, Student, etc.)
   N-600 pending (appeal filed)

16. Go to Part 2 of the Instructions, Eligibility Categories.  In the space
   below, place the letter and number of the category you selected from
   the instructions (For example, (a)(8), (c)(17)(iii), etc.).
   Eligibility under 8 CFR 274a.12   per court order
   ( )   ( )   ( )

## Certification

**Your Certification:** I certify, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.  Furthermore, I authorize the release of any information which the Immigration and Naturalization Service needs to determine eligibility for the benefit I am seeking.  I have read the Instructions in Part 2 and have identified the appropriate eligibility category in Block 16.

Signature   Telephone Number   Date
   7/12/05

**Signature of Person Preparing Form If Other Than Above:** I declare that this document was prepared by me at the request of the applicant and is based on all information of which I have any knowledge.

Print Name   Address   Signature   Date
   7/12/05

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586

| Initial Receipt | Resubmitted | Relocated | | Completed | | |
|---|---|---|---|---|---|---|
| | | Rec'd | Sent | Approved | Denied | Returned |
| | | | | | | |

Form I-765 (Rev. 10/13/98)N Page 7

A S BRODYAGA 43068928 Page 5



**LISA S. BRODYAGA**
**ATTORNEY AT LAW**
17891 LANDRUM PARK RD.
SAN BENITO, TX 78586

4910

PAY TO THE ORDER OF _CIS_

DATE _12/1/0 5_

_$ 180—_

_One Hundred Eighty_ _____ DOLLARS

**TEXAS STATE BANK**
A Bank for Texas.

FOR _1410956I_

⑈004910⑈ ⑆114909013⑈ ⑈43068928⑈ ⑈00000 0000⑈

10 - $180.00 - 12/08/2005

**DEPARTMENT OF HOMELAND SECURITY**
**BUREAU OF IMMIGRATION AND CITIZENSHIP SERVICES**

In re

RAMIRO ACOSTA-~~RAMIREZ~~
A14 109 561

**APPLICANT'S BRIEF TO THE AAO, IN SUPPORT OF APPEAL FROM
DENIAL OF N-600 APPLICATION FOR CERTIFICATE OF CITIZENSHIP**

Ramiro Acosta, through counsel, files his brief in support of his
appeal from the denial of his application for a Certificate of
Citizenship, Form N-600.

## I.  BACKGROUND AND PERTINENT FACTS

Ramiro Acosta was born January 25, 1958, in Valle Hermoso,
Tamaulipas, Mexico.  He is the legitimate son of Francisco Acosta,
born February 9, 1936, in Santa Rosa, Texas, and Maria Magdalena
Acosta, a Mexican national.  Mr. Acosta entered the United States
on June 11, 1962.  He thereafter adjusted his status to that of a
lawful permanent resident.  However, Mr. Acosta was later put in
removal proceedings, conducted at Big Springs, Texas.

On January 24, 2002, prior counsel filed an N-600 on his behalf.
The application had not been adjudicated, and most of the witnesses
had not been interviewed, when he appeared before the Immigration
Judge, on January 14, 2003.  The IJ persuaded Mr. Acosta to accept
an order of removal, telling him that he could proceed with his N-
600 application while in Mexico. [1]  However, within hours, if not
minutes, of accepting a final order of removal, (subject to his
claim to U.S. citizenship), INS denied that application, still
without interviewing the pertinent witnesses.  Such a denial
creates no inferences as to the merits of the application.

Mr. Acosta therefore returned to the U.S., and filed a new N-600,
with additional documentation, including the affidavits of several

---

[1]    *See,* Exhibit A, incorporated herein by reference.

new witnesses. However, by decision dated September 15, 2005, the District Director denied the application. Three aspects of the denial letter stand out. First, it incorrectly asserts that the only additional evidence presented in support of the second N-600 was a "new affidavit" from Mr. Acosta's father, with respect to his physical presence. Second, the denial recounts some aspects of the witnesses' affidavits, (incorrectly) finding them to lack adequate specificity, most of the witnesses were not interviewed in order to obtain the requisite specificity, and/or to determine whether they were credible. And third, the denial imposes an incorrect and unrealistic burden of proof, requiring "concrete" evidence of the physical presence of the source parent in order to corroborate the affidavits (and testimony) if the witnesses.

