UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **ANTELMA DOMINGUEZ-PEREZ**, et al., | ) |
| **Petitioners/Plaintiffs,** | ) |
| | ) |
| v. | )  CA No. B-96-116 |
| | ) |
| **TOM RIDGE,** et al, | ) |
| **Respondents/Defendants.** | ) |
| | ) |

EXHIBIT "D" IN SUPPORT OF
PLAINTIFFS' OPPOSED MOTION TO ENFORCE AGREED ORDER, TO HOLD
DEFENDANT ALFONSO DE LEON IN CONTEMPT, FOR DAMAGES,
AND FOR EVIDENTIARY HEARING WITH RESPECT THERETO

Exhibit "D" consists of recent correspondence between Plaintiffs
and Defendants, still attempting to resolve the issue.

Respectfully submitted,

s/ Lisa S. Brodyaga
REFUGIO DEL RIO GRANDE, INC.
17891 Landrum Park Road
San Benito, TX 78586
Phone:  (956) 421-3226
FAX:    (956) 4213423
Texas Bar No:  03052800
Federal ID:    1178

Javier Maldonado, Attorney at Law
601 Howard St.
San Antonio, 78212
Phone:  (210) 277-1603
Fax:    (210) 225-3958

CERTIFICATE OF SERVICE

I certify that on May 8, 2006, a copy of the foregoing, with
attachment, was mailed, first-class postage prepaid, to Ernesto
Molina, Attorney, P.O. Box 878, Ben Franklin Station, Washington,
D.C., 20044.

s/ Lisa S. Brodyaga

**LAW OFFICES OF LISA S. BRODYAGA**
**17891 Landrum Park Rd.**
**San Benito, Texas 78586**
**(956) 421-3226**
**FAX: 421-3423**
April 20, 2006

Cheri Jones, Attorney
Bureau of Citizenship & Immigration Services
1717 Zoy Street
Harlingen, TX 78552
By FAX: 389-7604

Re: EAD's for N-600 applicants

Gentlepersons:

This is to advise you that you have until April 28, 2006 to resolve
the problems we are having in obtaining EADs for N-600 applicants.

As we discussed at our last meeting, the position that CIS is
currently taking, to wit, that an N-600 application is not
"properly filed," and the applicant is therefore not entitled to
employment authorization, unless it is accompanied by sufficient
"documentary" evidence to warrant approval, is not in keeping with
the Agreed Order, or with the equivalent procedures for applicants
for adjustment of status.

First, it would render pointless the portion of the Order allowing
for EADs during appeals of denials of N-600's, because under your
theory, any application which is denied must, by definition, not
have been properly filed.  It is also inconsistent with the
regulations, which, in keeping with decades of practice in
adjudicating N-600 applications, clearly envision that testimony
can be a major portion of the evidence submitted.  And it is not
equivalent to the manner in which I-485s are processed.  In many
cases, adjustment applications can also not be granted without an
interview, because, for example, the "bona fides" of most marriages
are not susceptible to ready documentation, just as physical
presence is often not susceptible of documentation beyond
affidavits and testimony.  And I have never had an EAD denied for
an I-485 applicant, even after having received "Notice of Intent to
Deny" the I-485 because of suspected marriage fraud!

Rather, it has also been the consistent practice for decades that,
so long as an I-485 application is still pending, the EAD will be

renewed. As you well know, CIS is even renewing EADs for some adjustment applications that have been denied, while motions to reopen those applications, and appeals of an application for a waiver, are still pending.

For example, the application of Luis Raul Linarte was denied because he failed to timely present some requested documentation. We filed a motion to reopen, with the accompanying evidence, and an appeal from the denial of an I212, which had been simultaneously denied. He has twice renewed his EAD on the basis that these pending matters. This is wholly inconsistent with the position you are taking on the EADs for N-600 applicants.

Our N-600 clients are in need of employment authorization, so that they can, among other things, pay for the DNA tests you have requested in at least one case. Therefore, if, by April 28, I have not received word from you that the problem has been resolved, I intend to return to Judge Hanen, in a contempt proceeding.

