**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| **ANTELMA DOMINGUEZ-PEREZ**, et al., ) | |
|       **Petitioners/Plaintiffs,** ) | |
| ) | |
| v. ) | CA No. B-96-116 |
| ) | |
| **TOM RIDGE,** et al, ) | |
|       **Respondents/Defendants.** ) | |
| _____ ) | |

**EXHIBIT "I" IN SUPPORT OF**
**PLAINTIFFS' OPPOSED MOTION TO ENFORCE AGREED ORDER, TO HOLD**
**DEFENDANT ALFONSO DE LEON IN CONTEMPT, FOR DAMAGES,**
**AND FOR EVIDENTIARY HEARING WITH RESPECT THERETO**


Exhibit "I" consists of documents relating to Oralia Lopez.


Respectfully submitted,

s/ Lisa S. Brodyaga
REFUGIO DEL RIO GRANDE, INC.
17891 Landrum Park Road
San Benito, TX 78586
Phone:  (956) 421-3226
FAX:    (956) 4213423
Texas Bar No:  03052800
Federal ID:    1178

Javier Maldonado, Attorney at Law
601 Howard St.
San Antonio, 78212
Phone:  (210) 277-1603
Fax:    (210) 225-3958

CERTIFICATE OF SERVICE

I certify that on May 8, 2006, a copy of the foregoing, with attachment, was mailed, first-class postage prepaid, to Ernesto Molina, Attorney, P.O. Box 878, Ben Franklin Station, Washington, D.C., 20044.

s/ Lisa S. Brodyaga
_____

U.S    partment of Homeland Security
1717 Zoy Street
Harlingen, TX 78552



**U.S. Citizenship
and Immigration
Services**

Refer to File A98 354 386

Date:    APR 0 3 2006

Oralia Lopez de Palomares
c/o Jones and Crane
P.O. Box 1045
Weslaco, TX 78596

Dear Mrs. Lopez de Palomares:

Reference is made to the Application for Employment Authorization, Form I-765, which
you filed with the Service on December 21, 2005.

The reason for denial is indicated below:

☐ 1. You failed to establish economic necessity as required in 8 CFR 274a.12 (c)(14), (18)
and 8 CFR 214.2(f).

☒ 2. You have failed to establish eligibility under 8 CFR 274a.12 (a) or (c).

Sincerely,

Alfonso R. De Leon
District Director

DHS

HARLINGEN, TX

05/05/2006                    07:15

LOPEZ DE PALOMARES
  A ORALIA
  A98354386
SUB TTL                    $0.00
I-290BT;                  $385.00
------------------------------------
TAX TL                     $0.00
------------------------------------
TOTAL                    $385.00
CHECK                    $385.00

ITEM#                          1

          CLERK 3
006902                    H01 A

OMB No. 1615-0095; Expires 10/31/08

# I-290B, Notice of Appeal to the
# Administrative Appeals Office (AAO)

**Department of Homeland Security**
**U.S. Citizenship and Immigration Services**

Fee Stamp

In the Matter of:
ORALIA LOPEZ DE PALOMARES

File Number: A98-354-386

---

1. I am filing an appeal from the decision dated:

   04/03/2006

---

2. Please check the **one** block that applies:

   ☐ I am not submitting a separate brief or evidence.

   ☒ I am submitting a separate brief and/or evidence with this form.

   ☐ I am sending a brief and/or evidence to the AAO within 30 days.

   ☐ I need _____ days to submit a brief and/or evidence to the AAO. *(May be granted only for good cause shown. Explain in a separate letter, and attach the letter to your form.)*

---

**Person Filing Appeal**

Signature _____

Name JAIME M DIEZ

Address P.O. Box 1045
             *Number*                    *Street*

Weslaco        TX        78596
*City*        *State*        *Zip Code*

Telephone No. ( 956 ) 968-5468

E-mail address, if any JAIMEMDIEZ@AOL.COM

Date 05/04/2006

☒ I am an attorney or representative, and I represent:

Oralia LOPEZ de Palomares
*Person and/or organization for whom you are appearing.*

Telephone No. _____

E-mail address, if any _____

**You must attach a Notice of Entry of Appearance (Form G-28) if you are an attorney or representative and did not submit such a form before.**

---

3. Briefly, state the reason(s) for this appeal:

That the District Director erred in denying his application for a Certificate of Citizenship by finding that Applicant's did not acquired citizenship under Section 301(a)(7) , because the appropriate section to apply in this case is Section 309(c) of the Act. as a child born out of wedlock.

For this reason we request that the AAU remand this case back to the District Director with instructions to issue the certificate of citizenship to this applicant.

