UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **ANTELMA DOMINGUEZ-PEREZ**, et al., )<br>    **Petitioners/Plaintiffs,** )<br> )<br>v.  )<br> )<br>**TOM RIDGE,** et al, )<br>    **Respondents/Defendants.** )<br>_____)  | CA No. B-96-116 |

EXHIBIT "J" IN SUPPORT OF
PLAINTIFFS' OPPOSED MOTION TO ENFORCE AGREED ORDER, TO HOLD
DEFENDANT ALFONSO DE LEON IN CONTEMPT, FOR DAMAGES,
AND FOR EVIDENTIARY HEARING WITH RESPECT THERETO

Exhibit "J" consists of two recent successful appeals from denials by Defendant De Leon of N-600 applications for Certificates of Citizenship, showing, *inter alia,* that, as Plaintiffs assert, an N-600 application is "properly filed" and may be granted where affidavits are used to show physical presence of the source parent.

Respectfully submitted,

s/ Lisa S. Brodyaga
REFUGIO DEL RIO GRANDE, INC.
17891 Landrum Park Road
San Benito, TX 78586
Phone:  (956) 421-3226
FAX:    (956) 4213423
Texas Bar No:  03052800
Federal ID:    1178

Javier Maldonado, Attorney at Law
601 Howard St.
San Antonio, 78212
Phone:  (210) 277-1603
Fax:    (210) 225-3958

CERTIFICATE OF SERVICE

I certify that on May 8, 2006, a copy of the foregoing, with attachment, was mailed, first-class postage prepaid, to Ernesto Molina, Attorney, P.O. Box 878, Ben Franklin Station, Washington, D.C., 20044.

s/ Lisa S. Brodyaga



U.S. Department of Homeland Security
20 Massachusetts Ave., N.W., Rm. A3042
Washington, DC 20529

U.S. Citizenship
and Immigration
Services



FILE:                      Office: HARLINGEN, TEXAS         Date: MAR 0 2 2006

IN RE:      Applicant:

APPLICATION:   Application for Certificate of Citizenship pursuant to § 301(a)(7) of the former Immigration and Nationality Act; 8 U.S.C. § 1401(a)(7).

ON BEHALF OF APPLICANT:

SELF-REPRESENTED

INSTRUCTIONS:

This is the decision of the Administrative Appeals Office in your case. All documents have been returned to the office that originally decided your case. Any further inquiry must be made to that office.

Robert P. Wiemann, Director
Administrative Appeals Office

www.uscis.gov



Page 2

**DISCUSSION**: The application was denied by the District Director, Harlingen, Texas, and is now before the Administrative Appeals Office (AAO) on appeal. The appeal will be sustained.

The record reflects that the applicant was born on October 19, 1976, in Mexico. The applicant's father was also born in Mexico, but he derived U.S. citizenship at his birth on February 4, 1945. The applicant's mother was born in Mexico, but her citizenship has not been established in the instant record. The applicant's parents were married in Mexico on November 25, 1967. The applicant seeks a certificate of citizenship pursuant to § 301(a)(7) of the former Immigration and Nationality Act (the former Act); 8 U.S.C. § 1401(a)(7), based on the claim that he acquired U.S. citizenship at birth through his father.

The district director found that the applicant had failed to establish that his father resided in the United States for ten years prior to the applicant's birth, at least five years of which occurred after his father turned fourteen, as required by § 301(a)(7) of the former Act. The application was denied accordingly. On appeal, the applicant submits U.S. Census Bureau information for his grandfather and copies of several affidavits regarding his father's physical presence in the United States.

"When there is a claim of citizenship . . . one born abroad is presumed to be an alien and must go forward with evidence to establish his claim to United States citizenship." *Matter of Tijerina-Villarreal*, 13 I&N Dec. 327, 330 (BIA 1969) (citations omitted). Absent discrepancies in the evidence, where a claim of derivative citizenship has reasonable support, it will not be rejected. See *Murphy v. INS*, 54 F.3d 605 (9th Cir. 1995).

"The applicable law for transmitting citizenship to a child born abroad when one parent is a U.S. citizen is the statute that was in effect at the time of the child's birth." *Chau v. Immigration and Naturalization Service*, 247 F.3d 1026, 1029 (9th Cir., 2000) (citations omitted). The applicant in this case was born in Mexico in 1976. Section 301(a)(7) of the former Act thus controls his claim to derivative citizenship.

Section 301(a)(7) of the former Act states that the following shall be nationals and citizens of the United States at birth:

> [A] person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years: *Provided*, That any periods of honorable service in the Armed Forces of the United States by such citizen parent may be included in computing the physical presence requirements of this paragraph.

