UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ANTELMA DOMINGUEZ-PEREZ, et al.,   )
  Petitioners/Plaintiffs,    )
        v.      ) CA No. B-96-116
              )
TOM RIDGE, et al,      )
  Respondents/Defendants.  )

EXHIBIT "O" IN SUPPORT OF
PLAINTIFFS' OPPOSED MOTION TO ENFORCE AGREED ORDER, TO HOLD
DEFENDANT ALFONSO DE LEON IN CONTEMPT, FOR DAMAGES,
AND FOR EVIDENTIARY HEARING WITH RESPECT THERETO

Exhibit "O" are documents relating to Claudia Enriquez de Portales. Ms. Portales' application for a waiver under 8 U.S.C. §1182(h), filed in conjunction with her application for adjustment was status, was denied in February, 2006.  Without said waiver, she is ineligible for adjustment of status.  She appealed the denial, and her application to renew her Employment Authorization Document, filed in March 2006, was approved on June 2, 2006.


Respectfully submitted,

s/ Lisa S. Brodyaga     Javier Maldonado, Attorney at Law
REFUGIO DEL RIO GRANDE, INC. 601 Howard St.
17891 Landrum Park Road   San Antonio, TX 78212
San Benito, TX 78586    Phone:  (210) 277-1603
Phone:  (956) 421-3226   Fax:    (210) 225-3958
FAX:    (956) 4213423
Texas Bar No:  03052800
Federal ID:    1178

CERTIFICATE OF SERVICE

I certify that on June 15, 2006, a copy of the foregoing, with attachments, was mailed, first-class postage prepaid, to Ernesto Molina, Attorney, P.O. Box 878, Ben Franklin Station, Washington, D.C., 20044.

s/ Lisa S. Brodyaga

Department of Homeland Security
U.S. Citizenship and Immigration Services

I-797, Notice of Action

### THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | | CASE TYPE | I765 |
|---|---|---|---|
| MSC-06-180-20690 | | APPLICATION FOR EMPLOYMENT AUTHORIZATION | |

| RECEIPT DATE | PRIORITY DATE | APPLICANT | A074 656 503 |
|---|---|---|---|
| March 31, 2006 | | ENRIQUEZ DE PORTALES, CLAUDIA | |

| NOTICE DATE | PAGE |
|---|---|
| June 8, 2006 | 1 of 1 |

LISA S. BRODYAGA
17891 LANDRUM PARK ROAD
SAN BENITO TX 78596

**Notice Type:** Approval Notice
Class: C09
Valid from 06/02/2006 to 06/01/2007
Representative's Copy

Your application for employment authorization has been approved. The Form I-688B, Employment Authorization Document, was sent under separate cover to the beneficiary.

This card authorizes your employment in the United States. Show this card to your employer to verify authorization to work during the dates on the card.

If any information on the card is incorrect, please write the office listed below. Include your Employment Authorization Document, I-688B, a photocopy of this notice, and evidence to support the necessary corrections.

THIS FORM IS NOT A VISA OR EVIDENCE OF EMPLOYMENT AUTHORIZATION, NOR MAY IT BE USED IN PLACE OF A VISA OR FORM I-688B.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
NATIONAL BENEFITS CENTER
USCIS, DHS
P.O. BOX #648004
LEE'S SUMMIT MO 64064
**Customer Service Telephone: (800) 375-5283**



Form I-797 (Rev. 01/31/05) N

OMB No. 1615-0095; Expires 10/31/08

**I-290B, Notice of Appeal to the**
**Administrative Appeals Office (AAO)**

Department of Homeland Security
U. S. Citizenship and Immigration Services

---

**Fee Stamp**

**In the Matter of:**

Claudia Enriquez de Portales

**File Number:**      MAR 2 3 2006

A74 656 503

---

1. I am filing an appeal from the decision dated:

   (Undated) Issued on or about February 28, 2006

2. Please check the **one** block that applies:

   ☐ I am not submitting a separate brief or evidence.

   ☐ I am submitting a separate brief and/or evidence with this form.

   ☒ I am sending a brief and/or evidence to the AAO within 30 days.

   ☐ I need _____ days to submit a brief and/or evidence to the AAO. *(May be granted only for good cause shown. Explain in a separate letter, and attach the letter to your form.)*

**Person Filing Appeal**

**Signature** _Lisa S Brodyaga_

Name   Lisa S. Brodyaga

Address   17891 Landrum Park Road
           *Number*                     *Street*

San Benito, Tx 78586
*City*               *State*          *Zip Code*

Telephone No.   956-421-3226

E-Mail address, if any   lisabrodyaga@aol.com

Date   March 23, 2006

   ☒ I am an attorney or representative, and I represent:

   Claudia Portales, Javier Portales, and Erick Portales
   *Person and/or organization for whom you are appearing.*

Telephone No.   956-838-1098

E-Mail address, if any   N/A

**You must attach a Notice of Entry of Appearance (Form G-28) if you are an attorney or representative and did not submit such a form before.** On file, copy attached.

---

3. Briefly, state the reason(s) for this appeal:

The denial is pure boilerplate, and fails to give meaningful consideration to the hardship which would accrue to her husband as a result of the family separation, and the suffering it would cause to his USC son, and through the son, to him. Instead of discussing the equities, and negative factors, it just uses conclusory language to the effect that the evidence presented "did not establish that your removal would have severe negative effect on the financial, political, business or health issues of you, your spouse and/or parents."

