UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ANTELMA DOMINGUEZ-PEREZ, et al.,        )
    Petitioners/Plaintiffs,                )
                    v.                    )   CA No. B-96-116
                              )
TOM RIDGE, et al,                       )
    Respondents/Defendants.             )

EXHIBIT "P" IN SUPPORT OF
PLAINTIFFS' OPPOSED MOTION TO ENFORCE AGREED ORDER, TO HOLD
DEFENDANT ALFONSO DE LEON IN CONTEMPT, FOR DAMAGES,
AND FOR EVIDENTIARY HEARING WITH RESPECT THERETO

Exhibit "P" is another recent instance where a decision by Defendant De Leon denying an N-600, allegedly for failure to meet his burden of proof, was reversed by the Administrative Appeals Office. Matter of Reyes-Ruiz, A23 565 699.

Respectfully submitted,

s/ Lisa S. Brodyaga
REFUGIO DEL RIO GRANDE, INC.
17891 Landrum Park Road
San Benito, TX 78586
Phone:  (956) 421-3226
FAX:    (956) 4213423
Texas Bar No:  03052800
Federal ID:    1178

Javier Maldonado, Attorney at Law
601 Howard St.
San Antonio, TX 78212
Phone:  (210) 277-1603
Fax:    (210) 225-3958

CERTIFICATE OF SERVICE

I certify that on June 28, 2006, a copy of the foregoing, with attachment, was mailed, first-class postage prepaid, to Ernesto Molina, Attorney, P.O. Box 878, Ben Franklin Station, Washington, D.C., 20044, and also sent by fax, to (202) 616-4975.

s/ Lisa S. Brodyaga



U.S. Department of Homeland Security
20 Massachusetts Ave., N.W., Rm. A3042
Washington, DC 20529

**U.S. Citizenship and Immigration Services**

JUAN G. REYES RUIZ
C/O JAIME DIEZ
JONES & CRANE
PO BOX 3070
BROWNSVILLE, TX 78523

FILE:        A23 565 699        Office: HARLINGEN, TEXAS        Date: JUN 0 9 2006

IN RE:       Applicant: JUAN G. REYES RUIZ

APPLICATION: Application for Certificate of Citizenship pursuant to § 301(a)(7) of the former Immigration and Nationality Act; 8 U.S.C. § 1401(a)(7).

ON BEHALF OF APPLICANT:

JAIME DIEZ
JONES & CRANE
PO BOX 3070
BROWNSVILLE, TX 78523

INSTRUCTIONS:

This is the decision of the Administrative Appeals Office in your case. All documents have been returned to the office that originally decided your case. Any further inquiry must be made to that office.

Robert P. Wiemann, Chief
Administrative Appeals Office

www.uscis.gov

A23 565 699
Page 2

**DISCUSSION:** The application was denied by the District Director, El Paso, Texas, and is now before the Administrative Appeals Office (AAO) on appeal. The appeal will be sustained.

The record reflects that the applicant was born on October 3, 1977 in Mexico. The applicant's father was born in the United States and was a U.S. citizen at the time of the applicant's birth. The applicant's mother is a lawful permanent resident (LPR) of the United States, having been the beneficiary of a petition for alien relative filed by the applicant's U.S. citizen father. The record establishes that the applicant's parents were married to each other at the time the applicant was born. The applicant has applied for a certificate of citizenship pursuant to § 301(a)(7) of the former Immigration and Nationality Act (the former Act); 8 U.S.C. § 1401(a)(7), based on the claim that he acquired U.S. citizenship at birth through his father.

The district director found that, based on the evidence in the record, the applicant had failed to establish that his father resided in the United States for ten years prior to the applicant's birth, at least five years of which occurred after his father turned fourteen, as required by § 301(a)(7) of the former Act. The application was denied accordingly. On appeal, counsel asserts that the district director did not correctly analyze the evidence on the record. Counsel asserts that the documentation on the record establishes the required period of the applicant's father's U.S. physical presence. The AAO has reviewed the entire record and finds that the totality of the evidence shows that the applicant's father resided in the United States for ten years, five of which were after he turned fourteen, prior to the applicant's birth. The applicant has established eligibility for a certificate of citizenship.

"The applicable law for transmitting citizenship to a child born abroad when one parent is a U.S. citizen is the statute that was in effect at the time of the child's birth." *Chau v. Immigration and Naturalization Service*. 247 F.3d 1026, 1029 (9th Cir., 2000) (citations omitted). The applicant in this case was born in 1977; hence, § 301(a)(7) of the former Act applies to his claim to derivative citizenship.

Section 301(a)(7) of the former Act states that the following shall be nationals and citizens of the United States at birth:

> [A] person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years: *Provided*, That any periods of honorable service in the Armed Forces of the United States by such citizen parent may be included in computing the physical presence requirements of this paragraph.

