UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **ANTELMA DOMINGUEZ-PEREZ**, et al., ) | |
| ) | |
| v. ) | CA No. B-96-116 |
| ) | |
| **TOM RIDGE,** Secretary of Department ) | |
| of Homeland Security; **EDUARDO AGUIRRE,** ) | |
| Acting Director of the Bureau of ) | |
| Citizenship and Immigration Services; ) | |
| **ALFONSO DE LEON,** Interim District Director ) | |
| of Bureau of Citizenship and Immigration ) | |
| Services, Harlingen, Texas, and ) | |
| **JO ANNE B. BARNHART,** Commissioner of the ) | |
| Social Security Administration. ) | |
| ) | |

EXHIBIT "T" IN SUPPORT OF

**PLAINTIFFS' NOTICE TO THE COURT THAT NOTWITHSTANDING DEFENDANTS' REPRESENTATIONS TO THE COURT, THEY HAVE NOT ADJUDICATED THE I-765 APPLICATION FOR EMPLOYMENT AUTHORIZATION OF RAMIRO ACOSTA**

AND

**REQUEST FOR HEARING ON PENDING MOTION**

approval dated April 21, 2006, setting issuance of the certificate of citizenship for May 23, 2006). Upon the grant of his N-600 application, he was ineligible for a temporary EAD, and certificate of citizenship was proof enough of Morales' right to work.

### 3. Jose Garza

Plaintiffs fail to show clear and convincing evidence of an abridgment in the case of Jose Garza. Jose Garza was subjected to the stop-time rule. Motion to Enforce at 5 n.7. In particular, he filed his application on November 18, 2005. Eighty-eight days later – i.e., within the ninety-day time limit – on February 16, 2006, CIS issued an RFE, thereby arresting the clock. As was discussed supra at 9-11 that rule applies to both N-600 and I-485 applicants.

Plaintiffs make no suggestion that Jose Garza complied with the request for additional evidence, thereby re-starting the clock. Further, they fail to present the case of any I-485 applicant not afforded similar treatment in comparable circumstances since the 90-Day Program started. Thus, they fail to show clear and convincing evidence of a violation of the injunction.

### 4. Ramiro Acosta

Plaintiffs make no clear and convincing showing of a violation of the injunctive order in the case of Acosta. As was discussed supra at 11-12, Acosta, who seeks temporary employment authorization on the basis of his pending appeal from the denial of an N-600 application is seeking treatment above and beyond that afforded to an I-485 applicant, who cannot file appeals. At a minimum, it cannot be suggested that the injunction is clear on the matter.

Moreover, there is no violation in Acosta's particular case. As plaintiffs were informed by letter dated April 28, 2006, despite the unclear circumstances of Acosta's particular case, the District Director agreed to provide timely, appropriate responses to an I-765 application based on a pending appeal from the denial of an N-600 comparable to that of a person with a pending N-600

17

application. Since the date of the district director's agreement to do so, ninety days have not expired. Thus, there is no violation. Moreover, as was discussed supra at 13-14, the fact that CIS may be late in issuing a temporary EAD in any particular case does not fall within the scope of the injunction.

Plaintiffs apparently present the case of Claudia Enriquez de Portales ("Enriquez") as a comparable example of an I-485 applicant who obtained work authorization pending administrative review. See Plaintiffs' Exhibit O. Plaintiffs' fail to present the full story. Enriquez was an I-485 applicant seeking adjustment on the basis of an I-130 petition by her U.S.-citizen spouse. Id. at 4. However, her I-130 was denied for lack of evidence demonstrating the requisite hardship to obtain a waiver of inadmissibility. Id. at 4-5. It was not denied as the result of inadequate proof of her husband's or son's citizenship. More importantly, CIS denied only the I-130, leaving the I-485 pending. The alien took an appeal solely from the I-130 denial. As the I-485 remained pending, the alien remained eligible for a temporary EAD. Morales' case is in stark contrast, as his N-600 application was denied and was therefore no longer pending. Accordingly, the cases are dissimilar.

5.  **Oralia Lopez de Palomares**

Just as in the case of Acosta, plaintiffs fail to present clear and convincing evidence of an abridgment in the case of Lopez. On December 2, 2004, Lopez filed her N-600 application. Plaintiffs' Exhibit I at 11. On January 3, 2005, Lopez was informed that she needed to provide further evidence. Plaintiffs' Exhibit I at 11. On June 14, 2005, the RFE was re-sent to her attorney. As explained in the District Director's ultimate decision in the case, she never provided the requested evidence; thus, the request remained outstanding. Id. It was only after the request for additional evidence that Lopez filed her I-765 on December 21, 2005. Plaintiffs' Exhibit I at 2.

18