IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ANTELMA DOMINGUEZ-PEREZ, et al, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. B-96-116<br>)<br>) |
| TOM RIDGE, et al., | )<br>) |
| Defendants. | )<br>) |

## DECLARATION OF ALFONSO R. DE LEON, DISTRICT DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, HARLINGEN, TEXAS

I, ALFONSO R. DE LEON, declare that:

1. I am employed by the Department of Homeland Security's ("DHS") United States Citizenship and Immigration Services ("CIS"), in the position of District Director of the Harlingen District in Harlingen, Texas.

2. I was first appointed to the position of interim District Director in March 2003 and, ultimately, appointed District Director in January 2004.

3. Among my various duties as District Director is the oversight of adjudications, including the adjudications of applications for certificate of citizenship ("N-600 applications"), adjustment of status applications ("I-485

applications"), applications for work authorization ("I-765 applications"), and the issuance of temporary employment authorization documents ("EADs").

4.  I am familiar with the litigation in Dominguez-Perez v. Ridge, No. 96-116, including the injunction as reflected by the Final Amended Order, issued on October 28, 2004. It is my understanding that, pursuant to the terms of the injunction, temporary EADs are to be made available to N-600 applicants who file I-765 applications on the same basis that it is available to I-485 applicants who file I-765 applications.

5.  It is my understanding that, as a part of the discussions between counsel for the parties, the case of Ramiro Acosta ("Mr. Acosta") was brought to the government's attention. According to DHS records, Mr. Acosta filed an N-600 application on August 1, 2003. There is no indication that he filed an I-765 at that time. His N-600 was ultimately denied on September 15, 2005. He filed an appeal of that decision to the Administrative Appeals Office on September 23, 2005. Simultaneously, he filed an I-765 application.

6.  Meanwhile, on March 29, 2006, counsel for plaintiffs first brought Mr. Acosta's case to the attention of counsel for the defendants. As it happens, according to our records, Mr. Acosta's I-765 was approved on April 13, 2006.

7.  While the government may not believe that Mr. Acosta's particular circumstances fall within the scope of the injunction, this Office agreed to afford

persons in Mr. Acosta's circumstances with appropriate responses to their I-765 applications. Such agreement was conveyed to counsel for plaintiffs by a letter dated April 28, 2006.

8.  As it turns out, before notification could be sent to Mr. Acosta regarding his I-765 approval, his file became the subject of a request under the Freedom of Information Act ("FOIA"). Pursuant to standard DHS procedures, the file was immediately shipped out of the Office to prepare a response to the FOIA request. As a consequence, his employment authorization document could not be processed immediately.

9.  Approximately one week ago, his file was returned to this Office. Arrangements were made to schedule Mr. Acosta for the next regularly scheduled day for issuance of EADs. He is presently scheduled to have an employment authorization document issued on September 28, 2006.

10.  The delay in Mr. Acosta's case was inadvertent and not the result of treatment different from those of other cases. The circumstances which prevented the more immediate issuance of employment authorization documentation in Mr. Acosta's case (the FOIA request), while not frequent, are not unusual and can generally occur to any applicant's case, regardless of the underlying application or their underlying status.

11.  I DECLARE under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of September 2006.

*[signature]*

ALFONSO R. DE LEON
District Director
U.S. Citizen and Immigration Services
U.S. Department of Homeland Security