UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **ANTELMA DOMINGUEZ-PEREZ**, et al., | ) |
| | ) |
| v. | ) CA No. B-96-116 |
| | ) |
| **TOM RIDGE,** Secretary of Department | ) |
| of Homeland Security, et al, | ) |

**PLAINTIFFS' SUBMISSION OF PROPOSED ORDER**

Pursuant to this Court's Order of July 9, 2007, Plaintiffs submit herewith a proposed Order. Unfortunately, the Parties were unable to reach agreement on such an Order. Otherwise, Plaintiffs consider the proposed Order filed herewith to be in accordance with this Court's instructions, as expressed in open court, and in the Minute Entry of the proceedings of that date:

> Minute Entry for proceedings held before Judge Andrew S. Hanen. MOTION HEARING held on 7/9/2007. ... Docket Number 132 - Plaintiffs' Opposed Motion to Enforce Agreed Order and Docket Number 170,171 Defendants Reports in Response to Courts Order dated October 16, 2006 discussed. Parties will jointly file an Order that fullfills the goals of both parties by 07/31/07.

The sticking point between the Parties remains that of whether the so-called "stop-time rule" can properly be applied to I-765s filed in conjunction with N-600 applications. Defendants assert that they have been applying said rule to I-765s based on I-485 applications for the past two years, and that they can therefore also apply it to those based on N-600 applications.[1]

---

[1] Defendants claim that the documents provided reflect at least one case where the "stop-time rule" was applied to an adjustment applicant. Lacking access to the A-numbers of the cases covered by these materials, Plaintiffs cannot verify that claim. For purposes of the instant filing, however, Plaintiffs accept the claim, expressed orally to counsel, that for two years they have applied the "stop-time rule" to I-765s based on adjustment applications, although the experience of Plaintiffs' counsel is that it has not been consistently applied even to that group.

However, it has been uncontested for many years that the "stop-time rule" does *not* apply to I-765s based on adjustment applications. This was Defendants' practice when the Agreed Order was filed, and there have been no pertinent regulatory changes since then. The plain language of the regulation also precludes the application of this doctrine to adjustment applicants. The regulation at issue, 8 C.F.R. §274a.13(d), provides as follows (emphasis added):

> (d) Interim employment authorization. *The district director shall adjudicate the application within 90 days from the date of receipt of the application* by the INS, except in the case of an initial application for employment authorization under § 274a.12(c)(8), which is governed by paragraph (a)(2) of this section, and § 274a.12(c)(9) insofar as it is governed by §§ 245.13(j) and 245.15(n) of this chapter. *Failure to complete the adjudication within 90 days will result in the grant of an employment authorization document for a period not to exceed 240 days.* Such authorization shall be subject to any conditions noted on the employment authorization document. However, if the director adjudicates the application prior to the expiration date of the interim employment authorization and denies the individual's employment authorization application, the interim employment authorization granted under this section shall automatically terminate as of the date of the director's adjudication and denial.

Respondents now take the position that the phrase "90 days" as used therein somehow incorporates the so-called "stop-time" rule. In other words, Defendants claim that if a Request for Evidence (RFE), is issued prior to the expiration of the 90 calendar days, time "stops" until an adequate response has been received. Not only have Defendants failed to provide any justification for changing their long-standing interpretation of "90 days" as used in this section, but the validity of their prior interpretation is seen from the fact that the regulation includes the "stop-time" rule for I-765s filed by asylum applicants, but not for other categories of applicants. *See,* 8 C.F.R. §274a.13(a)(2) (emphasis added):

> (2) An initial Application for Employment Authorization (Form I-765) for asylum applicants under 274a.12(c)(8) of this part shall be filed in accordance with instructions

> on or attached to Form I-765 with the appropriate Service Center or with such other Service office as the Commissioner may designate. ... *An application for an initial employment authorization or for a renewal of employment authorization filed in relation to a pending claim for asylum shall be adjudicated in accordance with § 208.7 of this chapter.* ...

Under 8 C.F.R. §208.7, an asylum applicant may not file an I-765 unless the underlying asylum application is not initially adjudicated within 150 days of filing. It also specifies that, among other delays, the time between any requests for additional evidence, and the receipt thereof, shall not count towards the 150 days. *See,* 8 C.F.R. §208.7(a)(2) (emphasis added):

> (2) The time periods within which the alien may not apply for employment authorization and within which the Service must respond to any such application and within which the asylum application must be adjudicated pursuant to section 208(d)(5)(A)(iii) of the Act shall begin when the alien has filed a complete asylum application in accordance with §§ 208.3 and 208.4. Any delay requested or caused by the applicant shall not be counted as part of these time periods, including delays caused by failure without good cause to follow the requirements for fingerprint processing. *Such time periods shall also be extended by the equivalent of the time between issuance of a request for evidence pursuant to § 103.2(b)(8) of this chapter and the receipt of the applicant's response to such request.*

The impact of this provision is offset, however, by the fact that Defendants otherwise only have 30 days, rather than 90, in which to respond to such an I-765. *See,* 8 C.F.R. §208.7(a):

> (a) ... . If the asylum application is not so denied, the Service shall have 30 days from the date of filing of the Form I-765 to grant or deny that application, except that no employment authorization shall be issued to an asylum applicant prior to the expiration of the 180-day period following the filing of the asylum application filed on or after April 1, 1997.

Plaintiffs contend that, where a regulation specifically includes a "stop-time" provision for one set of applicants (I-765s based on asylum applications), it cannot be *read into* the regulation for a

3

different category of applicants (I-765s based on adjustment applications), particularly where the "reading-in" occurs many years after the regulation was first promulgated.

Plaintiffs also consider that the fact that Defendants may have recently started violating the rights of adjustment applicants does not give them the right to similarly violate the rights of N-600 applicants, on the theory that they are still being afforded "equal" treatment. [2]  Furthermore, Plaintiffs urge that an Order permitting Defendants to continue applying the "stop-time rule" to I-765s based on N-600s, the very problem which brought the parties back to Court, would not "fulfill[] the goals of both parties," and thus not be in compliance with this Court's Order of July 9, 2007.

Respectfully submitted,

s/ Lisa S. Brodyaga
REFUGIO DEL RIO GRANDE, INC.
17891 Landrum Park Road
San Benito, TX 78586
Phone:  (956) 421-3226         Texas Bar No:  03052800
FAX:    (956) 4213423          Federal ID:    1178

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing, with proposed Order, was electronically served on Ernesto Molina, Jr., on July 31, 2007.

s/ Lisa S. Brodyaga

---

[2]  Defendants apparently consider that to vindicate their own rights, Plaintiffs must also sue on behalf of I-485 applicants.