IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ANTELMA DOMINGUEZ-PEREZ, et al, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| TOM RIDGE, et al., | ) ) |
| Defendants. | ) |

No. B-96-116

**DEFENDANTS' SUBMISSION OF A PROPOSED ORDER PURSUANT
TO THE COURT'S ORDER OF JULY 9, 2007**

Pursuant to the Court's order dated July 9, 2007, Defendants hereby submit a proposed order regarding *Plaintiffs' Opposed Motion to Enforce Agreed Order, To Hold Defendant Alfonso De Leon in Contempt for Damages and for Evidentiary Hearing with Respect Thereto* ("Motion to Enforce"). The instant filing is submitted after consultation with counsel for Plaintiffs. However, by the Court's appointed date, the parties had reached an impasse, making a joint submission impossible. In any event, the proposed order is intended to address the Plaintiffs' and the Court's concerns as expressed at the July 9, 2007, while also meeting the government's concerns.

As *Plaintiffs' Submission of Proposed Order* ("Plaintiffs' Submission") indicates, efforts to provide to the Court a joint submission was impeded by disagreement regarding the treatment of the "tolling rule" employed by the Citizen and Immigration Service ("CIS"). See Plaintiffs' Submission at 1. Defendants first informed the Court of the tolling rule in *Defendants' Opposition to Plaintiffs' Opposed Motion to Enforce Agreed Order, to Hold Defendant Alfonso De Leon in Contempt for Damages and for Evidentiary Hearing with Respect Thereto* ("Defendants' Opposition") at page 2-3, and the accompanying Exhibit A. In short, Defendants

explained that the tolling rule was first employed to specifically address I-485 applicants and was, by extension, applied to the class in the instant case. Id.

Plaintiffs argue that the action is unlawful as contrary to regulations. See Plaintiffs' Submission at 2-3.[1] Defendants continue to submit that such a question is not before this Court in a motion to enforce the Amended Final Order. The Amended Final Order required only that, inter alia, "applications for EADs based on pending applications for Certificates of Citizenship [shall] be adjudicated in the same manner and in the same time frame as applications for EADs filed by aliens who have applied for adjustment of status under Section 245 of the Act. . . ." As was explained in Defendants' Opposition, the tolling rule was actually developed and employed nationwide for I-485 applications. Further, Plaintiffs' suggestion that the rule is a deviation from the regulations is incorrect. Plaintiffs focus on the regulations as employed for asylum applicants, which are not the relevant comparison class; rather, the appropriate class are adjustment of status applicants (i.e., those who file an I-485 application). Moreover, the regulations specifically authorize the "tolling rule" employed by CIS. In particular, 8 C.F.R. § 103.2(b)(10)(i) specifies that "If the Service requests that the applicant . . . submit additional evidence . . . any limitation imposed on the Service for processing will be suspended as of the date of request. It will resume at the same point where it stopped when the Service receives the requested evidence or response . . . ." Additionally, 8 C.F.R. § 103.2(b)(10)(ii) permits the same effect on "interim benefits." Thus, contrary to Plaintiffs' suggestion of a new rule contrary to

---

[1] Plaintiffs also intimate that, due to the lack of alien numbers, they cannot be certain that the tolling rule was applied to I-485 applications. This suggestion is without merit. There are clearly instances in the provided spreadsheets where the tolling rule applied, and the presence of alien numbers would not change that interpretation of the spreadsheet. For example, at line 1236 of "Attachment C: I-485 Applications at Harlingen District Office, January 1 through March 31, 2007," the application of the tolling rule based on a Request for Evidence issued on the date of the interview, continuing the interview, appears to be such an instance, at least insofar as the spreadsheet can demonstrate.

regulations, the tolling rule is actually an enforcement of the express provision of the regulations. Accordingly, any suggestion of illegality is without merit.

In any event, consistent with the expressions of Defendants at the July 9, 2007, Defendants remain committed to address the concerns raised by the Court. In particular, the attached proposed order calls for the denial of the Motion to Enforce regarding the issues contained therein. However, the proposed order then articulates the procedures which CIS will be using to address the concerns raised by the Court at the July 9, 2007 hearing, particularly for N-600 applicants for whom the interview recommends a grant or continues the interview with a Request for Evidence.

                                      Respectfully submitted,

| | |
|---|---|
| PETER D. KEISLER<br>Assistant Attorney General<br>Civil Division<br><br>DAVID V. BERNAL<br>Assistant Director<br><br><br>Dated: July 31, 2007 | S/ Ernesto H. Molina, Jr.<br>ERNESTO H. MOLINA, JR.<br>Senior Litigation Counsel<br>U.S. Department of Justice<br>Civil Division<br>Office of Immigration Litigation<br>P.O. Box 878, Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone:   (202) 616-9344<br>Attorneys for Defendants |

3