IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ANTELMA DOMINGUEZ-PEREZ, et. al. Plaintiffs, | ) ) ) ) |
| v. | ) ) |
| TOM RIDGE, Secretary of Department Of Homeland Security; EDUARDO AGUIRRE, Acting Director of the Bureau of Citizenship and Immigration Services; ALFONSO DE LEON, Interim District Director Of Bureau of Citizenship and Immigration Services, Harlingen, Texas; JO ANNE B. BARNHART, Commissioner of Social Security Administration, Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) |

No. CA B-96-116

**ORDER**

Before the Court is *Plaintiffs' Opposed Motion to Enforce Agreed Order, To Hold Defendant Alfonso De Leon in Contempt for Damages and for Evidentiary Hearing with Respect Thereto* ("Motion to Enforce"). At a hearing on July 9, 2007, plaintiffs' counsel addressed particular procedural concerns which were not a part of the Motion to Enforce. Thereupon, the Court asked the parties to consult and draft an order that would bring the matter to an acceptable conclusion. Upon consideration of the Motion to Enforce and the draft order submitted by the parties, it is hereby

ORDERED, that the Motion to Enforce, as filed, shall be and is hereby DENIED. With regard to matters discussed at the July 9, 2007 hearing regarding a possible delay in obtaining employment authorization that may affect N-600 applicants but not I-485 applicants, the Defendants inform the Court that the Citizenship and Immigration Service Harlingen District Office ("CIS Harlingen") will be adhering to the following procedure when an interview is held with regard to an application for a certificate of citizenship (an "N-600 application") that is the basis for a related, pending application for proof of work authorization (an I-765 application):

1. If the interviewer decides to recommend the grant of an N-600 application (what may also be known or tracked as a "probable grant" or "recommended grant" or "possible grant"), the interviewer will take one of the following steps:

>(a) if the I-765 is otherwise approvable and the interviewer is, in his or her discretion, inclined to grant the application, the interviewer shall grant the I-765 at the conclusion of the interview; or

>(b) if the I-765 has been pending for ninety days, make an electronic request to the National Benefits Center for the issuance of interim employment authorization (under 8 C.F.R. § 274a.13(d)) that is valid for a period authorized by regulation (presently, a maximum of 240 days) at the conclusion of the interview, provided the I-765 applicant requests such interim employment authorization during or at the conclusion of the interview; or

>(c) if the I-765 application is, for any reason, not approvable, the interviewer may take such further steps as he or she deems appropriate, including, but not limited to, denying the application or affording the applicant time to cure a defect.

2. At the conclusion of the interview, if the interviewer determines that a continuance is appropriate and that a Request for Further Evidence ("RFE") is being issued for the first time, the interviewer will take one of the following steps:

>(a) if the interview is held on or after the ninetieth day after the filing of the I-765, the interviewer will either grant the I-765 (if it is otherwise approvable and the adjudicator is inclined to exercise discretion) or make an electronic request to the National Benefits Center for the issuance of interim employment authorization that is valid for a period authorized by regulation (presently, a maximum of 240 days) at the conclusion of the interview, provided the I-765 applicant requests such temporary authorization during or at the conclusion of the interview;

(b) if the interview is held within ninety (90) days after the filing of the I-765, the interviewer may take any appropriate action regarding the I-765 pursuant to any rules that are also applicable to I-485 applicants with pending I-765 applications whose interviews result in continuances and are appropriate in light of statutory, regulatory, and discretionary authority.

3. For an N-600 applicant who files an appeal from the denial of an N-600 application and subsequently files an I-765 application, CIS Harlingen will treat the I-765 according to the same rules applied to N-600 applicants in the first instance.

4. The forgoing procedures do not supplant or otherwise alter CIS's treatment of the tolling effect of the issuance of an RFE on regulatory time limits so long as the same treatment is afforded to similarly situated I-485 applicants with pending I-765 applications. Similarly, the forgoing procedures shall not be interpreted as requiring CIS Harlingen to take any action that does not have a comparable basis in the case of an I-485 application with a related I-765 application. The forgoing procedures do not foreclose CIS Harlingen from taking any action or changing its procedures, provided that it continues to afford employment authorization document to N-600 applicants who file I-765 applications on a comparable basis as that afforded to I-485 applicants with related I-765 applications.

IT IS SO ORDERED.

Done this _____ day of August, 2007, at Brownsville, Texas

```
_____
THE HONORABLE ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE
```