## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| **ANTELMA DOMINGUEZ-PEREZ**, et al., | ) |
| | ) |
| v. | )    **CA No. B-96-116** |
| | ) |
| **TOM RIDGE,** Secretary of Department | ) |
|   of Homeland Security, et al, | ) |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' SUBMISSION OF PROPOSED ORDER

Plaintiffs herewith respond to the Defendants' Submission of a Proposed Order, [Doc. 177]. [1] Primarily, Plaintiffs would respond to Defendants' citation to 8 C.F.R. §103.2(b)(10), which addresses the impact of a request for evidence, ("RFE"), on the processing of a given application or petition. Said regulation was never mentioned during the parties' discussions attempting to resolve this matter, and for this reason, was not addressed in Plaintiffs' initial submission, [Doc. 176]. [2]

There are two reasons that 8 C.F.R. §103.2(b)(10) does not control the instant controversy. First, said regulation applies only to the application or petition which is the subject of the request for evidence, and not to a *separate and distinct* application for employment authorization, I-765, the eligibility for which depends on the pendency of another application, here, the I-485 or N-600. Only where an RFE is made with respect to the I-765, requesting, for example, missing photos, or evidence that an I-485 or N-600 has been filed, or is still pending, would said regulation apply to the I-765. This is seen from both the plain language of said regulation, and an examination of the regulatory scheme as a whole. As provided by 8 C.F.R. §103.2(b)(10)(i):

       (10) Effect of a request for initial or additional

---

[1]    Plaintiffs' would note that said pleading includes Defendants' response to Plaintiffs' earlier submission, [Doc. 176].

[2]    To the contrary, Defendants cited 8 C.F.R. §274a.13(d) as their authority to impose a "stop-time" (or "tolling") rule.

evidence for fingerprinting or interview rescheduling--

(i) Effect on processing. The priority date of a properly filed petition shall not be affected by a request for missing initial evidence or request for other evidence. If an application or petition is missing required initial evidence, or an applicant, petitioner, sponsor, beneficiary, or other individual who requires fingerprinting requests that the fingerprinting appointment or interview be rescheduled, any time period imposed on USCIS processing will start over from the date of receipt of the required initial evidence or request for fingerprint or interview rescheduling. If USCIS requests that the applicant or petitioner submit additional evidence or respond to other than a request for initial evidence, any time limitation imposed on USCIS for processing will be suspended as of the date of request. It will resume at the same point where it stopped when USCIS receives the requested evidence or response, or a request for a decision based on the evidence.

Under the plain language thereof, this applies to a specific application. For example, in the context of an application for naturalization, N-400, 8 U.S.C. §1446 governs the process through which such applications are to be adjudicated. Under 8 U.S.C. §1447(b), if that process is not completed within 120 days of the initial examination, the applicant may apply to a U.S. District Court for a hearing on the matter. Therefore, if, during the course of such an examination, Defendants requested additional evidence, under 8 C.F.R. §103.2(b)(10), the 120-day period for rendering a decision might be tolled. *See, e.g., Walji v. Gonzales*, ___ F.3d ___, 2007 WL 1747911 (5 [th] Cir. 2007) (when initial examination of alien applying for naturalization is conducted prematurely, before the FBI has completed its background investigation, the 120-day period for CIS to rule upon alien's application for naturalization begins to run, not from date of this premature initial examination, but from when CIS receives a definitive response from the FBI). [3]

---

[3] A contrary result was reached in *Al Basri v. District Director, USCIS*, 2007 WL 2084099, *1 (E.D.Mich. 2007):

Nor is this construction undermined by 8 C.F.R. §103.2(b)(10)(ii), which addresses the provision of interim benefits, *also under a given application*. As provided therein (emphasis added):

> (ii) Effect on interim benefits. Interim benefits will not be granted based on an application or petition held in suspense for the submission of requested initial evidence, except that the applicant or beneficiary will normally be allowed to remain while an application or petition to extend or obtain status while in the United States is pending. The USCIS may choose to pursue other actions to seek removal of a person notwithstanding the pending application. Employment authorization previously accorded based on the same status and employment as that requested *in the current application or petition* may continue uninterrupted as provided in 8 CFR 274a.12(b)(20) [4] during the suspense period.

