## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## –BROWNSVILLE DIVISION–

| | | |
|---|---|---|
| ANTELMA DOMINGUEZ-PEREZ, et. al. | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-96-116 |
| | § | |
| | § | |
| TOM RIDGE, et. al. | § | |
| Defendants. | § | |
| | § | |

## ORDER

Pending before the Court is "Plaintiffs' Opposed Motion to Enforce Agreed Order, To Hold Defendant Alonso De Leon In Contempt, For Damages, And For Evidentiary Hearing With Respect Thereto." (Doc. No. 132.) That motion is **GRANTED** in part and **DENIED** in part.

The Court held two hearings concerning the pending motion on September 26, 2006 and July 9, 2007, wherein the parties presented arguments and discussed the evidence supporting their respective positions. On July 9, 2007, this Court ordered the parties to confer and reach an agreed proposed order. This agreed proposed order was to meet the concerns of both parties in a manner that would be consistent with the Amended Final Order issued by this Court on October 28, 2004 and the Final Order issued by this Court's predecessor on February 26, 1999. (*See* Final Order; Am. Final Order.) (Docs. No. 57, 75.)

Subsequent to the most recent hearing, counsel for Plaintiffs and Defendants have conferred, but were unable to agree on a unified proposal. Therefore, counsel have failed to comply with this Court's

1

direction. Instead, they have submitted separate proposals which contain many provisions in common. (Pl.s' Submission of Proposed Order; Def.'s Submission of A Proposed Order Pursuant to the Court's Order of July 9, 2007; Pl.'s Resp. to Def.'s Submission of Proposed Order.) (Docs. No. 176, 177, 178.) After reviewing both parties submissions, the Court issues the following order to finally resolve the pending controversy. All further remedies sought by Plaintiffs in their motion other than that described below are hereby denied.

The following provisions pertain to class members who have filed an N-600 application and are the subject of the Amended Final Order issued on October 28, 2004:

- The Examining Officer shall adjudicate the application for any I-765 employment authorization document ("EAD") made by a class member within ninety days from the date of receipt of the application. *See* 8 C.F.R. § 274a.13(d). Failure to complete the adjudication within ninety days will result in the grant of an employment authorization document for a period authorized by regulation (currently, not to exceed 240 days). *Id.* Such authorization shall be subject to any conditions noted on the employment authorization document. However, if the Examining Officer adjudicates the I-765 application prior to the expiration date of the interim employment authorization and denies the individual's employment authorization application, the interim employment authorization granted under this section shall automatically terminate as of the date of the director's adjudication and denial. *Id.*

- If the Examining Officer has continued the case, based on an "anticipated recommendation" that the N-600 be granted ("probable grant" or "recommended grant" or "possible grant"), at the initial interview adjudicating the N-600 ("the interview"), the Examining Officer shall grant the

I-765 (if otherwise approvable) or shall promptly issue the applicant an EAD valid for a period authorized by regulation, provided the applicant has previously requested such interim employment authorization or requests it by the conclusion of the interview. If the Examining Officer does not find an "anticipated recommendation" that the N-600 be granted ("probable grant" or "recommended grant" or possible grant"), or if the I-765 is not approvable, the Examining Officer may take such steps appropriate under any applicable statute or regulation, including but not limited to, denying the I-765 application or affording the applicant time to cure a defect in the I-765 application.

• If the interview is held on or after the ninetieth day after the filing of the I-765, at the conclusion of the interview, the Examining Officer shall grant the I-765 (if otherwise approvable) or shall promptly issue the applicant an EAD valid for a period authorized by regulation, provided the applicant has previously requested such interim employment authorization or requests it by the conclusion of the interview.

• When an interview is held before the ninetieth day after the filing of the I-765, and the Examining Officer does not adjudicate the N-600 and does not reach an "anticipated recommendation," but instead continues the case with a Request For Evidence ("RFE"), the following rules apply:

**1) RFE With Response Time Beyond Ninety Days From Filing**

If the response to a RFE is not due until at least ninety days after the filing of the I-765, the Examining Officer at the initial interview shall adjudicate the I-765

3

application of the N-600 applicant in the same manner and in the same time frame as I-765 applications of an I-485 applicant, for whom a response to a RFE would similarly require time longer than ninety days after that applicant's I-765 filing.

**2) RFE With Response Time Within Ninety Days From Filing**

If the response to a RFE is due before the ninetieth day after the filing of the I-765, the Citizenship and Immigration Services' treatment of the "tolling effect," also described as the "stop time rule," may apply, provided that the Citizenship and Immigration Services affords employment authorization documents to N-600 applicants who file I-765 applications on an equal basis as that afforded to I-485 applicants with I-765 applications.

**3) Approvable I-765s**

The Examining Officer shall not use the issuance of a RFE as a pretense to avoid adjudicating an otherwise approvable I-765 application.

The foregoing procedures do not supplant or otherwise alter the Citizenship and Immigration Services' treatment of the tolling effect of the issuance of a RFE within time limits authorized by regulation so long as the same treatment is afforded class members who are N-600 applicants with pending I-765 applications as to similarly situated I-485 applicants with pending I-765 applications. This Order does not, in and of itself, foreclose Citizenship and Immigration Services from taking any action or changing its procedures, provided that it affords employment authorization documents to N-600

applicants who file I-765 applications on an equal basis as that afforded to I-485 applicants with I-765

applications.

Signed this 14th day of September, 2007.

_____
Andrew S. Hanen
United States District Judge