```
            UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                  BROWNSVILLE DIVISION
```

ANTELMA DOMINGUEZ-PEREZ, et al.,       )
    Petitioners/Plaintiffs,            )
               v.                  )   CA No. B-96-116
                                          )
TOM RIDGE, et al,                      )
    Respondents/Defendants.            )

PLAINTIFFS' COMMENTS AND SUGGESTIONS WITH RESPECT TO PROPOSED ORDER

Plaintiffs, through counsel, and pursuant to the Court's direction, hereby make the following comments and suggestions with respect to the Court's Proposed Order.

1) The second paragraph, beginning at the bottom of page 2, seems to negate the rest of the Proposed Order. The first clause of second full sentence thereof, beginning on the third line of page three, appears to state that, in any case wherein the Examiner does not recommend that the application be granted, s/he may deny the I-765. This appears to be true regardless of whether the case is continued for additional evidence, because the attorney could not attend, or even if the applicant was ill and could not be present.

Nor is the intended purpose of this clause clear, as distinct from the other paragraphs, which specifically address how the I-765 is to be handled, based on given circumstances, such as whether the interview is conducted before or after 90 days from filing, whether there is a Request for Evidence, ("RFE"), and if so, whether the response is due before or after the expiration of the 90 days.

Plaintiffs would therefore suggest that this clause be dropped, and that the second full sentence of the second paragraph be amended to read as follows:

> If the Examining Officer has continued the case, based on an "anticipated recommendation" that the N-600 be granted, but I-765 is not approvable, the Examining Officer may take such steps as appropriate under any applicable statute or regulation, including but not limited to, denying the I-765 application or affording

the applicant time to cure a defect in the I-765 application.

2) The final paragraph states that the foregoing paragraphs do not supplant CIS' "treatment of the tolling effect of the issuance of a RFE within time limits authorized by regulation so long as the same treatment is afforded class members who are N-600 applicants with pending I-765 applications as to similarly situated I-485 applicants with pending I-765 applications."

Unfortunately, this does not resolve the underlying controversy, to wit, whether the regulations *do* authorize a "tolling effect" on an I-765, where an RFE has been issued with respect to the I-485 on which the I-765 is based, (as opposed to a "tolling effect" where an RFE is issued with respect to the I-765 application itself).

The proposed language will therefore have the effect of simply forcing this controversy into another forum, either an appeal, or the institution of separate litigation. The issue has been fully briefed, and Plaintiffs are directly and adversely impacted by Defendants' interpretation of the regulations on this point. Given its centrality to the controversy at bar, Plaintiffs urge that it would be appropriate for this Court to resolve.

Respectfully submitted,

s/ Lisa S. Brodyaga
REFUGIO DEL RIO GRANDE, INC.
17891 Landrum Park Road
San Benito, TX 78586
Phone:  (956) 421-3226
FAX:    (956) 4213423
Texas Bar No:  03052800
Federal ID:    1178

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically served on Ernesto Molina, Attorney, on September 7, 2007.

s/ Lisa S. Brodyaga