IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ANTELMA DOMINGUEZ-PEREZ, et al, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | No. B-96-116 ) ) |
| TOM RIDGE, et al., | ) ) |
| Defendants. | ) |

**DEFENDANTS' COMMENTS REGARDING THE PROPOSED ORDER**

Pursuant to the Court's letter dated August 23, 2007, Defendants hereby respectfully submit their comments regarding the Court's proposed Order regarding Plaintiffs' Opposed Motion to Enforce Agreed Order, to Hold Defendant Alonso De Leon In Contempt, For Damages, And For Evidentiary Hearing With Respect Thereto ("Motion to Enforce").

Upon reviewing the Court's proposed order, the defendants' primary objection relates to the Court's statement in the first paragraph of the order that the Motion to Enforce is "GRANTED in part and DENIED in part." (Emphasis in original). Defendants submit that, as explained in their objections to the motion to enforce, the plaintiffs have not carried their burden of proving, by clear and convincing evidence, that defendants violated the terms of the Amended Final Order. As was explained to the Court, counsel for defendants does not have any authority to agree to what would amount to a consent decree, cannot waive the plaintiffs' burden of proof, and continues to urge that defendants have not met their burden of proof. That being said, defendants remain committed to address and resolve the Court's concerns. To that end, defendants submit that a phrasing more conducive to finality would be that the Motion to Enforce is "DENIED." Inasmuch as the Citizenship and Immigration Service's ("CIS") has clarified the procedures that it will follow, the primary concerns of the Motion to Enforce are moot. Further,

insofar as the procedures now provide a greater degree of clarity regarding the expectations of how employment authorization will be made available, it will aid the Court in being able to address any future concerns expressed by plaintiffs' counsel that the Amended Final Order has not been followed.

As for the actual substance of the procedures set forth in the proposed order, the defendants have no major objections. Defendants note that, at times, the Court states that the CIS Examiner will "grant" or "issue" interim proof of employment authorization or an "EAD." See, e.g., Proposed Order at 3 (in the carry-over paragraph and the first full paragraph). Insofar as only the National Benefits Center issues the physical document, defendants understand the Court to mean that under the procedures the Examiner should take the necessary steps to have the document issued.

Defendants respectfully suggest a few minor clarifications to distinguish between employment authorization document issued after a grant of an I-765 application and interim employment authorization. In the proposed Order, at page 2, in the first bullet-point paragraph, second sentence, the procedures dictate that the failure to adjudicate the I-765 application in a timely manner should result in the issuance of "an employment authorization document" valid for a period authorized by regulation. For clarity's sake, defendants suggest inserting the word "interim" after "an" and before "employment." Similarly, on page 3, in the carry-over sentence, defendants suggest putting "interim" immediately preceding "EAD." On the same page, in the first full bullet-point, "interim" should be inserted before "EAD."

The last clarification recommended by defendants is that, on page 5, at the end of the carry-over sentence (the last sentence in the order), the Court should insert the following statement after "with I-765 applications" but before the period: "as provided in the Amended Final Order." This should serve to bear in mind that the ultimate measure of compliance is the

Amended Final Order.

Plaintiffs' Comments and Suggestions With Respect to Proposed Order ("Plaintiffs' Comments") submits that on page 2, at the second bullet-point, the second sentence (found on page 3) appears to serve no purpose or negates the rest of the proposed order. See Plaintiffs' Comments at 1. Defendants submit this is not the case. While the first sentence of the second bullet-point addresses "an anticipated recommendation" that the N-600 be granted, the remainder of the paragraph addresses all other cases – i.e., continuances and probable denials. In those cases, the agency may take whatever action is appropriate under the circumstances. This neither negates the remainder of the order, nor does it serve no purpose. Rather, the succeeding bullet-points provide guidance as to how CIS will treat only a subset of the "continuances" – namely, where the continuance is accompanied by a Request for Evidence ("RFE"). All other continuances (including the types mentioned by plaintiffs – e.g., where either the attorney or applicant fails to show) and denials shall continue to be handled according to the agency's appropriate procedures.

Plaintiffs also take issue with whether the agency's tolling rule is permissible under the regulations. Plaintiffs' Comments at 2. However, as defendants have previously stated, plaintiffs do not doubt that the tolling rule is employed against even I-485 applicants, making the rule permissible so far as the Amended Final Order is concerned. Indeed, there is at least some authority for the tolling rule. See 8 C.F.R. § 103.2(b)(10). Accordingly, any concern about the procedure is beyond the scope of the Amended Final Order.

///

///

///

///

|  |  |
|---|---|
|  | Respectfully submitted, |
| PETER D. KEISLER<br>Assistant Attorney General<br>Civil Division | S/ Ernesto H. Molina, Jr.<br>ERNESTO H. MOLINA, JR.<br>Senior Litigation Counsel<br>U.S. Department of Justice |
| DAVID V. BERNAL<br>Assistant Director | Civil Division<br>Office of Immigration Litigation<br>P.O. Box 878, Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone:    (202) 616-9344 |
| Dated: September 7, 2007 | Attorneys for Defendants |