```
            UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                 BROWNSVILLE DIVISION

ANTELMA DOMINGUEZ-PEREZ, et al.,       )
      Petitioners/Plaintiffs,          )
                  v.                   )   CA No. B-96-116
                                       )
TOM RIDGE, et al,                      )
      Respondents/Defendants.          )
```

### PLAINTIFFS' RESPONSE TO DEFENDANTS' COMMENTS REGARDING THE PROPOSED ORDER

Plaintiffs, through counsel, hereby make the following Response to Defendants' Comments Regarding the Proposed Order.

1) With respect to the second sentence of the second paragraph, Defendants appear to assert that it applies only in cases not covered by other aspects of the order. If this is the Court's intention, it would be advisable to so specify, and to further specify that the action taken under such circumstances must be the same as would be taken under like circumstances involving an application for adjustment of status.

2) Defendants suggestion that, instead of requiring that, instead of requiring that the CIS Examiner "grant" or "issue" interim proof of employment authorization when appropriate, that the "Defendants understand the Court to mean that under the procedures the Examiner should take the necessary steps to have the document issued."

This would water down the mandate to the point where it remained unenforceable. The Examiners cannot presently issue an interim EAD, or require that one be issued. This very day, counsel went to CIS to request an interim EAD in a case where an I-765 has been on file since on or before May 20, 2007, in which no RFE has been issued. The applicant attended the biometrics appointment on June 13, 2007, but has not received her EAD. Counsel was informed that, since the local office could no longer issue interim EADs, the only thing that could be done was send an e-mail. This renders meaningless the requirement of 8 C.F.R. §274.13(d), which squarely places the onus on the CIS District Director to either adjudicate

the I-765 within 90 days, or issue an interim EAD.

3) Defendants' claim that the issue of whether the regulations *do* authorize a "tolling effect" on an I-765, where an RFE has been issued with respect to the I-485 on which the I-765, or N-600, is based, (as opposed to a "tolling effect" where an RFE is issued with respect to the I-765 application itself), is not before the Court. This is apparently based on the theory that Plaintiffs lack standing to complain that I-485 applicants are not treated in accordance with the regulations, notwithstanding that this results in the denial of benefits to N-600 applicants as well. Plaintiffs assert that this is bogus.

Further, Defendants claim that there is "at least some authority for the tolling rule," citing 8 C.F.R. §103.2(b)(10). That section applies where an RFE is issued with respect to the application at issue, here, the I-765. By its plain language, it has no bearing on an I-765 application where an RFE is issued relating to an accompanying application. To stretch it to that point would not only do violence to the plain language of §103.2(b)(10), but would render 8 C.F.R. §274.13(d) null and void.

Respectfully submitted,
s/ Lisa S. Brodyaga
REFUGIO DEL RIO GRANDE, INC.
17891 Landrum Park Road
San Benito, TX 78586
Phone:  (956) 421-3226
FAX:    (956) 4213423
Texas Bar No:  03052800
Federal ID:    1178

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically served on Ernesto Molina, Attorney, on September 7, 2007.

s/ Lisa S. Brodyaga