## II.  ISSUES PRESENTED

**A.  WHERE THE REGULATIONS ALLOW AN APPLICANT TO SUBMIT "DOCUMENTARY AND OTHER EVIDENCE," AND CONTEMPLATE THAT THE WITNESSES' TESTIMONY MAY BE TAKEN WHERE NECESSARY TO RESOLVE ANY FACTUAL QUESTIONS, THE DISTRICT DIRECTOR ERRED IN REQUIRING THE AFFIDAVITS AND TESTIMONY TO BE SUPPORTED BY "CONCRETE" EVIDENCE**

**B.  THE EVIDENCE SUBMITTED, AND WITNESSES TENDERED, WERE MORE THAN ADEQUATE TO DEMONSTRATE THAT MR. ACOSTA'S FATHER HAD THE REQUISITE PHYSICAL PRESENCE IN THE UNITED STATES PRIOR TO HIS BIRTH, FOR HIM TO ACQUIRE UNITED STATES CITIZENSHIP THROUGH HIS FATHER.**

## III.  ARGUMENT

**A.  THE REGULATIONS PERMIT AN APPLICANT TO SUBMIT BOTH "DOCUMENTARY AND OTHER EVIDENCE," AND CLEARLY CONTEMPLATE THAT THE TESTIMONY OF WITNESSES MAY BE TAKEN, AND THE DISTRICT DIRECTOR ERRED IN IMPOSING AN UNREALISTIC AND ARTIFICIAL STANDARD THAT WITNESSES AFFIDAVITS (AND TESTIMONY) MUST BE SUPPORTED BY "CONCRETE" EVIDENCE.**

In denying Mr. Acosta's (second) application, the District Director ruled as follows (emphasis added):

> After carefully reviewing the evidence presented, *it has been determined that there is insufficient concrete evidence to support the periods claimed in the affidavits*

2

> *provided*. **Therefore**, you have failed [to] establish that
> your father was physically present in the United States
> or its outlying possessions, prior to your birth, for a
> period or periods totaling not less than ten years, at
> least five of which were after he attained the age of
> fourteen. Therefore, the application is hereby denied.

In other words, the lack of "[]sufficient concrete evidence" to
support the claims made in the affidavits mandates a denial of the
application.  This is both a stunning new, and incorrect, legal
claim.  Since at least 1978, when the undersigned began practicing
immigration law in the Harlingen District, N-600s have been
routinely adjudicated, in accordance with the regulations, under a
"preponderance of the evidence" standard, utilizing documentary,
*and* other forms of evidence, (*e.g.*, affidavits), and, as necessary,
live testimony of the witnesses.  The requirement that affidavits,
(and, presumably, live testimony), showing physical presence must
be supported by an unspecified quantity of "concrete evidence" is
new to the Harlingen CIS District.  It was imposed after a
particularly contentious case, which had been filed in Harlingen,
and transferred to San Antonio, wherein an Examiner from San
Antonio came to Harlingen to interview the witnesses. [2]

Most importantly, the new requirement is contrary to the
regulations, which contemplate that, where documentary evidence is
lacking, physical presence can be established, as it has been for
decades, by interviewing the source parent and other witnesses.

As provided by 8 C.F.R. §341.1 (emphasis added):

> §§ 341.1 Application.
>
> Form N-600. An application for a certificate of
> citizenship by or in behalf of a person who claims to
> have acquired United States citizenship under section

---

[2]  Said case is also currently on appeal, A34 334 195.

3

309(c) or to have acquired or derived United States citizenship as specified in section 341 of the Act shall be submitted on Form N-600 in accordance with the instructions thereon, accompanied by the fee specified in §§ 103.7(b)(1) of this chapter. The application shall be supported by documentary *and other evidence* essential to establish the claimed citizenship, such as birth, adoption, marriage, death, and divorce certificates.

As further specified by §341.2, (emphasis added):

§ 341.2 Examination upon application:

(a) Personal appearance of applicant and parent or guardian

(2) Testimony required. Each applicant, when notified to do so, shall appear in person before an officer for examination under oath or affirmation upon the application. A person under 18 years of age must have a parent or guardian apply, appear, and testify for the applicant, unless one is unavailable and the district director is satisfied that the applicant is old enough to provide reliable testimony. The same rule will apply for incompetent applicants. *At the examination the applicant and the acting parent or guardian, if necessary, shall present testimony and evidence pertinent to the claim* to citizenship and shall have the right to review and rebut any adverse evidence on file, and to cross-examine witnesses called by the Government.