Sincerely,

Lisa S. Brodyaga,
Attorney at Law

cc: Ernesto Molina, Attorney, OIL
    by FAX: 202-616-4975

2

## LAW OFFICES OF LISA S. BRODYAGA
### 17891 Landrum Park Rd.
### San Benito, Texas 78586
### (956) 421-3226
### FAX: 421-3423
April 28, 2006

Ernesto Molina, Attorney,
OIL
By FAX: 202-616-4975

Dear Mr. Molina:

In my letter of March 29, 2006, (copy attached), I mentioned three cases where more than three months had passed, and CIS refused to issue an interim EAD. Your response (partially) addresses only one. I will give you until Wednesday, May 3, 2006, to resolve the issue, or I will return to Judge Hanen for enforcement.

Sincerely,

Lisa S. Brodyaga,
Attorney at Law

cc: Cheri Jones,
    by fax: 389-7604

## LAW OFFICES OF LISA S. BRODYAGA

**17891 Landrum Park Rd.**
**San Benito, Texas 78586**
**(956) 421-3226**
**FAX: 421-3423**
March 29, 2006

Cheri Jones, Attorney
Bureau of Citizenship & Immigration Services
1717 Zoy Street
Harlingen, TX 78552
By fax: 389-7604

Re: I-765s for N-600 applicants
    Wilfredo Garza, A98 898 226
    Jose Angel Garza, A98 898 209, and
    Ramiro Acosta-Ramirez, A14 109 561

Dear Ms. Jones:

To date, I have received no response to my letter of March 23, 2006, and the list of N-600 applicants whose applications for EADs have neither been approved, or denied, is growing. Most recent is the case of Ramiro Acosta, whose I-765 was filed on December 2, 2005, and to which no response has been received. He has a pending administrative appeal from the denial of his N-600.

His case illustrates the illogic of your current position. By claiming that a case is not "properly filed" unless the application is accompanied by sufficient evidence to warrant its approval, you are essentially saying that no application which has been denied was properly filed. This would mean that no-one in whose case an appeal was pending would be entitled to an EAD. This is contrary to the terms of the consent Order in Dominguez-Perez.

Hopefully we can resolve this problem on Friday, when we meet to discuss discovery in the Fuentes action. Otherwise, I will be forced to return to Judge Hanen to enforce the consent Order.

Sincerely,

Lisa S. Brodyaga,
Attorney at Law

cc: Ernesto Molina, Attorney
    By fax: 202-616-4975



**U.S. Department of Justice**

Civil Division

DVB:EHM:ehm
39-74-1305

202-616-9344

_Washington, D.C. 20530_

April 28, 2006

<u>via Federal Express and facsimile transmission</u>

Lisa Brodyaga
Law Offices of Lisa S. Brodyaga
17891 Landrum Park Rd.
San Benito, Texas 78586

Re:  Antelma Dominguez-Perez, et al. v.  Janet Reno, et al.
No. B-96-116 (S.D. Tex.); A90 396 216, A73 221 302,
<u>A27 651 144, A27 651 143</u>

Ms. Brodyaga:

This letter is being sent to you in response to your letters dated March 23, March 29, and April 20, 2006.  Your letters suggest that there may be problems with the Citizenship and Immigration Service's ("CIS") treatment of requests for interim proof of employment authorization.  This Office would like to assure you that there appear to be no problems with CIS' implementation.

Before or on March 22, 2006, you first contacted CIS in Harlingen about some particular cases.  You concerns were regarding CIS' recent efforts to take steps to adjudicate applications in a more timely manner by asking for further documentation in support of an underlying application – i.e., not in support of the I-765, but in support of the underlying N-600 or I-485 application.

In a letter dated March 22, 2006, Ms. Jones explained that when further documentation is necessary to adjudicate the application, CIS deemed the underlying application was "improperly filed" insofar as evidence required by 8 C.F.R. § 301.1(a)(1) was not provided.

In a letter dated March 23, 2006, you took issue with that interpretation, urging that because an application which has sufficient evidence "may" be adjudicated without an interview does not mean that the application must be accompanied by such documents.  Further, you suggest that because the application was accepted and fees were collected, the application was properly

-2-

filed. These practices, you suggest, are not in keeping with the Amended Final Order.