See attached brief

Form I-290B (Rev. 10/26/05)Y

# <u>Administrative Appeal Unit</u>
Department of Homeland Security
BUREAU OF CITIZENSHIP & IMMIGRATION SERVICES
Harlingen District Office
Harlingen, Texas 78550

IN THE MATTER OF                              |

                                             |    CASE NO. A98-354-386

                                             |

ORALIA LOPEZ DE PALOMARES                    |
   MOVANT                                    |

                                             |

ON BEHALF OF MOVANT:              Jaime M. Diez
                                  Jones & Crane, Attorneys
                                  P.O. Box 1045
                                  Weslaco, TX 78596

## <u>APPEAL OF DENIAL OF N-600</u>

TO THE DISTRICT DIRECTOR:

COMES NOW, Jaime Diez, Attorney of Record for MOVANT, who files this appeal of a decision by the District Director, dated April 13, 2006, denying an application for Certificate of Citizenship.

[1.] On December 2, 2004 the applicant filed an application for a certificate of citizenship in which she claimed that he acquired citizenship at birth because she was the illegitimate daughter of her U.S.C. mother.

> Under Section 309(C) states that a child born out of wedlock to a U.S. Citizen mother acquires citizenship if her USC mother was physically present in the U.S. or its possession continuously for 12 month's prior to the child's birth.

**JONES & CRANE ATTORNEYS**
MISCELLANEOUS FEES
P.O. DRAWER 1045
WESLACO, TX 78599
956-968-5468

3138

88-2141/1149

DATE 5-4-06

PAY TO THE ORDER OF _U. S. C. I. S._ $385.00

_Three Hundred Eighty Five_ 100/100 DOLLARS

FIRST NATIONAL BANK

FOR _Appeal - 75 00_ _Odelia Munoz_

⑈003138⑈ ⑈114921415⑈ ⑈0140011803⑈

# Administrative Appeal Unit

Department of Homeland Security
BUREAU OF CITIZENSHIP & IMMIGRATION SERVICES
Harlingen District Office
Harlingen, Texas 78550

IN THE MATTER OF

CASE NO. A98-354-386

ORALIA LOPEZ DE PALOMARES
MOVANT

ON BEHALF OF MOVANT:        Jaime M. Diez
                            Jones & Crane, Attorneys
                            P.O. Box 3070
                            Brownsville, TX 78523

## APPEAL OF DENIAL OF N-600

TO THE DISTRICT DIRECTOR:

COMES NOW, Jaime Diez, Attorney of Record for MOVANT, who files this appeal of a decision by the District Director, dated April 13, 2006, denying an application for Certificate of Citizenship.

[1.] On December 2, 2004 the applicant filed an application for a certificate of citizenship in which she claimed that he acquired citizenship at birth because she was the illegitimate daughter of her U.S.C. mother.

Section 309(c) of the Act states that a child born out of wedlock to a U.S. Citizen mother acquires citizenship if her USC mother was physically present in the U.S. or its possession continuously for 12 month's prior to the child's birth.

[2.]    In support of Applicant's application we submitted the following documents which proved by a preponderance of the evidence that she is the illegitimate child of a USC mother that was physically present in the U.S. for 12 continuous months before her birth.

(1)    Copy of Applicant's birth certificate that shows that she is the biological daughter of the source parent. She was born on May 24, 1962.

(2)    Copy of the Certificate of Citizenship issued to the mother which states that she is a citizen since birth (Zenaida BERNAL- DOB- 7-5-37)

(3)    Copy of the Marriage Certificate of Applicant's mother (source parent) and her father. They were married on December 1, 1972, which is many years after applicant was born.

(4)    Affidavit by the Source Parent and the father which clearly indicate that the source parent was physically present in the U.S. continuously for 12 months prior to her child's birth.

Therefore, the District Director erred in denying her application for a Certificate of Citizenship by finding that Applicant's did not acquired citizenship under Section 301(a)(7)1, because the appropriate section to apply in this case is Section 309(c) of the Act, as a child born out of wedlock.

On August 6, 1986 the Administrative Appeals Unit ("AAU") addressed this same issue. In that case the AAU sustained an appeal by Applicant's who stated that the Harlingen District Director erred in finding that the applicant was not born out of

---

1 Applicant failed to show that her mother was physically present in the U.S. for a period totaling not less than 10 years, at least five which were after attaining the age of fourteen

wedlock and denied her application for a Certificate of Citizenship by stating that the applicant had not acquired citizenship under Section 301(a)(7) of the Act because she failed to show that her mother was physically present in the U.S. for a period totaling not less than 10 years, at least five which were after attaining the age of fourteen

In that case, as in this one, the applicant was born on April 7, 1962 in Tamaulipas, which was outside the period in which Article 70 of the State of Tamaulipas was in effect. Article 70 of the State of Tamaulipas was in effect from 1947 to 1961. In that 1986 AAU decision the Harlingen DD had denied a certificate of citizenship because the DD found that she was not an illegitimate child and that she had failed to establish that her USC mother was physically present in the U.S. for a period of ten years, at least five of which were after the age of fourteen.