The applicant must therefore establish that his father was physically present in the United States for ten years between his date of birth in 1945 and the applicant's date of birth in 1976, and that five of these years occurred after the applicant's father turned fourteen on February 4, 1959.

The record includes affidavits from the applicant's father's two uncles, one aunt, a former employer, and a family friend, as well as various receipts and other documentation. The applicant's father's former employer wrote that the applicant's father worked for her farm from 1964 to 1970. His uncles, aunts, and family friend wrote that they personally knew that he moved to the United States in 1962, when he was about seventeen, and that he lived in the United States from that time until the present.



Page 3

The AAO finds that the affidavits are sufficiently detailed regarding the applicant's father's residences and workplaces during the claimed period of physical presence. The evidence shows that the applicant's father was living in the United States for at least fourteen years prior to the applicant's birth and that these fourteen years occurred after his father turned fourteen years old. The evidence demonstrates that the applicant's father meets the physical presence requirement set forth in § 301(a)(7) of the former Act; therefore, the applicant is eligible for a certificate of citizenship.

8 C.F.R. 341.2(c) states that the burden of proof shall be on the claimant to establish the claimed citizenship by a preponderance of the evidence. The applicant has met this burden, and the appeal will be sustained.

**ORDER:** The appeal is sustained.

U.S. Department of Homeland Security
20 Massachusetts Ave., N.W., Rm. A-046
Washington, DC 20529



**U.S. Citizenship and Immigration Services**

FILE:   A76 983 105    Office: HARLINGEN, TX    Date: **DEC 1 9 2005**

IN RE:   Applicant:

APPLICATION:   Application for Certificate of Citizenship pursuant to section 301(a)(7) of the former Immigration and Nationality Act; 8 U.S.C. § 1401(a)(7).

ON BEHALF OF APPLICANT:

SELF-REPRESENTED

INSTRUCTIONS:

This is the decision of the Administrative Appeals Office in your case. All documents have been returned to the office that originally decided your case. Any further inquiry must be made to that office.

*[signature]*

Robert P. Wiemann, Director
Administrative Appeals Office

www.uscis.gov

A76 983 105
Page 2

**DISCUSSION:** The waiver application was denied by the District Director, Harlingen, Texas. The matter is now before the AAO on appeal. The appeal will be sustained.

The Form N-600, Application for Certificate of Citizenship (N600 Application) reflects that the applicant was born on December 9, 1973. The N600 application reflects that the applicant's mother, Carolina Navarro de Verdin, was born in Texas on November 26, 1922, and that she was a U.S. citizen. The applicant's father Plutarco Verdin, was born in Mexico, and he was not a U.S. citizen. The N600 application reflects that the applicant's parents married in Mexico on November 27, 1972. The applicant presently seeks a certificate of citizenship pursuant to section 301(a)(7) of the former Immigration and Nationality Act (former Act), 8 U.S.C. § 1401(a)(7), (now section 301(g) of the Immigration and Nationality Act (the Act), 8 U.S.C § 1401(g)), based on the claim that he derived U.S. citizenship at birth through his U.S. citizen mother.

The district director determined that the applicant had failed to establish Carolina Navarro de Verdin (Ms. Verdin) was his mother, or that Ms. Verdin was physically present in the United States for ten years prior to the applicant's birth, at least five years of which were after she turned fourteen, as required by section 301(a)(7) of the former Act.

On appeal, the applicant indicates that additional information relating to his mother's physical presence in the United States establishes he is entitled to U.S. citizenship pursuant to section 301(a)(7) of the former Act.

"The applicable law for transmitting citizenship to a child born abroad when one parent is a U.S. citizen, is the statute that was in effect at the time of the child's birth." *Chau v. Immigration and Naturalization Service*, 247 F.3d 1026, 1029 (9th Cir. 2000) (citations omitted). The applicant was born in Mexico in 1973. Section 301(a)(7) of the former Act therefore controls his claim to derivative citizenship.

Section 301(a)(7) of the former Act states in pertinent part that:

> The following shall be nationals and citizens of the United States at birth: . . . a person born outside the geographical limits of the United States . . . of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States . . . for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years.

The applicant must therefore establish that Ms. Verdin was his U.S. citizen mother and that Ms. Verdin was physically present in the U.S. for a period of ten years between November 26, 1922 and December 9, 1973, at least five years of which occurred after November 26, 1936, when Ms. Verdin turned fourteen.

The record contains the following evidence relating to Ms. Verdin's maternal relationship to the applicant:

> A Mexican birth certificate reflecting that Angel Verdin Navarro was born on December 9, 1973 to Carolina Navarro de Verdin (mother) and Plutarco Verdin Hernandez (father).