Although you cited a 1981 case holding that it was appropriate to construe the waiver "narrowly," you gave no explanation for the change in the manner in which this decision was being interpreted. For approximately 25 years, the type of hardship asserted herein has been considered more than adequate to meet the test set forth in Jong Ha Wang. To change the interpretation, without any explanation, is improper.

Form I-290B (Rev. 10/26/05)Y



**U.S. Department of Homeland Security**
1717 Zoy Street
Harlingen, TX 78552

## U.S. Citizenship and Immigration Services

Refer to File A74 656 503

Date:

Claudia Enriquez De Portales
C/O Lisa Brodyaga
17891 Landrum Park Road
San Benito, Texas 78586

Dear Ms Portales:

### DECISION

Upon consideration, it is ordered that your Application for Waiver of Grounds of Excludability, which was filed on August 30, 2005, be denied for the following reason(s):

**Section 212(a) of the Immigration and Nationality Act, as amended states in part:**

> . . . The Attorney General has sole discretion to waive clause (i) in the case of an immigrant who is the spouse or son of daughter of a United States citizen or of an alien lawfully admitted for permanent residence, if it is established to the satisfaction of the Attorney General that the refusal of admission to such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such alien. No court shall have jurisdiction to review a decision or action by the Attorney General regarding a waiver under this clause . . .

To establish extreme hardship, you must demonstrate that your removal would result in a degree of hardship beyond that typically associated with removal. The factors of hardship include, but are not limited to:

> your age at the time your application to adjust status was filed and your current age,
> your health condition and the health condition of your spouse and/or parents.
> your ability to find employment in the country of return,
> business ties in the United States,

Page 2

Refer to A74 656 503

the financial impact of your removal on your spouse and/or parents,
the psychological impact of your removal on your spouse and/or parents. and
the political and economic conditions in your country of return.

The Board of Immigration Appeals (BIA) has defined extreme hardship in a number of precedent and interim decisions.

In **Matter of Kim**, 15 I&N Dec. 88, (BIA 1974), the BIA stated that extreme hardship is not a term of fixed and inflexible content or meaning. The question of whether there is extreme hardship depends on the facts and circumstances peculiar to each case. On the facts before it, the BIA found that the alleged inability of the applicants to find suitable employment if they returned to their country of origin did not constitute extreme hardship. The BIA found further that the applicants' claim that their United States citizen children would be deprived of the educational and economic advantages available to United States citizens in this country also did not constitute extreme hardship.

In **Matter of Marques**, 15 I&N Dec. 200, (BIA 1978), the BIA held that when the only evidence presented to show extreme hardship was related to loss of future access to financial benefits, this did not constitute extreme hardship.

In **Matter of Anderson**, 16 I&N Dec. 596, (BIA 1978), the BIA stated that the United States enjoyed a higher standard of living than most countries of the world. The BIA concluded that ". . . most deported aliens will likely suffer some degree of financial hardship. Nonetheless, we do not believe that Congress intended to remedy this situation by suspending the deportation of all those who will be unable to maintain the standard of living at home which they have managed to achieve in this country . . ."

In **Matter of Tijam**, Interim Decision 3372, (BIA 1998), it was determined that the underlying fraud or misrepresentation for which an alien seeks a waiver of inadmissibility under section 212(i) of the Act may be considered as a adverse factor in adjudicating the waiver application in the exercise of discretion.

In **Matter of Cervantes-Gonzalez**, Interim Decision 3380 (BIA 1999), the BIA stipulated that the factors deemed relevant in determining whether an alien has established extreme hardship pursuant to Section 212(i) of the Act include, but are not limited to, the following: the presence of a lawful permanent resident or United States citizen family ties to this country; the conditions in the country or countries the qualifying relative would relocate and the extent of impact of departure from this country; and finally significant conditions of health, particularly when tied to an unavailability of suitable medical care in the country to which the qualifying relative

Page 3

Refer to A74 656 503

> would relocate. The common results of removal are insufficient to prove extreme hardship.

The results of extreme hardship can only be applied to the resident alien or citizen spouse and/or parent of the applicant. Your spouse has been a resident alien since August 1,1988, using the guidelines set forth by the Immigration and Nationality Act, as amended, the BIA and based on the documentation presented with your application for waiver of grounds of excludability, it has been determined that you have failed to prove that the denial of your application for adjustment of status and possible removal would result in extreme hardship to your spouse and/or parents. The evidence that you presented did not establish that your removal would have severe negative effect on the financial, political, business or health issues of you, your spouse and/or parents. In Jong Ha Wang v INS, 450 U.S. 139 (1981), it was decided that to construe this waiver narrowly was appropriate.

After careful consideration, it is concluded that your Application for Waiver of Grounds of Excludability is hereby denied because you failed to prove that the refusal of your admission into the United States would result in extreme hardship.

If you desire to appeal this decision, you may do so. Your notice of appeal must be filed within 30 days from the date of this notice. If no appeal is filed within the time allowed, this decision is final. Appeal in your case may be made to Administrative Appeals Unit. (A fee of $385.00 is required).

If an appeal is desired, the Notice of Appeal shall be executed and filed with this office, together with the required fee. A brief or other written statement in support of your appeal may be submitted with the Notice of Appeal.

Any questions, which you may have, will be answered by the U. S. Citizenship and Immigration Services Office nearest your residence, or at the address shown in the heading to this letter.

Sincerely,

Alfonso R Deleon
District Director

Enclosure I-290b