The applicant must therefore establish that his father was a U.S. citizen at the time of the applicant's birth and that his father was physically present in the United States for ten years between his father's birth on January 22, 1952 and the applicant's birth on October 3, 1977, and that five of those years occurred after the applicant's father turned fourteen on January 22, 1966. The record contains the following evidence relating to the applicant's father's U.S. citizenship and residence during the requisite time period:

> Both long and short form Birth Certificates showing his father's birth in Brownsville, Texas;

A23 565 699
Page 3

>Father's Social Security earnings statement for 1966 and 1968 through 1977;
>
>Marriage certificate showing his father's marriage in Texas in 1974;
>
>Affidavit by applicant's father's brother stating personal knowledge of father's presence in United States beginning in 1965;
>
>Affidavit by applicant's mother stating personal knowledge of father's presence in United States beginning in 1971;
>
>Affidavit by applicant's mother's sister stating personal knowledge of her father's presence in United States beginning 1974; and
>
>Affidavit by applicant's father's former landlady stating that she rented property in Houston, Texas to applicant's father from 1966 to 1977.

The AAO finds the above-listed documents to be consistent among each other, and the affidavits to be detailed and based on personal knowledge. The evidence shows that the applicant's father was born in the United States and that he was present in this country for at least ten years prior to the applicant's birth in 1977. The applicant has established by a preponderance of the evidence that he meets the requirements for a certificate of citizenship as set forth under § 301(a)(7) of the former Act. Accordingly, the appeal will be sustained.

**ORDER:** The appeal is sustained.

Jaime Diez



U.S. Department of Homeland Security
1717 Zoy Street
Harlingen, TX 78552

**U.S. Citizenship and Immigration Services**

Refer to File A23 565 699

Date: OCT 1 2 2005

Juan Reyes Ruiz
C/o Jones & Crane
PO BOX 3070
Brownsville, Tx 78523

Refer to File A23 565 699

### DECISION

Upon consideration, it is ordered that your Application for Certificate of Citizenship be denied for the following reasons:

**Section 301(a)(7) of the Immigration and Nationality Act, as amended, provides in part:**

> The following shall be nationals and citizens of the United States at birth: . . . a person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years . . .

The record of the Service reflects that on March 31, 2005, you filed an application for a certificate of citizenship. You claim to have been born of parents one of whom is an alien and the other a citizen of the United States and to have acquired citizenship through your father, a United States citizen at the time of your birth.

On June 28, 2005, you were accorded an interview in connection with your pending application. You were advised that before a decision could be made on your application, you would need to submit your father's long form birth certificate, his detailed social security statement, and additional evidence that your father was physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after he attained the age of fourteen. You were also advised, that you would be allowed until July 28, 2005, to provide the requested evidence.

The requested evidence was received on August 29, 2005. Evidence previously submitted with your application has been carefully reviewed. However, it has been found to be insufficient to establish your father's physical presence in the United States for the required period.

Page 2

Subject: A23 565 699

Evidence of your father's physical presence in the United States includes copy of your father's small pocket type certificate of birth which does not show details of place he was born or his attendant at birth. Copy of your parent's marriage certificate in the United States on May 6, 1974 was also provided, along with an affidavit from an acquaintance, and your father's social security earnings printout showing earnings between 1966, and 1968 through 1976.

The affidavit submitted from Natalia Luna indicates she rented your father property in Houston for eleven years from 1966 through 1977. However, the earnings shown during the years of 1966 through 1977 does not reflect full year periods. It is unclear from the affidavit or the social security statement of earnings during what periods throughout those years your father was employed and residing or physically present in the United States. A detailed social security statement was not provided, or any other evidence in support of the claimed period. Affidavits submitted on August 29, 2005 are also insufficient to establish that your father was physically present in the United States prior to your birth.

In view of these facts, the following decision is made. Your application is hereby denied for failure to establish the physical presence of your U. S. Citizen father in the United States or its outlying possessions, prior to your birth, for a period or periods totaling not less than ten years, at least five of which were after he attained the age of fourteen. No further action will be taken by this Service on your application.

If you desire to appeal this decision, you may do so. Your notice of appeal must be filed within 30 days from the date of this notice. If no appeal is filed within the time allowed, this decision is final. Appeal in your case may be made to the Associate Commission of Examinations, on the enclosed Form I-290B.

If an appeal is desired, the Notice of Appeal shall be executed and filed with this office, together with the required fee of $110. A brief or other written statement in support of your appeal may be submitted with the Notice of Appeal.

Any questions which you may have will be answered by the local immigration office nearest your residence, or at the address shown in the heading to this letter.

Sincerely,

Alfonso R. De Leon
District Director

TRANSMISSION VERIFICATION REPORT

TIME : 06/28/2006 15:33

```
DATE,TIME          06/28 15:31
FAX NO./NAME       12026164975
DURATION           00:01:55
PAGE(S)            06
RESULT             OK
MODE               STANDARD
                   ECM
```