---

> Plaintiffs argue that the word "examination" in the statue refers to their CIS interviews conducted on June 21, 2006, and December 9, 2004, and that because 120 days have passed since the interviews, this Court has jurisdiction to determine the matter of their immigration applications. Defendants argue, in opposition, that the "examination" of §1447 includes the FBI name check, and since the FBI has not been completed, the "examination" has not finished and the 120 days have not yet begun to toll.
>
> After reviewing the language of the statute and prior case law, the Court finds that in the language of § 1447 stating "after the date on which the examination is conducted," the word "examination" was not intended to include an ongoing FBI name check.

[4] Said provision relates to employment authorization which is incident to the specific status, not one where a separate application must be filed. As provided therein:

> (b) Aliens authorized for employment with a specific employer incident to status. The following classes of nonimmigrant aliens are authorized to be employed in the United States by the specific employer and subject to the restrictions described in the section(s) of this chapter indicated as a condition of their admission in, or subsequent change to, such classification. An alien in

3

The mention of the ability to remain in the U.S. while the application is pending clearly shows that the benefits referenced are those pertaining to the application for which additional evidence has been sought, (*e.g.,* an I-485), rather than to a derivative application.    Similarly, the discussion of the continuation of employment authorization "based on the same status and employment as that requested *in the current application or petition*" clearly shows that the application or petition involved is the specific one for which the additional evidence has been requested, here, the I-485 or N-600.

The second reason for rejecting the reading given this section by Defendants is that it would render superfluous the language specifically tolling the time for adjudicating I-765s filed by asylum applicants while a request for additional evidence *with respect to the asylum application* is outstanding.    It is hornbook law that statutory (or regulatory) language should not be interpreted in a manner which renders another provision

_____

one of these classes is not issued an employment authorization document by the Service:
...
(20) A nonimmigrant alien within the class of aliens described in paragraphs (b)(2), (b)(5), (b)(8), (b)(9), (b)(10), (b)(11), (b)(12), (b)(13), (b)(14), (b)(16), and (b)(19) of this section whose status has expired but who has filed a timely application for an extension of such stay pursuant to § § 214.2 or 214.6 of this chapter. These aliens are authorized to continue employment with the same employer for a period not to exceed 240 days beginning on the date of the expiration of the authorized period of stay. Such authorization shall be subject to any conditions and limitations noted on the initial authorization. However, if the district director or service center director adjudicates the application prior to the expiration of this 240 day period and denies the application for extension of stay, the employment authorization under this paragraph shall automatically terminate upon notification of the denial decision.

4

superfluous, if another construction is reasonably possible. *See, Colautti v. Franklin*, 439 U.S. 379,392 (1979) (It is an "elementary canon of construction that a statute should be interpreted so as to not render one part inoperative"). Here, the construction urged by Plaintiffs is not only reasonable, but comports with the plain language of the regulation.

We are not dealing here with the application of the stop-time rule due to requests for evidence *with respect to the application at issue,* to wit, the I-765. Rather, Defendants seek to impose it where an RFE has been issued with respect to an entirely separate and distinct application, the I-485 or N-600. Therefore, it is clear that Defendants had it right for those many long years when they interpreted the provisions in the manner urged by Plaintiffs. Their new construction, which, significantly, has not been supported by any written documentation, such as a decision from the Board of Immigration Appeals, the Administrative Appeals Office, or an opinion by the Attorney General, much less by any justification for the *change* in their interpretation, is simply wrong.

Defendants' second point, that the interpretation of the regulation is irrelevant, because they are providing equal treatment for both types of applicants, is similarly frivolous. Defendants cannot hide behind their improper conduct vis-a-vis adjustment applicants to justify equally improper conduct for N-600 applicants.

Respectfully submitted,

s/ Lisa S. Brodyaga
REFUGIO DEL RIO GRANDE, INC.
17891 Landrum Park Road
San Benito, TX 78586
Phone:  (956) 421-3226      Texas Bar No:  03052800
FAX:    (956) 4213423       Federal ID:    1178

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was electronically served on Ernesto Molina, Jr., on July 31, 2007.

s/ Lisa S. Brodyaga

5