(b) Witness -- (1) Personal appearance. *A witness shall be called to testify under oath or affirmation at the district director's option only if that person's testimony is needed to prove a particular point, and only if alternative proof is unavailable or more difficult to produce than is the witness.*

(c) Proof. The burden of proof shall be upon the claimant, or his parent or guardian if one is acting in his behalf, *to establish the claimed citizenship by a preponderance of the evidence.*

From this, it is clear that an applicant for a Certificate of Citizenship may meet his/her burden of proof through affidavits, as well as "concrete" (documentary) evidence. It is also clear that if this evidence is deemed insufficient to carry the applicant's burden of proof, ("by a preponderance of the evidence"), and alternative proof (documents) is "unavailable *or more difficult to*

4

*produce* than is the witness," the Examiner has a duty to interview the witnesses, whose testimony is also "evidence."

This procedure - long used in the Harlingen District, without great difficulty or controversy - has suddenly been abandoned, in favor of an approach which considers affidavits and testimony to carry weight only to the degree they are supported by "[]sufficient concrete evidence." This is error. [3]

**B. THE EVIDENCE SUBMITTED, AND WITNESSES TENDERED, WERE MORE THAN ADEQUATE TO DEMONSTRATE, BY A PREPONDERANCE OF THE EVIDENCE, THAT MR. ACOSTA'S FATHER HAD THE REQUISITE PHYSICAL PRESENCE IN THE UNITED STATES PRIOR TO HIS BIRTH, FOR HIM TO ACQUIRE UNITED STATES CITIZENSHIP THROUGH HIS FATHER.**

Proof by "a preponderance of the evidence" is simply sufficient proof to show that something is "more likely than not." *See, Heartland Federal Savings & Loan Assoc. v. Briscoe Enters.*, 994 F.2d 1160, 1164 (5th Cir. 1993), citing *In re Winship,* 397 U.S. 358, 371 (1970) (Harlan, J. concurring). Here, the evidence is clearly sufficient to show that it is "more likely than not" that Mr. Acosta's father, Francisco Acosta, was physically present in the United States for a total of ten years, of which at least five were after he attained the age of fourteen.

First, the evidence shows that it is (far) "more likely than not" that Francisco Acosta was physically present in the U.S. from his birth on February 9, 1936 until he was at least four years old. He presented evidence demonstrating that his paternal grandmother was

_____

[3] The erroneous burden imposed by the District Director herein is also shown by the N-14, dated June 28, 2005, which states:

ANY AFFIDAVITS PRESENTED MUST INDICATE SPECIFIC DATES AND PERIODS FOR PLACES OF RESIDENCE AND EMPLOYMENT, INCLUDING ADDRESSES OF SOURCE PARENT'S CLAIMED PHYSICAL PRESENCE OR RESIDENCE IN THE UNITED STATES, AND MUST BE SUPPORTED BY OTHER EVIDENCE OF PHYSICAL PRESENCE.

a native born U.S. citizen, and that his father's family resided in Santa Rosa, Texas, from at least 1934, until 1940. To this end, he presented his grandmother's birth certificate, the baptismal certificate of one of his father's older sisters, showing birth and baptism in Santa Rosa, Texas, in 1934, and the baptismal certificate of his younger brother, showing birth and baptism in Santa Rosa, Texas, in 1937 and 1938, respectively. He also presented the declarations of his Aunt, Guadalupe Acosta De La Fuente, his grandfather's cousin, Manuela Castillo Florencia, attesting that the family resided in Santa Rosa until 1940 or 1941.

The evidence also shows that it is it is (far) "more likely than not" that Francisco Acosta returned to the United States in 1946, and that he spent at least one year between 1946 and 1950 (when he turned fourteen), in Texas. *See, e.g.,* the birth certificate of Francisco Acosta, showing that it was issued on December 3, 1948, to his father, Lazaro Acosta, who was then residing in Harlingen, Texas, and was based on affidavits given in November, 1948; the baptismal certificate of Francisco's younger brother Jesus, issued in September, 1946; and the declarations of Francisco himself, as well as those of Manuela Castillo Florencia, and Guadalupe Acosta De La Fuente. This gives him at least five years physical presence in the United States prior to the age of fourteen.