In a letter dated March 29, 2006, you bring to CIS' attention the case of Ramiro Acosta. You state that Mr. Acosta filed an I-765 on December 2, 2005, and that no response has been received. His N-600 application was denied, and he took an appeal which remains pending. You conclude that under CIS' interpretation, no one with a pending appeal is entitled to interim proof of work authorization.

Your letter dated April 20, 2006, repeats your primary themes. It adds that CIS' practice afforded to N-600 applicants is not the same treatment afforded to adjustment of status applicants. In particular, you note that in the latter case, interim work authorizations remain valid while the application is pending, even in a case where a "Notice of Intent to Deny" is filed in a case of marriage fraud.

After considering your concerns and communicating with CIS about its practice, it appears that CIS practice is in keeping with the Amended Final Order.

A good starting point is to note that, pursuant to the Amended Order entered by the Honorable Judge Andrew Hanen, U.S. District Court for the Southern District of Texas, the primary obligation of the Department of Homeland Security ("DHS") (and, therefore, its CIS component) is to make interim proof of work authorization available to N-600 applicants "in the same manner and in the same time frame as applicants" for employment authorization based on applications for adjustment of status.

Moreover, pursuant to controlling DHS regulations, a person seeking proof of work authorization must file an I-765. See 8 C.F.R. § 274a.13(a). The grant of such proof of employment authorization, however, remains a matter of the district director's discretion. 8 C.F.R. § 274a.13(a)(1). If such application is not adjudicated withing ninety (90) days, an interim employment authorization is to be granted. 8 C.F.R. § 274a.13(d). There is no appeal from the denial of an I-765. 8 C.F.R. § 274a.13(c).

CIS' actions requesting additional documentation are by no means new and have been employed in both I-485 and N-600 applications. More recently, CIS has undertaken a particularized effort to provide I-485 and N-600 applicants with adjudications within ninety days. If CIS can succeed in adjudicating the application within that ninety-day period, there are obvious ramifications for an attendant I-765 application. In the event of a grant of the I-485, the I-765 can be granted within the ninety-day period of § 274a.13(d), making the issuance of interim proof unnecessary. Similarly, the denial of an I-485 can lead to the denial of an I-765, as well as interim proof. See 8 C.F.R. § 274a.13(d). Of course, even

-3-

under the Amended Final Order, such treatment applies with equal force to N-600 applicants.

CIS' efforts are not contrary to the Amended Final Order. As mentioned earlier, that order is intended only to provide that N-600 applicants may seek proof of employment authorization on a comparable basis to adjustment of status applicants. So long as the same rules are applied to both sets of applicants, there is no offense to the Amended Final Order. Since both N-600 and I-485 applicants are subject to the new CIS initiative, there is substantial compliance with the Amended Final Order.

The regulations regarding types of proof to support an application do not prohibit CIS' approach. Again, the issuance of proof of employment authorization is a matter of discretion. If, as a condition precedent to the grant of an I-765 or interim proof of employment authorization, the district director wishes to push for greater documentary proof in a timely manner, so long as that rule is employed as to both N-600 and I-485 applicants, the Amended Final Order is of no moment.

Part 341 of the 8 C.F.R. is not to the contrary. In particular, 8 C.F.R. § 341.1 requires that an N-600 application is to be supported by documentary and other evidence. It is understandable that you would note that 8 C.F.R. § 341.2(a) provides testimony can be used to support an application, and that is undoubtedly true. However, you fail to appreciate that the regulations explicitly provide that the necessity of calling a witness is not mandatory; rather, it remains in the district director's "option" – i.e., discretion. Should a district director choose to push for more documentation, that is within the district director's prerogative. As even you acknowledge, the circumstances where documentation may be unavailable is not limited to N-600 applications, but also comes into play in I-485 applications. See Letter dated April 20, 2006 at 1 (discussing proof of a "bona fide" marriage, physical presence, etc.).