In that case, as in this one, the evidence showed that the applicant mother had not become married through a formal ceremony at the time the applicant was born. In addition, the AAU stated that a common law marriage could continue to exist after 1961, only if the common law marriages had been registered in the Office of the Civil Registry. In that case, as in this one the applicant has submitted evidence (A copy of their marriage certificate from 1972 which shows that she was not married before) to indicate that no such registration existed prior to 1961 concerning her parent's union.

Therefore the AUU Held- "Based upon the above record, we find that at the time the applicant was born, her mother and father were not living in common

law marriage relationship which was legally valid under both the Federal Mexican Code and the Civil Code of Tamaulipas which was in effect on that date. Therefore, we conclude the applicant is considered illegitimate for the purpose of section 309(c) of the Act and as matter of Mexican Law. As such, she acquired United States citizenship through her mother pursuant to section 309(c) of the Act.

In addition, the DD has already granted a certificate of citizenship to two younger siblings in which the DD found that the applicant had acquired citizenship under section 309(c) of the Act because the source parent was physically present in the U.S. or its possession continuously for 12 month's prior to the child's birth.

For this reason we request that the AAU remand this case back to the District Director with instructions to issue the certificate of citizenship to this applicant.

Jaime Diez
Attorney at Law

Enclosures
1. Applicant Birth Certificate
2. Source Parent Certificate of Citizenship
3. Marriage Certificate of the Source Parent which shows that she got married on December 1, 1972
4. Affidavit of physical presence by the source parent and by the source parent spouse.
5. Matter of Hernandez, 14 I&N Dec. 608 (A.G. 1974)
6. Matter of X- File A27-673-877—Harlingen, Addministrative Appeal Unit; 4 Immig.Rptr. B2-19 (Aug 06 1986)
7. Copy of the Certificate of Citizenship issued to two siblings of Applicant's under Section 309(c)

**U.S. Department of Homeland Security**
1717 Zoy Street
Harlingen, TX 78552



**U.S. Citizenship
and Immigration
Services**

Refer to File A98 354 386

**Date:**    APR 0 8 2005

Oralia Lopez de Palomares
c/o Jones and Crane
P.O. Box 1045
Weslaco, TX 78596

Dear Mrs. Lopez de Palomares:

DECISION

Upon consideration, it is ordered that your Form N-600, Application for Certificate of Citizenship, which was filed on December 2, 2004, be denied for the following reasons:

**Section 301(a)(7) of the Immigration and Nationality Act, as amended, provides in part:**

> The following shall be nationals and citizens of the United States at birth: . . . a person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years . . .

The record of the Service reflects that on December 2, 2004, you filed an application for a certificate of citizenship. You claim to have been born of parents one of whom is an alien and the other a citizen of the United States and to have acquired citizenship through your mother, a United States citizen at the time of your birth.

On January 3, 2005, you were accorded an interview in connection with your pending application. You were advised that before a decision could be made on your application, you would need to provide evidence that your mother was physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after she attained the age of fourteen and that other files related to your case would have to be reviewed. With your application, you presented an affidavit from your mother and from your father, to establish your mother's physical presence for the required period. You were provided with a period of 120 days in which to provide additional evidence of your mother's physical presence in the United States.

Page 2

Refer to File A98 354 386

On July 7, 2005, you submitted another affidavit from your mother. No documentary evidence of any kind was submitted to establish that your mother resided in the United States at any time prior to your birth on May 24, 1962. You were not able to provide sufficient evidence of your mother's physical presence in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after she attained the age of fourteen and prior to your birth. In view of these facts, the following decision is made.

Your application is hereby denied for failure to establish the physical presence of your United States citizen mother in the United States or its outlying possessions, prior to your birth, for a period or periods totaling not less than ten years, at least five of which were after she attained the age of fourteen. No further action will be taken by this Service on your application.

If you desire to appeal this decision, you may do so. Your notice of appeal must be filed within 30 days from the date of this notice. If no appeal is filed within the time allowed, this decision is final. Appeal in your case may be made to the Associate Commissioner for Examinations on the enclosed Form I-290B.

If an appeal is desired, the Notice of Appeal shall be executed and filed with this office, together with the required fee of $385. A brief or other written statement in support of your appeal may be submitted with the Notice of Appeal.

Any questions which you may have will be answered by the local immigration office nearest your residence, or at the address shown in the heading to this letter.

Sincerely,

Alfonso R. De Leon
District Director

Enclosure: I-290B