> A marriage certificate reflecting that Carolina Navarro de la Torre and Plutarco Verdin Hernandez married in Mexico on November 27, 1972.

> A Baptismal Certificate reflecting that Angel Verdin Navarro was baptized on July 6, 1976 at the Parroquia de Nuestra Senora de Guadalupe in Mexico, and that his parents

A76 983 105
Page 3

>were Carolina Navarro (mother) and Plutarco Verdin (father).
>
>A "Notice of Approval of Relative Immigrant Visa Petition" reflecting that Ms. Verdin's January 23, 1989 immigrant visa petition, filed on behalf of the applicant, was approved on December 29, 1989.
>
>U.S. school records for the applicant reflecting that his parents were Carolina Verdin (mother) and Plutarco Verdin (father).
>
>Copies of 1978 and 1979 U.S. Federal Income Tax returns filed by Ms. Verdin reflecting that her dependent child, Angel, lived with her.

Upon review of the above evidence, the AAO finds that the applicant has established he is the biological and legitimate child of Carolina Navarro de Verdin.

The record contains the following evidence relating to Ms. Verdin's physical presence in the U.S. between November 26, 1922 and December 9, 1973:

>A Texas Delayed Certificate of Birth reflecting that Carolina Navarro was born in El Roy, Texas on November 26, 1922.
>
>A baptismal certificate reflecting that Carolina Navarro, was baptized at Our Lady of Guadalupe Church in Austin, Texas on July 14, 1923.
>
>A 1930 U.S. Census record reflecting that Carolina Navarro resided with her family in Texas as of April 12, 1930. The Census reflects further that Ms. Verdin's sibling, Idela was born to Ms. Verdin's parents in Texas in 1927.
>
>Ms. Verdin's, "Application for Social Security Account Number", dated October 1955, reflecting that Ms. Verdin's mailing address was in Mercedes, Texas.
>
>A Social Security Administration, Statement of Itemized Earnings, reflecting the following U.S. work history for Ms. Verdin prior to the applicant's birth:
>
>>1965 - Pompano Beach, Florida – $295.00
>>1968 - Mercedes, Texas -           $190.41
>>1970 - McAllen, Texas -            $154.05
>>1971 - Mercedes, Texas -           $52.65
>>       Mission, Texas -            $174.42
>
>A marriage certificate reflecting that Ms. Verdin married in Mexico on November 27, 1972, but that her address was in Mercedes, Texas.
>
>An August 28, 2005, letter signed by Maria Magdalena Cardenas, stating in pertinent part that Ms. Verdin was her mother and that she is the applicant's half sister. The affiant states that she was born in Mexico in 1949 and that she moved with her mother to Mercedes, Texas in 1952. She states that she lived with her mother in Texas until she married in April 1968, and moved to Florida. The affiant states further that her mother remained in Texas until 1970, when she moved with the applicant's father to Florida.
>School records reflecting that Maria Magdalena Cardenas attended school in Mercedes, Texas during the 1961 through 1968 school years. The records indicate that her parent

A76 983 105
Page 4

was Pedro Cardenas. The AAO notes that the records do not list Ms. Verdin as a parent.

School records reflecting that Eduardo Florentino Sanchez, born October 13, 1954, attended school in the U.S. between 1961 and 1968. His parents are listed as Florentino Sanchez and as Florentino and Carolina. The AAO notes that a 1978 Federal Tax Return filed by Ms. Verdin, and contained in the record, reflects that Ms. Verdin's dependent children are Angel and Eddie. The AAO notes further that the district director's decision refers to 1961 through 1968, Texas school records submitted for the applicant's sibling Eduardo, that list Ms. Verdin as a parent. The decision states that, based on the evidence provided, it appears very likely that the applicant's mother was physically present in the United States in each of the years mentioned. The decision states that the uncorroborated evidence does not, however, verify that Ms. Verdin was in the United States for the full year.

8 C.F.R. § 341.2(c) states that the burden of proof shall be on the claimant to establish the claimed citizenship by a preponderance of the evidence. In *Matter of E-M-*, 20 I&N Dec. 77 (Comm. 1989), the Commissioner indicated that under the preponderance of evidence standard, it is generally sufficient that the proof establish that something is probably true

The AAO finds that the combined evidence contained in the record establishes that it is probably true that Ms. Verdin was physically present in the U.S. for ten years between November 26, 1922 and December 9, 1971 and that five of those years occurred after November 22, 1936, when Ms. Verdin turned fourteen. Accordingly, the AAO finds that the applicant has established, by a preponderance of the evidence, that Ms. Verdin met the U.S. physical presence requirements set forth in section 301(a)(7) of the former Act. The appeal will therefore be sustained.

**ORDER:** The appeal is sustained.

AAOMAR01/76983105/11.18.05