From 1950 to 1958, when the applicant was born, the evidence also shows that it is (far) "more likely than not" that Francisco Acosta was physically present in the United States for more than five years. His declaration shows that from 1950 to 1952, he spent no more than one month a year in Mexico. This is corroborated by the declaration of his wife, and to a lesser degree, by those of other witnesses. From 1952 through 1955, he spent eleven months a year, (February through December), working in the United States with his uncle, uncle Jesus Gonzalez, who was a farm labor contractor, in Elsa, Texas. Again, Francisco Acosta's declaration to that effect is corroborated by that of his aunt. And from 1956 to 1958, he

lived and worked in Texas City, Texas. In addition to his declaration and Social Security records, he presented several documents from the time he spent there, including an insurance policy, his Uncle's declaration, that of his wife, and miscellaneous receipts and pay stubs.

Absent any indication that Francisco and/or his witnesses were deemed not to be credible, this more than satisfies his burden of proving, by a preponderance of the evidence, that he was physically present in the U.S. for the requisite time for his son, Ramiro Acosta, to have acquired United States citizenship through him.

It is therefore urged that the decision of the District Director herein, denying the application of Ramiro Acosta for a Certificate of Citizenship, utilized an erroneous standard of proof, and came to an incorrect conclusion. The decision should be vacated, and the requested Certificate issued.

Respectfully Submitted,

Lisa S. Brodyaga
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226

cc: District Director, Harlingen, Texas

10/4/05

7

### DEPARTMENT OF HOMELAND SECURITY
### BUREAU OF IMMIGRATION AND CITIZENSHIP SERVICES

In re

**RAMIRO ACOSTA-RAMIREZ**
**A14 109 561**

### EXHIBIT "A" IN SUPPORT OF APPEAL FROM
### DENIAL OF N-600 APPLICATION FOR CERTIFICATE OF CITIZENSHIP

IMMIGRATION COURT
1100 COMMERCE ST., ROOM 404
DALLAS, TX  75242

In the Matter of

                              Case No.: A14-109-561
*F-ACOSTA-RAMIREZ, RAMIRO**
      Respondent              IN REMOVAL PROCEEDINGS

            ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Jan 14, 2003.
This memorandum is solely for the convenience of the parties.  If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.
[X]  The respondent was ordered removed from the United States to Mexico
                                         or in the alternative to
[ ]  Respondent's application for voluntary departure was denied and
     respondent was ordered removed to
     alternative to
[ ]  Respondent's application for voluntary departure was granted until
        upon posting a bond in the amount of $ _____
     with an alternate order of removal to
[ ]  Respondent's application for asylum was ( )granted  ( )denied
     ( )withdrawn.
[ ]  Respondent's application for withholding of removal was ( )granted
     ( )denied  ( )withdrawn.
[ ]  Respondent's application for cancellation of removal under section
     240A(a) was ( )granted  ( )denied  ( )withdrawn.
[ ]  Respondent's application for cancellation of removal was ( ) granted
     under section 240A(b)(1)    ( ) granted under section 240A(b)(2)
     ( ) denied  ( ) withdrawn.  If granted, it was ordered that the
     respondent be issued all appropriate documents necessary to give
     effect to this order.
[ ]  Respondent's application for a waiver under section _____ of the INA was
     ( )granted  ( )denied  ( )withdrawn or ( )other.
[ ]  Respondent's application for adjustment of status under section _____
     of the INA was ( )granted  ( )denied  ( )withdrawn.  If granted, it
     was ordered that respondent be issued all appropriate documents necessary
     to give effect to this order.
[ ]  Respondent's status was rescinded under section 246.
[ ]  Respondent is admitted to the United States as a _____ until _____.
[ ]  As a condition of admission, respondent is to post a $ _____ bond.
[ ]  Respondent knowingly filed a frivolous asylum application after proper
     notice.
[ ]  Respondent was advised of the limitation on discretionary relief for
     failure to appear as ordered in the Immigration Judge's oral decision.
[ ]  Proceedings were terminated.
[X]  Other: Rep. conceded removability but preserves a future claim
     Date: Jan 14, 2003 to US Citizenship based on a pending N-600.
     Appeal: (Waived)/Reserved   Appeal Due By:

                                      D. ANTHONY ROGERS
                                      Immigration Judge

CCB

ALIEN NUMBER: 14-109-561                     ALIEN NAME: *F-ACOSTA-RAMIREZ, RAMIRO**

CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN [ ] ALIEN c/o Custodial Officer [ ] ALIEN's ATT/REP [X] INS
DATE: _1-14-05_         BY: COURT STAFF
     Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

Q6

## NOTICE OF ENTRY OF APPEARANCE AS ATTORNEY OR REPRESENTATIVE

| In re: *Ramiro Acosta* | DATE *7/29/03* |
|---|---|
| | FILE No. *A14 109 561* |

I hereby enter my appearance as attorney for (or representative of) and at the request of, the following named person(s):

NAME *Same* c/o Maria Magdalena Acosta      (Petitioner) (Applicant)

ADDRESS (Apt. No.) *Rt 1 Box 1013 S. Chapa* (Number & Street) *Mercedes* (City) *Tx* (State) *78570* (ZIP Code)

NAME                                          (Petitioner) (Beneficiary) (Applicant)

ADDRESS    (Apt. No.)        (Number & Street)        (City)        (State)        (ZIP Code)

*Check Applicable Item(s) below:*

[X] 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia

_____ *Texas* _____ and am not under a
(Name of Court)

court or administrative agency order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

[ ] 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

[ ] 3. I am associated with _____,
the attorney of record who previously filed a notice of appearance in this case and my appearance is at his request. (If you check this item, also check item 1 or 2 whichever is appropriate.)

[ ] 4. Others (Explain fully.)

| SIGNATURE | COMPLETE ADDRESS |
|---|---|
| *(signature)* | REFUGIO DEL RIO GRANDE<br>17891 Landrum Park Road<br>San Benito, Texas 78586 |
| NAME (Type or Print) *Lisa S. Brodyaga* | TELEPHONE NUMBER (956)421-3226 |

PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS: *Lisa S. Brodyaga*
(Name of Attorney or Representative)

THE ABOVE CONSENT TO DISCLOSE IS IN CONNECTION WITH THE FOLLOWING MATTER:

| NAME OF PERSON CONSENTING | SIGNATURE OF PERSON CONSENTING [X] *(signature) Ramiro Acosta* | DATE *6/30/03* |
|---|---|---|

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

Form G-28
(Rev.10-25-79)N                  (OVER)                  UNITED STATES DEPARTMENT OF JUSTICE
                                                         Immigration and Naturalization Service

IMMIGRATION COURT
1100 COMMERCE ST., ROOM 404
DALLAS, TX  75242

In the Matter of

                              Case No.: A14-109-561

*F-ACOSTA-RAMIREZ, RAMIRO**
     Respondent                IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Jan 14, 2003.
This memorandum is solely for the convenience of the parties.  If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[X]  The respondent was ordered removed from the United States to **Mexico**
                                                or in the alternative to

[ ]  Respondent's application for voluntary departure was denied and
     respondent was ordered removed to
     alternative to

[ ]  Respondent's application for voluntary departure was granted until
        upon posting a bond in the amount of $ _____
     with an alternate order of removal to

[ ]  Respondent's application for asylum was ( )granted  ( )denied
     ( )withdrawn.

[ ]  Respondent's application for withholding of removal was ( )granted
     ( )denied  ( )withdrawn.

[ ]  Respondent's application for cancellation of removal under section
     240A(a) was ( )granted  ( )denied  ( )withdrawn.

[ ]  Respondent's application for cancellation of removal was ( ) granted
     under section 240A(b)(i)    ( ) granted under section 240A(b)(2)
     ( ) denied  ( ) withdrawn.  If granted, it was ordered that the
     respondent be issued all appropriate documents necessary to give
     effect to this order.

[ ]  Respondent's application for a waiver under section _____ of the INA was
     ( )granted  ( )denied  ( )withdrawn or ( )other.

[ ]  Respondent's application for adjustment of status under section _____
     of the INA was ( )granted  ( )denied  ( )withdrawn.  If granted, it
     was ordered that respondent be issued all appropriate documents necessary
     to give effect to this order.