Your anecdote regarding the continuance of work authorization in the case of a Notice of Intent to Deny in a case involving marriage fraud is beside the point. Initially, it is unclear whether your example occurred before or after CIS' new initiative. Certainly, if the example occurred before CIS' new initiative, it is quite likely that such an alien may expect different treatment under the new initiative.

On the other hand, your anecdote regarding the circumstances of Ramiro Acosta is well-taken. It is not immediately clear whether a person who takes an appeal from the denial of a N-600 should be entitled to work authorization. Most comparable I-485s are not subject to administrative appeal. Thus, in effect, you are asking that an N-600 applicant be afforded better treatment than the typical I-485 applicant.. The regulations provide that the denial of an I-765 automatically

- 4 -

terminates any interim proof of employment authorization. Moreover, the denial of an I-765, itself, is not appealable. Still, for the meantime, I am informed that the district director will endeavor to provide timely and appropriate responses in such cases.

I do want to encourage further discussion. In particular, your letter dated March 29, 2006, suggests that the list of cases in which I-765s have not been adjudicated is growing. By this, it is understood that you are stating that I-765s were not adjudicated within ninety days. Considering the recently re-focused efforts of CIS to provide timely adjudications, it is understandable that there may be some cases that are inadvertently overlooked. Nevertheless, CIS remains committed to providing timely adjudications. If you would forward that list to us, it would be of great assistance in making sure that CIS is substantially complying with the Amended Final Order.

Should you have any questions, please feel free to contact me.

Sincerely,

ERNESTO H. MOLINA, JR.
Attorney
Office of Immigration Litigation
Civil Division
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044

U.S. Department of Justice

Civil Division

DVB:EHM:ehm                                    202-616-9344
39-74-1305

_Washington, D.C. 20530_

May 3, 2006

<u>via Federal Express and facsimile transmission</u>

Lisa Brodyaga
Law Offices of Lisa S. Brodyaga
17891 Landrum Park Rd.
San Benito, Texas 78586

      Re:    Antelma Dominguez-Perez, et al. v.  Janet Reno, et al.
              No. B-96-116 (S.D. Tex.); A90 396 216, A73 221 302,
              <u>A27 651 144, A27 651 143</u>

Ms. Brodyaga:

      This letter is provided in response to your letter dated April 28, 2006.  In your letter, you suggest that in your earlier letters you had raised three cases in which temporary work authorizations were not issued within ninety days but that our letter dated April 28, 2006, addressed only one of the cases.

      We submit that, while our letter may not have discussed the cases of Jose and Wilfredo Garza by name, the treatment of cases such as theirs was addressed in the letter.  We remind you that the subject of the injunction in the above-captioned case is to assure that N-600 applicants who file I-765 applications are afforded temporary work authorization on the same basis as adjustment of status applicants who file I-765 applications.  As our letter explained, the Citizenship and Immigration Service ("CIS") has commenced an initiative designed to provide more timely adjudications of underlying N-600 and I-485 applications, which in turn allows a prompt adjudication of I-765s, hopefully making temporary work authorization unnecessary.  It is within that explanation that we intended to address the Garzas' case, insofar as we provided assurance that cases (such as theirs) were afforded no treatment different from and I-485 applicant.

      As for the individual merits of the Garzas' case, we are not of the belief that the merits of any individual determination fall within the rubric of the injunction in the above-captioned case.  It is our understanding that, once temporary work authorization is afforded to N-600 applicants on the same basis as I-485

- 2 -

applicants, the injunction is satisfied. Once comparable treatment is afforded, however, any determination regarding the merits of an individual case does not create or implicate class concerns.

Nevertheless, we can assure you that CIS has resolved the Garzas' individual cases. Regrettably, due to limitations of the Privacy Act, we are unable to relate the particulars of the Garzas individual cases. For those particulars, we would refer you to the Garzas' counsel. However, the Garzas' cases having been adjudicated, CIS has afforded them treatment no different from that of comparable I-485 applicants.

Should you have any questions, please feel free to contact me.

Sincerely,

ERNESTO H. MOLINA, JR.
Attorney
Office of Immigration Litigation
Civil Division
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044