[ ]  Respondent's status was rescinded under section 246.

[ ]  Respondent is admitted to the United States as a _____ until _____.

[ ]  As a condition of admission, respondent is to post a $ _____ bond.

[ ]  Respondent knowingly filed a frivolous asylum application after proper
     notice.

[ ]  Respondent was advised of the limitation on discretionary relief for
     failure to appear as ordered in the Immigration Judge's oral decision.

[ ]  Proceedings were terminated.

[X]  Other: _Rep. conceded removability but preserves a future claim_
     Date: Jan 14, 2003  _to US Citizenship based on a pending N-600._
     Appeal: Waived/Reserved    Appeal Due By:

                                          D. ANTHONY ROGERS
                                          Immigration Judge

CCB

ALIEN NUMBER: 14-109-561                      ALIEN NAME: *F-ACOSTA-RAMIREZ, RAMIRO**

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [X] INS
DATE: 1-14-05 _____  BY: COURT STAFF _____
      Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

Q6

## NOTICE OF ENTRY OF APPEARANCE AS ATTORNEY OR REPRESENTATIVE

| In re: | | DATE 7/29/03 |
|---|---|---|
| *Ramiro Acosta* | | FILE No. A14 109 561 |

I hereby enter my appearance as attorney for (or representative of), and at the request of, the following named person(s):

| NAME | *Same* | c/o Maria Magdalena Acosta | | [ ] Petitioner [ ] Beneficiary | [ ] Respondent [X] Applicant |
|---|---|---|---|---|---|
| ADDRESS (Apt. No.) | (Number & Street) | (City) | | (State) | (ZIP Code) |

RT 1 Box 1013 S. Chapa Mercedes Tx 78570

| NAME | | | | [ ] Petitioner [ ] Beneficiary | [ ] Respondent [ ] Applicant |
|---|---|---|---|---|---|
| ADDRESS (Apt. No.) | (Number & Street) | (City) | | (State) | (ZIP Code) |

*Check Applicable Item(s) below:*

[X] 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia

_____*Texas*_____ and am not under a
(Name of Court)

court or administrative agency order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

[ ] 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

[ ] 3. I am associated with _____,
the attorney of record who previously filed a notice of appearance in this case and my appearance is at his request. (If you check this item, also check item 1 or 2 whichever is appropriate.)

[ ] 4. Others (Explain fully.)

| SIGNATURE | COMPLETE ADDRESS | REFUGIO DEL RIO GRANDE |
|---|---|---|
| | | 17891 Landrum Park Road |
| | | San Benito, Texas 78586 |
| NAME (Type or Print) *Lisa S. Brodyaga* | TELEPHONE NUMBER | (956) 421-3226 |

PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS. *Lisa S. Brodyaga*
(Name of Attorney or Representative)

THE ABOVE CONSENT TO DISCLOSE IS IN CONNECTION WITH THE FOLLOWING MATTER:

| NAME OF PERSON CONSENTING | SIGNATURE OF PERSON CONSENTING | DATE 6/20/03 |
|---|---|---|

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

Form G-28
(Rev. 10-25-79)N

(OVER)

UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service



**INFOPASS**
Your e-Ticket to Immigration
Information

**Name:** **Lisa Brodyaga**

**Appointment Interim EAD
Type:**

**Confirmation No.:** HLG-06-3070          **Authentication Code:** 1378a

**Appointment** **March 31, 2006**          **Appointment Time:** **9:30 AM**
**Date:**

**Location:** 1717 ZOY ST, Harlingen, TX 78552; INFORMATION LOBBY

**Please be on time. Failure to show up on time will result in the cancellation of
your appointment. You will then need to reschedule your appointment. You will
not be admitted more than 15 minutes before your scheduled appointment time.**

- **You must appear in person and bring photo identification along with this
  appointment letter.**
- **Acceptable forms of identification are any of the following: Government
  issued identification, passport, valid driver's license, I-94, Work
  Authorization Card, or Permanent Resident Card. (Green Card)**
- **In order to serve you more efficiently, we require you to bring all
  applicable immigration forms, letters, receipts, translations and originals
  of supporting documents.**

**This is your Confirmation
Number:**



**If you wish to cancel this appointment, you will need the
following Personal Identification Number:**
*43574*